UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DIANNE L. KELLEY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>Defendant. | NO.<br><br>COMPLAINT<br><br>CLASS ACTION<br><br>JURY DEMAND |

## I. INTRODUCTION

1.1 Overview. Dianne L. Kelley, individually and on behalf of a class of persons and/or entities similarly situated, brings this action for damages and such other relief as may be available against defendant Microsoft Corporation, pursuant to common law and the Washington Consumer Protection Act, Ch. 19.86 RCW, or alternatively, the consumer protection acts of the various states. Plaintiff demands a trial by jury for all claims for which she has a legal right.

1.2 Summary of Claim. This consumer class action arises from Microsoft's deceptive and unfair conduct in marketing and selling its new operating system, which it calls "Vista." In early 2006, nearly a year before Microsoft released Vista, Microsoft began employing marketing measures designed to avoid a drop in sales of computers incorporating Microsoft's existing

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

Windows XP operating system. Microsoft feared that consumers would delay computer purchases until Microsoft released Vista. Microsoft thus authorized original equipment manufacturers (OEMs) to place a sticker on PCs indicating that the PCs had been certified by Microsoft as "Windows Vista Capable," meaning that the consumer could upgrade to Vista when it was released. In fact, a large number of these PCs can only run Vista Home Basic ("Home Basic"), which has been described by one reviewer as "the most pointless edition of Windows that Microsoft has ever released." They cannot run, or run poorly, with Vista Home Premium ("Home Premium"), the least expensive version of Vista that includes Vista's heavily marketed and most popular features. The enhanced graphics, media center and remote control that have been marketed and advertised by Microsoft as "Vista" are available only on Home Premium and more expensive versions of the software. Moreover, many of the most prominent "features" that do exist on Home Basic, such as Windows Defender and Internet Explorer 7, are freely available for use on Windows XP. Later, beginning in October 2006, Microsoft embarked on its "Express Upgrade" promotion, under which purchasers of PCs Microsoft certified as "Windows Vista Capable" were promised a free or reduced-price upgrade to "Vista" when it became available. In fact, the version of Vista made available to many of these purchasers is Home Basic and thus is lacking features that Microsoft has touted in Vista as radical improvements over previous operating systems. In sum, Microsoft engaged in bait and switch—assuring consumers they were purchasing "Vista Capable" machines when, in fact, they could obtain only a stripped-down operating system lacking the functionality and features that Microsoft advertised as "Vista."

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## II. PARTIES

2.1 Plaintiff. Dianne L. Kelley is a resident of the State of Washington. In November 2006, she purchased a PC to which a "Windows Vista Capable" sticker is affixed. The PC she purchased was not designated as "Premium Ready."

2.2 Defendant. Microsoft Corporation is the world's largest seller of operating systems for personal computers. It is a Washington corporation with its international headquarters located in Redmond, Washington.

## III. JURISDICTION AND VENUE

3.1 Subject Matter Jurisdiction. Plaintiff in this matter seeks certification of a nationwide class, and the amount in controversy exceeds $5,000,000. This Court has jurisdiction under 28 U.S.C. § 1332(d)(2).

3.2 Personal Jurisdiction. Microsoft does substantial and continuous business in this state and thus is subject to general jurisdiction.

3.3 Venue. Venue in this district is proper under 28 U.S.C. § 1391(a) because defendant resides in this district.

## IV. FACTUAL ALLEGATIONS

4.1 Vista Operating Systems. Microsoft has publicly represented that it spent between $5 billion and $6 billion over five years to develop the next generation Windows operating system, which it named Windows Vista (hereafter, "Vista"). Prior to and after the date Vista became available to the public, Microsoft touted Vista as the most advanced operating system yet developed.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

4.2 Delayed Vista Launch. In or around March 2006, Microsoft announced that it was delaying the launch of Vista until early 2007. As described in a March 22, 2006 article in the Seattle Post-Intelligencer, Microsoft's announcement was considered "a blow to the personal computer industry." As with many other retail products, substantial PC sales occur during the holiday season. Microsoft and OEMs feared that consumers looking to buy a new computer in 2006 would delay the purchase, knowing that in a few weeks or months computers equipped with Microsoft's new Vista operating system would be publicly available. As reported in the Seattle P-I, "analysts said the lack of [Vista's] retail availability during the holiday shopping season is likely to remove the incentive for many consumers to buy new computers."

