The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DIANNE L. KELLEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>　　　　　　Defendant. | NO.  C07-0475 MJP<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN<br><br><u>CLASS ACTION</u><br><br>**<u>Scheduling Conference Jointly Requested by Parties</u>** |

The parties to the above-entitled action jointly submit this Joint Status Report and Discovery Plan, pursuant to the Court's order of May 14, 2007.

　　1.　　<u>Nature and complexity of the case</u>.  Plaintiff filed this proposed nationwide consumer class action alleging that defendant has committed a breach of warranty and contract obligations, and engaged in deceptive and unfair conduct in the marketing and selling of its new Windows Vista operating system.  Plaintiff and putative class members seek rescission, damages, and such other relief as may be available against defendant pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., common law, and the Washington Consumer Protection Act, ch. 19.86 RCW.  In sum, plaintiff alleges that, in order to boost the sales of PCs

JOINT STATUS REPORT - 1
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

bearing the soon-to-be-replaced Windows XP operating system Microsoft essentially engaged in bait and switch—assuring consumers they were purchasing "Vista Capable" PCs through Microsoft's sticker certification program, when, in fact, the consumers targeted by Microsoft could obtain only, or were provided with, a stripped-down operating system lacking the functionality and features that Microsoft touted as "Vista."

Microsoft believes that plaintiff has not stated a claim under any of her theories and moved to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6). That motion was noted for June 22, 2007. Microsoft contends that the "Windows Vista Capable" logo computer manufacturers placed on some PCs helped buyers select PCs that could be upgraded to a Windows Vista edition after it became available to the general public in January 2007, and that computer manufacturers, retailers, magazines, newspapers, online sources, and Microsoft widely disclosed the PC hardware needed to run the features of the various Windows Vista editions. Similarly, Microsoft contends that the terms of the "Express Upgrade" program under which PC buyers could upgrade to Windows Vista for free or at a reduced price were fully disclosed.

2.      ADR method. The parties agree that mediation is the appropriate ADR method.

3.      Timing of ADR. The parties agree that a meaningful ADR session can only take place after choice of law, class certification, and dispositive motions are heard, and will set a date certain for such an ADR session or sessions upon the resolution of these motions if it appears that ADR may be helpful at that time. The parties would expect ADR to occur beyond four months after the date of this report. See also ¶ 10 below.

4.      Deadline for joining additional parties. Excluding putative class members, additional parties are to be joined by September 1, 2007.

JOINT STATUS REPORT - 2
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

5. <u>Discovery Plan</u>.

   A. <u>Date Rule 26(f) conference took place</u>: June 7, 2007

   <u>Date Rule 26(a) initial disclosures took place</u>: June 18, 2007

   B. <u>Discovery subjects</u>. To minimize expense and to help streamline the discovery process, the parties agree to conduct discovery in two principal phases. First, the parties will engage in discovery relating to the full and fair presentment of the class certification motion, including any merits discovery that may be required to address the factors set forth in Rule 23. Second, if the motion is granted, the parties will engage in merits discovery, including liability, expert, and damages discovery as is necessary to prepare for trial.

   C. <u>Discovery limitations</u>. The parties agree that it is too early to ascertain what, if any, changes in the limitations on discovery imposed by the civil rules may be necessary in this case and jointly propose, for present purposes, to abide by the existing limitations set forth in the civil court rules.

   D. <u>Discovery management</u>. The parties intend to minimize the expense of discovery by completing discovery in the phases discussed above and by using limited interrogatories.

   E. <u>Discovery orders</u>: None at the present time.

6. <u>Discovery completion</u>. Plaintiff contends that discovery should be completed by June 2, 2008. Microsoft contends that discovery should be completed by October 2, 2008.

7. <u>Magistrate Judge</u>. The parties do not agree to the Court's assigning the case to a full-time Magistrate Judge.

8. <u>Bifurcation</u>. The parties agree that the case should not be bifurcated.

JOINT STATUS REPORT - 3
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

9. <u>Pretrial Statements and Order.</u>  The parties agree to retain the requirements of a pretrial statement and order called for by CR 16(e), (h), (i), and (l).

10. <u>Shortening or simplifying the case.</u>  Plaintiff intends to file a motion (to be noted for hearing on July 27, 2007 under CR 7(d)(3)) asking the Court to rule as a matter of law that Federal law and Washington law alone apply to the entirety of this case. Plaintiff contends that the Court's ruling (either way) on this preliminary issue will help focus and narrow the presentment of relevant issues on plaintiff's motion for class certification.

Microsoft believes that attempting to determine the law to be applied to plaintiff, a Washington resident, and the proposed class members who reside in all 50 states, by such a motion, would waste the Court's and the parties' resources, and be premature because the laws to be applied depend upon evidence to be gathered and submitted with the parties' class certification papers. Microsoft believes that the law to be applied to the proposed class is a class certification issue that should be decided as part of the Court's ruling on plaintiff's motion for class certification.

