The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIANNE L. KELLEY,

                Plaintiff,

     v.

MICROSOFT CORPORATION, a Washington Corporation,

                Defendant.

No. CV07-00475 MJP

STIPULATION AND [PROPOSED] ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT SUBJECT TO CONDITIONS

## STIPULATION

Plaintiff Dianne L. Kelley and defendant Microsoft Corporation, through their undersigned counsel, stipulate and agree as follows:

On March 29, 2007, Ms. Kelley filed a Complaint against Microsoft, seeking recovery under the Washington Consumer Protection Act and alleging unjust enrichment.  On May 8, 2007, before Microsoft filed a responsive pleading, Ms. Kelley filed an Amended Complaint, asserting additional causes of action under the Magnuson-Moss Warranty Act and for breach of contract.  On May 25, 2007, Microsoft filed a motion to dismiss the Amended Complaint in its entirety, and the parties completed briefing on Microsoft's motion to dismiss on June 22, 2007.

Ms. Kelley has now asked Microsoft to stipulate to the filing of a Second Amended Complaint, which would add Kenneth Hansen as an additional named plaintiff but would not

STIPULATION AND ORDER GRANTING LEAVE TO FILE SECOND
AMENDED COMPLAINT (CV07-00475 MJP) – 1
SEA 2051516v2 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    otherwise add to or elaborate on the substantive allegations of Ms. Kelley's Amended

2    Complaint.  Subject to the Court's approval, the parties stipulate and agree as follows:

3          1.    The proposed Second Amended Complaint attached hereto as Exhibit A should

4    be allowed;

5          2.    Microsoft's pending motion to dismiss shall be deemed directed to the Second

6    Amended Complaint, as the Second Amended Complaint does not modify the substantive

7    allegations set forth in the Amended Complaint; and

8          3.    The discovery that Microsoft served on Ms. Kelley on Friday, July 6, 2007,

9    shall be deemed to have been served on the new plaintiff, Kenneth Hansen, although Mr.

10   Hansen may respond to these discovery requests on or before August 13, 2007.

11         DATED this 12th day of July, 2007.

12                                    Davis Wright Tremaine LLP
                                      Attorneys for Defendant
13                                    Microsoft Corporation

14                                    By /s/ Stephen M. Rummage
                                        Stephen M. Rummage, WSBA #11168
15                                      Cassandra Kinkead, WSBA #22845
                                        Charles S. Wright, WSBA #31940
16                                      Suite 2200
                                        1201 Third Avenue
17                                      Seattle, WA 98101-3045
                                        Telephone: (206) 757-8136
18                                      Fax: (206) 757-7136
                                        E-mail:  steverummage@dwt.com
19                                      E-mail:  cassikinkead@dwt.com
                                        E-mail:  charleswright@dwt.com
20
                                        Charles B. Casper
21                                      Montgomery, McCracken, Walker &
                                        Rhoads, LLP
22                                      123 South Broad St.
                                        Philadelphia, PA 19109-1029
23                                      Telephone: (215) 772-7223
                                        Fax: (215) 731-3750
24                                      E-mail: ccasper@mmwr.com

25

26

27

STIPULATION AND ORDER GRANTING LEAVE TO FILE SECOND
AMENDED COMPLAINT (CV07-00475 MJP) – 2
SEA 2051516v2 0025936-000689

DATED this 12th day of July, 2007.

GORDON TILDEN THOMAS &
CORDELL LLP
Attorneys for Plaintiff Dianne L. Kelley

By /s/ Jeffrey M. Thomas
      Jeffrey I. Tilden, WSBA #12219
      Jeffrey M. Thomas, WSBA #21175
      Michael Rosenberger, WSBA #17730
      Mark A. Wilner, WSBA #31550
      1001 Fourth Avenue, Suite 4000
      Seattle, WA 98154-1007
      Telephone: (206) 467-6477
      Fax: (206) 467-6292
      Email: jtilden@gmtlaw.com
      Email: jthomas@gmtlaw.com
      Email: mrosenberger@gmtlaw.com
      Email: mwilner@gmtlaw.com

## ORDER

IT IS HEREBY ORDERED AS FOLLOWS:

1.    Plaintiff Dianne Kelley is hereby granted leave to file her Second Amended Complaint in the form attached hereto as Exhibit A.

2.    Microsoft's pending motion to dismiss shall be deemed directed to the Second Amended Complaint and, thus, the ruling from the Court shall be effective as to the Second Amended Complaint.

