Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DIANNE L. KELLEY and KENNETH HANSEN,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>　　　　　　Defendant. | NO.  C07-0475 MJP<br><br>PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND TO DEEM CERTAIN REQUESTS FOR ADMISSION "ADMITTED"<br><br><u>CLASS ACTION</u><br><br>NOTE ON MOTION CALENDER:<br>September 14, 2007 |

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND
TO DEEM CERTAIN REQUESTS FOR ADMISSION
"ADMITTED"
No. C07-0475 MJP

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

## I. INTRODUCTION

Plaintiffs bring this motion to compel discovery relevant to class certification and to have certain of their requests for admission deemed "admitted," because:

A. Microsoft asserts semantic objections to plaintiffs' requests for admission in an apparent effort to avoid admitting or denying the requests as posed.

B. Microsoft refuses discovery on the development of its "Windows Vista Capable" program, including consumer market research of the putative class, as "not relevant" to certification, even though the discovery would constitute common classwide proof that would support plaintiffs' arguments on Rule 23 factors such as typicality, commonality, and predominance.

C. Microsoft refuses to produce documents showing its ability to quantify and identify class members—discovery relevant to numerosity and manageability.

D. Microsoft offers to produce only documents regarding the "top ten" original equipment manufacturers ("OEMs") with which it does business, without explaining what other documents exist (or even how many OEMs there are).

E. Microsoft asserts that discovery of other consumer class litigation against Microsoft is "not relevant" and will produce no documents—this, despite having served plaintiffs with virtually identical discovery requests.

## II. FACTS

Plaintiffs have alleged facts that describe how Microsoft used its "Windows Vista Capable" program to increase its software sales prior to launching its new Vista operating system. It did so by palming off an artificial version of Vista—one that bore few, if any, features unique to Vista that Microsoft touted as five years and $5 billion in development—as a meaningful version of the "real Vista." Through its deceptive conduct, Microsoft increased sales of its soon-to-be-replaced XP operating system by certifying soon-to-be-obsolete computers as "Vista Capable" when, in truth, such PCs were incapable of running the "real Vista." Plaintiffs propose to represent a nationwide class of consumers who purchased such "Vista Capable" PCs.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND
TO DEEM CERTAIN REQUESTS FOR ADMISSION
"ADMITTED" - 1
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

This is a case in which the proof of plaintiffs' claims is in the defendant's hands. We agreed, as an accommodation to Microsoft, to conduct discovery in two phases, the first being addressed to the "full and fair presentment of the class certification motion, including any merits discovery that may be required to address the factors set forth in Rule 23." Dkt. 21 at 3:11-15. Our agreement to this approach is dependent on receiving timely discovery however, and, at present, we are becoming very concerned about delay. (The deadline for filing plaintiffs' motion for class certification is September 25, 2007, only 11 days after the noting date of this motion.) The current status of discovery relevant to this motion is as follows:

- Plaintiffs' served initial written discovery requests on July 3, 2007 (four days after the Court's initial scheduling conference). The discovery requests and responses at issue in this motion are set forth in full at Exhibits B-D of the Birk Declaration, filed herewith.

- After a month of negotiations (beginning a day before Microsoft's discovery responses were due), the parties have presented the Court with a proposed protective order today. Dkt. 35. Still, until the Court enters this proposed protective order or another such order, an interim agreement (necessary for us to see even the few documents produced thus far) prohibits plaintiffs from using Microsoft's documents or recent Rule 30(b)(6) deposition testimony in support of motions such as this one.

- On August 22, 2007, the parties held a Rule 37 discovery conference initiated by plaintiffs (and postponed two weeks to accommodate defense counsel's vacation schedule). At the conference, the parties discussed 14 discovery issues. Birk Decl. Ex. E. Microsoft refused to change its position on the issues addressed in this motion. Id., Exs. E and F.

This motion relates to certain issues ripe for decision following the August 22 discovery conference. See also Birk Decl. ¶ 3 (Rule 37 certification of counsel).

