EXHIBIT B

Exhibit B Page 6

Dockets.Justia.com

1                                                     The Honorable Marsha J. Pechman

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DIANNE L. KELLEY and KENNETH HANSEN, | ) ) ) | No. C07-0475 MJP |
| Plaintiffs, | ) ) ) | PUTATIVE CLASS ACTION |
| v. | ) ) ) | MICROSOFT'S OBJECTIONS AND RESPONSES TO |
| MICROSOFT CORPORATION, a Washington Corporation, | ) ) ) | PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS |
| Defendant. | ) ) ) | |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant Microsoft

Corporation hereby responds to Plaintiffs' First Set of Requests for Admissions as follows:

## GENERAL OBJECTIONS

1.      **Limitations on Discovery.** This case is currently an individual action being

brought by two individuals, and the parties have agreed to bifurcate discovery in this case

such that discovery related to whether a class should be certified shall occur before any

discovery going to the merits of the case will commence. Unless and until the case is certified

as a class action (which Microsoft believes it should not be), discovery will be confined to

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit D    Page 7

1  issues relevant to class certification. Microsoft objects to Plaintiffs' discovery requests to the

2  extent they purport to seek information that is not relevant to class certification issues.

3  2.   **Privilege.**  Microsoft objects to Plaintiffs' discovery requests to the extent they

4  seek information protected from disclosure by any privilege or other protection including,

5  without limitation, the attorney-client privilege, a settlement privilege, the work product

6  doctrine, or any other constitutional, statutory, common law or regulatory protection,

7  immunity or proscription from disclosure. Where information is withheld under claim of

8  privilege, Microsoft will so indicate on a privilege log. Microsoft does not intend the

9  inadvertent production of any privileged or protected information to constitute a waiver of

10  Microsoft's rights to assert any applicable privilege or protection with respect to any such

11  information or any other matter.

12  3.   **Obligations Beyond Civil Rules.**  Microsoft objects to Plaintiffs' discovery

13  requests to the extent they attempt to impose obligations upon Microsoft that are beyond the

14  scope of the Federal Rules of Civil Procedure.

15  4.   **Proportionality.**  Microsoft objects to Plaintiffs' discovery requests as

16  overbroad and unduly burdensome to the extent that they require extensive, unreasonable,

17  expensive, and labor-intensive investigation that is out of proportion to, and cannot be

18  justified in light of, the small size of the Plaintiffs' claims and the limited nature of class

19  certification issues, at least unless and until the case is certified as a class action (which

20  Microsoft believes it should not be). *See* Fed. R. Civ. P. 26(b)(1)(C).

21  5.   **No Waiver.**  By responding to Plaintiffs' particular discovery requests,

22  Microsoft does not waive these General Objections or any specific objection to a particular

23  request. Similarly, by stating a specific objection in response to a particular request,

24  Microsoft does not waive these General Objections. Microsoft expressly reserves the right to

25  challenge the competency, relevancy, materiality or admissibility of, or otherwise object to

26

27

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit  5   Page  8

1    the introduction into evidence of, any information provided in response to these discovery
2    requests.

3        6.    **Supplementation.**  Microsoft's responses to Plaintiffs' discovery requests are
4    based upon present knowledge, information and belief following its diligent search and
5    reasonable inquiry.  Discovery and investigation are ongoing.  As additional information and
6    documents become available in the course of discovery or otherwise, Microsoft may deem it
7    appropriate to supplement, alter or amend these responses and objections to Plaintiffs'
8    discovery requests and reserves the right to do so.  Microsoft does not thereby undertake any
9    obligation to supplement beyond that imposed by the Federal Rules of Civil Procedure.

10        7.    **Confidential and Proprietary Information.**  Microsoft objects to Plaintiffs'
11    discovery requests to the extent they invade any right to privacy under any applicable state or
12    federal law or constitutional provision and/or seek trade secrets, confidential, business,
13    financial, proprietary, competitive or sensitive commercial information that is entitled to
14    protection under any applicable law including, without limitation, Fed. R. Civ. P. 26.  Such
15    information and documents will not be produced absent entry of an appropriate order
16    protecting the confidentiality of the information.  Microsoft is prepared to discuss with
17    Plaintiffs' counsel the appropriate scope and terms of an agreed protective order.

18        8.    **Information Outside Microsoft's Possession, Custody or Control.**
19    Microsoft objects to Plaintiffs' discovery requests to the extent they seek information that is
20    not in Microsoft's possession, custody or control.

21        9.    **Information Already in Plaintiffs' Possession or Otherwise Available.**
22    Microsoft objects to Plaintiffs' discovery requests to the extent they seek information already
23    within Plaintiffs' possession, publicly available or otherwise available to Plaintiffs from other
24    source(s) equally convenient, less burdensome or less expensive.

25        10.    For the convenience of the parties and the Court, Microsoft's counsel has
26    electronically scanned Plaintiffs' requests for admissions to create a new document that

27

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit  D   Page   9

1   contains both the original requests for admissions and Microsoft's responses and objections to

2   each. Any deviation from the original discovery requests is unintentional.

3

4       Subject to the foregoing objections, Microsoft responds to the individual Requests for

5   Admissions as follows:

6

7      1.     Exhibit A is a true and correct copy of the Microsoft "Windows Vista

8   Capable" logo.

9   **RESPONSE:**

10      Microsoft incorporates each of its General Objections as if fully set forth here.

11      Subject to and without waiver of its foregoing objections, Microsoft admits this

12

13   request.

14

15      2.     Microsoft developed the term "Windows Vista Capable."

16   **RESPONSE:**

17      Microsoft incorporates each of its General Objections as if fully set forth here.

18      Subject to and without waiver of its foregoing objections, Microsoft admits this

19

20   request.

21

22      3.     Microsoft designed the "Windows Vista Capable" logo attached as Exhibit A.

23   **RESPONSE:**

24      Microsoft incorporates each of its General Objections as if fully set forth here.

25      Subject to and without waiver of its foregoing objections, Microsoft admits this

26   request.

27

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B Page 10

4.      "Windows Vista Capable" refers to minimum specification requirements of a personal computer ("PC") that are necessary to properly run Vista Home Basic.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the phrase "necessary to properly run" is vague and ambiguous with respect to its intended meaning.

Subject to and without waiver of its foregoing objections, Microsoft admits only that the placement of a "Windows Vista Capable" logo on a PC constituted a contractually permissible statement by the OEM authorized to put it there that the PC met at least the minimum hardware and other requirements for one or more editions of a Windows Vista operating system to install and run. Otherwise, Microsoft denies this request.

