Exhibit C Page 59

# EXHIBIT C

Dockets.Justia.com

1

The Honorable Marsha J. Pechman



RECEIVED
AUG 02 2007

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANE L. KELLEY and KENNETH HANSEN, <br><br>Plaintiffs, <br><br>v. <br><br>MICROSOFT CORPORATION, a Washington Corporation, <br><br>Defendant. | No. C07-0475 MJP <br><br>PUTATIVE CLASS ACTION <br><br>PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT and **Defendant's Objections and Responses Thereto** |

Defendant Microsoft Corporation objects and responds to Plaintiffs' first interrogatory and requests for production as follows:

## I. GENERAL OBJECTIONS

1.   **Limitations on Discovery.** This case is currently an individual action being prosecuted by two individuals, and the parties have agreed to bifurcate discovery in this case such that discovery related to whether a class should be certified shall occur before any discovery going to the merits of the case will commence. Thus, unless and until the case is certified as a class action (which Microsoft believes it should not be), discovery will be confined to issues relevant to class certification. Microsoft therefore objects to Plaintiffs' discovery requests to the extent they purport to seek information that is not relevant to class certification issues.

Microsoft's Responses to First Interrogatories and RFPs
(No. C07-0475 MJP) — 1
SEA 2055942v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit C  Page 60

2.  **Privilege.** Microsoft objects to Plaintiffs' discovery requests to the extent they seek information protected from disclosure by any privilege or other protection including, without limitation, the attorney-client privilege, a settlement privilege, the work product doctrine, or any other constitutional, statutory, common law or regulatory protection, immunity or proscription from disclosure. Where information is withheld under claim of privilege, Microsoft will so indicate on a privilege log. Microsoft does not intend the inadvertent production of any privileged or protected information to constitute a waiver of Microsoft's rights to assert any applicable privilege or protection with respect to any such information or any other matter.

3.  **Obligations Beyond Civil Rules.** Microsoft objects to Plaintiffs' discovery requests to the extent they attempt to impose obligations upon Microsoft that are beyond the scope of the Federal Rules of Civil Procedure.

4.  **Proportionality.** Microsoft objects to Plaintiffs' discovery requests as overbroad and unduly burdensome to the extent that they require extensive, unreasonable, expensive, and labor-intensive investigation that is out of proportion to, and cannot be justified in light of, the small size of the Plaintiffs' claims and the limited nature of class certification issues, at least unless and until the case is certified as a class action (which Microsoft believes it should not be). *See* Fed. R. Civ. P. 26(b)(1)(C).

5.  **No Waiver.** By responding to Plaintiffs' particular discovery requests, Microsoft does not waive the foregoing objections or any specific objection to a particular request. Similarly, by stating a specific objection in response to a particular request, Microsoft does not waive the foregoing General Objections. Microsoft expressly reserves the right to challenge the competency, relevancy, materiality or admissibility of, or otherwise object to the introduction into evidence of, any information provided in response to these discovery requests.

6.  **Supplementation.** Microsoft's responses to Plaintiffs' discovery requests are based upon present knowledge, information and belief following its diligent search and

Microsoft's Responses to First Interrogatories and RFPs
(No. C07-0475 MJP) — 2

SEA 2055942v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit C  Page 61

reasonable inquiry. Discovery and investigation are ongoing. As additional information and documents become available in the course of discovery or otherwise, Microsoft may deem it appropriate to supplement, alter or amend these responses and objections to Plaintiffs' discovery requests and reserves the right to do so. Microsoft does not thereby undertake any obligation to supplement beyond that imposed by the Federal Rules of Civil Procedure.

7. **Confidential and Proprietary Information.** Microsoft objects to Plaintiffs' discovery requests to the extent they invade any right to privacy under any applicable state or federal law or constitutional provision and/or seek trade secrets, confidential, business, financial, proprietary, competitive or sensitive commercial information that is entitled to protection under any applicable law including, without limitation, Fed. R. Civ. P. 26. Such information and documents will not be produced absent entry of an appropriate order protecting the confidentiality of the information. Microsoft is prepared to discuss with Plaintiffs' counsel the appropriate scope and terms of an agreed protective order.

8. **New Documents.** Microsoft objects to Plaintiffs' requests for production to the extent that they seek to impose an obligation on Microsoft to create new documents not previously in existence, through recording or other capture of audio, visual and/or other digital communications solely for the purpose of discovery, where communications are not otherwise recorded or captured in the ordinary course of Microsoft's business. Examples of such communications include telephone conversations, instant messages, and meetings.

