# EXHIBIT D

Exhibit D Page 73



1
2
3
4
5
6
7   The Honorable Marsha J. Pechman

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| DIANNE L. KELLEY and KENNETH HANSEN,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>Defendant. | No. C07-0475 MJP<br><br><u>PUTATIVE CLASS ACTION</u><br><br>PLAINTIFFS' THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT and **DEFENDANT'S OBJECTIONS AND RESPONSES THERETO** |

Defendant Microsoft Corporation objects and responds to Plaintiffs' third set of interrogatories and requests for productions as follows:

### I. GENERAL OBJECTIONS

1. **Limitations on Discovery.** This case is currently an individual action being prosecuted by two individuals, and the parties have agreed to bifurcate discovery in this case such that discovery related to whether a class should be certified shall occur before any discovery going to the merits of the case will commence. Thus, unless and until the case is certified as a class action (which Microsoft believes it should not be), discovery will be confined to issues relevant to class certification. Microsoft therefore objects to Plaintiffs' discovery requests to the extent they purport to seek information that is not relevant to class certification issues.

Microsoft's Responses to Third Discovery Requests
(C07-0475 MJP) — 1

SEA 2052872v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit D Page 74

2. **Privilege.** Microsoft objects to Plaintiffs' discovery requests to the extent they seek information protected from disclosure by any privilege or other protection including, without limitation, the attorney-client privilege, a settlement privilege, the work product doctrine, or any other constitutional, statutory, common law or regulatory protection, immunity or proscription from disclosure. Where information is withheld under claim of privilege, Microsoft will so indicate on a privilege log. Microsoft does not intend the inadvertent production of any privileged or protected information to constitute a waiver of Microsoft's rights to assert any applicable privilege or protection with respect to any such information or any other matter.

3. **Obligations Beyond Civil Rules.** Microsoft objects to Plaintiffs' discovery requests to the extent they attempt to impose obligations upon Microsoft that are beyond the scope of the Federal Rules of Civil Procedure.

4. **Proportionality.** Microsoft objects to Plaintiffs' discovery requests as overbroad and unduly burdensome to the extent that they require extensive, unreasonable, expensive, and labor-intensive investigation that is out of proportion to, and cannot be justified in light of, the small size of the Plaintiffs' claims and the limited nature of class certification issues, at least unless and until the case is certified as a class action (which Microsoft believes it should not be). *See* Fed. R. Civ. P. 26(b)(1)(C).

5. **No Waiver.** By responding to Plaintiffs' particular discovery requests, Microsoft does not waive the General Objections or any specific objection to a particular request. Similarly, by stating a specific objection in response to a particular request, Microsoft does not waive the General Objections. Microsoft expressly reserves the right to challenge the competency, relevancy, materiality or admissibility of, or otherwise object to the introduction into evidence of, any information provided in response to these discovery requests.

6. **Supplementation.** Microsoft's responses to Plaintiffs' discovery requests are based upon present knowledge, information and belief following its diligent search and

Microsoft's Responses to Third Discovery Requests
(C07-0475 MJP) — 2
SEA 2052872v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit D Page 75

reasonable inquiry. Discovery and investigation are ongoing. As additional information and documents become available in the course of discovery or otherwise, Microsoft may deem it appropriate to supplement, alter or amend these responses and objections to Plaintiffs' discovery requests and reserves the right to do so. Microsoft does not thereby undertake any obligation to supplement beyond that imposed by the Federal Rules of Civil Procedure.

7.  **Confidential and Proprietary Information.** Microsoft objects to Plaintiffs' discovery requests to the extent they invade any right to privacy under any applicable state or federal law or constitutional provision and/or seek trade secrets, confidential, business, financial, proprietary, competitive or sensitive commercial information that is entitled to protection under any applicable law including, without limitation, Fed. R. Civ. P. 26. Such information and documents will not be produced absent entry of an appropriate order protecting the confidentiality of the information. Microsoft is prepared to discuss with Plaintiffs' counsel the appropriate scope and terms of an agreed protective order.

8.  **New Documents.** Microsoft objects to Plaintiffs' requests for production to the extent that they seek to impose an obligation on Microsoft to create new documents not previously in existence, through recording or other capture of audio, visual and/or other digital communications solely for the purpose of discovery, where communications are not otherwise recorded or captured in the ordinary course of Microsoft's business. Examples of such communications include telephone conversations, instant messages, and meetings.

