Exhibit E Page 81

# EXHIBIT E

# LAW OFFICES OF
# KELLER ROHRBACK L.L.P.

| | | | |
|---|---|---|---|
| LAURIE B. ASHTON | RAYMOND J. FARROW | JOHN MELLEN | AMY WILLIAMS-DERRY |
| IAN S. BIRK | DANIEL S. FRIEDBERG | ROBERT S. OVER | MICHAEL WOERNER |
| STEPHEN R. BOATWRIGHT | GLEN P. GARRISON | AMY PHILLIPS | BENSON D. WONG |
| KAREN E. BOXX | LAURA R. GERBER | LORRAINE LEWIS PHILLIPS | |
| JOHN H. BRIGHT | GARY A. GOTTO | ERIN M. RILEY | ADMITTED IN ARIZONA |
| GRETCHEN FREEMAN CAPPIO | MARK A. GRIFFIN | PAUL M. ROSNER | ALSO ADMITTED IN ARIZONA |
| JASON P. CHUKAS | GARY D. GREENWALD | DAVID J. RUSSELL | ALSO ADMITTED IN CALIFORNIA |
| DAVID Y. CHEN | AMY N.L. HANSON | MARK D. SAMSON | ALSO ADMITTED IN COLORADO |
| T. DAVID COPLEY | IRENE M. HECHT | LYNN LINCOLN SARKO | ALSO ADMITTED IN IDAHO |
| ALICIA M. CORBETT | SCOTT C. HENDERSON | FREDERICK W. SCHOEPFLIN | ALSO ADMITTED IN ILLINOIS |
| CLAIRE CORDON | RON KILGARD | WILLIAM C. SMART | ALSO ADMITTED IN MARYLAND |
| SHANE P. CRAMER | BENJAMIN J. LANTZ | THOMAS A. STERKEN | ALSO ADMITTED IN MICHIGAN |
| ROB J. CRICHTON | HEIDI LANTZ | RYAN J. STRAUS | ALSO ADMITTED IN NEW YORK |
| CHLOETHIEL W. DEWEESE | CARI CAMPEN LAUFENBERG | KARIN B. SWOPE | ALSO ADMITTED IN OREGON |
| MAUREEN M. FALECKI | ELIZABETH A. LELAND | BRITT L. TINGLUM | ALSO ADMITTED IN OHIO |
| JULI FARRIS | TANA LIN | LAURENCE R. WEATHERLY | ALSO ADMITTED IN WASHINGTON, D.C. |
| TYLER L. FARMER | DEREK W. LOESER | MARGARET E. WETHERALD | ALSO ADMITTED IN WISCONSIN |
| | | | NOT ADMITTED IN WASHINGTON |
| | | | OF COUNSEL |

August 24, 2007

**Via Facsimile and U.S. Mail**

Mr. Stephen M. Rummage
Davis Wright Tremaine
1201 Third Avenue
Suite 2200
Seattle, WA 98101

Mr. Charles B. Casper
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109



RECEIVED
AUG 27 2007
GORDON TILDEN THOMAS & CORDELL LLP

Re: Kelley v. Microsoft

Dear Mr. Rummage and Mr. Casper:

Thank you for discussing Microsoft's discovery responses with us earlier this week. This letter is to follow up on the items we discussed. Please let me know if you disagree with my recollection or if I have omitted anything.

1. We inquired about Microsoft's Answer. We believe the Answer is due because more than ten days have elapsed since "notice of the court's action" on Microsoft's motion to dismiss under FRCP 12(a)(4)(A). You agreed to look into the matter.

2. We asked for the addresses and telephone numbers of individuals identified in Microsoft's Initial Disclosures under FRCP 26(a)(1)(A). You indicated that all were based at Microsoft's Redmond headquarters. Please let us know if that is not accurate.

REPLY TO: 1201 THIRD AVENUE SUITE 3200 SEATTLE, WASHINGTON 98101-3052 TELEPHONE: (206) 623-1900 FAX: (206) 623-3384
WWW.KELLERROHRBACK.COM
AFFILIATED OFFICE: KELLER ROHRBACK PLC 3101 N. CENTRAL AVENUE, SUITE 1400 PHOENIX, ARIZONA 85012 (602) 248-0088 FAX (602) 248-2822

Exhibit E Page 82

Mr. Stephen M. Rummage  
August 24, 2007  
Page 2

**KELLER ROHRBACK L.L.P.**

3. We asked to inspect the documents identified in Microsoft's Initial Disclosures to the extent those documents bear on class certification. Specifically, we would like to know if you require specific requests for production on those issues, or if you will make the documents available without our resorting to that step. You indicated that you would get back to us on this issue.

4. You agreed to investigate the "load file" for loading the electronic documents Microsoft has produced onto Summation. We do not understand there to be any objection to this, and that it is simply a matter of working out technical details.

5. We discussed at some length the use of blanket objections throughout Microsoft's discovery answers. Plaintiffs are entitled to know the specific objections Microsoft stands on with respect to each particular request for admission, interrogatory, and request for production. We requested that Microsoft withdraw the blanket objections it has asserted and state, as appropriate, the particular objections it asserts in each case. You indicated that you would follow up on this issue.

