Exhibit F Page 86

# EXHIBIT F



# Davis Wright Tremaine LLP

ANCHORAGE    BELLEVUE    LOS ANGELES    NEW YORK    PORTLAND    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, D.C.

STEPHEN M. RUMMAGE                SUITE 2200                        TEL (206) 622-3150
DIRECT (206) 757-8136              1201 3RD AVENUE                  FAX (206) 757-7700
SteveRummage@DWT.COM               SEATTLE, WA  98101-3045          WWW.DWT.COM


August 29, 2007


*Via E-mail*

Jeffrey M. Thomas, Esq.
Gordon Tilden Thomas & Cordell LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007

Ian S. Birk, Esq.
Keller Rohrback LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Re:    *Kelley, et al v. Microsoft Corporation*, W.D. Wash. No. C07-0475 MJP

Dear Jeff and Ian:

I am writing to follow up on our Rule 37 conference, held in our offices on August 22, 2007, and to respond to Ian's letter dated August 24, 2007. Because I had begun drafting this letter before receiving Ian's correspondence, and because Ian's characterization of our conference does not always match our recollection of the discussion, we have used the numbering convention adopted in Ian's letter but have framed the issues as we recall them.

1.     *You advised us that you believe Microsoft's Answer is due, as we already have received "notice of the court's action" under Fed. R. Civ. P. 12(a)(4)(A).*

We disagree. The Minute Entry dated August 8, 2007, states that the Court made only a "partial ruling" on the motion to dismiss. Until the Court has fully disposed of Microsoft's motion, we do not even know the claims to which we must respond. Accordingly, we do not believe we have received "notice of the Court's action" within the meaning of the rule.

Jeffrey M. Thomas, Esq.
Ian S. Birk, Esq.
August 29, 2007
Page 2



2.  *You noted that we gave "c/o Davis Wright Tremaine" as the address for Microsoft witnesses identified in our Initial Disclosures. You asked us to confirm that all witnesses so identified are Microsoft employees employed in Redmond, Washington.*

At the time we served the Disclosures, the Microsoft employees identified were all working in Redmond. Since then, David Dwyer has left the company and moved out of the country.

3.  *You asked whether you would be required to make document requests in order to receive the documents generally described in Part B of Microsoft's Initial Disclosures.*

To the extent that plaintiffs believe they are entitled to some of the categories of documents described in the Initial Disclosures, we believe they should propound discovery describing the documents with reasonable particularity and seeking their production, as Rule 34 contemplates. (Indeed, we believe that is part of the function of the Initial Disclosures, i.e., to guide parties in framing their discovery requests.) We note, however, that the mere description of documents in our initial disclosures does *not* necessarily mean that the documents are relevant to class certification, so they may not be subject to discovery at this time.

4.  *You asked for a Summation load file to facilitate your use of the documents Microsoft produced last week.*

We forwarded a Summation load file to Jeff Tilden last Friday.

5.  *You expressed concern regarding the repetition of General Objections at the outset of each response to your Requests for Admission. In particular, you expressed the view that Microsoft's incorporation of each General Objection made denials and admissions ambiguous.*

We are in the process of redrafting our responses and objections to the Requests for Admission to eliminate the incorporation of General Objections at the outset of each response. As you would expect, as a result of these revisions, we may add specific objections to some of the Requests for Admission. We do not believe this issue affects our other discovery responses, which specifically note which General Objections apply to which inquiries.

6.  *You expressed concern about our objections to vague and ambiguous language contained in your discovery requests. In particular, you asked us to suggest "better" words for you to use that would enable Microsoft to give "clean" discovery responses.*

We believe you have misstated the parties' respective obligations in discovery. In our view, the propounding party has the obligation to provide an unambiguous and understandable question that will permit a "clean" response. In many cases, we believe plaintiffs failed in that duty. Where we could understand the meaning of the inquiry and frame a response notwithstanding the imprecision in language, we did so. (Our response to Request for Admission No. 5 illustrates this point.) On the other hand, where we were able to give an outright denial notwithstanding the

Jeffrey M. Thomas, Esq.
Ian S. Birk, Esq.
August 29, 2007
Page 3



imprecision, as with Request for Admission No. 6, we did that. Taking our discovery responses as a whole, we do not believe plaintiffs can fairly contend that they are in any doubt as to what Microsoft was admitting and what Microsoft was denying.

7. *You complained about Microsoft's refusal to give a "clean" response to Request for Admission No. 9, which you regarded as clear and unambiguous.*

Chuck pointed that your Request assumes that Exhibit B was the "Premium Ready" logo and explained that, for a variety of reasons, the words "Premium Ready" amount to a designation, not a logo, in Microsoft parlance. You responded by pointing to a document produced by Microsoft that referred to the "Premium Ready" "logo." As Chuck explained, to the best of his knowledge, the reference to a logo would have been an error in nomenclature. Microsoft's OEM Marketing Bulletins and Designed for Windows Logo License Agreements state many times that "Premium Ready" is a designation. For that reason, Microsoft appropriately admitted that Exhibit B was designed by Microsoft, but that it was a "designation," not a logo.

