UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIANNE KELLEY and KENNETH HANSEN,

Plaintiffs,

v.

MICROSOFT CORPORATION,

Defendant.

No. C07-0475MJP

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant Microsoft Corporation's motion to dismiss. (Dkt. No. 12.) Plaintiff has responded (Dkt. No. 17) and Defendant has filed a reply (Dkt. No. 20). On August 7, 2007, the Court heard oral argument on the motion. (Dkt. No. 34.) At that hearing, the Court denied Microsoft's motion in part. But the Court declined to rule on one issue raised in Microsoft's motion — whether Plaintiffs have a claim under the Magnuson-Moss Warranty Act. Having considered the parties' briefs, and having heard oral argument on the issue, the Court GRANTS Microsoft's motion to dismiss Plaintiff's Magnuson-Moss Warranty Act claim.

**Background**

This putative class action arises challenges two aspects of Microsoft's marketing of its new Windows Vista operating system — the "Windows Vista Capable" program and the "Express Upgrade" program. In early 2006, nearly a year before Microsoft released its new Vista operating system, Microsoft authorized original equipment manufacturers to place a sticker on personal

ORDER - 1

computers (PCs) indicating that the PC had been certified by Microsoft as "Windows Vista Capable." (Second Amended Compl. ¶ 1.2., hereinafter "Compl.") In fact, Plaintiffs allege, a large number of the PCs certified as "Windows Vista Capable" can only operate "Vista Home Basic," which does not include any of the enhanced features unique to Vista and which makes Vista attractive to customers. In addition, in October 2006, Microsoft offered PC customers an "Express Upgrade Guarantee Program," which would purportedly allow consumers purchasing "Windows Vista Capable" PCs to receive upgrades to Vista for little or no cost. (Compl. ¶ 4.5.) In fact, Plaintiffs allege, the upgrade for many of these customers is to Vista Basic, which "offers none of the new and unique features that Microsoft marketed as and calls Vista." (Id.)

Microsoft eventually released four versions of Vista — Basic, Premium, Business, and Ultimate. (Compl. ¶ 4.4.) Plaintiffs allege that it is the Premium version that is the "real" Vista. (Compl. ¶ 4.4.) Defendants contend that certain PCs contained a "Premium Ready" sticker that distinguished those PCs from the "Windows Vista Capable" PCs.

Plaintiffs allege that Microsoft engaged in these forms of deceptive practices to boost holiday sales of personal computers after delaying the release of Vista from March 2006 to early 2007. (Compl. ¶ 4.2.) Because Microsoft and manufacturers were concerned that consumers looking to buy a new computer would delay their purchases until the release of Vista (and therefore after the holiday season), Microsoft endeavored to assure consumers that their new computers would run the soon-to-be released Vista operating system. Plaintiffs allege that such assurances were false and deceptive.

Plaintiffs Dianne Kelley and Kenneth Hansen both purchased PCs in late 2006 to which a "Windows Vista Capable" sticker is affixed. The PCs they purchased were not labeled "Premium Ready." (Compl. ¶¶ 2.1-2.2.) Plaintiffs will be class representatives if this Court agrees to certify a nationwide class.

ORDER - 2

Plaintiffs have stated a number of causes of action that address Microsoft's allegedly false and deceptive conduct. In their Second Amended Complaint,[1] Plaintiffs argue that (1) the "Windows Vista Capable" certification constitutes a deceptive warranty in violation of the Magnuson-Moss Warranty Act, (2) Microsoft breached its contract with Plaintiffs, (3) Microsoft violated the Washington Consumer Protection Act ("CPA") or other state consumer protection acts, and (4) Microsoft was unjustly enriched by Plaintiffs' purchases. Defendants moved for 12(b)(6) dismissal of all four claims. (Dkt. No. 12.) On August 3, 2007, the parties stipulated to the dismissal of the breach of contract claim without prejudice. (Dkt. No. 31.) On August 7, the Court denied Microsoft's motion to dismiss the CPA and unjust enrichment claims. The Court also ruled that it would consider Plaintiff's standing during the class certification process. The only issue that remains on this motion is whether Plaintiffs have a claim under the Magnuson-Moss Warranty Act.

