The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANNE KELLEY and KENNETH HANSEN, | No. C 07-475 MJP |
| Plaintiffs, | MICROSOFT'S OPPOSITION TO MOTION TO COMPEL DISCOVERY AND DEEM CERTAIN REQUESTED FOR ADMISSION "ADMITTED" |
| v. | |
| MICROSOFT CORPORATION, a Washington corporation, | |
| Defendant. | **Note on Motion Calendar:** September 14, 2007 |

MICROSOFT'S OPPOSITION TO MOTION TO COMPEL
DISCOVERY (NO. C07-475 MJP)
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

## TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY ........................................................................1

II. FACTUAL BACKGROUND ........................................................................................1

    A. The Nature of the Dispute..................................................................................1

    B. The Course of Discovery ....................................................................................3

III. ARGUMENT ................................................................................................................4

    A. Microsoft's Objections to Plaintiffs' Requests for Admission Are Well within the Bounds of Rule 36 and the Court Should Not Strike Them. .........................................4

    B. Microsoft Has Agreed to Provide, and Will Continue to Provide, Any Discovery Relevant to Commonality, Typicality and Predominance. ............................................6

        1. Market Research (RFP 8, 9) .......................................................................7

        2. Draft OEM Agreements (RFP 10, 11) .......................................................8

        3. Development of the Logo (RFP 2, 3, 4; RFA 17-21, 84-91) .....................8

    C. The Request for Documents Identifying Class Members Is Improper and Unduly Burdensome. .....................................................................................................9

    D. Plaintiffs' Demand for More OEM Agreements Asks the Court to Compel the Meaningless Production of More Copies of Form Contracts. .....................................10

    E. Discovery Regarding Other Consumer Class Action Litigation against Microsoft Is Irrelevant to This Case. ..............................................................................11

IV. CONCLUSION............................................................................................................12

MICROSOFT'S OPPOSITION TO MOTION TO COMPEL
DISCOVERY (NO. C07-475 MJP) – i
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

## I.     INTRODUCTION AND SUMMARY

Out of a desire "[t]o minimize expense and to help streamline the discovery process," the parties agreed to focus on class certification discovery before the filing of plaintiffs' class motion. *See* Joint Status Report [Dkt. No. 21] (June 25, 2007) at 3, ¶ 5(B). Now, however, plaintiffs ask the Court to deem admitted forty-three of the 100 Requests for Admission they served on Microsoft, simply because Microsoft objected to them (in many cases, on the ground that they did not pertain to class certification issues), and to compel production of documents that have no bearing on class certification issues, but rather are related solely to merits discovery. Because plaintiffs' motion violates the letter and the spirit of the agreement reflected in the Joint Status Report to focus discovery on class certification issues, and because Microsoft complied with Rule 36 in responding to their Requests for Admission, Microsoft asks the Court to deny their motion.

## II.     FACTUAL BACKGROUND

### A.     The Nature of the Dispute

Plaintiffs Kelley and Hansen each allege that they purchased a PC with a "Windows Vista Capable" sticker affixed. 2nd Amended Complaint ("Compl.") ¶¶ 2.1, 2.2. Plaintiffs admit that *all* Windows Vista Capable PCs will run a version of Windows Vista, as the sticker suggests. Plaintiffs complain, however, that PCs meeting minimum hardware requirements provide only the features of the Windows Vista Home Basic edition. *Id*. ¶¶ 4.3-4.4.

Windows Vista Home Basic provides new features designed to make computers more reliable, more secure, more productive, and easier to use. Rummage Dec. Ex. G. Windows Vista premium editions, on the other hand, provide additional features, such as "enhanced graphics, media center and remote control," to users who want to pay for the Windows Vista Home Premium, Business or Ultimate editions—and a PC that can run those premium editions' features. *Id.* ¶¶ 1.2, 4.4. Plaintiffs' core allegation is as follows:

> Central to Microsoft's deceptive practices was its failure to indicate on "Windows Vista Capable" stickers that a PC certified as

MICROSOFT'S OPPOSITION TO MOTION TO COMPEL
DISCOVERY (NO. C07-475 MJP) – 1
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

> "Windows Vista Capable," but lacking the designation "Premium Ready," could run only Vista Basic, which provides none of the features that are unique to Vista and make Vista attractive to consumers.