4.3 "Windows Vista Capable" Stickers. Microsoft responded to the concern that PC sales would drop while consumers awaited the launch of Vista. First, Microsoft established specifications which, if satisfied, allowed OEMs to identify a PC as "Windows Vista Capable," and to confirm that designation by a sticker on the computer. This was designed to reassure consumers that they would be buying a product that could be upgraded to Vista. In fact, the threshold selected by Microsoft, 512 MB (megabytes) of system memory ("RAM"), is insufficient to run effectively any edition of Vista except Home Basic. Microsoft's web site recommends a minimum of 1 GB (gigabyte) of system memory (RAM) and other hardware specifications for a PC running Home Premium.

4.4 Microsoft Markets Vista Specifications That Won't Run "The Real Vista". There are four editions of Vista: Home Basic, Home Premium, Business and Ultimate. Central to Microsoft's deceptive practices was its failure to indicate on "Windows Vista Capable" stickers that a PC certified as "Windows Vista Capable," but lacking the designation "Premium Ready,"

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

would run only Home Basic and thus would provide few of the features that make Vista attractive to consumers, such as the "Aero desktop experience" and media center. As stated by Jim Wong, Senior Vice President of Acer, a leading OEM, "Premium is the real Vista." Microsoft touted Vista's features and capabilities, but then simultaneously established specifications for PCs sold as "Windows Vista Capable" that lacked the memory and other hardware needed to run these features.

4.5 Microsoft Markets Deceptive "Upgrades" to Home Basic Offering No Advantages. In October 2006, Microsoft embarked on a supplemental marketing strategy designed to further boost holiday sales of computers bearing the soon-to-be-replaced Windows XP operating system. Pursuant to Microsoft's "Express Upgrade" program, consumers purchasing "Windows Vista Capable" computers would receive upgrades to "Vista" for little or no cost. In fact, the upgrade for many of these customers is to Home Basic, which offers few (if any) advantages over the existing XP operating system, and few of the features that Microsoft marketed as and calls "Vista," such as Vista's signature Aero desktop and "Flip 3d navigation." Consumers were falsely led to believe they would be upgraded to a version of a dramatically new operating system bearing the key features marketed by Microsoft as Vista. Defendant's "Express Upgrade" plan failed to apprise consumers that a purported upgrade to Home Basic was to an operating system that Microsoft knew was "Vista" in name only, and was not functionally superior to the XP operating system. Moreover, many of these consumers are unable to even purchase an upgrade to Home Premium because their ostensibly "Windows Vista Capable" machines lack the RAM and/or other hardware needed to run Home Premium effectively.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

4.6 Microsoft Acknowledges that Home Basic Does Not Provide the "Core Windows Vista Experience." In a Microsoft-sponsored blog, Nick White, a product manager on Microsoft's Vista launch team, discussed Microsoft's Express Upgrade program. In October 2006, Mr. White admitted that only computers certified as "Premium Ready" are "designed to deliver the core Windows Vista experience." Microsoft failed to advise consumers buying PCs labeled "Windows Vista Capable" that this "capability" did not include the "core Windows Vista experience."

4.7 Bill Gates Furthers the Deceptive Marketing. On January 29, 2007, Microsoft Chairman Bill Gates appeared on NBC's The Today Show. He stated that for "less than $100" one could "upgrade" to "Vista." In fact, one can only "upgrade" to Home Basic for that price, which Mr. Gates and Microsoft know is a product that lacks the features marketed by Microsoft as being Vista. In doing so, Mr. Gates furthered Microsoft's unfair and deceptive conduct by reiterating the misleading implication that Home Basic can deliver the "core Windows Vista experience."

## V. CLASS ACTION ALLEGATIONS

5.1 The Class. Plaintiffs bring this suit as a class action on behalf of themselves and all other United States residents similarly situated as members of a proposed plaintiff class ("Class") pursuant to Fed. R. Civ. P. 23(b)(3). The Class is defined as follows:

> All persons and entities residing in the United States who purchased a personal computer sold as "Windows Vista Capable" and not also bearing the "Premium Ready" designation, and/or all persons and entities residing in the United States who purchased a "Premium Ready" PC with an "Express Upgrade" to Home Basic.
>
> Excluded from this class are: (a) Defendant, any entity in which defendant has a controlling interest or which has a controlling interest in defendant; (b) Defendant's, employees, agents,

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

predecessors, successors or assigns; and (c) the judge and staff to whom this case is assigned, and any member of the judge's immediate family.