With the Court's permission and respecting the Court's schedule (<u>see</u> <u>also</u> ¶ 16 hereto regarding joint request for scheduling conference), plaintiff proposes the following briefing schedule on plaintiff's choice of law and class certification motions:

| Event | Date |
|---|---|
| Plaintiff to file choice of law motion (noted under CR 7(d)(3)) | July 12, 2007 |
| Defendant to file opposition to choice of law motion | July 23, 2007 |
| Plaintiff to file reply on choice of law motion | July 27, 2007 |

JOINT STATUS REPORT - 4
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

| Event | Date |
|---|---|
| Noting date on choice of law motion | July 27, 2007 |
| Plaintiff to file motion for class certification [to be noted for consideration 35 days after filing] | September 6, 2007 or 20 days after Court's ruling on choice of law motion, whichever is later |
| Defendant to file opposition to class certification motion | 20 days after service of plaintiff's motion |
| Plaintiff to file reply brief in support of class certification | 10 days after service of defendant's opposition |
| Hearing on class certification motion (if ordered) | [Discretion of Court] |

Microsoft proposes that the Court not permit plaintiff to file a choice of law motion but rather consider choice of law issues on plaintiff's class certification motion on the following briefing schedule:

| Event | Date |
|---|---|
| Plaintiff to file motion for class certification with all evidence, including fact and expert declarations, on which she intends to rely in seeking class certification | September 6, 2007 |
| Microsoft to file opposition to class certification motion with all evidence, including fact and expert declarations, on which it intends to rely in opposing class certification | 90 days after service of plaintiff's motion (120 days if plaintiff submits an expert declaration in support of motion) |
| Plaintiff to file reply brief in support of class certification | 30 days after service of Microsoft's opposition |
| Hearing on class certification motion (if ordered) | [Discretion of Court] |

Plaintiff believes that, given the complexity of the issues on both the choice of law and the class certification motions, a full and fair presentment of the relevant issues requires

JOINT STATUS REPORT - 5
No. C07-0475 MJP

deviation from the page limits provided by the civil rules. Plaintiff therefore requests that the Court permit the following page limits for the parties' respective briefs on the two motions, as follows:

| Brief/Motion | Page limit |
|---|---|
| Plaintiff's choice of law motion | 35 |
| Defendant's opposition to choice of law motion | 35 |
| Plaintiff's reply in support of choice of law motion | 20 |
| Plaintiff's class certification motion | 30 |
| Defendant's opposition to class certification motion | 50 |
| Plaintiff's reply in support of class certification motion | 20 |

Microsoft agrees to the page limits on briefs regarding plaintiff's class certification motion.

11. <u>Trial readiness</u>. Considering the time necessary to present and adjudicate motions, engage in discovery, provide notice to the class (if a class is certified), and prepare for trial, plaintiff expects the case will be ready for a trial on September 1, 2008. Microsoft expects the case will be ready for a trial on January 29, 2009.

12. <u>Jury trial</u>. Plaintiff demanded a jury trial in her Amended Complaint.

13. <u>Trial days</u>. The parties expect they will need 10 trial days to present this case, including voir dire.

JOINT STATUS REPORT - 6
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

14. <u>Trial counsel</u>.

    A. <u>For the Plaintiffs</u>:

> Jeffrey I. Tilden
> Jeffrey M. Thomas
> Michael Rosenberger
> Mark A. Wilner
> Gordon Tilden Thomas & Cordell LLP
> 1001 4th Avenue, Suite 4000
> Seattle, WA 98154
> 206-467-6477

> William C. Smart
> Ian S. Birk
> Keller Rohrback L.L.P.
> 1201 3rd Avenue, Suite 3200
> Seattle, WA 98101
> 206-623-1900

    B. <u>For Microsoft</u>:

> Stephen M. Rummage
> Cassandra Kinkead
> Charles S. Wright
> Davis Wright Tremaine LLP
> 1201 Third Avenue, Suite 2200
> Seattle, WA 98101-3045
> 206-622-3150

> Charles B. Casper
> Patrick T. Ryan
> Montgomery, McCracken, Walker & Rhoads, LLP
> 123 S. Broad Street
> Philadelphia, PA 19109
> (215) 772-1500

15. <u>Timing of service</u>. Service has been completed.

16. <u>Scheduling conference</u>: The parties jointly request a scheduling conference before the Court enters its scheduling order.

JOINT STATUS REPORT - 7
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 25TH day of June, 2007.

GORDON TILDEN THOMAS & CORDELL LLP

By /s/ 
Jeffrey I. Tilden, WSBA #12219
Jeffrey M. Thomas, WSBA #21175
Michael Rosenberger, WSBA #17730
Mark A. Wilner, WSBA #31550

KELLER ROHRBACK L.L.P.

By /s/ for:
William C. Smart, WSBA #8192
Ian S. Birk, WSBA #31431

Attorneys for Plaintiff

**DAVIS WRIGHT TREMAINE LLP**

By       s/ Stephen M. Rummage
Stephen M. Rummage, WSBA #11168
Cassandra Kinkead, WSBA #22845
Charles S. Wright, WSBA #31940

*Of counsel*:

Charles B. Casper
Patrick T. Ryan
Montgomery, McCracken, Walker & Rhoads, LLP
123 S. Broad Street
Philadelphia, PA 19109
(215) 772-1500

Attorneys for Defendant

JOINT STATUS REPORT - 8
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following.

Counsel for Defendant Microsoft Corporation

Stephen M. Rummage, WSBA #11168
Cassandra Kinkead, WSBA #22845
Charles S. Wright, WSBA #31940
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
steverummage@dwt.com
cassandrakinkead@dwt.com
charleswright@dwt.com

GORDON TILDEN THOMAS & CORDELL LLP

By _____
Mark A. Wilner, WSBA #31550
Attorneys for Plaintiff
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: mwilner@gordontilden.com

JOINT STATUS REPORT - 9
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292