3.    The discovery that Microsoft served on Ms. Kelley on Friday, July 6, 2007, shall be deemed to have been served on the new plaintiff, Kenneth Hansen, although Mr. Hansen may respond to these discovery requests on or before August 13, 2007.

DATED this ___ day of July, 2007.

MARSHA J. PECHMAN
UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER GRANTING LEAVE TO FILE SECOND
AMENDED COMPLAINT (CV07-00475 MJP) – 3
SEA 2051516v2 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 12, 2007, I electronically filed the foregoing Stipulation and [Proposed] Order Granting Leave to File Amended Complaint Subject to Conditions with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jeffrey I. Tilden:           jtilden@gordontildencom
Jeffrey M. Thomas:       jthomas@gordontilden.com
Michael Rosenberger:    mrosenberger@gordontilden.com
Mark A. Wilner:          mwilner@gordontilden.com
William C. Smart:        wsmart@kellerrohrback@dwt.com
Mark A. Griffin:          mgriffin@kellerrohrback@dwt.com
Ian S. Birk:              ibirk@kellerrohrback@dwt.com

DATED this 12th day of July, 2007.

                            Davis Wright Tremaine LLP
                            Attorneys for Defendant
                            Microsoft Corporation


                            By /s/ Stephen M. Rummage
                               Stephen M. Rummage, WSBA #11168
                               Davis Wright Tremaine LLP
                               Suite 2200
                               1201 Third Avenue
                               Seattle, WA 98101-3045
                               Telephone: (206) 757-8136
                               Fax: (206) 757-7136
                               E-mail: steverummage@dwt.com

STIPULATION AND ORDER GRANTING LEAVE TO FILE SECOND
AMENDED COMPLAINT (CV07-00475 MJP) – 4
SEA 2051516v2 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# Exhibit A

1
2
3
4
5
6
7
8
9
10
11
12                                                      Honorable Marsha J. Pechman
13                          UNITED STATES DISTRICT COURT
14                 WESTERN DISTRICT OF WASHINGTON AT SEATTLE
15
16 DIANNE L. KELLEY and KENNETH
17 HANSEN,                                    NO.  C07-0475 MJP
18
19              Plaintiffs,                   SECOND AMENDED
20                                            COMPLAINT
21        v.
22                                            CLASS ACTION
23 MICROSOFT CORPORATION, a Washington
24 Corporation,                               JURY DEMAND
25
26              Defendant.
27

## I.    INTRODUCTION

1.1    Overview.  Dianne L. Kelley and Kenneth Hansen, individually and on behalf of a

class of persons and/or entities similarly situated, brings this action for rescission, damages, and

such other relief as may be available against defendant Microsoft Corporation pursuant to the

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., common law, and the Washington

Consumer Protection Act, Ch. 19.86 RCW, or, alternatively, the consumer protection acts of the

various states.  Plaintiffs demand a trial by jury for all claims for which they have a legal right.

1.2    Summary of Claims.  This consumer class action arises from Microsoft's breach

of its warranty obligations, breach of contract, and deceptive and unfair conduct in marketing

SECOND AMENDED COMPLAINT- 1
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

and selling its new operating system, which it calls "Vista." In early 2006, nearly a year before

Microsoft released Vista, Microsoft began employing marketing measures designed to avoid a

drop in sales of personal computers ("PCs") incorporating Microsoft's then-existing Windows

XP operating system. Microsoft feared that consumers would delay PC purchases until

Microsoft released Vista. Microsoft thus authorized original equipment manufacturers

("OEMs") to place a sticker on PCs indicating that the PCs had been certified by Microsoft as

"Windows Vista Capable," meaning that the consumer could upgrade the PC to run the new

Vista operating system when it was released. In fact, a large number of these PCs can only run

"Vista Home Basic" ("Vista Basic"). Vista Basic has been described by one reviewer as "the

most pointless edition of Windows that Microsoft has ever released." PCs certified as Windows

Vista Capable, but which are only able to run Vista Basic, are incapable of running virtually any

of Vista's heavily promoted and most popular unique features. The enhanced graphics, media

center and remote control that have been marketed and advertised by Microsoft as "Vista" are

available on every version of Vista except Vista Basic. Moreover, many of the most prominent