Plaintiffs intend to move timely for class certification in spite of the state of discovery, and will seek leave to supplement the record as necessary in the event further materials are discovered from Microsoft. Although not an attractive option, the alternative is to move to

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND
TO DEEM CERTAIN REQUESTS FOR ADMISSION
"ADMITTED" - 2
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

extend the deadline for seeking class certification while the parties work through discovery issues, and that is not an attractive option either. Plaintiffs believe that the Court's ruling on the scope of certification-related discovery raised herein will assist in streamlining other discovery.

### III. ARGUMENTS AND AUTHORTIES

**A. Microsoft's Semantic Objections to Plaintiffs' Requests for Admission Should be Stricken and the Requests as Posed Should be Deemed Admitted.**

Microsoft has answered many requests for admission ("RFAs") by re-framing the requests. Using a stated inability to understand several of plaintiffs' RFAs as posed, Microsoft, in each case, re-frames the RFA to one more to its liking and then admits or denies the re-framed (i.e., a different) RFA. As a result, it is impossible for plaintiffs to determine with any degree of certainty whether the substance of many of its RFAs have been admitted or denied. As discussed below, Rule 36 does not permit Microsoft to give vague responses as to whether it admits or denies the substance of plaintiffs' RFAs, as posed, based on "technicalities" when "the purpose and significance" of the RFAs are "reasonably clear."

The following represent a few examples of RFAs where Microsoft objects to ordinary terms as unintelligible (with the ostensibly "vague and ambiguous" word or term in *italics*):

- "Windows Vista Capable" refers to minimum specification requirements of a personal computer (PC) that are *necessary to properly run* Vista Home Basic. Birk Decl., Ex. B at 5 (RFA 4).

- Microsoft established the minimum specification requirements necessary for a PC to be *certified* as "Windows Vista Capable." Id. (RFA 5).

- A "Windows Vista Capable" logo sticker on a PC constituted a *certification* by Microsoft that the PC to which it was affixed would *properly run* Vista Home Basic. Id. at 6 (RFA 6).

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND
TO DEEM CERTAIN REQUESTS FOR ADMISSION
"ADMITTED" - 3
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

A spreadsheet attached as Exhibit A to the Birk Declaration summarizes the 41 RFAs to which Microsoft has asserted "vague and ambiguous" objections to commonly-used, non-technical words and terms—on the basis of which it refuses to admit or deny the RFAs as posed. (The full version of the RFAs, with Microsoft's responses, are set forth at Exhibit B).

Microsoft, moreover, has refused to correct these deficiencies. Plaintiffs advised Microsoft of its failure to admit or deny the RFAs at issue as posed, asked Microsoft to explain what it is about commonly used words such as "certification" and "properly run" that it does not understand, and even invited Microsoft to "suggest alternative words or terms that it feels would allow it to provide clean responses" to the affected requests for admission, as posed. Id., Ex. E at 2 ¶ 6. Microsoft refused to do so. Id. at Ex. F at 2-3 ¶ 6.

As we have indicated to Microsoft's counsel, "Plaintiffs should not have to propound endless requests in an effort to guess at which way of saying the same thing might be acceptable to Microsoft." Id., Ex. E at 2 ¶ 6. Indeed, a party may not rely on objections that a request is "ambiguous" or "vague" to "evade disclosure by quibbling and objection." Marchand v. Mercy Med. Ctr., 22 F.3d 933, 938 (9th Cir. 1994) (overruling objection to term "avoidable movement" in answers to requests to admit causation of paralysis following improperly immobilized spinal injury). Rather, a party must either provide "frank answers" or set forth in detail the reasons why it cannot admit or deny an RFA. Id. (citing Rule 36(a) and Wash. St. Physicians Ins. Exch. and Ass'n v. Fisons Corp., 122 Wn.2d 299, 858 P.2d 1054 (1993)).