5.      Microsoft established the minimum specification requirements necessary for a PC to be certified as "Windows Vista Capable."

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the word "certified" is vague and ambiguous with respect to its intended meaning.

Subject to and without waiver of its foregoing objections, Microsoft admits only that Microsoft established the minimum hardware and other requirements that would permit an OEM to label a PC with the "Windows Vista Capable" logo. Otherwise, Microsoft denies this request.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B   Page 11

6.    A "Windows Vista Capable" logo sticker on a PC constituted a certification by Microsoft that the PC to which it was affixed would properly run Vista Home Basic.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the word "certification" and the phrase "properly run" are vague and ambiguous with respect to their intended meaning.

Subject to and without waiver of its foregoing objections, Microsoft denies this request.

7.    Exhibit B is a true and correct copy of the Microsoft "Premium Ready" logo.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft denies this request as stated and admits only that Exhibit B is a true and correct copy of the "Premium Ready" designation. By way of further response, a "Premium Ready" designation constituted a contractually permissible statement by the OEM authorized to make it that the PC met at least the minimum hardware and other requirements for a Windows Vista Premium edition, as described in the applicable logo license agreement and OEM marketing bulletin, and that the PC qualified for and bore the "Windows Vista Capable" logo.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 6

Exhibit ___  Page ___

1

8.    Microsoft developed the term "Premium Ready."

2    **RESPONSE:**

3    Microsoft incorporates each of its General Objections as if fully set forth here.

4    Subject to and without waiver of its foregoing objections, Microsoft admits this

5    request.

6

7    9.    Microsoft designed the "Premium Ready" logo attached as Exhibit B.

8    **RESPONSE:**

9

10    Microsoft incorporates each of its General Objections as if fully set forth here.

11    Subject to and without waiver of its foregoing objections, Microsoft denies this

12    request as stated. Microsoft admits only that it designed the stylized form of the "Premium

13    Ready" designation attached to Plaintiffs' Requests as Exhibit B.

14

15    10.    "Premium Ready" refers to minimum specification requirements of a PC that

16    are necessary to properly run Vista Home Premium.

17

18    **RESPONSE:**

19    Microsoft incorporates each of its General Objections as if fully set forth here.

20    Microsoft further objects to this request on the grounds that "necessary to properly

21    run" is vague and ambiguous with respect to its intended meaning.

22    Subject to and without waiver of its foregoing objections, Microsoft admits only that a

23    "Premium Ready" designation constituted a contractually permissible statement by the OEM

24    authorized to make it that the PC met at least the minimum hardware and other requirements

25

26    for a Windows Vista Premium edition, as described in the OEM marketing bulletin and the

27

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

applicable logo license agreement, and that the PC qualified for and bore the "Windows Vista Capable" logo. Otherwise, Microsoft denies this request.

11.    Microsoft established the minimum specification requirements necessary for a PC to be certified as "Premium Ready."

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the word "certified" is vague and ambiguous with respect to its intended meaning.

Subject to and without waiver of its foregoing objections, Microsoft admits only that Microsoft established the minimum hardware and other requirements that would permit an OEM to designate a PC as "Premium Ready." Otherwise, Microsoft denies this request.

12.    A "Premium Ready" logo sticker on a PC constituted a certification by Microsoft that the PC to which it was affixed would properly run Vista Home Premium.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the word "certification" and the phrase "properly run" are vague and ambiguous with respect to their intended meaning.

Subject to and without waiver of its foregoing objections, Microsoft admits only that a "Premium Ready" designation constituted a contractually permissible statement by the OEM authorized to make it that the PC met at least the minimum hardware and other requirements

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 8

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

for the Windows Vista Premium editions, as described in the applicable logo license agreement and OEM marketing bulletin, and that the PC qualified for and bore the "Windows Vista Capable" logo. Otherwise, Microsoft denies this request.

13.    A PC certified by Microsoft as "Premium Ready" also had affixed to it a "Windows Vista Capable" sticker.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the word "certified" is vague and ambiguous with respect to its intended meaning.

Subject to and without waiver of its foregoing objections, Microsoft admits only that OEMs were authorized to designate a PC as "Premium Ready" if the PC met the minimum hardware and other requirements for a Windows Vista Premium operating system and qualified for and bore the "Windows Vista Capable" logo. Otherwise, Microsoft denies this request.

14.    The "Windows Vista Capable" sticker and the "Premium Ready" sticker are two separate and distinct stickers.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft denies this request as stated. Microsoft admits only that the "Windows Vista Capable" logo is something separate and distinct from the "Premium Ready" designation. The "Windows Vista Capable" logo constituted a contractually permissible statement by the OEM authorized to place it there

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 9

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B  Page 15

that the PC met at least the minimum hardware and other requirements for one or more editions of a Windows Vista operating system to install and run.  A PC could be designated as "Premium Ready" if the PC met the minimum hardware and other requirements for a Windows Vista Premium operating system and qualified for and bore the "Windows Vista Capable" logo.

15.     The "Windows Vista Capable" sticker does not indicate which version of Vista the PC to which it is affixed is capable of running.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft admits that the "Windows Vista Capable" logo, viewed in isolation and without reference to any other required disclosures that accompanied the PC and were widely available to prospective purchasers, does not indicate which Windows Vista features or editions the PC to which it is affixed is capable of providing.  By way of further response, the "Windows Vista Capable" logo was a contractually permissible statement by the OEM authorized to place it there that the PC met at least the minimum hardware and other requirements for one or more editions of a Windows Vista operating system to install and run.  In addition, the applicable logo license agreement required that OEMs include the following statement "in a conspicuous size and place" on product packaging and on any point-of-purchase displays and in-store marketing materials:

> Not all Windows Vista™ features are available for use on all
> Windows Vista Capable PCs.  All Windows Vista Capable PCs
> will run the core experiences of Windows Vista, such as
> innovations in organizing and finding information, security and

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 10

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

reliability. Some features available in premium editions of Windows Vista—like the new Windows® Aero™ user interface—require advanced or additional hardware. Check www.windowsvista.com/getready for details.

Microsoft, OEMs, resellers, publishers, and others made this and other information about the features of Windows Vista editions and the hardware needed to provide their features widely available to prospective purchasers.

16.    The "Windows Vista Capable" sticker does not indicate that the PC to which it is affixed can only properly run Vista Home Basic.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the word "indicate" and the phrase "properly run" are vague and ambiguous with respect to their intended meaning.