9. **Information Outside Microsoft's Possession, Custody or Control.** Microsoft objects to Plaintiffs' discovery requests to the extent they seek information that is not in Microsoft's possession, custody or control.

10. **Information Already in Plaintiffs' Possession or Otherwise Available.** Microsoft objects to Plaintiffs' discovery requests to the extent they seek information already within Plaintiffs' possession, publicly available or otherwise available to Plaintiffs from other source(s) equally convenient, less burdensome or less expensive.

Microsoft's Responses to First Interrogatories and RFPs
(No. C07-0475 MJP) — 3
SEA 2055942v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit C   Page 62

11. For the convenience of the parties and the Court, Microsoft's counsel has electronically scanned Plaintiffs' discovery requests to create a new document that contains both the original requests and Microsoft's responses and objections to each. Any deviation from the original discovery requests is unintentional.

## II. SPECIFIC OBJECTIONS AND RESPONSES

INTERROGATORY NO. 1: Provide the full name, mailing address, and email address of each member of the putative class.

ANSWER:

Microsoft objects to this interrogatory under General Objections 1 [discovery limited to class certification issues], 3 [exceeds scope of civil rules], and 4 [proportionality] and as seeking information that is neither relevant nor reasonably calculated to lead to the production of admissible evidence. The putative class members' identities and other personal categories of information (even assuming Microsoft could identify them, which, as to the vast majority of the putative class members, it cannot) have no bearing on issues relating to class certification. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 348-53 (1978) (holding that Fed. R. Civ. P. 23, not Fed. R. Civ. P. 26, governs production of names and addresses of class members).

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

REQUEST FOR PRODUCTION NO. 1: Produce, in color format, all versions of the "Windows Vista Capable" sticker attached hereto as Exhibit A that were actually affixed to PCs sold to consumers in the United States.

RESPONSE:

Microsoft objects to this RFP to the extent it calls for information not in Microsoft's possession, custody, or control. Notwithstanding this objection, Microsoft will produce, in

Microsoft's Responses to First Interrogatories and RFPs
(No. C07-0475 MJP) — 4
SEA 2055942v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit C Page 63

color, the "Windows Vista Capable" logo that it authorized OEMs to reproduce and affix to qualifying PCs in the United States.

REQUEST FOR PRODUCTION NO. 2: Produce, in color format, any and all logos (whether draft or otherwise) that came to be known as the "Windows Vista Capable" sticker.

RESPONSE:

Microsoft objects to this RFP to the extent it calls for privileged information. In addition, Microsoft objects to this RFP under General Objections 1 [discovery limited], 3 [exceeds rules], and 4 [proportionality] and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the content of draft logos has no bearing on class certification issues. Microsoft further objects to RFP 2 as redundant and duplicative of RFP 1. Without waiving these objections, Microsoft will produce the logo Microsoft authorized OEMs to reproduce and affix to qualifying PCs as referenced in response to RFP 1 above.

REQUEST FOR PRODUCTION NO. 3: Produce all documents regarding the development of the logo attached hereto as Exhibit B, including all documents reflecting why this logo was never affixed to PCs sold to consumers in the United States prior to January 30, 2007.

Microsoft's Responses to First Interrogatories and RFPs
(No. C07-0475 MJP) — 5
SEA 2055942v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit C Page 64

1  RESPONSE:

2  Microsoft objects to this RFP under General Objections 1 [discovery limited], 2
3  [privilege], 3 [exceeds rules], and 4 [proportionality] and as seeking information that is
4  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence
5  because documents regarding the development of the logo (as defined) have no bearing on
6  class certification issues.

8  REQUEST FOR PRODUCTION NO. 4: Produce all documents regarding the
9  development of the "Windows Vista Capable" logo attached hereto as Exhibit A, including
10 without limitation all documents relating to any critique, praise, analysis, concern, opinion, or
11 suggestions relating to the logo.

12 RESPONSE:

13 Microsoft objects to this RFP under General Objections 1 [discovery limited], 2
14 [privilege], 3 [exceeds rules], and 4 [proportionality] and as seeking information that is
15 neither relevant nor reasonably calculated to lead to the discovery of admissible evidence
16 because documents regarding the development of the "Windows Vista Capable" logo (as
17 defined) have no bearing on class certification issues.

19 REQUEST FOR PRODUCTION NO. 5: For each Request for Admission served on
20 you by plaintiff, if you do not answer with an unqualified "Admit" or an unqualified "Deny,"
21 produce all documents regarding the subject matter of the Request for Admission.