9.  **Information Outside Microsoft's Possession, Custody or Control.** Microsoft objects to Plaintiffs' discovery requests to the extent they seek information that is not in Microsoft's possession, custody or control.

10. **Information Already in Plaintiffs' Possession or Otherwise Available.** Microsoft objects to Plaintiffs' discovery requests to the extent they seek information already within Plaintiffs' possession, publicly available or otherwise available to Plaintiffs from other source(s) equally convenient, less burdensome or less expensive.

Microsoft's Responses to Third Discovery Requests
(C07-0475 MJP) — 3
SEA 2052872v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit D  Page 76

11. For the convenience of the parties and the Court, Microsoft's counsel has electronically scanned Plaintiffs' discovery requests to create a new document that contains both the original requests and Microsoft's responses and objections to each. Any deviation from the original discovery requests is unintentional.

## II. SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORIES

INTERROGATORY NO. 5: Identify by caption, date, court, arbitration organization, and docket number, all consumer class actions (whether or not certified as such) that were commenced against you at any time after January 1, 1993, in any court or with any arbitration organization.

ANSWER:

Microsoft objects to this interrogatory under General Objections 1 [discovery limited to class certification issues], 3 [exceeds scope of civil rules], 4 [proportionality], as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and under General Objection 10 as calling for the production of information that could be compiled by Plaintiffs as easily as by Defendant. Microsoft does not maintain a list of all consumer class actions filed against it (whether in court or through arbitration) or records from which such information could be readily compiled. Microsoft further objects to Interrogatory 5 to the extent that such information is publicly available.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 20: All orders on motions for class certification entered by any court or arbitration organization in any consumer class action (whether or not certified as such) that was commenced against you at any time after January 1, 1993.

RESPONSE:

Microsoft's Responses to Third Discovery Requests
(C07-0475 MJP) — 4
SEA 2052872v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit D Page 77

Microsoft objects to this RFP under General Objections 1 [discovery limited to class certification issues], 3 [exceeds scope of civil rules], 4 [proportionality], as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and under General Objection 10 as calling for the production of information that could be obtained by Plaintiffs as easily as by Defendant. Microsoft does not maintain a file of the requested orders or records from which such information could be readily compiled. Microsoft further objects to RFP 20 to the extent that such information is publicly available.

ANSWERS AND RESPONSES dated this 13th day of August, 2007.

**DAVIS WRIGHT TREMAINE LLP**

By _____
Stephen M. Rummage, WSBA #11168
Cassandra Kinkead, WSBA #22845
Charles S. Wright, WSBA #31940

*Of counsel:*

Charles B. Casper
Patrick T. Ryan
Montgomery, McCracken, Walker & Rhoads, LLP
123 S. Broad Street
Philadelphia, PA 19109
(215) 772-1500

Attorneys for Defendant

Microsoft's Responses to Third Discovery Requests
(C07-0475 MJP) — 5
SEA 2052872v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Exhibit D Page 78

## VERIFICATION

STATE OF WASHINGTON )
                               ) ss.
COUNTY OF KING          )

     I, Thomas W. Burt, acknowledge and affirm under penalty of perjury under the laws of the State of Washington, individually and as authorized representative of Defendant MICROSOFT CORPORATION, that I have read said PLAINTIFFS' THIRD INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT and DEFENDANT'S OBJECTIONS AND RESPONSES thereto, know the contents thereof, and state the foregoing answers and responses are true and complete to the best of my knowledge and belief.

By: _____
        Thomas W. Burt

Its:  Assistant Secretary

SUBSCRIBED AND SWORN to before me this 16 day of August, 2007, by
_____.



_____
(signature)
Lee Howard
_____
(print name)
NOTARY PUBLIC in and for the State of Washington
Residing at Seattle
My appointment expires: 02-22-09

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2007, I caused the foregoing **Defendant's Objections and Responses to Plaintiffs' Third Set of Interrogatories and Requests for Production of Documents Propounded to Defendant** to be served via hand delivery on the following:

| | |
|---|---|
| Jeffrey I. Tilden<br>Gordon Tilden Thomas & Cordell LLP<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA 98154 | William C. Smart<br>Keller Rohrback L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101 |

DATED this 13th day of August, 2007.

_Lucy M. Collins_

Microsoft's Responses to Third Discovery Requests
(C07-0475 MJP) — 7

SEA 2052872v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700