6. We also discussed Microsoft's objections to various terminology in plaintiffs' requests for admission. While we believe that the terms of our requests for admission are clear, we understand Microsoft to believe that other terms are more appropriate in certain instances, and that it has provided responses to our requests for admission to the extent possible in its own words. Unfortunately, under this approach the problem remains that Microsoft has not responded to plaintiffs' requests for admission, as posed. We ask, therefore, that you advise us what it is about, for example, the word "certification" or the term "properly run" that Microsoft finds to be "vague" or otherwise objectionable. Does Microsoft have other suggestions? Our understanding from your explanation is that requests for admission that have been denied without qualification in spite of objections to our terminology, such as Request for Admission No. 6, should be treated as having been denied in their entirety. In that regard, we need to obtain Microsoft's admissions or denials free of any objections to terminology, and, again, ask that Microsoft suggest alternative words or terms that it feels would allow it to provide *clean* responses to the affected requests for admission, *as posed*. Plaintiffs should not have to propound endless requests in an effort to guess at which way of saying the same thing might be acceptable to Microsoft.

7. Mr. Casper indicated that in Microsoft's terminology, the Premium Ready "designation" would not be considered a "logo," and a Microsoft document that says otherwise would be a "mistake."

Mr. Stephen M. Rummage  **KELLER ROHRBACK L.L.P.**
August 24, 2007
Page 3

8. Microsoft objects generally to providing discovery on its development of the Windows Vista Capable Program as not relevant to class certification. With respect to this issue, we discussed Requests for Admission Nos. 17-21 and Nos. 84-91, and, in Plaintiffs' First Interrogatories and Requests for Production, Requests for Production Nos. 2, 3, 4, 8, 9, 10, and 11. We maintain that this discovery is relevant to typicality, commonality and predominance. We understand you disagree, and that your position is not open to further consideration.

9. Regarding Request for Production No. 1 in Plaintiffs' First Interrogatories and Requests for Production, you indicated that Microsoft does not know of any other versions of the Windows Vista Capable sticker that were affixed to PCs.

10. We requested an answer to Request for Production No. 6 in Plaintiffs' First Interrogatories and Requests for Production regarding documents that identify the putative class members. We maintain this discovery is relevant to assessing the manageability of the proposed class. You indicated you would check for responsive documents.

11. Regarding Request for Production No. 7 in Plaintiffs' First Interrogatories and Requests for Production, you could not say that we had received all documents provided to OEMs regarding the proper placement of the Windows Vista Capable sticker, but you indicated that we had received the "dispositive" documents.

12. In response to Requests for Production Nos. 7, 10, 11, 12 and 13, in Plaintiffs' First Interrogatories and Requests for Production, Microsoft indicated that it would produce documents relating to its "top ten" OEMs. We requested that if Microsoft does not produce documents relating to all OEMs, that it produce an explanation as to why this would be impracticable. Without such an explanation, we would expect full production as requested. You agreed to look into Microsoft's ability to produce all documents or, alternatively, a list identifying all OEMs. You indicated that you will produce documents from approximately 18 OEMs based on the fact that the "top ten" list changes from time to time. You further indicated that the "top ten" OEMs account for more than 95% of the PC market. Notwithstanding the discovery issues, you indicated that you did not believe there were variations in the OEM software licensing agreements and that, in any event, Microsoft would not assert or rely on such variations in opposing class certification.

13. With regard to Microsoft's general objection of privilege, we understand that any documents actually withheld pursuant to privilege will be identified on a privilege

Mr. Stephen M. Rummage  KELLER ROHRBACK L.L.P.
August 24, 2007
Page 4

    log. Since we have not received a privilege log, we take this to mean that no documents have been withheld on grounds of privilege at this time. Further, you indicated that you would look into Microsoft's privilege objection with respect to our requests for production of documents communicated to OEMs. We do not believe that any privilege would attach to such documents.

14. Last, we discussed Plaintiffs' Third Interrogatories and Requests for Production regarding other consumer class action complaints against Microsoft and associated certification orders. We are reluctant to accept the representation that Microsoft does not keep track of lawsuits against the company. Further, we believe that it is likely, at the very least, that a relatively few number of counsel would have many responsive documents at their disposal. Such documents would be within Microsoft's control under FRCP 34. While we understand that you have been told by the company, in effect, that it would be easier for us to locate other lawsuits on our own, you agreed to follow up on Microsoft's ability to produce documents in its possession, custody, *or control*. We indicated that we are willing to consider a more limited timeframe than is specified in our request, if doing so would make it easier for Microsoft to produce documents.

We neglected to discuss the timeframe in which Microsoft would get back to us on these issues. We would request follow up responses by next Wednesday, August 29, 2007. The Court has indicated a desire to keep this case on track, and we believe that a week is a reasonable timeframe in which to address these issues in light of the schedule in which the Court plans to address certification. Thank you for your attention to this matter.

                              Yours very truly,

                              Ian S. Birk

ISB:s
N:\CLIENTS\27673\1\CORRESPONDENCE\RUMMAGE.082307.DOC