8. *You complained about Microsoft's objections to Requests for Admission Nos. 17-21 and 84-91, as well as its objections to Requests for Production Nos. 2-4 and 8-11, on the ground that they pertain to merits and not class certification. You declared that, in plaintiffs' view, the discovery was relevant to typicality, commonality, and predominance.*

Microsoft has been willing to produce responsive "customer facing" documents that would show what members of the putative class might have seen or heard with respect to the Windows Vista Capable Program, as those materials might bear upon typicality, commonality, and predominance. But internal documents relating to the development of customer-facing documents do not bear on whether your clients' experiences were typical of or common to the class. When we explained our position on that point, you did not articulate any ground on which the information might be relevant to those issues, and your letter does not do so.

9. *You wanted to know whether, in fact, you had received "all versions" of the "Windows Vista Capable" sticker.*

As we explained, Microsoft had no control over what OEMs actually affixed to their PCs. We reassured you that you had received copies of the only version of the sticker that Microsoft authorized OEMs to affix to PCs. We had some dialog about whether you had received every document depicting the authorized version of the "Windows Vista Capable" sticker. The Request, however, did not request every document showing the sticker, but simply every version of the authorized sticker. You have that.

10. *You noted our objection to Request for Production No. 6, which sought copies of documents that would identify class members. Rather than demand responsive documents, you asked that we disclose whether Microsoft has documents that could be used to identify*

SEA 2072357v2 0025936-000669
Exhibit F Page 89

Jeffrey M. Thomas, Esq.
Ian S. Birk, Esq.
August 29, 2007
Page 4



*class members. You argued that the existence (or non-existence) of the documents would go to manageability issues and thus be relevant to class certification.*

We believe your letter misstates the issue that we discussed. In any event, your Rule 30(b)(6) designation asks us to produce a witness to testify on matters that bear directly on this issue. *See* Notice of Videotaped 30(b)(6) Dep., Ex. A, Items 2, 4. We will produce a witness on those matters, and we expect that testimony to answer your questions on the point.

11. *You asked us to reconsider our privilege objection to Request for Production No. 7, asserting that no privilege should attach to our communications with OEMs. You also asked whether we had given you every document showing proper placement of the sticker.*

We withdraw the objection. In any event, we did not withhold any documents on the basis of that objection, as I believe we explained to Jeff. As to your second point, you have the documents that directed OEMs in placement of the sticker. Given that you have the controlling documents, we cannot see what purpose would be served by a more exhaustive search to see if some documents mentioned sticker placement in passing.

12. *You noted that our responses to Requests for Production Nos. 7, 10, 11, 12 and 13 call for us to produce documents with respect to Microsoft's top ten OEMs. You sought some assurance that Microsoft would not be claiming that individual variations in other OEM relationships counseled against class certification.*

We would be willing to stipulate that Microsoft will not challenge commonality, typicality or predominance based upon the contents of OEM agreements that have not been produced to you. I believe you expressed your willingness to accept that stipulation. If you require something more formal than this letter, please let me know and we will cooperate in putting it together.

13. *In the course of our discussion of Request for Production No. 7, you asked whether we intended to provide a privilege log with respect to documents withheld on grounds of privilege or the work product immunity.*

Our General Objection with respect to privilege on each of the discovery responses specifically notes as follows: "Where information is withheld under claim of privilege, Microsoft will so indicate on a privilege log." As you surmise, the fact that you have not received a privilege log indicates that, to date, we have not withheld any documents on grounds of privilege.

14. *You reiterated your request for Microsoft to respond to the Request for Production set forth in your Third Set of Discovery Requests, which seeks copies of any class certification orders in consumer cases over the last fourteen years.*

We continue to believe that this request does not seek any evidentiary matter relevant to the claim or defense of any party. We believe your proffered explanation, i.e., that one or more of the requested orders might contain evidence of a "judicial admission," shows that this request

Jeffrey M. Thomas, Esq.
Ian S. Birk, Esq.
August 29, 2007
Page 5



amounts to nothing more than a fishing expedition. In any event, if you believe these orders have some precedential or persuasive value, you can obtain them through PACER or other public record search engines, just as you can obtain any other orders that you think might have precedential or persuasive value.

If you have any remaining questions, please feel free to give Chuck or me a call. We appreciate your courtesy and cooperation in working through these issues.

Very truly yours,

Davis Wright Tremaine LLP

Stephen M. Rummage

cc:     Cassandra Kinkead, Esq.
        Client