**Discussion**

**I.    Standard on Rule 12(b)(6) Motion to Dismiss**

Defendant has moved to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6). When reviewing such a motion, the Court must accept as true all well-pleaded factual allegations in Plaintiffs' complaint, and must liberally construe those allegations in the light most favorable to the plaintiff. Nevertheless, "[c]onclusory allegations of law and unwarranted inferences" are not sufficient to defeat a motion to dismiss. In re Verifone Sec. Litig., 11 F.3d 865, 868 (9th Cir. 1993). As the Supreme Court recently stated, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

---

1    Plaintiffs amended their complaint once by right, to add the Magnuson-Moss Warranty Act claim, and once by stipulation, to add Mr. Hansen as a plaintiff. The Second Amended Complaint was filed after this motion had been partially briefed, but the parties stipulated that the amendments do not change the analysis for purposes of the 12(b)(6) motion.

ORDER - 3

doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).

In the event dismissal is warranted, leave to amend should be granted unless amendment would be futile. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). In this case, Plaintiffs reserve the right to amend their complaint if necessary.

## II.    Magnuson-Moss Warranty Act

Plaintiffs' complaint alleges that Microsoft's "Windows Vista Capable" certification constitutes a deceptive warranty in violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* This Act creates a federal private cause of action for a warrantor's failure to comply with the terms of a written warranty: "[A] consumer who is damaged by the failure of a . . . warrantor . . . to comply with any obligation . . . under a written warranty . . . may bring suit for damages and other legal and equitable relief . . . in an appropriate district court of the United States." 15 U.S.C. § 2310(d)(1)(B). Plaintiffs allege that Microsoft's "Windows Vista Capable" sticker constituted a "written warranty" within the meaning of the 15 U.S.C. § 2301(6)(A). (Compl. ¶ 6.6.) That subsection defines "written warranty" as follows:

> (A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or <u>will meet a specified level of performance over a specified period of time</u>.

15 U.S.C. § 2301(6) (emphasis added). Plaintiffs argue that the "Windows Vista Capable" sticker falls within the second prong of 2301(6)(A), that is, it promises a "specified level of performance over a specified period of time."

### A.    Specified Level of Performance

Defendants argue that the "Windows Vista Capable" sticker does not promise a "specified level of performance." The Court disagrees. A reasonable interpretation of "Windows Vista

ORDER - 4

Capable" is that a Windows Vista Capable–certified computer would be able to run the Windows Vista operating system. Indeed, Plaintiffs' complaint states that "Microsoft touted Vista's unique features and capabilities, but then certified PCs as 'Windows Vista Capable' that were incapable of running these features and capabilities." (Compl. ¶ 4.4.) The "Windows Vista Capable" certification promises that a computer can run a specific operating system (not a less sophisticated one, and not a more sophisticated one) — surely, a promise of a "specified level of performance."

The "Windows Vista Capable" certification is not like the warranty-like statements discussed in the cases cited by Defendant. See, e.g., In re Sears, Roebuck & Co., No. MDL-1703, 2006 WL 1443737, at *4 (N.D. Ill. May 17, 2006) ("Made in U.S.A."); Goodman v. Perlstein, Civil Action No. 86-2144, 1989 U.S. Dist. LEXIS 8420, at *6-7 (E.D. Pa. July 21, 1989) ("purely pecuniary appraisals [of diamonds]... pertaining neither to absence of defect nor level of performance"); Simmons v. Taylor Childre Chevrolet-Pontiac, 629 F. Supp. 1030, 1032 (M.D. Ga. 1986) (designation of car as "new"); Thomas v. Micro Center, CV-547951, 2007 WL 1219282, at *4 (Ohio Ct. App. April 26, 2007) ("computers may be returned or exchanged within 7 days of purchase"). Because these cases all involved guarantees that were not performance related, they are factually distinguishable. The Court concludes that the phrase "Windows Vista Capable" promises a "specified level of performance."

### B. Specified Period of Time

The more difficult question here is whether the "Windows Vista Capable" certification describes a specified period of time. The statute itself does not elaborate on the meaning of "specified period of time." Some guidance is found in the Federal Trade Commission's regulatory interpretation of the statutory provision:

> The Act imposes specific duties and liabilities on suppliers who offer written warranties on consumer products. Certain representations, such as energy efficiency ratings for electrical appliances, care labeling of wearing apparel, and other product information disclosures may be express warranties under the Uniform Commercial Code. However, these disclosures alone are not written warranties under this Act. Section 101(6) provides that a written affirmation of fact or a written promise of a specified level of performance must relate to a specified period of time in order to be considered a "written warranty." A product information disclosure without a specified time period to which the disclosure relates is therefore not a written warranty.