*Id.* ¶ 4.4.  Plaintiffs admit that PC manufacturers ("OEMs") could designate as "Premium Ready" certain (usually more expensive) PCs, so consumers *could* identify and buy PCs capable of providing premium features.  *Id.* ¶ 4.4.  But the named plaintiffs chose to buy cheaper PCs that their manufacturers did ***not*** designate as "Premium Ready."  *Id*. ¶ 2.1.

Plaintiffs seek a nationwide class consisting of persons who purchased "Windows Vista Capable" PCs not designated "Premium Ready," as well as those "who purchased a PC with an 'Express Upgrade' to Vista Basic."  *Id.* ¶ 5.1.  For now, plaintiffs have agreed that discovery should be limited to matters "relating to the full and fair presentment of the class certification motion, including any merits discovery that may be required to address the factors set forth in Rule 23."  Joint Status Report [Dkt. No. 21] (June 25, 2007) at 3, ¶ 5(B).

Plaintiffs assert two claims:  (1) that Microsoft violated the CPAs of Washington and all 50 states by not telling Windows Vista Capable PC buyers that they might have to buy a Windows Vista premium edition (and perhaps buy a more expensive PC) to obtain the features of Windows Vista premium editions, and (2) that Microsoft was unjustly enriched by receiving related Windows royalties.[1]  Plaintiffs focus entirely on the three words "Windows Vista Capable" appearing on the logo—a small sticker less than an inch square that OEMs could affix on the tower case of a desktop PC or inside the cover next to the keyboard of a laptop that met minimum hardware specifications—three words that a PC buyer may or may not have seen.  Plaintiffs' claims, however, would require the Court to consider not only those three words but also the vast body of information PC purchasers had available, and that many considered, in deciding whether to buy a PC.  For example, Microsoft posted information on

---

[1] After Microsoft moved to dismiss, plaintiffs stipulated to dismissal of their contract claim.  Further, the Court this morning entered an order dismissing plaintiffs' Magnuson-Moss Act claim.

MICROSOFT'S OPPOSITION TO MOTION TO COMPEL
DISCOVERY (NO. C07-475 MJP) – 2
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101
(206) 622-3150  Fax: (206) 757-7700

the Internet telling consumers about the very facts that plaintiffs allege were missing from the "Windows Vista Capable" logo:

> A new PC that carries the Windows Vista Capable PC logo can run Windows Vista. All editions of Windows Vista will deliver core experiences such as innovations in organizing and finding information, security, and reliability. All Windows Vista Capable PCs will run these core experiences at a minimum. ***Some features available in the premium editions of Windows Vista—like the new Windows Aero user experience—may require advanced or additional hardware.***

Therrien Dec. Ex. B [Dkt. No. 13] (emphasis added). OEMs made similar disclosures. Rummage Dec. Ex. E. Further, Microsoft provided marketing and educational materials to retailers, including sample display cards, which disclosed the facts about which plaintiffs complain, explained which Windows Vista edition contained which features, and detailed the PC hardware requirements for each edition. Rummage Dec. Ex. F. Magazines, Web sites (at least one of which plaintiffs cite in their Complaint) and newspapers all ran features on the program. In short, the three words "Windows Vista Capable" appearing on the small logo made up only a tiny fraction of the information available to consumers.

**B.    The Course of Discovery**

The Rummage Declaration, submitted with this Motion, describes the course of discovery. To date, plaintiffs have served over 150 discovery requests and have promised more. Except for rescheduling one deposition that plaintiffs set without consulting Microsoft's counsel, Microsoft has not sought any extension of time in responding. Instead, it has provided timely responses and objections and has produced responsive documents. (Microsoft has produced over 12,000 pages of documents to date and is preparing additional documents for production.) It recently served Amended Responses to Plaintiffs' Requests for Admission to resolve some of plaintiffs' issues. Microsoft will continue cooperating to conduct discovery "relating to the full and fair presentment of the class certification motion." Joint Status Report [Dkt. No. 21] (June 25, 2007) at 3.

MICROSOFT'S OPPOSITION TO MOTION TO COMPEL
DISCOVERY (NO. C07-475 MJP) – 3
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 Fax: (206) 757-7700

### III. ARGUMENT

**A. Microsoft's Objections to Plaintiffs' Requests for Admission Are Well within the Bounds of Rule 36 and the Court Should Not Strike Them.**

With respect to their Requests for Admission, plaintiffs complain that:

> Microsoft has answered many requests for admission ("RFAs") by re-framing the requests. Using a stated inability to understand several of plaintiffs' RFAs as posed, Microsoft, in each case, re-frames the RFA to one more to its liking and then admits or denies the re-framed (i.e., a different) RFA.