5.2 Numerosity. The Class is so numerous that individual joinder is impracticable. The precise numbers of Class members is unknown, but upon information and belief, exceeds 10,000 members.

5.3 Typicality. Plaintiff's claims are typical of those of the Class members because she purchased a "Windows Vista Capable" PC in 2006 which lacks the capacity to run Home Premium and thus cannot utilize the features that Microsoft's own representative, Mr. White, identified as the "core Vista experience."

5.4 Named Class Members Identifiable. Class members can be identified, upon information and belief, through defendant's licenses issued in the relevant period and/or information in defendant's possession concerning the units sold by OEMs that are "Windows Vista Capable."

5.5 Common Questions Predominate. Common questions of law and fact predominate over any questions affecting only individual Class members. Some of the common legal and factual questions include:

a. Whether Home Basic fails to contain the features marketed by Microsoft as being "Vista."

b. Whether the machines sold as being "Windows Vista Capable" have insufficient RAM and/or hardware to run versions of Vista other than Home Basic.

c. Whether computers sold as "Windows Vista Capable" are incapable of upgrading to the features marketed by Microsoft as being "Vista."

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

d. Whether Microsoft's certification of machines as being "Windows Vista Capable" was false, unfair and/or deceptive when, in fact, they could not perform many of Vista's most touted functions.

e. Whether Microsoft misrepresented the capability of the machines sold as "Windows Vista Capable."

f. Whether Microsoft violated the Consumer Protection Act of the State of Washington or, alternatively, the consumer protection statutes of the various states.

g. Whether the Express Upgrade promotion was false, unfair and/or deceptive in implying that consumers promised upgrades to Home Basic would receive a free or reduced-price upgrade to a version of Vista containing the features touted by Microsoft as being "Vista."

h. Whether Microsoft has been unjustly enriched by purchases of licenses by Class members who purchased computers in the Express Upgrade program and who were promised Home Basic but who must now buy Home Premium to obtain the "core Windows Vista experience."

5.7 Plaintiff Adequately Represents the Class. Plaintiff will fairly and adequately represent the Class because her interests are not adverse to those of the Class and she suffered injury similar to that suffered by the Class she seeks to represent. To this end, she has retained experienced counsel who are competent in class action litigation. The interests of the class will be fairly and adequately protected by plaintiff and her counsel. Neither plaintiff nor undersigned counsel has any interest that may inhibit or obstruct the vigorous pursuit of this action.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

5.8 Class Form Superior to All Other. This class action is superior to other available means for the fair and efficient resolution of the claims of plaintiff and the proposed Class members. The relief sought per individual member of the Class is small and the burden and expense of prosecuting claims against Microsoft would make it virtually impossible for the Class members to seek redress on an individual basis.

5.9 Individual Prosecution Unlikely and Unreasonable. Plaintiff and her counsel are not aware of any interest that members of the Class would have in individually controlling the prosecution of separate actions, especially given the relatively small size of each individual claim, and the cost, expense and difficulty of litigating against one of the largest corporations in the United States. Plaintiff and her counsel are also not aware of any actions already commenced on behalf of members of the Class alleging similar claims or seeking similar relief. Given the similar nature of class members' claims and the absence of material differences in the state statutes and common law doctrine upon which the Class members' claims are based (should Washington law not solely apply), a nationwide Class could be managed by this Court. A significant economy of scale exists in concentrating the litigation in this forum.