"features" that do exist on Vista Basic, such as Windows Defender and Internet Explorer 7, are

freely available for use on Windows XP. Simply put, Vista Basic is incapable of running any of

the features that are unique to Vista and which make Vista attractive to consumers. Later,

beginning in October 2006, Microsoft embarked on its "Express Upgrade" promotion, under

which purchasers of PCs that Microsoft certified as "Windows Vista Capable" were guaranteed a

free or reduced-price upgrade to "Vista" when it became available. In fact, the version of Vista

made available to many of these purchasers is Vista Basic, and thus is lacking features that

Microsoft has touted in Vista as radical improvements over previous operating systems. In sum,

SECOND AMENDED COMPLAINT- 2
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Microsoft engaged in bait and switch—assuring consumers they were purchasing "Vista Capable" PCs when, in fact, they could obtain only, or were provided with, a stripped-down operating system lacking the functionality and features that Microsoft touted as "Vista."

## II.    PARTIES

2.1    Plaintiff Kelley.  Dianne L. Kelley is a resident of the State of Washington.  In November 2006, she purchased a PC to which a "Windows Vista Capable" sticker is affixed. The PC she purchased was not designated as "Premium Ready."

2.2    Plaintiff Hansen.  Kenneth Hansen is a resident of the State of Illinois.  In December 2006, he purchased a PC to which a "Windows Vista Capable" sticker is affixed.  The PC he purchased was not designated as "Premium Ready."

2.3    Defendant.  Microsoft Corporation is the world's largest seller of operating systems for PCs.  It is a Washington corporation with its international headquarters located in Redmond, Washington.

## III.    JURISDICTION AND VENUE

3.1    Subject Matter Jurisdiction.  Plaintiff in this matter seeks certification of a nationwide class, and the amount in controversy exceeds $5,000,000.  This Court has jurisdiction under 28 U.S.C. § 1332(d)(2).

3.2    Personal Jurisdiction.  Microsoft does substantial and continuous business in this state and thus is subject to general jurisdiction.

3.3    Venue.  Venue in this district is proper under 28 U.S.C. § 1391(a) because defendant resides in this district.

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## IV.   FACTUAL ALLEGATIONS

4.1     <u>Vista Operating Systems</u>.  Microsoft has publicly represented that it spent between $5 billion and $6 billion over five years to develop the next generation Windows operating system, which it named Windows Vista (hereafter, "Vista").  Prior to and after the date Vista became available to the public, Microsoft touted Vista as the most advanced operating system yet developed.

4.2     <u>Delayed Vista Launch</u>.  In or around March 2006, Microsoft announced that it was delaying the launch of Vista until early 2007.  As described in a March 22, 2006 article in the Seattle Post-Intelligencer, Microsoft's announcement was considered "a blow to the personal computer industry."  As with many other retail products, substantial PC sales occur during the holiday season.  Microsoft and OEMs feared that consumers looking to buy a new computer in 2006 would delay the purchase, knowing that in a few weeks or months PCs equipped with Microsoft's new Vista operating system would be publicly available.  As reported in the Seattle P-I, "analysts said the lack of [Vista's] retail availability during the holiday shopping season is likely to remove the incentive for many consumers to buy new computers."

4.3     <u>"Windows Vista Capable" Certification Stickers</u>.  Microsoft responded to the concern that PC sales would drop while consumers awaited the launch of Vista.  First, Microsoft established specifications which, if satisfied, allowed OEMs to identify a PC as "Windows Vista Capable," and to confirm that designation by a affixing a highly conspicuous, Microsoft designed and trademarked sticker on the computer.  The Windows Vista Capable certification sticker was designed by Microsoft to reassure consumers that they would be buying a product that had been certified by Microsoft as upgradeable to Vista.

SECOND AMENDED COMPLAINT- 4
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

4.4    <u>Microsoft Certifies PCs As "Vista Capable" That Won't Run "The Real Vista".</u>
There are four editions of Vista: Basic, Premium, Business and Ultimate. Central to Microsoft's deceptive practices was its failure to indicate on its "Windows Vista Capable" stickers that a PC certified as "Windows Vista Capable," but lacking the designation "Premium Ready," could run only Vista Basic, which provides none of the features that are unique to Vista and make Vista attractive to consumers. As stated by Jim Wong, Senior Vice President of Acer, a leading OEM, "Premium is the real Vista." Microsoft touted Vista's unique features and capabilities, but then certified PCs as "Windows Vista Capable" that were incapable of running these features and capabilities.