In United States ex rel. Englund v. Los Angeles County, 235 F.R.D. 675 (E.D. Cal. 2006), the court rejected an effort to avoid answering RFAs by objecting to undefined but still reasonably clear terms on the basis of "overly-technical" readings of the requests posed:

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND
TO DEEM CERTAIN REQUESTS FOR ADMISSION
"ADMITTED" - 4
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

A party may not avoid responding based on technicalities. Fed. R. Civ. P. 36(a). For example, a party who is unable to agree with the exact wording of the request for admission should agree to an alternate wording or stipulation. See Marchand, 22 F.3d at 938, citing Milgram Food Stores, Inc. v. United States, 558 F.Supp. 629, 636 (W.D. Mo. 1983). When the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly-technical reading of the request. Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 580 (9th Cir. 1992) ("Epistemological doubts speak highly of (party's) philosophical sophistication, but poorly of its respect for Rule 36(a).").

Id. at 684 (emphasis added).

What Microsoft has done, and refuses to correct, violates its obligation under Rule 36. Therefore, plaintiffs request an order striking Microsoft's semantic objections to the RFAs listed in Exhibit A to the Birk Declaration, and deeming such RFAs admitted as posed.

**B.    Discovery Into Microsoft's "Windows Vista Capable" Program, Including its Consumer Market Research, is Relevant to Class Certification.**

Plaintiffs have served a number of discovery requests—RFAs 17-21 and 84-91, and Requests for Production ("RFPs") 2-4 and 8-11—that Microsoft has refused to answer as purportedly "not . . . relevant to class certification." Birk Decl., Exs. B (RFAs) and C (RFPs). RFAs 17-21 ask Microsoft to admit that Microsoft considered using logos that would have identified and distinguished computers as being able to run Windows Vista Basic or another version of Vista, rather than being simply "Windows Vista Capable." Id., Ex. B at 11-13. RFAs 84-91 ask Microsoft to admit that it discussed or was advised, prior to the public use of the term "Windows Vista Capable," that the term would be misleading to consumers. Id. at 43-46. RFPs 2-4 and 8-11 seek drafts of the "Windows Vista Capable" sticker, documents regarding its development, consumer market research, and draft OEM agreements. Id., Ex. C at 5-9. As discussed below, the requested discovery is directly relevant to class certification because it

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND
TO DEEM CERTAIN REQUESTS FOR ADMISSION
"ADMITTED" - 5
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

seeks proof of "basic issues" common to the putative class and will promote plaintiffs' demonstration of the basic similarity—indeed, identity—of each class member's claim.

### 1. Discovery of a Uniform Consumer Response to Microsoft's Marketing Efforts is Relevant to Class Certification.

This discovery goes to the heart of why plaintiffs' claims are properly treated on a classwide basis. The discovery will reveal whether Microsoft compromised the clarity of the design and wording of the Windows Vista Capable logo in an effort to achieve its admitted objective of increasing Windows XP sales to as large a segment of the consumer population as possible prior to launching Vista. Consumer market research of this nature would support plaintiffs' contentions that: (a) their claims are typical of other class members', (b) the logo was unfair or deceptive is a common issue, (c) Microsoft's conduct caused a common public interest impact, and (d) classwide proof will predominate over any individual issues.

Microsoft already has admitted the "Windows Vista Capable" logo "was intended in part to encourage consumers not to delay their purchases of new PCs until the release of Windows Vista." Id., Ex. B at 27:2-3 (emphasis added). If, according to the documents, Microsoft, through its marketing effort, viewed and treated a particular segment of the consumer population as a class, that would strongly support the Court's doing so in this litigation.

### 2. Discovery of Microsoft's Centralized Control Over Marketing is Relevant to Rebut Microsoft's Stated Defense Against Class Certification.

Microsoft's consumer market research together with draft OEM agreements also will address what appears to be Microsoft's centerpiece argument in opposing class certification—that the OEMs through which Microsoft sells the Windows operating system, and not Microsoft, made the certification of Vista capability to consumers. Microsoft's "objections" to plaintiffs' RFAs feature a number of "talking points," including, numerous times:

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND
TO DEEM CERTAIN REQUESTS FOR ADMISSION
"ADMITTED" - 6
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

> the placement of a "Windows Vista Capable" logo on a PC constituted a contractually permissible statement <u>by the OEM</u> authorized to put it there that the PC met at least the minimum hardware and other requirements for one or more editions of a Windows Vista operating system to install and run.