Subject to and without waiver of its foregoing objections, Microsoft denies this request. By way of further response, the "Windows Vista Capable" logo was a contractually permissible statement by the OEM authorized to place it there that the PC met at least the minimum hardware and other requirements for one or more editions of a Windows Vista operating system to install and run. Many PCs bearing the "Windows Vista Capable" logo will run the features of Windows Vista Premium editions.

17.    Prior to the launch of Vista, Microsoft considered using a logo to be affixed to PCs other than the "Windows Vista Capable" logo that did designate Basic as the version of Vista that was being certified to work with PCs to which the logo would be affixed.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 11

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B  Page 17

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects on the grounds that this request does not seek information that is relevant to class certification.

18.    Exhibit C is a true and correct copy of a logo that Microsoft considered using as a sticker to be affixed to PCs prior to the launch of Vista in order to indicate to consumers that the PCs had been tested to ensure they will work with Windows Vista Home Basic.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects on the grounds that this request does not seek information that is relevant to class certification.

19.    Microsoft considered using a logo to be affixed to PCs prior to the launch of Vista that designated Premium as the version of Vista that was being certified to work with PCs to which the logo would be affixed.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the phrase "certified to work with PCs" is vague and ambiguous with respect to its intended meaning.

Microsoft further objects on the grounds that this request does not seek information that is relevant to class certification.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 12

Exhibit B    Page 18

20.    Microsoft considered using a logo to be affixed to computers prior to the launch of Vista that designated Business as the version of Vista that was being certified to work with PCs to which the logo would be affixed.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the phrase "certified to work with PCs" is vague and ambiguous with respect to its intended meaning.

Microsoft further objects on the grounds that this request does not seek information that is relevant to class certification.

21.    Microsoft considered using a logo to be affixed to computers prior to the launch of Vista that designated Ultimate as the version of Vista that was being certified to work with PCs to which the logo would be affixed.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the phrase "certified to work with PCs" is vague and ambiguous with respect to its intended meaning.

Microsoft further objects on the grounds that this request does not seek information that is relevant to class certification.

22.    The "Windows Vista Capable" sticker does not indicate that the PC to which it is affixed cannot properly run Vista Home Premium.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 13

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the word "indicate" and the phrase "necessary to properly run" are vague and ambiguous with respect to their intended meaning.

Subject to and without waiver of its foregoing objections, Microsoft denies this request and incorporates by reference its response to Request for Admission No. 15. By way of further response, the "Windows Vista Capable" logo was a contractually permissible statement by the OEM authorized to place it there that the PC met at least the minimum hardware and other requirements for one or more editions of a Windows Vista operating system to install and run. Many PCs bearing the Windows Vista Capable logo provide the features of Windows Vista Premium editions.

23.    Microsoft did not require retailers which sold PCs designated as "Windows Vista Capable" to consumers, to provide consumers, at the time of sale, with an explanation as to the meaning of "Windows Vista Capable."

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the phrases "at the time of sale" and "explanation as to the meaning" are vague and ambiguous with respect to their intended meaning. Microsoft also objects to the term "retailers" as vague and ambiguous. For purposes of all its responses to these Requests for Admissions, Microsoft understands the

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 14

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1
2
term to refer to non-OEM companies (e.g., Best Buy) that sold PCs with a Microsoft operating system pre-installed.

3
4
5
6
7
8
9
10
11
12
Subject to and without waiver of its foregoing objections, Microsoft denies this request because it denies that it had the power to require retailers to take actions or not take actions with respect to the "Windows Vista Capable" program. That program refers to and arose out of contractual relationships between Microsoft and OEMs, not retailers. The applicable logo license agreement and OEM marketing bulletin required the OEMs to provide end users with information about the capabilities of PCs that bore the "Windows Vista Capable" logo, as set forth above. Microsoft did develop and make marketing materials available to retailers concerning the "Windows Vista Capable" program, although Microsoft could not require retailers to use those materials.

13
14
15
16
17
24.    Microsoft did not advise retailers which sold PCs designated as "Windows Vista Capable" to consumers, to provide consumers, at the time of sale, with an explanation as to the meaning of "Windows Vista Capable."

18
**RESPONSE:**

19
Microsoft incorporates each of its General Objections as if fully set forth here.

20
21
22
23
24
25
Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," Microsoft denies this request. By way of further response, Microsoft did develop and make marketing materials available to retailers concerning the "Windows Vista Capable" program, although Microsoft could not require retailers to use those materials.

26
27

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 15

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B  Page 2

1    25.    Microsoft did not require retailers which sold PCs designated as "Windows

2    Vista Capable" to consumers, to provide consumers, at the time of sale, with an explanation

3    as to the limitations of "Windows Vista Capable."

4    **RESPONSE:**

5         Microsoft incorporates each of its General Objections as if fully set forth here.

6         Microsoft further objects to this request on the grounds that the phrases "at the time of

7    sale" and "explanation as to the limitations" are vague and ambiguous with respect to their

8    intended meaning.

9

10        Subject to and without waiver of its foregoing objections, including Microsoft's

11   objection to and definition of the term "retailers," Microsoft denies that it had the power to

12   require retailers to take actions or not take actions with respect to the "Windows Vista

13   Capable" program because that program refers to and arose out of contractual relationships

14   between Microsoft and OEMs, not retailers.  The applicable logo license agreement and OEM

15   marketing bulletin required the OEMs to provide end users with information about the

16   capabilities of PCs that bore the "Windows Vista Capable" logo, as set forth above.

17   Microsoft did develop and make marketing materials available to retailers concerning the

18   "Windows Vista Capable" program, although Microsoft could not require retailers to use

19   those materials.

20

21

22   26.    Microsoft did not advise retailers which sold PCs designated as "Windows

23   Vista Capable" to consumers, to provide consumers, at the time of sale, with an explanation

24   as to the limitations of "Windows Vista Capable".

25

26

27
     Microsoft's Objections and Responses to Plaintiffs'
     First Set of Requests for Admissions
     (C07-0475 MJP) — 16                                    Davis Wright Tremaine LLP
                                                                  LAW OFFICES
     Exhibit B   Page 22                                    Suite 2200 · 1201 Third Avenue
                                                            Seattle, Washington 98101-3045
                                                            (206) 622-3150 · Fax: (206) 757-7700

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," Microsoft denies this request. By way of further response, Microsoft did develop and make marketing materials available to retailers concerning the "Windows Vista Capable" program, although Microsoft could not require retailers to use those materials.