22 RESPONSE:

23 Microsoft objects to this RFP under General Objections 1 [discovery limited], 2
24 [privilege], 3 [exceeds rules], and 4 [proportionality] and as seeking information that is
25 neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.
26 Microsoft further objects to the phrase "regarding the subject matter of" as overbroad, vague,
27 and rendering the request unintelligible. By using this phrase, the Request requires the

Microsoft's Responses to First Interrogatories and RFPs
(No. C07-0475 MJP) — 6
SEA 2055942v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit C  Page 65

1   exercise of Microsoft's discretion and judgment in order to identify responsive documents, in
2   violation of Fed. R. Civ. P. 34(b)'s requirement that documents requested be identified with
3   "reasonable particularity."

5   REQUEST FOR PRODUCTION NO. 6: Produce all documents that identify the
6   putative class members.
7   RESPONSE:
8   *See* Answer to Interrogatory 1, incorporated herein by reference.

10  REQUEST FOR PRODUCTION NO. 7: Produce all documents provided to PC
11  sellers and/or original equipment manufacturers regarding the proper placement of the
12  "Windows Vista Capable" sticker.
13  RESPONSE:
14  Microsoft objects to this RFP under General Objections 2 [privilege], 3 [exceeds
15  rules], and 4 [proportionality] to the extent that it requests more than Microsoft's agreements
16  with OEMs and PC sellers. Microsoft will produce its agreements with its top ten Original
17  Equipment Manufacturers (OEMs). Microsoft also will produce OEM marketing bulletins
18  that contained discussions about the logo program.

20  REQUEST FOR PRODUCTION NO. 8: Produce all documents regarding consumer
21  market research pertaining to the "Windows Vista Capable" logo.
22  RESPONSE:
23  Microsoft objects to this RFP under General Objections 1 [discovery limited], 3
24  [exceeds rules], and 4 [proportionality] and as seeking information that is neither relevant nor
25  reasonably calculated to lead to the discovery of admissible evidence on class certification
26  issues.
27

Microsoft's Responses to First Interrogatories and RFPs
(No. C07-0475 MJP) — 7
SEA 2055942v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit C  Page 66

REQUEST FOR PRODUCTION NO. 9: Produce all documents regarding consumer market research pertaining to versions of the logo that came be known as the "Windows Vista Capable" sticker.

RESPONSE:

*See* Response to RFP 8, incorporated herein by reference. Market research relating to prior versions of the "Windows Vista Capable" logo is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence on class certification issues.

REQUEST FOR PRODUCTION NO. 10: Produce all agreements, including any drafts thereof, between Microsoft and original equipment manufacturers regarding the license or use of the Microsoft Windows XP operating system.

RESPONSE:

Microsoft objects to this RFP to the extent that it seeks drafts of agreements between Microsoft and OEMs regarding the license or use of the Windows XP operating system under General Objections 1 [discovery limited], 3 [exceeds rules], and 4 [proportionality] and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because draft agreements with OEMs have no bearing on class certification issues. Microsoft further objects to RFP 10 as redundant and duplicative of RFP 7. Microsoft will, however, produce final versions of its agreements with its top ten OEMs regarding the license or use of the Microsoft Windows XP operating system.

REQUEST FOR PRODUCTION NO. 11: Produce all agreements, including any drafts thereof, between Microsoft and original equipment manufacturers regarding the license or use of the Microsoft Vista operating system.

RESPONSE:

Microsoft objects to the request for draft agreements on the same grounds recited in its response to RFP 10. Microsoft further objects that its agreements with OEMs relating to the

Microsoft's Responses to First Interrogatories and RFPs
(No. C07-0475 MJP) — 8
SEA 2055942v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit C  Page 67

license or use of the Microsoft Windows Vista operating system are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on issues of class certification since neither named plaintiff alleges that he or she purchased a PC that had the Windows Vista operating system pre-installed. Microsoft further objects to RFP 11 as redundant and duplicative of RFP 7. Nevertheless, without waiving these objections, Microsoft will produce final versions of its agreements with its top ten OEMs regarding the license or use of the Microsoft Windows Vista operating system.

REQUEST FOR PRODUCTION NO. 12: Produce all documents relating to the agreements between Microsoft and original equipment manufacturers regarding the license or use of the Microsoft Windows XP operating system.