16 C.F.R. 700.3.

Few courts have analyzed the "specified period of time" requirement. The leading case is Skelton v. General Motors Corp., 660 F.2d 311 (7th Cir. 1981). In that case, the Seventh Circuit noted that General Motor's ("GM's") consumer advertising that stated that GM cars contained "THM 350 transmissions" or "transmissions of a similar quality and performance" did not fit the definition of "written warranty" because it was a "product information disclosure without a specified time period to which the disclosure relates." Skelton, 660 F.2d at 316 n.7. The court explained that a bright-line rule regarding specification of period of time was necessary because "to comply with the Act's obligations, manufacturers and suppliers must know in advance exactly which representations are subject to those obligations." Id. Indeed, the Act requires warrantors warranting to a consumer by means of a written warranty to clearly and conspicuously in a single document identify: (1) the identity of the party to whom the warranty is extended, (2) the products or parts excluded from the warranty, (3) what the warrantor will do in the event of a defect, (4) when the warranty commences, etc. See 16 C.F.R. 701.3.

In a more recent case, the New Hampshire Supreme Court held that the guarantee that "all exterior wood is deep treated . . . to permanently protect against rot and decay" was a written warranty under the Act. Kelleher v. Marvin Lumber & Cedar Co., 152 N.H. 813, 846, 891 A.2d 477 (N.H. 2005). The court ruled that the adverb "permanently" was "analogous to the life of the product" and therefore constituted a "specified period of time" under the Act. Id. To conclude

ORDER - 6

otherwise "would circumvent the basic purpose of the Act--to protect consumers from deceptive warranty practices." Id.

The remaining courts' considerations of the "specified period of time" requirement are less helpful because they all involved guarantees that did not relate at all to a specified period of time. See States v. BFG Electroplating & Mfg. Co., Inc., Civ. A. No. 87-1421, 1989 WL 222722, at * 10 (W.D. Pa. Oct. 18, 1989) (holding that advertisement stating "450 used 8-inch cement blocks" was not a written warranty because it specified no period of time); Simmons v. Taylor Childre Chevrolet-Pontiac, Inc., 629 F. Supp. 1030, 1032 (M.D. Ga. 1986) (written invoice for purchase of used car does not specify level of performance or period of time); Schreib v. Walt Disney Co., 2006 WL 573008 at *4 (Ill. App. 2006) (video names "Gold Collection" and "Masterpiece Collection" were not written warranties that videos would last for generations).

Plaintiffs do not take issue with the general proposition that the statute requires a specified period of time. Plaintiffs argue that their complaint satisfies § 2301. Plaintiffs state in their complaint:

> Microsoft thus authorized original equipment manufacturers ("OEMs") to place a sticker on PCs indicating that the PCs had been certified by Microsoft as "Windows Vista Capable," meaning that the consumer could upgrade the PC to run the new Vista operating system when it was released."

(Compl. ¶ 1.2.) (Emphasis added.) Plaintiffs argue that Microsoft's certification of Vista capability relates to a specified time period, i.e. the "specified period of time culminating with Microsoft's release of vista." (Plf.'s Resp. at 22.)

Plaintiffs stretch the Magnuson-Moss Act too far. The three words that Plaintiffs point to — "Windows Vista Capable" — contain no temporal element. Although a consumer might *interpret* the words to mean, "when Microsoft releases Vista, your computer will be able to run it," the words *themselves* do not contain a promise of a certain level of performance "over a specified period of

ORDER - 7

time." See 15 U.S.C. 2301(6). Skelton and Kelleher counsel that to be a "written warranty," the warrantor's guarantee must contain language that specifically identifies the duration of the warranty. Because that type of language is absent here, the Court cannot conclude that the words "Windows Vista Capable" are a written guarantee under the Magnuson-Moss Warranty Act. Defendant's motion to dismiss this claim is therefore GRANTED.

**III.   Leave to Amend**

Plaintiffs have requested leave to amend their complaint. As the Ninth Circuit has explained, leave to amend should be granted unless amendment would be futile. Lopez v. Smith, 203 F.3d 1122, 1127-27 (9th Cir. 2000). The Court GRANTS Plaintiffs leave to amend their Magnuson-Moss claim. Any such amended complaint must be filed within thirty (30) days of this order.

**Conclusion**

The Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss. At oral argument, the Court denied Microsoft's motion to dismiss Plaintiff's Consumer Protection Act and unjust enrichment claims. In this order, the Court grants Microsoft's motion to dismiss Plaintiff's Magnuson-Moss Warranty Act claim. The Court also grants Plaintiffs leave to amend their complaint.

The clerk is directed to send copies of this order to all counsel of record.

Dated this 7th day of September, 2007.

Marsha J. Pechman
United States District Judge

ORDER - 8