Mot. at 3. In fact, Microsoft answered the RFAs in the manner instructed by Rule 36 and the Ninth Circuit cases interpreting it. Indeed, Microsoft went well beyond the Rule by providing plaintiffs with additional information. The relevant portion of Rule 36 states:

> If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter ***or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter***. A denial shall fairly meet the substance of the requested admission, and ***when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder***.

Fed. R. Civ. P. 36(a) (emphasis added).

Plaintiffs miss the point when they deride Microsoft's "vague and ambiguous" objections as resting on a professed inability to understand the RFA as posed. Microsoft properly asserted that objection when the RFA as posed contained words—such as "certification" or "necessary" or "properly" or "minimize the likelihood"—that made an RFA either inaccurate or subject to more than one reasonable interpretation. In each such case, as Rule 36 requires, Microsoft asserted its objection to the word or phrase, stated what part of the RFA it could admit as true, and denied the remainder.

For example, plaintiffs propounded two requests that asked Microsoft to admit that the "Windows Vista Capable" logo or the "Premium Ready" designation constituted a "certification" by Microsoft of the PC involved. *See* RFAs 6, 12. In both cases, Microsoft objected to the word "certification" and stated—in the form of an admission—what the

MICROSOFT'S OPPOSITION TO MOTION TO COMPEL
DISCOVERY (NO. C07-475 MJP) – 4
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

"Windows Vista Capable" logo and the "Premium Ready" designation actually meant. Microsoft could not admit these RFAs as posed because the "Windows Vista Capable" logo and the "Premium Ready" designation were ***not*** "certifications" by Microsoft. Rather than deny the requests outright, however, Microsoft objected and then for each "spefic[ied] so much of it as is true and qualif[ied] or den[ied] the remainder." Fed. R. Civ. P. 36(a).

The primary case that plaintiffs cite for the proposition that "a party may not rely on objections that a request is 'ambiguous' or 'vague' to 'evade disclosure by quibbling and objection'" recommends Microsoft's approach. Mot. at 5. In *Marchand v. Mercy Medical Center*, 22 F.3d 933, 938 (9th Cir. 1994), a medical malpractice plaintiff sought sanctions after a defendant physician failed to admit several key requests for admission that the plaintiff proved at trial. *Id.* at 935. The Ninth Circuit explained that to avoid sanctions, the defendant physician "could have provided frank answers … or 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.'" *Id.* at 935. Instead, in the instances where the court awarded sanctions, the defendant physician had relied on his objections as the sole basis for his denial, without providing any additional response. Likewise, in *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 937 (9th Cir. 2002), the Ninth Circuit held that while "vagueness" may be a "disfavored ground for objecting," it is not dispositive where a defendant preserves its objection and then admits to the extent that it can.

Here, Microsoft preserved its objections, but then gave plaintiffs additional information about the facts, admitting as much of the request it could and denying the rest. For example, in its response to RFA 4 ("'Windows Vista Capable' refers to minimum specification requirements of a personal computer ('PC') that are necessary to properly run Vista Home Basic"), Microsoft preserved its objection to the phrase "necessary to properly run" as vague and ambiguous but admitted that "the placement of a 'Windows Vista Capable' logo on a PC constituted a contractually permissible statement by the OEM authorized to put it there that the PC met at least the minimum hardware and other requirements for one or

MICROSOFT'S OPPOSITION TO MOTION TO COMPEL
DISCOVERY (NO. C07-475 MJP) – 5
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 Fax: (206) 757-7700

more editions of a Windows Vista operating system to install and run." *See* Exh. 1.  Because this was as much as Microsoft could admit, it fulfilled its duty under Rule 36; otherwise, Microsoft would have had no choice but to deny, without plaintiffs ever knowing why.