## VI. FIRST CAUSE OF ACTION: VIOLATION OF STATE CONSUMER PROTECTION ACT

6.1 Incorporation. The preceding paragraphs are re-alleged and incorporated herein.

6.2 Subject Transactions. Plaintiff and the proposed members of the Class purchased PCs identified by Microsoft as "Windows Vista Capable" without the additional designation "Premium Ready." Other Class members bought "Premium Ready" PCs and their purchase price included an "Express Upgrade" to Home Basic.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292


6.3 Breach of Statutory Duty. Defendant had a statutory duty to refrain from unfair or deceptive acts or practices in marketing Vista in the months prior to launch, including allowing OEM's to label the PCs as "Windows Vista Capable" or capable of being upgraded for free or reduced price to "Vista." Defendant violated this duty by failing to advise Class members that absent the designation "Premium Ready," PCs sold as "Windows Vista Capable" are unable to operate Vista Home Premium, the lowest cost edition of Vista containing the features that, in Microsoft's own words, "give the Windows Vista Desktop its exciting new look and feel." Defendant also violated this duty through the Express Upgrade program, insofar as Microsoft failed to advise consumers that the upgrades to Home Basic would not provide consumers with the core Windows Vista experience.

6.4 Unfair and Deceptive Acts. Defendant's material omissions were and are unfair and deceptive acts or practices in trade and commerce which affect the public interest.

6.5 Damage. Plaintiff and Class members were directly and proximately injured by Microsoft's conduct, including but not limited to having to purchase RAM and/or other hardware if they wish to run "the real Vista," Home Premium, and by requiring consumers receiving Home Basic through the Express Upgrade program to pay additional money to receive Home Premium. Plaintiff and the members of the proposed class were also injured by defendant's unfair or deceptive acts or practices which created artificial demand for personal computers at an artificially inflated price. Plaintiff and the proposed Class paid the artificially inflated price, thus incurring economic loss. Plaintiff and proposed class members are entitled to damages, restitution, disgorgement and/or such orders or judgment as may be necessary to restore to any person in interest, any money which may have been acquired by means of unfair practices.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

6.6 Violation of State CPAs. Defendant's actions, as complained of herein, constitute unfair competition or unfair, deceptive or fraudulent acts or practices in violation of Wash. Rev. Code § 19.86.010, *et seq.* Alternatively, Defendant's actions constitute unfair competition or unfair, deceptive or fraudulent acts or practices in violation of the consumer protection statutes of every state:

a. Defendant has engaged in unfair or deceptive acts or practices in violation of Ala. Code § 8-19-1, *et. seq.*;

b. Defendant has engaged in unfair or deceptive acts or practices in violation of Alaska Stat. Code § 40.50.471, *et seq.*;

c. Defendant has engaged in unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.*;

d. Defendant has engaged in unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, *et seq.*;

e. Defendant has engaged in unfair or deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105, *et seq.*;

f. Defendant has engaged in unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, *et seq.*;

g. Defendant has engaged in unfair or deceptive acts or practices in violation of 6 Del. Code § 2511, *et seq.*;

h. Defendant has engaged in unfair or deceptive acts or practices in violation of D.C. Code § 28-3901, *et seq.*;

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

i. Defendant has engaged in unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, *et seq.*;

j. Defendant has engaged in unfair or deceptive acts or practices in violation of Ga. Stat. § 10-1-392, *et seq.*;

k. Defendant has engaged in unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq.*;

l. Defendant has engaged in unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*;

m. Defendant has engaged in unfair or deceptive acts or practices in violation of 815 ILCS § 505/1, *et seq.*;

n. Defendant has engaged in unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24-5-0.5.1, *et seq.*;

o. Defendant has engaged in unfair or deceptive acts or practices in violation of Iowa Code § 714.1b, *et seq.*;

p. Defendant has engaged in unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq.*;

q. Defendant has engaged in unfair or deceptive acts or practices in violation of Ky. Rev. Stat. § 367.110, *et seq.*;

r. Defendant has engaged in unfair or deceptive acts or practices in violation of La. Rev. Stat. § 51:1401, *et seq.*;

s. Defendant has engaged in unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 207, *et seq.*;

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

t. Defendant has engaged in unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*;

u. Defendant has engaged in unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, *et seq.*;

v. Defendant has engaged in unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, *et seq.*;

w. Defendant has engaged in unfair or deceptive acts or practices in violation of Minn. Stat. § 325F.67, *et seq.*;

x. Defendant has engaged in unfair or deceptive acts or practices in violation of Miss. Code Ann. § 75-24-1, *et seq.*;

y. Defendant has engaged in unfair or deceptive acts or practices in violation of Vernon's Mo. Rev. Stat. § 407.010, *et seq.*;

z. Defendant has engaged in unfair or deceptive acts or practices in violation of Mont. Code § 30-14-101, *et seq.*;

aa. Defendant has engaged in unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*;

bb. Defendant has engaged in unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*;

cc. Defendant has engaged in unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*;

dd. Defendant has engaged in unfair or deceptive acts or practices in violation of N.J. Stat. Ann. § 56:8-1, *et seq.*;