4.5    <u>Microsoft Markets Deceptive "Upgrade Guarantees" to the Drastically Inferior Home Basic Version of Vista.</u> In October 2006, Microsoft embarked on a supplemental marketing strategy designed to further boost holiday sales of PCs bearing the soon-to-be-replaced Windows XP operating system. Pursuant to Microsoft's "Express Upgrade Guarantee Program," consumers purchasing "Windows Vista Capable" PCs would receive upgrades to "Vista" for little or no cost. In fact, the upgrade for many of these customers is to Vista Basic, which offers none of the new and unique features that Microsoft marketed as and calls "Vista." Consumers were falsely led to believe they would be upgraded to a version of a dramatically new operating system bearing the unique features marketed by Microsoft as Vista. Defendant's "Express Upgrade" plan failed to apprise consumers that a purported upgrade to Vista was, for them, to an operating system that Microsoft knew was "Vista" in name only.

4.6    <u>Microsoft Acknowledges that Vista Basic Does Not Provide the "Core Windows Vista Experience."</u> In a Microsoft-sponsored and content-controlled blog, Nick White, a product

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

manager on Microsoft's Vista launch team, discussed Microsoft's Express Upgrade program.  In

October 2006, Mr. White admitted that only PCs certified as "Premium Ready" are "designed to

deliver the core Windows Vista experience."  Microsoft failed to advise consumers buying PCs

certified as "Windows Vista Capable" that this "capability" did not include the "core Windows

Vista experience."

     4.7    <u>Bill Gates Furthers the Deceptive Marketing</u>.  On January 29, 2007, Microsoft

Chairman Bill Gates appeared on NBC's The Today Show.  He stated that for "less than $100"

one could "upgrade" to "Vista."  In fact, one can only "upgrade" to Vista Basic for that price,

which Mr. Gates and Microsoft know is a product that lacks the features marketed by Microsoft

as being new and unique to Vista.  In doing so, Mr. Gates furthered Microsoft's unfair and

deceptive conduct by reiterating the misleading implication that Vista Basic bears a meaningful

relationship to the new operating system that Microsoft spent more than $5 billion over five

years to develop, and that it can deliver the "core Windows Vista experience."

     4.8    <u>Microsoft Now Publicly Acknowledges Vista Basic's Inadequacy</u>.  In the

April/May 2007 edition of <u>Windows Vista Magazine</u>—a publication authorized, endorsed, and

promoted by Microsoft—Microsoft concedes that Vista Basic is for "those who only want to do

the bare minimum with their PCs."  Vista Basic is not, according to the magazine, for "games" or

"movie, photo and music enjoyment."

     4.9    <u>Microsoft is Subject to FTC Order Prohibiting Similar Conduct</u>.  Since May 15,

2001, Microsoft has been subject to an order of the United States Federal Trade Commission in

Docket No. C-4010 ("FTC Order"), which prohibits Microsoft from engaging in conduct that is

substantially similar to that in which it engaged through its Windows Vista Capable program.

SECOND AMENDED COMPLAINT- 6
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Specifically, under the FTC Order, Microsoft is required to "clearly and conspicuously" make all

necessary limitation disclosures in any of its advertising materials that promote the capabilities

of another company's hardware device that utilizes a Microsoft-licensed operating system.  For

example:

> On a product label, the disclosure shall be in a type size and location on the same
> display panel as the triggering representation sufficiently noticeable for an
> ordinary consumer to read and comprehend it, in print that contrasts with the
> background against which it appears.

Microsoft's Windows Vista Capable program fails to adhere to the FTC Order.

## V.    CLASS ACTION ALLEGATIONS

5.1    The Class.  Plaintiffs bring this suit as a class action on behalf of themselves and

all other United States residents similarly situated as members of a proposed plaintiff class

("Class") pursuant to Fed. R. Civ. P. 23(b)(3).  The Class is defined as follows:

> All persons and entities residing in the United States who
> purchased a personal computer certified by Microsoft as
> "Windows Vista Capable" and not also bearing the "Premium
> Ready" designation, and/or all persons and entities residing in the
> United States who purchased a PC with an "Express Upgrade" to
> Vista Basic.
>
> Excluded from this class are:  (a) Defendant, any entity in which
> defendant has a controlling interest or which has a controlling
> interest in defendant; (b) Defendant's, employees, agents,
> predecessors, successors or assigns; and (c) the judge and staff to
> whom this case is assigned, and any member of the judge's
> immediate family.

5.2    Numerosity.  The Class is so numerous that individual joinder is impracticable.

The precise numbers of Class members is unknown, but upon information and belief, exceeds

10,000 members.