Id., Ex. B at 5:10-13 (emphasis added). Microsoft then denies the ability to control the manner in which retailers marketed Windows (Microsoft's core product!):

> The applicable logo license agreement and OEM marketing bulletin required the OEMs to provide end users with information about the capabilities of PCs that bore the "Windows Vista Capable" logo, as set forth above. Microsoft did develop and make marketing materials available to retailers concerning the "Windows Vista Capable" program, <u>although Microsoft could not require retailers to use those materials</u>.

Id. at 15:6-12 (emphasis added). Plaintiffs unquestionably are entitled to secure discovery on Microsoft's arguments in this regard against certification.

### 3. Discovery Into Microsoft-Promoted Policies in the Development of its "Vista Capable" Program Would Generate Relevant Classwide Proof.

Discovery of Microsoft's "Windows Vista Capable" program will establish key evidence common to the entire proposed class, and will tend to establish both the origin of all class members' claims in a common course of conduct by Microsoft and the availability of classwide, as opposed to individualized, proof. In Dukes v. Wal-Mart, Inc., 474 F.3d 1214 (9th Cir. 2007), the Ninth Circuit held that plaintiffs established commonality in Title VII class claims against Wal-Mart on behalf of 1.5 million women through evidence of: "(1) uniform personnel and management structure across stores; (2) Wal-Mart headquarter's extensive oversight of store operations, company-wide policies governing pay and promotions, and a strong, centralized corporate culture." Id. at 1225-26. This and other evidence showed "a highly centralized company that promotes policies common to all stores and maintains a single system of oversight." Id. at 1226. Analogously, plaintiffs are entitled to discover any evidence for class

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND
TO DEEM CERTAIN REQUESTS FOR ADMISSION
"ADMITTED" - 7
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

certification that Microsoft "promote[d] policies" that were common to all class members in its development of the "Windows Vista Capable" program.

### 4. Evidence of a Common Practice Originated by Microsoft Supports Typicality and Counters Microsoft's Class Certification Defense.

Similarly, with respect to typicality, the Dukes court found that notwithstanding wide differences of pay and promotion among class members, plaintiffs established typicality through evidence of a "common practice":

> Thus, even though individual employees in different stores with different managers may have received difference levels of pay and were denied promotion or promoted at different rates, because the discrimination they allegedly suffered occurred through an alleged common practice – e.g., excessively subjective decision-making in a corporate culture of uniformity and gender stereotyping – their claims may be sufficiently typical to satisfy Rule 23(a)(3).

Id. at 1232 (emphasis added). Here too, plaintiffs are entitled to discover evidence supporting allegations of a common practice originating from Microsoft to support typicality despite its apparent effort to shift the focus toward the OEMs. Plaintiffs thus seek an order deeming RFAs 17-21 and 84-91 admitted and compelling full and complete responses to RFPs 2-4 and 8-11.

### C. Documents That Permit Microsoft to Quantify and Identify Class Members Are Relevant to Numerosity and Manageability.

In RFP 6, plaintiffs asked Microsoft to "[p]roduce all documents that identify the putative class members." Birk Decl. Ex. C at 7:5-6. Microsoft objected on the ground that the "class members' identities" is not necessarily needed for certification, which for purposes of this motion we do not dispute. But when we pointed out that Microsoft's ability to identify class members is relevant to numerosity and manageability, and that Microsoft therefore should produce such documents, Microsoft answered:

> [plaintiffs'] Rule 30(b)(6) designation asks [Microsoft] to produce a witness to testify on matters that bear directly on this issue. See Notice of Videotaped

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND
TO DEEM CERTAIN REQUESTS FOR ADMISSION
"ADMITTED" - 8
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

>   30(b)(6) Dep., Ex. A, Items 2, 4. We will produce a witness on those matters and we expect that testimony to answer your questions on the point.

Birk Decl. Ex. F at 4 ¶ 10.