27.    Microsoft did not require retailers which sold PCs designated as "Windows Vista Capable" to consumers, to provide consumers, at the time of sale, with written information as to the meaning of "Windows Vista Capable."

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the phrases "at the time of sale" and "as to the meaning of" are vague and ambiguous with respect to their intended meaning.

Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," Microsoft denies that it had the power to require retailers to take actions or not take actions with respect to the "Windows Vista Capable" program because that program refers to and arose out of contractual relationships between Microsoft and OEMs, not retailers. The applicable logo license agreement and OEM marketing bulletin required the OEMs to provide end users with information about the capabilities of PCs that bore the "Windows Vista Capable" logo, as set forth above.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 17

Exhibit B Page 23

Microsoft did develop and make marketing materials available to retailers concerning the "Windows Vista Capable" program, although Microsoft could not require retailers to use those materials.

28.    Microsoft did not advise retailers which sold PCs designated as "Windows Vista Capable" to consumers, to provide consumers, at the time of sale, with written information as to the meaning of "Windows Vista Capable."

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," Microsoft denies this request. By way of further response, Microsoft did develop and make marketing materials available to retailers concerning the "Windows Vista Capable" program, although Microsoft could not require retailers to use those materials.

29.    Microsoft did not require retailers which sold PCs designated as "Windows Vista Capable" to consumers, to provide consumers, at the time of sale, with written information as to the limitations of "Windows Vista Capable."

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the phrases "at the time of sale" and "as to the limitations of" are vague and ambiguous with respect to their intended meaning.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 18
Exhibit B  Page 24

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," Microsoft denies that it had the power to require retailers to take actions or not take actions with respect to the "Windows Vista Capable" program because that program refers to and arose out of contractual relationships between Microsoft and OEMs, not retailers. The applicable logo license agreement and OEM marketing bulletin required the OEMs to provide end users with information about the capabilities of PCs that bore the "Windows Vista Capable" logo, as set forth above. Microsoft did develop and make marketing materials available to retailers concerning the "Windows Vista Capable" program, although Microsoft could not require retailers to use those materials.

30.    Microsoft did not advise retailers which sold PCs designated as "Windows Vista Capable" to consumers, to provide consumers, at the time of sale, with written information as to the limitations of "Windows Vista Capable."

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," Microsoft denies this request. By way of further response, Microsoft did develop and make marketing materials available to retailers concerning the "Windows Vista Capable" program, although Microsoft could not require retailers to use those materials.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 19
Exhibit 15   Page 25

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

31.    Microsoft did not require retailers which sold PCs designated as "Windows Vista Capable" to consumers, to display materials for the benefit of consumers that explained the meaning of "Windows Vista Capable."

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the phrase "display materials for the benefit of consumers" and "meaning of" are vague and ambiguous with respect to their intended meaning.

Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," Microsoft denies that it had the power to require retailers to take actions or not take actions with respect to the "Windows Vista Capable" program because that program refers to and arose out of contractual relationships between Microsoft and OEMs, not retailers. The applicable logo license agreement and OEM marketing bulletin required the OEMs to provide end users with information about the capabilities of PCs that bore the "Windows Vista Capable" logo, as set forth above. Microsoft did develop and make marketing materials available to retailers concerning the "Windows Vista Capable" program, although Microsoft could not require retailers to use those materials.

32.    Microsoft did not advise retailers which sold PCs designated as "Windows Vista Capable" to consumers, to display materials for the benefit of consumers that explained the meaning of "Windows Vista Capable."

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 20

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B   Page 26

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," Microsoft denies this request. By way of further response, Microsoft did develop and make marketing materials available to retailers concerning the "Windows Vista Capable" program, although Microsoft could not require retailers to use those materials.

33.    Microsoft did not require retailers which sold to consumers PCs designated as "Windows Vista Capable" to display materials for the benefit of consumers that explained the limitations of that designation.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the phrase "display materials for the benefit of consumers" and "limitations of" are vague and ambiguous with respect to their intended meaning.

Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," Microsoft denies that it had the power to require retailers to take actions or not actions with respect to the "Windows Vista Capable" program because that program refers to and arose out of contractual relationships between Microsoft and OEMs, not retailers. The applicable logo license agreement and OEM marketing bulletin required the OEMs to provide end users with information about the capabilities of PCs that bore the "Windows Vista Capable" logo, as set forth above.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 21

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B  Page 27

Microsoft did develop and make marketing materials available to retailers concerning the "Windows Vista Capable" program, although Microsoft could not require retailers to use those materials.

34.    Microsoft did not advise retailers which sold to consumers PCs designated as "Windows Vista Capable" to display materials for the benefit of consumers that explained the limitations of that designation.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," Microsoft denies this request. By way of further response, Microsoft did develop and make marketing materials available to retailers concerning the "Windows Vista Capable" program, although Microsoft could not require retailers to use those materials.

35.    Prior to January 30, 2007, retailers that sold PCs designated as "Windows Vista Capable" to consumers did not provide consumers with an opportunity to compare a PC actually running Vista Home Basic with a PC actually running Vista Home Premium or Vista Ultimate.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," and after reasonable inquiry, Microsoft can

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 22

Exhibit B  Page 28

neither admit nor deny this request as stated. Microsoft does not know whether, before January 30, 2007, any or some retailers that sold PCs designated as "Windows Vista Capable" to consumers provided consumers with an opportunity to compare a PC actually running Vista Home Basic with a PC actually running Vista Home Premium or Vista Ultimate.

36.    Prior to at least January 30, 2007, Microsoft did not authorize or permit retailers that sold PCs designated as "Windows Vista Capable" to consumers to provide consumers with an opportunity to compare a PC actually running Vista Home Basic with a PC actually running Vista Home Premium or Vista Ultimate.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," and after reasonable inquiry, Microsoft can neither admit nor deny this request as stated. Microsoft did not have the power to "authorize or permit" retailers that sold PCs designated as "Windows Vista Capable" to consumers (or to refuse to authorize or permit such retailers) to provide consumers with an opportunity to compare a PC actually running Vista Home Basic with a PC actually running Vista Home Premium or Vista Ultimate.

37.    Prior to January 30, 2007, retailers that sold PCs designated as "Windows Vista Capable" to consumers did <u>not</u> provide consumers with an opportunity to observe a PC actually running Vista Home Basic.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 23

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B Page 29

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," and after reasonable inquiry, Microsoft can neither admit nor deny this request as stated. Microsoft does not know whether, before January 30, 2007, any or some retailers that sold PCs designated as "Windows Vista Capable" to consumers provided consumers with an opportunity to observe a PC actually running Vista Home Basic.