RESPONSE:

Microsoft objects to this RFP under General Objections 1 [discovery limited], 2 [privilege], 3 [exceeds rules], and 4 [proportionality]. Plaintiffs must identify all documents they request with "reasonable particularity" under Fed. R. Civ. P. 34(b), and this RFP's language calling for production of "all documents *relating to*" agreements is vague, ambiguous, and does not meet Fed. R. Civ. P. 34's standard. For this reason, Microsoft further objects to this RFP as vague, overbroad, and unduly burdensome. Finally, Microsoft objects to RFP 12 as redundant and duplicative of RFP 7. As stated in response to RFP 10, Microsoft will produce its final Windows XP operating system license agreements with its top ten OEMs.

REQUEST FOR PRODUCTION NO. 13: Produce all documents relating to the agreements between Microsoft and original equipment manufacturers regarding the license or use of the Microsoft Vista operating system.

Microsoft's Responses to First Interrogatories and RFPs
(No. C07-0475 MJP) — 9
SEA 2055942v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit C Page 68

RESPONSE:

Microsoft objects to this RFP under General Objections 1 [discovery limited], 2 [privilege], 3 [exceeds rules], and 4 [proportionality]. Plaintiffs must identify all documents they request with "reasonable particularity" under Fed. R. Civ. P. 34(b), and this RFP's language calling for production of "all documents *relating to*" agreements is vague, ambiguous, and does not meet Fed. R. Civ. P. 34's standard. For this reason, Microsoft further objects to this RFP as vague, overbroad, and unduly burdensome. Finally, Microsoft further objects to RFP 13 as redundant and duplicative of RFP 7. As stated in response to RFP 11, Microsoft will produce its final Windows Vista operating system license agreements with its top ten OEMs.

REQUEST FOR PRODUCTION NO. 14: Produce all End User License Agreements ("EULAs"), that you contend apply to the claims brought by the named plaintiff(s).

RESPONSE:

Microsoft will produce the standard form EULAs for Windows XP and Windows Vista. By way of further response, OEMs were permitted to supplement (and many did supplement) the standard form EULA that Microsoft provided to them with provisions or protections beyond those in the standard form EULA. Those supplements are not in Microsoft's possession, custody or control, but they may have provisions that are relevant to the claims asserted in this litigation.

REQUEST FOR PRODUCTION NO. 15: Produce all EULAs that you contend apply to the claims brought by the members of the putative class.

Microsoft's Responses to First Interrogatories and RFPs
(No. C07-0475 MJP) — 10
SEA 2055942v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit C Page 69

RESPONSE:

*See* prior Response, incorporated herein by reference.

ANSWERS AND RESPONSES dated this 2nd day of August, 2007.

DAVIS WRIGHT TREMAINE LLP

By _____
Stephen M. Rummage, WSBA #11168
Cassandra Kinkead, WSBA #22845
Charles S. Wright, WSBA #31940

*Of counsel:*

Charles B. Casper
Patrick T. Ryan
Montgomery, McCracken, Walker & Rhoads, LLP
123 S. Broad Street
Philadelphia, PA 19109
(215) 772-1500

Attorneys for Defendant

Microsoft's Responses to First Interrogatories and RFPs
(No. C07-0475 MJP) — 11
SEA 2055942v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit C Page 70

## VERIFICATION

STATE OF WASHINGTON )
                    ) ss.
COUNTY OF KING      )

I, Thomas W. Burt, acknowledge and affirm under penalty of perjury under the laws of the State of Washington, individually and as authorized representative of Defendant MICROSOFT CORPORATION, that I have read said PLAINTIFFS' FIRST INTERROGATORY AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT and DEFENDANT'S OBJECTIONS AND RESPONSES thereto, know the contents thereof, and state the foregoing answers and responses are true and complete to the best of my knowledge and belief.

By: _____
Thomas W. Burt

Its: Assistant Secretary

SUBSCRIBED AND SWORN to before me this 16 day of August, 2007, by
_____.

_____
(signature)

Lee Howard
(print name)
NOTARY PUBLIC in and for the State of Washington
Residing at Seattle
My appointment expires: 02-22-09

# CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2007, I caused the foregoing **Defendant's Objections and Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents Propounded to Defendant** to be served via hand delivery on the following:

| | |
|---|---|
| Jeffrey I. Tilden<br>Gordon Tilden Thomas & Cordell LLP<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA 98154 | William C. Smart<br>Keller Rohrback L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101 |

DATED this 2nd day of August, 2007.

*/s/ Lucy M. Collins*
Lucy M. Collins

Microsoft's Responses to First Interrogatories and RFPs
(No. C07-0475 MJP) — 13
SEA 2055942v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit C Page 72