Microsoft's objections to phrases such as the one discussed above are not "quibbling." Because of the nature of the Windows Vista operating system and the incalculable combinations of hardware and software on PCs, the phrase "necessary to properly run" makes plaintiffs' request ambiguous and, in some instances, inaccurate.  Microsoft designed Windows Vista to adapt to the hardware of the PC on which the user installs it.  On a PC meeting minimum requirements, only the features of Windows Vista Home Basic edition may be available; on a PC with more advanced hardware, a user could run features of Windows Vista premium editions.  Further, other software and hardware an OEM or user installs on a PC may affect how the operating system will run.  Consequently, Windows Vista may run on a user's PC in many different ways, depending on the version of Windows Vista and the configuration of the hardware and software on the user's PC.  Microsoft cannot tell what "properly run" might mean to plaintiffs:  That Windows Vista can be installed successfully? That it will not just run, but that it will run as fast as the user wants?  That no other software on the PC will conflict with it and cause problems?  Microsoft had no way of knowing.

Plaintiffs' Exhibit A outlines those requests that contained terminology that Microsoft objected to, but hides the care that Microsoft took to respond fully.  In every instance, after Microsoft preserved its objection, it provided an additional response either admitting or denying the request or some portion thereof.  To give the Court an accurate picture of its responses, Microsoft has added to plaintiffs' chart its complete responses to the requests at issue, *see* Ex. 1 (attached), which shows that Microsoft responded as Rule 36(a) requires.

**B.  Microsoft Has Agreed to Provide, and Will Continue to Provide, Any Discovery Relevant to Commonality, Typicality and Predominance.**

Allowing broad merits discovery before certification "imposes on defendants one of the major burdens of defending [an] omnibus class action prior to any determination that the

MICROSOFT'S OPPOSITION TO MOTION TO COMPEL
DISCOVERY (NO. C07-475 MJP) – 6
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101
(206) 622-3150  Fax: (206) 757-7700

action [is] maintainable as such." *Stewart v. Winter,* 669 F.2d 328, 332 (5th Cir. 1982).  Here, "[t]o minimize expense and to help streamline the discovery process, the parties agree[d] to conduct discovery in two principal phases."  Joint Status Report [Dkt. No. 21] (June 25, 2007) at 3.  Before the class certification motion, "the parties will engage in discovery relating to the full and fair presentment of the class certification motion, including any merits discovery that may be required to address the factors set forth in Rule 23."  *Id.*  Plaintiffs, however, argue that certain categories of discovery to which Microsoft has objected bear on commonality, typicality, and predominance.  Birk Dec. [Dkt. No. 38] Exhs. E, F (item 8).

The commonality requirement asks whether "party has engaged in a standard course of conduct which adversely affects a group of individuals and gives rise to a claim for relief." *Bjustrom v. Trust One Mortgage Corp.*, 199 F.R.D. 346, 348 (W.D. Wash. 2001) (Pechman, J.).  To establish typicality, a plaintiff must show that a "named plaintiff's experience was typical or representative of that of any other member of the purported class."  *Donaldson v. Microsoft Corp.*, 205 F.R.D. 558, 568 (W.D. Wash. 2001) (Pechman, J.).  Finally, the predominance requirement asks whether the law and facts that will be central to liability determinations will be common to the class or individual.  *See Duncan v. Northwest Airlines, Inc.*, 203 F.R.D. 601, 611-12 (W.D. Wash. 2001) (Zilly, J.).  These requirements all speak to one fundamental question:  whether the class claims can be resolved fairly on a representative basis without regard to the variations in class members' experiences.

### 1. Market Research (RFP 8, 9)

Requests for Production 8 and 9 ask Microsoft to produce documents relating to market research that preceded the implementation of the Windows Vista Capable Program. Microsoft has declined to produce market research documents as irrelevant to class issues.

Plaintiffs claim this discovery "will reveal whether Microsoft compromised the clarity of the design and wording of the Windows Vista Capable logo" to increase sales.  Mot. at 6:10-16.  But that speaks to a *merits* issue, i.e., whether Microsoft had reason to think that the

MICROSOFT'S OPPOSITION TO MOTION TO COMPEL
DISCOVERY (NO. C07-475 MJP) – 7
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

three words on the logo would mislead consumers despite the wealth of information OEMs, retailers, Microsoft and others made available to PC buyers. Market research documents have nothing to do with whether these plaintiffs saw the same materials, heard the same sales pitches, and had the same goals in purchasing a PC as the proposed class members. Because the question on class certification is what class members saw and heard—not *why* they saw what they saw and heard what they heard—these requests are not class discovery.