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

ee. Defendant has engaged in unfair or deceptive acts or practices in violation of N.M. Stat. Ann. § 57-12-1, *et seq.*;

ff. Defendant has engaged in unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.*;

gg. Defendant has engaged in unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*;

hh. Defendant has engaged in unfair or deceptive acts or practices in violation of N.D. Cent. Code § 51-15-01, *et seq.*;

ii. Defendant has engaged in unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.*;

jj. Defendant has engaged in unfair or deceptive acts or practices in violation of Okla. Stat. tit. 15 § 751, *et seq.*;

kk. Defendant has engaged in unfair or deceptive acts or practices in violation of Or. Rev. Stat. §646.605, *et seq.*;

ll. Defendant has engaged in unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.*;

mm. Defendant has engaged in unfair or deceptive acts or practices in violation of R.I. Gen. Laws § 6-13.1-1, *et seq.*;

nn. Defendant has engaged in unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.*;

oo. Defendant has engaged in unfair or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1, *et seq.*;

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

pp. Defendant has engaged in unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.*;

qq. Defendant has engaged in unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.*;

rr. Defendant has engaged in unfair or deceptive acts or practices in violation of Utah Code Ann. § 13-1 1-1, *et seq.*;

ss. Defendant has engaged in unfair or deceptive acts or practices in violation of Vt. Stat. Ann. tit. 9, § 245 1, *et seq.*;

tt. Defendant has engaged in unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, *et seq.*;

uu. Defendant has engaged in unfair or deceptive acts or practices in violation of W. Va. Code § 46A-6-101, *et seq.*;

vv. Defendant has engaged in unfair or deceptive acts or practices in violation of Wis. Stat. § 100.20, *et seq.*; and

ww. Defendant has engaged in unfair or deceptive acts or practices in violation of Wyo. Stat. § 40-12-100, *et seq.*

## VII. SECOND CAUSE OF ACTION: UNJUST ENRICHMENT

7.1 Incorporation. Plaintiff re-alleges and incorporates herein the allegations contained above.

7.2 Unjust Enrichment. Defendant has been unjustly enriched under circumstances where, in justice and equity, defendant should not be entitled to retain such money. Such unjust enrichment has resulted from payment for licenses sold for upgrades from Home Basic to Home Premium.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## VIII. PRAYER FOR RELIEF

As a result of the foregoing, plaintiffs and the proposed class members request that the Court enter an order or judgment against defendant including the following:

1. Class Certification. Certification of the action as a class action and appointment of plaintiff as class representative and her counsel of record as class counsel;

2. Damages. Damages in an amount to be proven at trial;

3. Exemplary Damages. Damages and such other relief, including punitive or treble damages, provided by the statutes cited herein;

4. Equitable Relief. Equitable relief in the form of restitution and/or disgorgement of all profits received by defendant as a result of deceptive conduct as alleged herein;

5. Injunctive Relief. Appropriate injunctive relief;

6. Fees and Costs. The costs of bringing this suit, including reasonable attorney's fees; and

7. Other Relief. All further relief to which plaintiff and members of the proposed Class may be entitled at law or in equity.

DATED this 29 day of March, 2007.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

**GORDON MURRAY TILDEN LLP**

By ______________________
Jeffrey I. Tilden, WSBA #12219
Jeffrey M. Thomas, WSBA #21175
Michael Rosenberger, WSBA #17730
Mark A. Wilner, WSBA #31550
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: jtilden@gmtlaw.com
Email: jthomas@gmtlaw.com
Email: mrosenberger@gmtlaw.com
Email: mwilner@gmtlaw.com

COMPLAINT- 17
No.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following.

( ) Mail ( ) Hand Delivery
( ) Fax ( ) Federal Express

**GORDON MURRAY TILDEN LLP**

By ______________________

Attorneys for Plaintiff
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email:

COMPLAINT- 18
No.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292