SECOND AMENDED COMPLAINT- 7
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

5.3    <u>Typicality</u>.  Plaintiffs' claims are typical of those of the Class members because plaintiffs each purchased a "Windows Vista Capable" PC in 2006 which require a further expenditure of money on their part, above any cost of a Vista Basic upgrade, in order to utilize the features that Microsoft's own representative has identified as the "core Vista experience" and others have described as "the real Vista."  Like all members of the proposed Class, plaintiffs were damaged by Microsoft's breach of its warranty and contract obligations, and its unfair and deceptive trade practices related to its Windows Vista Capable and/or Express Upgrade programs, through which Microsoft passed off Vista Basic as a meaningful version of its new Vista operating system.

5.4    <u>Named Class Members Identifiable</u>.  Class members can be identified, upon information and belief, through defendant's licenses issued in the relevant period and/or information in defendant's possession or control concerning the units sold by OEMs that are "Windows Vista Capable."

5.5    <u>Common Questions Predominate</u>.  Common questions of law and fact predominate over any questions affecting only individual Class members.  Some of the common legal and factual questions include:

      a.    Whether Microsoft's written designation of PCs pre-installed with its Windows XP operating system as "Windows Vista Capable" constituted a "written warranty" within the meaning of the Magnuson-Moss Warranty Act.

      b.    Whether Microsoft committed breach of contract;

      c.    Whether Vista Basic fails to provide consumers with the new and unique features promoted by Microsoft as being "Vista."

      d.    Whether Class members are required to make a further expenditure of money, above any cost of a Vista Basic upgrade, in order to

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

utilize the features that Microsoft's own representative has identified as the "core Vista experience" and others have described as "the real Vista."

e.    Whether Microsoft's certification of PCs as being "Windows Vista Capable" was false, unfair and/or deceptive when, in fact, running Vista Basic they could not perform Vista's new, unique and most touted functions.

f.    Whether Microsoft deceived consumers by passing off Vista Basic as a meaningful version of its new Vista operating system.

g.    Whether the Express Upgrade promotion was false, unfair and/or deceptive in implying that consumers who were guaranteed upgrades to Vista would receive a free or reduced-price upgrade to a version of Vista containing the features touted by Microsoft as being "Vista."

h.    Whether Microsoft violated the Magnuson-Moss Warranty Act.

i.    Whether Microsoft violated the Consumer Protection Act of the State of Washington or, alternatively, the consumer protection statutes of the various states.

j.    Whether Microsoft has been unjustly enriched by purchases of licenses by Class members who purchased PCs running Windows XP and were guaranteed free or reduced-price upgrades to Vista as part of Microsoft's Express Upgrade program, but must now buy Vista Premium to obtain the "core Windows Vista experience."

5.7    Plaintiffs Adequately Represent the Class. Plaintiffs will fairly and adequately represent all members of the Class because their interests are not adverse to those of the Class and they suffered injury similar to that suffered by the Class they seek to represent—injury stemming from a common practice on the part of Microsoft that constituted a breach of its warranty and contract obligations and was equally unfair and equally deceptive to all members of the Class. To this end, plaintiffs have retained experienced counsel who are competent in class action litigation. The interests of the Class will be fairly and adequately protected by plaintiffs

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

and their counsel. Neither plaintiffs nor undersigned counsel has any interest that may inhibit or obstruct the vigorous pursuit of this action.

5.8    Class Form Superior to All Other. This class action is superior to other available means for the fair and efficient resolution of the claims of plaintiffs and the proposed Class members. The relief sought per individual member of the Class is small and the burden and expense of prosecuting claims against Microsoft would make it virtually impossible for the Class members to seek redress on an individual basis.

5.9    Individual Prosecution Unlikely and Unreasonable. Plaintiffs and their counsel are not aware of any interest that members of the Class would have in individually controlling the prosecution of separate actions, especially given the relatively small size of each individual claim, and the cost, expense and difficulty of litigating against one of the largest corporations in the United States. Plaintiffs and their counsel are also not aware of any actions already commenced on behalf of members of the Class alleging similar claims or seeking similar relief. Given the similar nature of class members' claims and the absence of material differences in the state statutes and common law doctrine upon which the Class members' claims are based (should Washington and federal law not solely apply), a nationwide Class could be managed by this Court. A significant economy of scale exists in concentrating the litigation in this forum.