Microsoft cannot dictate what discovery methods plaintiffs should use, nor force us to depose its witnesses without advance review of pertinent documents, as it has now done. Rule 26(d) states that "methods of discovery may be used in any sequence." It typically is more efficient to review documents before depositions, as we attempted to do. Furthermore, Microsoft may not fulfill its duty to produce documents under Rule 34 simply by referring plaintiffs to a Rule 30(b)(6) deposition. In Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121 (M.D.N.C. 1989), the court rejected an effort to fulfill the obligation to give 30(b)(6) testimony by substituting interrogatory answers:

>   Defendant suggests that it was sufficient to supply the information in its written answer to interrogatory no. 30. Nothing in the Federal Rules of Civil Procedure gives a party the right to not respond or inadequately respond to a Rule 30(b)(6) deposition notice or subpoena request and elect to supply the answers in a written response to an interrogatory.

Id. at 126. Here, the same principle applies to Microsoft's effort to substitute 30(b)(6) deposition for its duty to produce documents under Rule 34. While, as Marker notes, depositions generally produce more complete information than interrogatory answers, the same is not always true when one is forced to depose a party's witness without first having the party's documents. Plaintiffs request a full and complete response to RFP 6.

**D.   Microsoft Should Supply its OEM Documents Because it Has Failed to Explain Why Not Doing So Would Be Impracticable.**

RFPs 7 and 10-13 seek documents regarding Microsoft's relationships with OEMs. Birk Decl., Ex. C at 7-10. Microsoft arbitrarily responded that it would produce documents relating to its "top ten" OEMs. The parties' correspondence following the discovery conference shows: (a)

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND
TO DEEM CERTAIN REQUESTS FOR ADMISSION
"ADMITTED" - 9
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

plaintiffs' desire to have some explanation for why Microsoft will make only limited production and, in that case, some visibility as to what is not being produced; and (b) Microsoft's total failure to address those concerns:

> In response to Requests for Production Nos. 7, 10, 11, 12 and 13, in Plaintiffs' First Interrogatories and Requests for Production, Microsoft indicated that it would produce documents relating to its "top ten" OEMs. We requested that if Microsoft does not produce documents relating to all OEMs, that it produce an explanation as to why this would be impracticable. <u>Without such an explanation, we would expect full production as requested</u>. You agreed to look into Microsoft's ability to produce all documents or, alternatively, a list identifying all OEMs. You indicated that you will produce documents from approximately 18 OEMs based on the fact that the "top ten" list changes from time to time. You further indicated that the "top ten" OEMs account for more than 95% of the PC market. Notwithstanding the discovery issues, you indicated that you did not believe there were variations in the OEM software licensing agreements and that, in any event, Microsoft would not assert or rely on such variations in opposing class certification.

Id., Ex. E at 3 (emphasis added). Microsoft responded without addressing our main concern to have some understanding of what Microsoft is not producing:

> We would be willing to stipulate that Microsoft will not challenge commonality, typicality or predominance based upon the contents of OEM agreements that have not been produced to you. I believe you expressed your willingness to accept that stipulation. If you require something more formal than this letter, please let me know and we will cooperate in putting it together.

Id., Ex. F at 4.

Microsoft's discovery answers and this "response" completely fail to excuse Microsoft's arbitrarily limited, incomplete production (which we note still has not occurred). A party objecting to discovery "must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence." Jackson v. Montgomery Ward & Co., 173 F.R.D. 524, 528-529 (D. Nev. 1997). Microsoft has not done so. Plaintiffs therefore request full and complete responses to RFPs 7 and 10-13.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND
TO DEEM CERTAIN REQUESTS FOR ADMISSION
"ADMITTED" - 10
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

E. **Discovery of Other Consumer Class Action Litigation Against Microsoft is Virtually Impossible to Retrieve on Our Own, and Should Be Produced in Response to Plaintiffs' Discovery Requests.**