38.    Prior to January 30, 2007, Microsoft did not authorize or permit retailers that sold PCs designated as "Windows Vista Capable" to consumers to provide consumers with an opportunity to observe a PC actually running Vista Home Basic.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," and after reasonable inquiry, Microsoft can neither admit nor deny this request as stated. Microsoft did not have the power to "authorize or permit" retailers that sold PCs designated as "Windows Vista Capable" to consumers (or to refuse to authorize or permit such retailers) to provide consumers with an opportunity to observe a PC actually running Vista Home Basic.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 24

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B  Page 30

39.    Prior to January 30, 2007, retailers that sold PCs designated as "Windows Vista Capable" to consumers did provide consumers with an opportunity to observe a PC actually running Vista Home Premium or Vista Ultimate.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," and after reasonable inquiry, Microsoft can neither admit nor deny this request as stated. Microsoft does not know whether, before January 30, 2007, any or some retailers that sold PCs designated as "Windows Vista Capable" to consumers provided consumers with an opportunity to observe a PC actually running Vista Home Premium or Vista Ultimate.

40.    Prior to January 30, 2007, Microsoft <u>did</u> authorize retailers that sold PCs designated as "Windows Vista Capable" to consumers to provide consumers with an opportunity to observe a PC actually running Vista Home Premium or Vista Ultimate.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," and after reasonable inquiry, Microsoft can neither admit nor deny this request as stated. Microsoft did not have the power to "authorize" retailers that sold PCs designated as "Windows Vista Capable" to consumers (or to refuse to authorize such retailers) to provide consumers with an opportunity to observe a PC actually running Vista Home Premium or Vista Ultimate.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 25

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit 13 Page 31

41.    Microsoft did not authorize retailers that sold PCs designated as "Windows Vista Capable" to consumers to modify the "Windows Vista Capable" sticker.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," Microsoft admits this request.

42.    Microsoft prohibited retailers that sold PCs designated as "Windows Vista Capable" to consumers from modifying the "Windows Vista Capable" sticker.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, including Microsoft's objection to and definition of the term "retailers," Microsoft denies the request as stated.  By way of further response, if retailers or others modified the "Windows Vista Capable" logo without Microsoft's permission, applicable trademark law would have provided Microsoft with remedies.

43.    "Windows Vista Capable" stickers were intended by Microsoft to encourage consumers not to delay their purchases of new PCs until the actual release of Vista.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 26

Exhibit 13 Page 32

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Subject to and without waiver of its foregoing objections, Microsoft admits only that the "Windows Vista Capable" logo was intended in part to encourage consumers not to delay their purchases of new PCs until the release of Windows Vista. Otherwise, Microsoft denies this request as stated.

44.     The Vista Upgrade Express program was intended by Microsoft to encourage consumers not to delay their purchases of new PCs until the actual release of Vista.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft admits only that the "Windows Vista Upgrade Express" program was intended in part to encourage consumers not to delay their purchases of new PCs until the release of Windows Vista. Otherwise, Microsoft denies this request as stated.

45.     "Windows Vista Capable" stickers were intended by Microsoft to maintain consumer demand for new PCs, with Windows XP pre-installed, prior to the actual release of Vista.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that "maintain consumer demand" is vague and ambiguous with respect to its intended meaning.

Subject to and without waiver of its foregoing objections, Microsoft admits only that the "Windows Vista Capable" logo was intended in part to encourage consumers not to delay

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 27
Exhibit B   Page 33

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

their purchases of new PCs until the release of Windows Vista. Otherwise, Microsoft denies this request.

46.    The Vista Upgrade Express program was intended by Microsoft to maintain consumer demand for new PCs, with Windows XP pre-installed, prior to the actual release of Vista.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that "maintain consumer demand" is vague and ambiguous with respect to its intended meaning.

Subject to and without waiver of its foregoing objections, Microsoft admits only that the "Windows Vista Express Upgrade" program was intended in part to encourage consumers not to delay their purchases of new PCs until the release of Windows Vista. Otherwise, Microsoft denies this request.

47.    Microsoft received a financial benefit from the sale of PCs designated as "Windows Vista Capable."

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft admits this request. By way of further response, Microsoft also received a financial benefit from PCs containing the Windows XP operating system that were not designated as "Windows Vista Capable."

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 28

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

48.    Since at least January 30, 2007, Microsoft has offered Windows Defender as a free download to consumers running Windows XP.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft admits this request, although there are significant functionality differences between the version of Windows Defender that is part of Windows Vista and the version that is available as a free download to consumers running Windows XP.

49.    Since at least January 30, 2007, Microsoft has offered Windows Firewall as a free download to consumers running Windows XP.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft denies this request.

50.    Since at least January 30, 2007, Microsoft has offered Instant Search as a free download to consumers running Windows XP.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft denies this request as stated.  Microsoft admits only that an update to the Windows XP search function is

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 29

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B Page 35

available as a free download. This free download is called Windows Desktop Search. It is not called "Instant Search."

51.    Since at least January 30, 2007, Microsoft has offered Windows Internet Explorer 7 as a free download to consumers running Windows XP.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft admits only that a version of Windows Internet Explorer 7 has been available as a free download to Windows XP users since at least January 30, 2007, but that version does not offer all of the features of Internet Explorer 7 when included in Windows Vista. Otherwise, Microsoft denies this request.

52.    Since at least January 30, 2007, Microsoft has offered Network and Sharing Center as a free download to consumers running Windows XP.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft denies this request.

53.    Since at least January 30, 2007, Instant Search has been available, without charge, to consumers running Windows XP.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 30

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft denies this request as stated. Microsoft admits only that an update to the Windows XP search function has been available, without charge, to Windows XP users. This free download is called Windows Desktop Search. It is not called "Instant Search."

54.    Since at least January 30, 2007, Network and Sharing Center has been available, without charge, to consumers running Windows XP.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft denies this request.

55.    The End User License Agreement ("EULA") attached as Exhibit D is a true and correct copy of the Windows XP operating system EULA ("XP EULA") that applies to plaintiff and every member of the class as defined in the First Amended Complaint ("Class Members").