### 2. Draft OEM Agreements (RFP 10, 11)

In response to Requests for Production 10 and 11, Microsoft agreed to produce its agreements with OEMs licensing them to preinstall Windows XP and Windows Vista on PCs. But Microsoft declined to undertake the substantial effort it would take to produce *drafts* and other documents leading to the final agreements, which have no bearing on class certification.

Plaintiffs claim they need these documents to test Microsoft's explanation "that the OEMs through which Microsoft sells the Windows operating system, and not Microsoft, made the certification of Vista capability to consumers." Mot. at 6:41-43. But this makes no sense: the agreements define the respective responsibilities of Microsoft and the OEMs, and plaintiffs *have* the agreements. Microsoft's internal drafting and discussion on the OEM agreements cannot shed light on whether plaintiffs can fairly prosecute claims on behalf of a class without considering the proposed class members' individual circumstances.

### 3. Development of the Logo (RFP 2, 3, 4; RFA 17-21, 84-91)

Plaintiffs ask the Court to compel production of documents in response to Requests for Production 2, 3 and 4, which seek *drafts* of the Windows Vista Capable logo and documents created in its development. In addition, they ask the Court to take the exceptional step of declaring that Microsoft has admitted Requests for Admission 17 through 21 and 84 through 91, to which it objected as not bearing on class certification. These Requests ask Microsoft to admit that it (a) considered other forms of the logo before settling on the logo that plaintiffs

MICROSOFT'S OPPOSITION TO MOTION TO COMPEL
DISCOVERY (NO. C07-475 MJP) – 8
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

saw when they opened up their laptops (RFAs 17-21), and (b) "discussed or was advised" that the words "Windows Vista Capable" might be misleading or confusing (RFAs 84-91).

Plaintiffs claim these documents will support their claims of "a common practice originating from Microsoft." Mot. at 8:21-25. In fact, documents that show the behind-the-scenes process by which Microsoft arrived at the details of the Windows Vista Capable program (including the three words themselves) will not shed light on commonality, typicality, or predominance. Microsoft authorized OEMs to affix the same logo with the same three words to qualifying PCs. But the design *process* for the logo has nothing to do with Rule 23's requirements. Although it might bear on Microsoft's state of mind, that factual issue has no bearing on class certification.

Finally, Rule 36 provides that if the Court overrules an objection, "it shall order that an answer be served." Fed. R. Civ. P. 36(a). The Rule authorizes a Request to be deemed to be admitted *only* if the responding party answers but makes an answer that "does not comply with the requirements of this rule." *Id.* Microsoft's responses complied with Rule 36. Plaintiffs have shown no basis for the draconian sanction they request.

**C.    The Request for Documents Identifying Class Members Is Improper and Unduly Burdensome.**

Plaintiffs demand that Microsoft "produce all documents that identify the putative class members." Mot. at 8. Microsoft objected because (a) proposed class members' identities are neither necessary nor relevant to the question of whether a class should be certified, and (b) plaintiffs have taken a Rule 30(b)(6) deposition of a Microsoft witness who testified fully about Microsoft's limited ability to identify them.

Class members' names and addresses are needed for purposes of sending them notice if a class is certified, but courts typically do not permit discovery seeking putative class members' identities before certification. The Ninth Circuit has affirmed the denial of a request for production of the names of putative class members "to solicit support" for a plaintiff's efforts to certify a class. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th

MICROSOFT'S OPPOSITION TO MOTION TO COMPEL
DISCOVERY (NO. C07-475 MJP) – 9
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

Cir. 1985). Indeed, "[c]ourts have ordinarily refused to allow discovery of class members' identities at the precertification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Dziennik v. Sealift, Inc.*, No. 05-CV-4659, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006) (denying production of unredacted documents identifying class members).[2] The U.S. Supreme Court has made it clear that Rule 23, not Rule 26, governs the production of class members' identities. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-54 (1978). They are not needed here for Rule 23 purposes, such as class notice.

Through the Rule 30(b)(6) testimony of a Microsoft-designated witness, Christine Mullaney Sundlie, plaintiffs already have explored the issue of whether Microsoft's records will permit the identification of potential class members when and if Rule 23 necessitates their identification. Ms. Sundlie explained that Microsoft can determine how many persons received Express Upgrades (and can obtain the names and addresses of a discrete subset, but not all, of those persons), but cannot determine how many "Windows Vista Capable" PCs were sold during the proposed class period or to whom they were sold. Sundlie Dep. (Aug. 29, 2007) at 45:16-46:12, 114:12-116:10 (Rummage Dec. Ex. H). Plaintiffs' RFP 6 for "all documents that identify the putative class members" is improper under Rule 23 until the court rules on class certification. Producing them would not help the Court make that decision.