## VI.    FIRST CAUSE OF ACTION: VIOLATION OF MAGNUSON-MOSS WARRANTY ACT

6.1    Incorporation. Plaintiffs re-allege and incorporate herein the allegations contained above.

6.2    Subject Transactions. Plaintiffs and the proposed members of the Class purchased a computer certified by Microsoft as "Windows Vista Capable," but are required to

SECOND AMENDED COMPLAINT- 10
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

make a further expenditure of money, above any cost of a Vista Basic upgrade, in order to utilize the features that Microsoft's own representative has identified as the "core Vista experience" and others have described as "the real Vista." Microsoft's "Windows Vista Capable" certification constitutes a deceptive warranty in violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.

6.3    "Consumer Products." The operating systems purchased by members of the Class are "consumer products" within the meaning of the Magnuson-Moss Warranty Act.

6.4    "Consumers." Members of the Class are "consumers" within the meaning of the Magnuson-Moss Warranty Act.

6.5    "Supplier" and "Warrantor." Microsoft is a "supplier" and a "warrantor" within the meaning of the Magnuson-Moss Warranty Act.

6.6    "Written Warranty." Microsoft's written certification on PCs pre-installed with its Windows XP operating system as "Windows Vista Capable" constituted a "written warranty" within the meaning of the Magnuson-Moss Warranty Act.

6.7    Breach of Statutory Duties. Microsoft's practices, as described herein, violate the Magnuson-Moss Warranty Act by, among other things, failing to provide a written warranty free of deception to a reasonable, typical consumer.

6.8    Remedies. Microsoft's violations of the Magnuson-Moss Warranty Act entitle plaintiffs and the members of the Class to an award of legal and equitable relief, including actual damages, rescission, attorneys' fees, and costs of suit.

6.9    Satisfaction of Conditions Precedent. All conditions precedent to the maintenance of a class action claim under the Magnuson-Moss Warranty Act have been satisfied.

SECOND AMENDED COMPLAINT- 11
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## VII.    SECOND CAUSE OF ACTION:  BREACH OF CONTRACT

7.1    <u>Incorporation</u>.  Plaintiffs re-allege and incorporate herein the allegations contained above.

7.2    <u>Breach of Contract</u>.  Microsoft contractually promised to provide plaintiffs, and all members of the proposed Class, software and services, or additional software and services, that provided "Vista" at a price not exceeding any cost of an upgrade to Vista Basic.  Microsoft breached its promise by providing plaintiffs, and all members of the proposed Class, with the limited capability, absent a further expenditure of money, to run only Vista Basic, but not what Microsoft's own representative has identified as the "core Vista experience" and others have described as "the real Vista."

7.3    <u>Damages</u>.  Plaintiffs, and all members of the proposed Class, have been damaged by Microsoft's failure to provide software and services as herein alleged.

7.4    <u>Remedies</u>.  Microsoft's breach of contract entitles plaintiffs and all members of the proposed Class to an award of legal and equitable relief, including actual damages, rescission, reformation, and specific performance.

## VIII.    THIRD CAUSE OF ACTION:  VIOLATION OF STATE CONSUMER PROTECTION ACT

8.1    <u>Incorporation</u>.  The preceding paragraphs are re-alleged and incorporated herein.

8.2    <u>Subject Transactions</u>.  Plaintiffs and the proposed members of the Class purchased PCs certified by Microsoft as "Windows Vista Capable" without the additional designation "Premium Ready."   Class members also may have purchased PCs and their purchase price included an "Express Upgrade" to "Vista," but in fact the "upgrade" was only to

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Vista Basic. In both cases, Microsoft engaged in the same pattern of unfair and deceptive

conduct pursuant to a common policy.

8.3    Breach of Statutory Duty. Defendant had a statutory duty to refrain from unfair

or deceptive acts or practices in marketing Vista in the months prior to launch, including

instructing and then authorizing OEMs to affix to PCs a Microsoft designed and trademarked

certification that the PCs were "Windows Vista Capable." Defendant also violated this duty

through its Express Upgrade program. In both situations, Microsoft failed to advise Class

members that they would be required to make a further expenditure of money, above any cost of

a Vista Basic upgrade, in order to utilize the features that Microsoft's own representative has

identified as the "core Vista experience" and others have described as "the real Vista."

8.4    Unfair and Deceptive Acts. Defendant's material omissions were and are unfair

and deceptive acts or practices in trade and commerce which affect the public interest.