In a third set of discovery requests, plaintiffs asked Microsoft to identify all consumer class actions since 1993 in which it was a defendant and to produce orders on class certification. Birk Decl., Ex. D at 4-5. Microsoft objected on grounds of relevance and stated without elaboration that it does not maintain "a list" or "records from which such information could be readily compiled." Id. at 4. We offered to limit the scope of the two requests to accommodate undue burdens and asked that Microsoft follow up on documents in its control, if not necessarily its possession, since relatively few counsel would have to be contacted to secure many of the requested documents. Id., Ex. E at 4 ¶ 14. Microsoft responded with no information on its ability to produce documents and suggested we should use Pacer to find federal proceedings (Microsoft offered no similar "suggestion" for checking state court proceedings). Id., Ex. F at 4-5 ¶ 14. The truth is we already have tried mightily (including searching Pacer) to obtain this discovery on our own, but doing so has proved to be virtually impossible. Wilner Decl. ¶ 2.

Plaintiffs' request for other lawsuits is a classic means of discovering: (1) pattern or practice evidence to establish a CPA claim under Hangman Ridge Training Stables Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 790, 719 P.2d 531 (1986), (2) conduct to establish the basis for an injunction under RCW 19.86.090, (3) witnesses or knowledgeable experts from other cases, and (4) admissions by Microsoft under the party-opponent rule or the doctrines of judicial or collateral estoppel. Discovery of other class action litigation against Microsoft is appropriate in light of the Ninth Circuit's observation that "[a]llowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND
TO DEEM CERTAIN REQUESTS FOR ADMISSION
"ADMITTED" - 11
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Cir. 2003). Indeed, if Microsoft actually believed that such discovery is not relevant (as it has asserted), it is odd that Microsoft has asked each named plaintiff to respond to virtually identical discovery requests. Birk Decl., Exs. G at 5 and H at 10-11.

Finally, Microsoft's suggestion that it lacks a system for tracking consumer class action litigation against the company strains credulity. Indeed, at depositions yesterday, Microsoft in-house counsel appeared and was introduced as one of Microsoft's attorneys responsible for consumer class action litigation. Microsoft is not entitled to force plaintiffs to perform an impossible search for clearly relevant documents that it has at its disposal. If Microsoft seeks to be excused from production, it again must produce evidence of undue burden by explaining what it has and what it does not have within its possession, custody, or control. It has not done so. Plaintiffs thus seek full and complete responses to their third set of discovery requests.

## IV.    CONCLUSION AND PROPOSED ORDER

Plaintiffs' motion should be granted. A proposed order is submitted herewith.

DATED this 30th day of August, 2007.

**GORDON TILDEN THOMAS & CORDELL LLP**

By _____
Jeffrey I. Tilden, WSBA #12219
Jeffrey M. Thomas, WSBA #21175
Michael Rosenberger, WSBA #17730
Mark A. Wilner, WSBA #31550

**KELLER ROHRBACK L.L.P.**

By _____
William C. Smart, WSBA #8192
Ian S. Birk, WSBA #31431

Attorneys for Plaintiff

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND
TO DEEM CERTAIN REQUESTS FOR ADMISSION
"ADMITTED" - 12
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on _____, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following.

| Counsel for Defendant Microsoft Corporation | Counsel for Defendant Microsoft Corporation – Admitted Pro Hac Vice |
|---|---|
| Stephen M. Rummage, WSBA #11168<br>Cassandra L. Kinkead, WSBA #22845<br>Charles S. Wright, WSBA #31940<br>Davis Wright Tremaine LLP<br>1201 Third Avenue Suite 2200<br>Seattle, Washington 98101-3045<br>steverummage@dwt.com<br>cassandrakinkead@dwt.com<br>charleswright@dwt.com | Charles B. Casper<br>Montgomery, McCracken, Walker & Rhoads<br>123 South Broad Street<br>Philadelphia, PA 19109<br>ccasper@mmwr.com |

GORDON TILDEN THOMAS & CORDELL LLP

By /s/ [signature]
Mark A. Wilner, WSBA #31550
Attorneys for Plaintiff
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: mwilner@gordontilden.com

PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND
TO DEEM CERTAIN REQUESTS FOR ADMISSION
"ADMITTED" - 13
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292