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft denies this request.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 31

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B  Page 37

56.    The EULA attached as <u>Exhibit E</u> is a true and correct copy of the Windows XP operating system EULA ("XP Upgrade EULA") that applies to every end user who purchased an upgrade to the Windows Home XP operating system at any time from March 1, 2006 to January 30, 2007.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft denies this request.

57.    The EULA attached as <u>Exhibit F</u> is a true and correct copy of the Windows Vista Home Basic operating system EULA ("Vista Basic EULA") that applies to every end user who has purchased a PC with the Windows Vista Home Basic operating system pre-installed.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft denies this request. By way of further response, OEMs are permitted to supplement (and many have supplemented) the Windows Vista EULA that Microsoft provides to them with provisions or protections beyond those in the Windows Vista EULA that Microsoft provides to them.

58.    The EULA attached as <u>Exhibit G</u> is a true and correct copy of the Windows Vista Home Basic operating system EULA ("Vista Basic Upgrade EULA") that applies to

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 32

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B   Page 38

1    every end user who has purchased an upgrade to the Windows Vista Home Basic operating

2    system at any time from March 1, 2006 to January 30, 2007.

3    **RESPONSE:**

4        Microsoft incorporates each of its General Objections as if fully set forth here.

5        Subject to and without waiver of its foregoing objections, Microsoft denies this

6    request as stated. By way of further response, Microsoft released Windows Vista to the

7    general public on January 30, 2007, and admits only that the Vista Basic Upgrade EULA

8    applies to every end user who purchased an upgraded license from another Microsoft

9    operating system to Windows Vista Home Basic on January 30, 2007.

10

11

12        59.    Microsoft drafted the XP EULA.

13    **RESPONSE:**

14        Microsoft incorporates each of its General Objections as if fully set forth here.

15        Subject to and without waiver of its foregoing objections, Microsoft admits this

16    request.

17

18

19        60.    Microsoft drafted the XP Upgrade EULA.

20    **RESPONSE:**

21        Microsoft incorporates each of its General Objections as if fully set forth here.

22        Subject to and without waiver of its foregoing objections, Microsoft admits this

23    request.

24

25

26

27

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 33

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B Page 39

1

61.    Microsoft drafted the Vista Basic EULA.

2

**RESPONSE:**

3

Microsoft incorporates each of its General Objections as if fully set forth here.

4

Subject to and without waiver of its foregoing objections, Microsoft admits this

5

request.

6

7

62.    Microsoft drafted the Vista Upgrade EULA.

8

**RESPONSE:**

9

10

Microsoft incorporates each of its General Objections as if fully set forth here.

11

Microsoft further objects to this request because the term "Vista Upgrade EULA" is

12

vague and ambiguous with respect to its intended meaning.  There is no exhibit attached to

13

Plaintiffs' Requests that Plaintiffs have defined as the "Vista Upgrade EULA."

14

15

16

63.    The agreement attached hereto as <u>Exhibit H</u> is a true a true and correct copy of

17

the Windows XP license agreement ("OEM License Agreement") between Microsoft and all

18

OEMs who sold PCs with Windows XP pre-installed at any time from March 1, 2006 to

19

January 30, 2007.

20

**RESPONSE:**

21

Microsoft incorporates each of its General Objections as if fully set forth here.

22

Subject to and without waiver of its foregoing objections, Microsoft denies this

23

request.

24

25

26

27

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 34

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

64.     Microsoft drafted the OEM License Agreement.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request because, in the context of this request, the phrase "the OEM License Agreement" is vague and ambiguous with respect to its intended meaning.

Subject to and without waiver of its foregoing objections, and assuming that "the OEM License Agreement" refers to the document attached to Plaintiffs' Requests as Exhibit H, Microsoft admits this request.

65.     Under the terms of any and all OEM license agreements in effect from March 1, 2006 to January 30, 2007, Microsoft required OEMs to make the XP EULA a condition of the Class Members' ability to activate the Windows XP operating system that came pre-installed on their PCs.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft denies this request. Microsoft admits only that its licensing agreements with OEMs required the OEMs to distribute the XP EULA if they pre-installed the Windows XP operating system to which the XP EULA attached to Plaintiffs' Requests as Exhibit D pertains.

66.     OEMs were not given discretion by Microsoft to make any modifications to the XP EULA.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 35

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft admits this request. By way of further response, however, OEMs were permitted to supplement (and many did supplement) the XP EULA with provisions or protections beyond those in the XP EULA.

67.     OEMs were prohibited by Microsoft from making any modifications to the XP EULA.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft admits this request. By way of further response, however, OEMs were permitted to supplement (and many did supplement) the XP EULA with provisions or protections beyond those in the XP EULA.

68.     The XP Upgrade EULA constituted a contract between Microsoft and the end user.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft admits this request.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 36

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

69.    The XP Upgrade EULA contains provisions that Microsoft intended to benefit and/or protect the interests of Microsoft.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft admits this request. By way of further response, Microsoft admits that the XP Upgrade EULA also contains provisions that benefit and/or protect the interests of the end user.

70.    The XP EULA contains provisions that benefit and/or protect the interests of Microsoft.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft admits this request. By way of further response, Microsoft admits that the XP EULA also contains provisions that benefit and/or protect the interests of the OEM and the end user.

71.    The provisions of the XP Upgrade EULA that benefit and/or protect the interests of Microsoft are identical to the provisions of the XP EULA that benefit and/or protect the interests of Microsoft.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft denies this request.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 37

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B  Page 43

1

2      72.    Microsoft required Gateway to obtain approval from Microsoft for its

3  Windows Vista advertising.

4  **RESPONSE:**

5      Microsoft incorporates each of its General Objections as if fully set forth here.

6      Subject to and without waiver of its foregoing objections, Microsoft denies this

7
   request.
8

9

10     73.    Microsoft required Gateway to obtain approval from Microsoft for its

11  Windows Vista promotional materials.

12  **RESPONSE:**

13     Microsoft incorporates each of its General Objections as if fully set forth here.

14     Subject to and without waiver of its foregoing objections, Microsoft denies this

15
   request.
16

17

18     74.    Microsoft required PC retailers to obtain approval from Microsoft for their

19  Windows Vista advertising.

20  **RESPONSE:**

21     Microsoft incorporates each of its General Objections as if fully set forth here.

22     Subject to and without waiver of its foregoing objections, Microsoft denies this

23
   request.
24

25

26

27
   Microsoft's Objections and Responses to Plaintiffs'
   First Set of Requests for Admissions
   (C07-0475 MJP) — 38

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

75.    Microsoft required PC retailers to obtain approval from Microsoft for their Windows Vista promotional materials.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft denies this request.