D. **Plaintiffs' Demand for More OEM Agreements Asks the Court to Compel the Meaningless Production of More Copies of Form Contracts.**

Microsoft agreed to produce agreements with "its top 10 OEMs regarding" placement of logos (RFP 7) and the license or use of the Windows XP and Windows Vista operating systems (RFP 10-13). When plaintiffs complained that Microsoft's response covered only the

---

[2] *Dziennik* relies on several cases to the same effect, including *Hatch*, 758 F.2d at 416; *In re Mortgagors of Temple-Inland Mortgage Corp.*, No. Civ. A. 99-CV4633, 2001 WL 177181, at *2 (E.D. Pa. Jan. 24, 2001); *Buycks-Roberson v. Citibank Federal Sav. Bank*, 162 F.R.D. 338, 342 (N.D. Ill. 1995); *Flanigan v. Am. Fin. Sys. of Ga.*, 72 F.R.D. 563, 563 (M.D. Ga. 1976); and *Crabtree v. Hayden, Stone Inc.*, 43 F.R.D. 281, 283 (S.D.N.Y. 1967).

MICROSOFT'S OPPOSITION TO MOTION TO COMPEL
DISCOVERY (NO. C07-475 MJP) – 10
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 Fax: (206) 757-7700

"top 10" OEMs, it explained that (a) the actual production would cover roughly 18 OEMs, since the top ten OEMs had fluctuated from year to year; (b) the OEMs whose agreements would be produced covered the vast majority of the PC market; and (c) the OEM agreements in recent years are *identical* in any event.[3]  Despite these assurances, plaintiffs expressed concern that Microsoft might rely on differences in the OEM agreements to oppose class certification without giving them copies.  Birk Dec. [Dkt. 38] Ex. F at 4.  Microsoft thought the parties resolved this issue at their Rule 37 conference, as its letter explained:

> We would be willing to stipulate that Microsoft will not challenge commonality, typicality or predominance based upon the contents of OEM agreements that have not been produced to you.  I believe you expressed your willingness to accept that stipulation.  If you require something more formal than this letter, please let me know and we will cooperate in putting it together.

*Id.*  Such a stipulation should resolve the issue—though Microsoft remains willing to entertain other suggestions plaintiffs might offer to obviate the need for it to locate and produce identical agreements for scores of OEMs with minuscule market shares, a process that will require individual notice to each OEM and an opportunity to object to the production.[4]

### E.  Discovery Regarding Other Consumer Class Action Litigation against Microsoft Is Irrelevant to This Case.

Plaintiffs request that Microsoft identify "all consumer class actions since 1993 in which it was a defendant and to produce orders on class certification."  Mot. at 11.  The request amounts to nothing more than a fishing expedition.

Plaintiffs seek information on other "consumer class action" lawsuits supposedly to discover "pattern or practice evidence to establish a CPA claim."  *Id.*  But plaintiffs do not

---

[3] According to industry data, the top ten OEMs accounted for 78% of U.S. PC sales in 2006.  In November 2002, Microsoft reached an agreement with the Department of Justice to give different PC manufacturers the same terms.  Final Judgment, *United States of America v. Microsoft Corp.*, No. 98-1232 (CKK), at 2 (D.D.C , Nov. 12, 2002) (Rummage Dec. ¶¶ 17, 18 & Ex. D).

[4] The OEM agreements for the top 18 OEMs have now been produced.  *See* Mot. at 10:35 (complaining that production "has not occurred").  As plaintiffs know, Microsoft briefly delayed production because its OEM agreements require notice to each OEM before production, with sufficient time for the OEM to intervene and object.  Rummage Dec. ¶ 16.