8.5    Damage. Plaintiffs and Class members were directly and proximately injured by

Microsoft's conduct, including but not limited to having to purchase RAM and/or other hardware

in order to run "the real Vista," and by requiring consumers receiving Vista Basic through the

Express Upgrade program to pay additional money to obtain "the real Vista." Plaintiffs and the

members of the proposed Class also were injured by defendant's unfair or deceptive acts or

practices which created artificial demand for PCs at an artificially inflated price. Plaintiffs and

the proposed Class paid the artificially inflated price, thus incurring economic loss. Plaintiffs

and proposed Class members are entitled to damages, restitution, disgorgement and/or such

orders or judgment as may be necessary to restore to any person in interest, any money which

may have been acquired by means of unfair practices.

SECOND AMENDED COMPLAINT- 13
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

8.6    Violation of the Washington CPA. Defendant's actions, as complained of herein, constitute unfair competition or unfair, deceptive or fraudulent acts or practices in violation of Wash. Rev. Code § 19.86.010, et seq.

8.7    Alternatively, Defendant's actions constitute unfair competition or unfair, deceptive or fraudulent acts or practices in violation of the consumer protection statutes of every state:

a.    Defendant has engaged in unfair or deceptive acts or practices in violation of Ala. Code § 8-19-1, et. seq.;

b.    Defendant has engaged in unfair or deceptive acts or practices in violation of Alaska Stat. Code § 40.50.471, et seq.;

c.    Defendant has engaged in unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, et seq.;

d.    Defendant has engaged in unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, et seq.;

e.    Defendant has engaged in unfair or deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105, et seq.;

f.    Defendant has engaged in unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, et seq.;

g.    Defendant has engaged in unfair or deceptive acts or practices in violation of 6 Del. Code § 2511, et seq.;

h.    Defendant has engaged in unfair or deceptive acts or practices in violation of D.C. Code § 28-3901, et seq.;

SECOND AMENDED COMPLAINT- 14
No. C07-0475 MJP

i.  Defendant has engaged in unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, *et seq.*;

j.  Defendant has engaged in unfair or deceptive acts or practices in violation of Ga. Stat. § 10-1-392, *et seq.*;

k.  Defendant has engaged in unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq.*;

l.  Defendant has engaged in unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*;

m.  Defendant has engaged in unfair or deceptive acts or practices in violation of 815 ILCS § 505/1, *et seq.*;

n.  Defendant has engaged in unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24-5-0.5.1, *et seq.*;

o.  Defendant has engaged in unfair or deceptive acts or practices in violation of Iowa Code § 714.1b, *et seq.*;

p.  Defendant has engaged in unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq.*;

q.  Defendant has engaged in unfair or deceptive acts or practices in violation of Ky. Rev. Stat. § 367.110, *et seq.*;

r.  Defendant has engaged in unfair or deceptive acts or practices in violation of La. Rev. Stat. § 51:1401, *et seq.*;

s.  Defendant has engaged in unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 207, *et seq.*;

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

t.     Defendant has engaged in unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*;

u.     Defendant has engaged in unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, *et seq.*;

v.     Defendant has engaged in unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, *et seq.*;

w.     Defendant has engaged in unfair or deceptive acts or practices in violation of Minn. Stat. § 325F.67, *et seq.*;

x.     Defendant has engaged in unfair or deceptive acts or practices in violation of Miss. Code Ann. § 75-24-1, *et seq.*;

y.     Defendant has engaged in unfair or deceptive acts or practices in violation of Vernon's Mo. Rev. Stat. § 407.010, *et seq.*;

z.     Defendant has engaged in unfair or deceptive acts or practices in violation of Mont. Code § 30-14-101, *et seq.*;

aa.     Defendant has engaged in unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*;

bb.     Defendant has engaged in unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*;

cc.     Defendant has engaged in unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*;

dd.     Defendant has engaged in unfair or deceptive acts or practices in violation of N.J. Stat. Ann. § 56:8-1, *et seq.*;

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

ee.    Defendant has engaged in unfair or deceptive acts or practices in violation of N.M. Stat. Ann. § 57-12-1, *et seq.*;

ff.    Defendant has engaged in unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.*;

gg.    Defendant has engaged in unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*;

hh.    Defendant has engaged in unfair or deceptive acts or practices in violation of N.D. Cent. Code § 51-15-01, *et seq.*;

ii.    Defendant has engaged in unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.*;

jj.    Defendant has engaged in unfair or deceptive acts or practices in violation of Okla. Stat. tit. 15 § 751, *et seq.*;

kk.    Defendant has engaged in unfair or deceptive acts or practices in violation of Or. Rev. Stat. §646.605, *et seq.*;

ll.    Defendant has engaged in unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.*;

mm.    Defendant has engaged in unfair or deceptive acts or practices in violation of R.I. Gen. Laws § 6-13.1-1, *et seq.*;

nn.    Defendant has engaged in unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.*;

oo.    Defendant has engaged in unfair or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1, *et seq.*;