76.    Microsoft monitored the advertising materials of PC retailers in order to assure the accuracy of such materials as related to Vista.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the word "monitored" is vague and ambiguous with respect to its intended meaning.

Subject to and without waiver of its foregoing objections, Microsoft denies this request.

77.    Microsoft monitored the advertising materials of PC retailers in order to assure the accuracy of such materials as related to the "Windows Vista Capable" program.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the word "monitored" is vague and ambiguous with respect to its intended meaning.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 39

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B  Page 45

1    Subject to and without waiver of its foregoing objections, Microsoft denies this

2    request.

3

4    78.    Microsoft monitored the promotional materials of PC retailers in order to

5    assure the accuracy of such materials as related to Vista.

6    **RESPONSE:**

7    Microsoft incorporates each of its General Objections as if fully set forth here.

8    Microsoft further objects to this request on the grounds that the word "monitored" is

9    vague and ambiguous with respect to its intended meaning.

10

11    Subject to and without waiver of its foregoing objections, Microsoft denies this

12    request.

13

14    79.    Microsoft monitored the promotional materials of PC retailers in order to

15    assure the accuracy of such materials as related to the "Windows Vista Capable" program.

16

17    **RESPONSE:**

18    Microsoft incorporates each of its General Objections as if fully set forth here.

19    Microsoft further objects to this request on the grounds that the word "monitored" is

20    vague and ambiguous with respect to its intended meaning.

21    Subject to and without waiver of its foregoing objections, Microsoft denies this

22    request.

23

24

25

26

27

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 40

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B Page 46

80.     Microsoft established procedures to minimize the likelihood of errors by PC manufacturers in placing "Windows Vista Capable" stickers on PCs intended for sale to consumers.

**RESPONSE**:

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the phrases "established procedures" and "minimize the likelihood of errors" are vague and ambiguous with respect to their intended meaning.

Subject to and without waiver of its foregoing objections, Microsoft admits only that the applicable logo agreement contained terms intended to minimize the likelihood that a PC manufacturer would place the "Windows Vista Capable" logo on a PC that did not qualify for the logo. Otherwise, Microsoft denies this request.

81.     Microsoft established procedures to eliminate the likelihood of errors by PC manufacturers in placing "Windows Vista Capable" stickers on PCs intended for sale to consumers.

**RESPONSE**:

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the phrases "established procedures" and "the likelihood of errors" are vague and ambiguous with respect to their intended meaning.

Subject to and without waiver of its foregoing objections, Microsoft admits only that the applicable logo agreement contained terms intended to minimize the likelihood that a PC

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 41

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

manufacturer would place the "Windows Vista Capable" logo on a PC that did not qualify for the logo. Otherwise, Microsoft denies this request.

82.    Microsoft established procedures to minimize the likelihood of errors by PC manufacturers in placing "Premium Ready" stickers on PCs intended for sale to consumers.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the phrases "established procedures" and "minimize the likelihood of errors" are vague and ambiguous with respect to their intended meaning.

Microsoft further objects to this request on the grounds that the applicable logo agreement did not permit PC manufacturers to place "Premium Ready" stickers on PCs.

83.    Microsoft established procedures to eliminate the likelihood of errors by PC manufacturers in placing "Premium Ready" stickers on PCs intended for sale to consumers.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the phrases "established procedures" and "minimize the likelihood of errors" are vague and ambiguous with respect to their intended meaning.

Microsoft further objects to this request on the grounds that the applicable logo agreement did not permit PC manufacturers to place "Premium Ready" stickers on PCs.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 42

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B  Page 48

84.    Prior to Microsoft's public use of the term "Windows Vista Capable," there had been concern or opinion within Microsoft that the use of the word "capable," within the term "Windows Vista Capable," could be misleading to consumers.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the clause "there had been concern or opinion within Microsoft" is vague and ambiguous with respect to its intended meaning.

Microsoft further objects on the grounds that this request does not seek information that is relevant to class certification.

85.    Prior to Microsoft's public use of the term "Windows Vista Capable," there had been concern or opinion within Microsoft that the use of the word "capable," within the term "Windows Vista Capable," could be confusing to consumers.

**RESPONSE:**

Microsoft incorporates each of its General objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the clause "there had been concern or opinion within Microsoft" is vague and ambiguous with respect to its intended meaning.

Microsoft further objects on the grounds that this request does not seek information that is relevant to class certification.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 43

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B Page 49

86.    Prior to Microsoft's public use of the term "Windows Vista Capable," there had been concern or opinion expressed or otherwise made known to Microsoft that the use of the word "capable," within the term "Windows Vista Capable," could be misleading to consumers.

**RESPONSE**:

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the clause "there had been concern or opinion expressed or otherwise made known to Microsoft" is vague and ambiguous with respect to its intended meaning.

Microsoft further objects on the grounds that this request does not seek information that is relevant to class certification.


87.    Prior to Microsoft's public use of the term "Windows Vista Capable," there had been concern or opinion expressed or otherwise made known to Microsoft that the use of the word "capable," within the term "Windows Vista Capable," could be confusing to consumers.

**RESPONSE**:

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the clause "there had been concern or opinion expressed or otherwise made known to Microsoft" is vague and ambiguous with respect to its intended meaning.

Microsoft further objects on the grounds that this request does not seek information that is relevant to class certification.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 44

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B  Page 50

88.     Prior to the filing of this lawsuit, there had been concern or opinion within Microsoft that use of the word "capable," within the term "Windows Vista Capable," could be misleading to consumers.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the clause "there had been concern or opinion within Microsoft" is vague and ambiguous with respect to its intended meaning.

Microsoft further objects on the grounds that this request does not seek information that is relevant to class certification.

89.     Prior to the filing of this lawsuit, there had been concern or opinion within Microsoft that use of the word "capable," within the term "Windows Vista Capable," could be confusing to consumers.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the clause "there had been concern or opinion within Microsoft" is vague and ambiguous with respect to its intended meaning.

Microsoft further objects on the grounds that this request does not seek information that is relevant to class certification.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 45

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

90.    Prior to the filing of this lawsuit, there had been concern or opinion expressed or otherwise made known to Microsoft that the use of the word "capable," within the term "Windows Vista Capable," could be misleading to consumers.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the clause "there had been concern or opinion expressed or otherwise made known to Microsoft" is vague and ambiguous with respect to its intended meaning.

Microsoft further objects on the grounds that this request does not seek information that is relevant to class certification.