MICROSOFT'S OPPOSITION TO MOTION TO COMPEL
DISCOVERY (NO. C07-475 MJP) – 11
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101
(206) 622-3150  Fax: (206) 757-7700

even confine their Request to cases concerning the Windows Vista operating system or to a reasonable time frame.  More importantly, the documents they request cannot shed light on whether all consumers in this case had the same experience in buying a Windows Vista Capable PC, which will be the core issue on class certification.  The fact that plaintiffs have alleged a CPA claim does not give them carte blanche to engage in discovery about other cases.  *See, e.g., Shields v. Morgan Fin.*, 125 P.3d 164, 169 (Wn. App. 2005) (in CPA action against loan broker and lender, affirming denial of motion to compel production of documents associated with every loan between 1999 and 2003 in several counties; "[t]he information sought was irrelevant and not required"); *Morgan v. Peacehealth, Inc*., 101 Wn. App. 750, 774-75 (2000) (in terminated physician's CPA claim against hospital, affirming denial of motion to compel discovery as to how defendant treated *other* doctors; "information concerning other health care providers" was "irrelevant").

Plaintiffs' arguments that discovery of information on other consumer class actions against Microsoft *might* uncover "witnesses or knowledgeable experts" or "admissions" by Microsoft, *see* Mot. at 11:35-39, shows that they are fishing.  Proper discovery requests seek information "relevant to the claim" (Rule 26(b)(1)) and are stated "with reasonable particularity" (Rule 34(b)).  Here, the issue is whether plaintiffs have a certifiable CPA claim against Microsoft based on its "Windows Vista Capable" and "Express Upgrade" programs.  Other consumer class actions concerning other products have no bearing.[5]

## IV.   CONCLUSION

For these reasons, Microsoft respectfully requests that the Court deny plaintiffs' motion to compel discovery.

DATED this 10th day of September, 2007.

---

[5] Plaintiffs argue that "Microsoft has asked each named plaintiff to respond to virtually identical discovery requests."  Pl. Mot. at 12.  But the requests to plaintiffs speak to whether each named plaintiff is an adequate class representative.  Microsoft's adequacy, of course, is not at issue.

MICROSOFT'S OPPOSITION TO MOTION TO COMPEL
DISCOVERY (NO. C07-475 MJP) – 12
SEA 2000284v13 0025936-000689

1                                                    Davis Wright Tremaine LLP
                                                   Attorneys for Microsoft Corporation

2                                                    By */s/ Stephen M. Rummage*
3                                                        Stephen M. Rummage, WSBA #11168
                                                       Cassandra Kinkead, WSBA #22845
4                                                        Charles S. Wright, WSBA #31940
                                                       1201 Third Avenue, Suite 2200
5                                                        Seattle, WA 98101
                                                       Telephone: (206) 622-3150
6                                                        Fax: (206) 757-7700
                                                       E-mail: steverummage@dwt.com
7                                                                       cassandrakinkead@dwt.com
                                                                      charleswright@dwt.com

8

9 Of Counsel:

10 Charles B. Casper
Patrick T. Ryan
11 Montgomery, McCracken,
 Walker & Rhoads, LLP
12 123 S. Broad Street
Philadelphia, PA 19109
13 (215) 772-1500

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MICROSOFT'S OPPOSITION TO MOTION TO COMPEL
DISCOVERY (NO. C07-475 MJP) – 13
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 Fax: (206) 757-7700

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2007, I electronically filed the foregoing Microsoft's Opposition to Plaintiffs' Motion to Compel Discovery and to Deem Certain Requests for Admission "Admitted" with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jeffrey I. Tilden: | jtilden@gmtlaw.com |
| Jeffrey M. Thomas: | jthomas@gmtlaw.com |
| Michael Rosenberger: | mrosenberger@gmtlaw.com |
| Mark A. Wilner: | mwilner@gmtlaw.com |
| William C. Smart: | wsmart@kellerrohrback@dwt.com |
| Mark A. Griffin: | mgriffin@kellerrohrback@dwt.com |
| Ian S. Birk: | ibirk@kellerrohrback@dwt.com |

DATED this 10th day of September, 2007.

Davis Wright Tremaine LLP
Attorneys for Defendant

By */s/ Stephen M. Rummage*
   Stephen M. Rummage, WSBA #11168
   Davis Wright Tremaine LLP
   1201 Third Avenue, Suite 2200
   Seattle, WA  98101
   Telephone:  (206) 622-3150
   Fax:  (206) 757-7700
   E-mail: steverummage@dwt.com

MICROSOFT'S OPPOSITION TO MOTION TO COMPEL
DISCOVERY (NO. C07-475 MJP) – 14
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101
(206) 622-3150  Fax: (206) 757-7700