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

pp.    Defendant has engaged in unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.*;

qq.    Defendant has engaged in unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.*;

rr.    Defendant has engaged in unfair or deceptive acts or practices in violation of Utah Code Ann. § 13-1 1-1, *et seq.*;

ss.    Defendant has engaged in unfair or deceptive acts or practices in violation of Vt. Stat. Ann. tit. 9, § 245 1, *et seq.*;

tt.    Defendant has engaged in unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, *et seq.*;

uu.    Defendant has engaged in unfair or deceptive acts or practices in violation of Wash. Rev. Code § 19.86.010, *et seq.*;

vv.    Defendant has engaged in unfair or deceptive acts or practices in violation of W. Va. Code § 46A-6-101, *et seq.*;

ww.    Defendant has engaged in unfair or deceptive acts or practices in violation of Wis. Stat. § 100.20, *et seq.*; and

xx.    Defendant has engaged in unfair or deceptive acts or practices in violation of Wyo. Stat. § 40-12-100, *et seq.*

**IX.    FOURTH CAUSE OF ACTION:  UNJUST ENRICHMENT**

9.1    <u>Incorporation</u>.  Plaintiffs re-allege and incorporate herein the allegations contained above.

9.2    <u>Unjust Enrichment</u>.  Defendant has been unjustly enriched under circumstances where, in justice and equity, defendant should not be entitled to retain such money.  Such unjust

SECOND AMENDED COMPLAINT- 18
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

enrichment has resulted from payment for licenses sold for Windows XP in PCs certified by Microsoft as "Windows Vista Capable," and upgrades from Vista Basic to Vista Premium.

## X.    PRAYER FOR RELIEF

As a result of the foregoing, plaintiffs and the proposed Class members request that the Court enter an order or judgment against defendant including the following:

1.    <u>Class Certification</u>.  Certification of the action as a class action and appointment of plaintiffs as class representatives and their counsel of record as class counsel;

2.    <u>Damages</u>.  Damages in an amount to be proven at trial;

3.    <u>Exemplary Damages</u>.  Damages and such other relief, including punitive or treble damages, provided by the statutes cited herein;

4.    <u>Equitable Relief</u>.  Equitable relief in the form of rescission, reformation, specific performance, restitution and/or disgorgement of all profits received by defendant as a result of deceptive conduct as alleged herein;

5.    <u>Injunctive Relief</u>.  Appropriate injunctive relief;

6.    <u>Fees and Costs</u>.  The costs of bringing this suit, including reasonable attorneys' fees; and

7.    <u>Other Relief</u>.  All further relief to which plaintiffs and members of the proposed Class may be entitled at law or in equity.

SECOND AMENDED COMPLAINT- 19
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 12th day of July, 2007.

GORDON TILDEN THOMAS & CORDELL LLP

By

Jeffrey I. Tilden, WSBA #12219
Jeffrey M. Thomas, WSBA #21175
Michael Rosenberger, WSBA #17730
Mark A. Wilner, WSBA #31550

KELLER ROHRBACK L.L.P.

By

William C. Smart, WSBA #8192
Ian S. Birk, WSBA #31431

Attorneys for Plaintiffs

SECOND AMENDED COMPLAINT- 20
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## CERTIFICATE OF SERVICE

I hereby certify that on July ____, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following.

Counsel for Defendant Microsoft Corporation

Stephen M. Rummage, WSBA #11168
Cassandra Kinkead, WSBA #22845
Charles S. Wright, WSBA #31940
Davis Wright Tremaine LLP
2600 Century Square
1501 Fourth Avenue
Seattle, Washington 98101-1688
steverummage@dwt.com
cassandrakinkead@dwt.com
charleswright@dwt.com

GORDON TILDEN THOMAS & CORDELL LLP

By_____
        Mark A. Wilner, WSBA #31550
        Attorneys for Plaintiffs
        1001 Fourth Avenue, Suite 4000
        Seattle, WA 98154-1007
        Telephone: (206) 467-6477
        Facsimile: (206) 467-6292
        Email: mwilner@gordontilden.com

SECOND AMENDED COMPLAINT- 21
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292