91.    Prior to the filing of this lawsuit, there had been concern or opinion expressed or otherwise made known to Microsoft that the use of the word "capable," within the term "Windows Vista Capable," could be confusing to consumers.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects to this request on the grounds that the clause "there had been concern or opinion expressed or otherwise made known to Microsoft" is vague and ambiguous with respect to its intended meaning.

Microsoft further objects on the grounds that this request does not seek information that is relevant to class certification.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 46

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

92.    Windows Vista Starter and Vista Home Basic have Vista features in common.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects on the grounds that the phrase "Vista features" is vague and ambiguous with respect to its intended meaning.

Microsoft further objects on the grounds that this request does not seek information that is relevant to class certification since Windows Vista Starter is not sold in developed countries, including the United States.

Subject to and without waiver of its foregoing objections, Microsoft denies this request but admits that Windows Vista Starter and Windows Vista Home Basic have some but not all features in common.


93.    Windows Vista Starter and Vista Home Basic have more Vista features in common than Vista Home Basic has in common with Vista Home Premium.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects on the grounds that the phrase "Vista features" is vague and ambiguous with respect to its intended meaning. Without a definition of what Plaintiffs mean by "Vista features" (e.g., whether "Vista features" means features that were never included in, or available for, any previous Windows operating system or whether it includes improvements to features that existed in previous Windows operating systems), it is impossible to respond to this request.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 47

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Microsoft further objects on the grounds that this request does not seek information that is relevant to class certification since Windows Vista Starter is not sold in developed countries, including the United States.

94.    To date, more copies of Vista Home Basic have been licensed by Microsoft through the "Windows Vista Capable" program, than through the combined, post-January 30, 2007 sales of: (i) new PCs with Vista Home Basic pre-installed; (ii) full versions of Vista Home Basic; (iii) upgrade versions of Vista Home Basic; and, (iv) upgrades through the Windows Anytime Upgrade program.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft further objects on the grounds that this request does not seek information that is relevant to class certification.

Subject to and without waiver of its foregoing objections, Microsoft can neither admit nor deny this request because, after reasonable inquiry, Microsoft does not have the information requested and it is not readily obtainable.

95.    To date, more copies of Vista Home Premium have been licensed by Microsoft through the post-January 30, 2007 sales of new PCs with Vista Home Premium pre-installed, than were licensed by Microsoft through the Windows Vista Capable, Premium Ready, and Express Upgrade programs.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 48

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B Page 54

1
2    Microsoft further objects on the grounds that this request does not seek information that is relevant to class certification.

3
4    Subject to and without waiver of its foregoing objections, Microsoft can neither admit
5    nor deny this request because, after reasonable inquiry, Microsoft does not have the
     information requested and it is not readily obtainable.

6

7
8    96.    Exhibit I are true and correct copies of the February, 2007 (Premier Issue) and
9    the April/May 2007 (Issue 2) editions of "Windows Vista™ The Official Magazine."
10   **RESPONSE:**

11   Microsoft incorporates each of its General Objections as if fully set forth here.
12   Subject to and without waiver of its foregoing objections, Microsoft admits this
13   request.
14

15
16   97.    Future US, Inc., Future pic, or an affiliated or related entity of either, secured
17   rights from Microsoft to publish "Windows Vista™ The Official Magazine."
18   **RESPONSE:**

19   Microsoft incorporates each of its General Objections as if fully set forth here.
20   Microsoft further objects on the grounds that the phrase "secured rights" is vague and
21   ambiguous with respect to its intended meaning.
22   Subject to and without waiver of its foregoing objections, Microsoft admits only that it
23   entered into a Publication Agreement with Future Publishing Limited ("Future") as of
24   October 13, 2005, in which Microsoft appointed Future to publish an official Windows Vista
25   magazine under the terms and conditions set forth in the agreement. The specific rights and
26

27
     Microsoft's Objections and Responses to Plaintiffs'
     First Set of Requests for Admissions
     (C07-0475 MJP) — 49

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

obligations of Microsoft and Future with respect to the official Windows Vista magazine are set forth in the Publication Agreement and Microsoft therefore admits this request to the extent the Publication Agreement sets out the rights Future acquired under that agreement (which it does). Otherwise, Microsoft denies this request.

98.    Microsoft has the right to control the content published in "Windows Vista™ The Official Magazine."

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft denies this request.

99.    Prior to publication, Microsoft reviewed the content in each issue of "Windows Vista™ The Official Magazine" published to date.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Subject to and without waiver of its foregoing objections, Microsoft denies this request.

100.    Prior to publication, Microsoft approved the content in each issue of "Windows Vista™ The Official Magazine" published to date.

**RESPONSE:**

Microsoft incorporates each of its General Objections as if fully set forth here.

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 50

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B  Page 56

1    Subject to and without waiver of its foregoing objections, Microsoft denies this

2  request.

3

4    RESPONSES dated this 2nd day of August, 2007

5                          **DAVIS WRIGHT TREMAINE LLP**

6

7                          By _____

8                              Stephen M. Rummage, WSBA #11168
                               Cassandra Kinkead, WSBA #22845
9                              Charles S. Wright, WSBA #31940

10

                           *Of counsel:*
11
                           Charles B. Casper
12                         Patrick T. Ryan
                           Montgomery, McCracken,
13                             Walker & Rhoads, LLP
                           123 S. Broad Street
14                         Philadelphia, PA 19109
                           (215) 772-1500
15
                           Attorneys for Defendant
16

17

18

19

20

21

22

23

24

25

26

27

Microsoft's Objections and Responses to Plaintiffs'
First Set of Requests for Admissions
(C07-0475 MJP) — 51

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## CERTIFICATE OF SERVICE

1

2          I hereby certify that on August 2, 2007, I caused the foregoing **Microsoft's**

3    **Objections and Responses to Plaintiffs' First Set of Requests for Admissions** to be served

4    via hand delivery on the following:

5

6    Jeffrey I. Tilden                                 William C. Smart
     Gordon Tilden Thomas & Cordell LLP         Keller Rohrback L.L.P.

7         1001 Fourth Avenue, Suite 4000             1201 Third Avenue, Suite 3200
     Seattle, WA 98154                         Seattle, WA 98101

8

9          DATED this 2nd day of August, 2007.

10

11                                          Lucy M. Collins

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    Microsoft's Objections and Responses to Plaintiffs'
     First Set of Requests for Admissions
     (C07-0475 MJP) — 52

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit B Page 58