The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANNE KELLEY and KENNETH HANSEN, <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington corporation, <br><br> Defendant. | No. C 07-475 MJP <br><br> DECLARATION OF STEPHEN M. RUMMAGE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY |

Stephen M. Rummage declares as follows:

1. ***Identity of Declarant.*** I am a partner in the law firm of Davis Wright Tremaine LLP. I am one of counsel of record for defendant Microsoft Corporation in this matter. I make this Declaration based on my personal knowledge and, where indicated, information provided by others.

2. ***Rule 26(f) Conference.*** On June 8, 2007, Charles Casper (another one of Microsoft's outside counsel) and I participated in a Rule 26(f) discovery planning conference with plaintiffs' counsel. Ultimately, as a result of that conference, the parties agreed on a Joint Status Report, which they filed with the Court on June 25, 2007. The Joint Status Report provides for phased discovery, with the first phase consisting of "discovery relating to the full and fair presentment of the class certification motion, including any merits discovery

DECLARATION OF STEPHEN M. RUMMAGE IN OPP. TO
PLAINTIFFS' MOTION TO COMPEL (NO. C07-475 MJP) – 1
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 Fax: (206) 757-7700

Dockets.Justia.com

1  that may be required to address the factors set forth in Rule 23." Joint Status Report (Docket
2  No. 21) at 3, ¶ 5(B). Plaintiffs' counsel drafted the quoted language.

3      3.  ***Initial Disclosures.*** Between the Rule 26(f) conference and the filing of the
4  Joint Status Report, plaintiffs and Microsoft Corporation served their Initial Disclosures. I am
5  attaching a true and correct copy of Microsoft's Initial Disclosures as Exhibit A. We served
6  the Initial Disclosures on plaintiffs' counsel on June 18, 2007.

7      4.  ***Initial Discovery Requests.*** About four weeks after the Rule 26(f) conference,
8  on July 3, 2007, plaintiffs served their initial discovery requests. Their 100 Requests for
9  Admission are attached to the Birk Declaration as Exhibit B, and Plaintiffs' First Set of
10 Interrogatories and Requests for Production of Documents are attached to the Birk
11 Declaration as Exhibit C. In addition, plaintiffs on that same day served a Rule 30(b)(6)
12 Deposition Notice, which set the deposition of Microsoft representatives for July 30, 2007,
13 before any responses to plaintiffs' discovery requests would be due. By agreement, the
14 parties deferred that Rule 30(b)(6) deposition to August 29, 2007, to accommodate the
15 summer vacation schedules of both counsel and the prospective witnesses.

16     5.  ***Second and Third Discovery Requests.*** Plaintiffs served Second Discovery
17 Requests on July 9, 2007, and Third Discovery Requests on July 13, 2007. The Second
18 Discovery Requests are not at issue on this motion.

19     6.  ***Draft Protective Order.*** As Microsoft worked on plaintiffs' discovery, it
20 became evident that plaintiffs were seeking documents that Microsoft regarded as
21 confidential, as they related to the development and rollout of one of Microsoft's core
22 products. Accordingly, on August 1, 2007, my partner Cassandra Kinkead transmitted to
23 plaintiffs' counsel a draft protective order and advised that Microsoft would "need to get this
24 entered (or at least agreed upon in principle) before we can produce any sensitive documents
25 in this case." Microsoft offered to "prepare an agreed motion" to facilitate entry of the
26 Protective Order.

27

DECLARATION OF STEPHEN M. RUMMAGE IN OPP. TO
PLAINTIFFS' MOTION TO COMPEL (NO. C07-475 MJP) – 2
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

7. ***Service of Microsoft's Discovery Responses.*** The next day, on August 2, 2007, Microsoft timely served its responses to plaintiffs' first round of discovery requests, including responses and objections to all 100 of plaintiffs' Requests for Admission, as well as responses and objections to plaintiffs' First Interrogatories and Requests for Production. In part because plaintiffs had not responded to Ms. Kinkead's invitation to discuss a stipulated Protective Order, however, Microsoft did not produce documents at that time.

8. ***The Demand for a Rule 37 Conference.*** The following day, on August 3, 2007, plaintiffs' counsel emailed the correspondence attached hereto as Exhibit B, which demanded a Rule 37 conference with respect to Microsoft's objections to plaintiffs' discovery requests. The parties ultimately agreed to hold the Rule 37 conference on August 22, 2007. Even though Mr. Wilner's August 3 letter rebuked Microsoft for not producing any documents, Mr. Wilner did not at that time respond to the draft Protective Order that Ms. Kinkead had forwarded on August 1.

9. ***Plaintiffs' Response on the Protective Order.*** By the morning of August 7, 2007, we still had not heard from plaintiffs on the draft Protective Order. Accordingly, I emailed Mr. Wilner as follows: "[W]e'd like to move the process forward by producing responsive documents – but we have not yet heard from you on the proposed form of protective order, which Cassi forwarded to you last Wednesday. Could you get back to us on that, so we can address one of your concerns?" About 90 minutes after sending that email, I received the letter attached hereto as Exhibit C, stating that plaintiffs preferred to address requests for confidential treatment on a document-by-document basis.

10. ***Efforts to Discuss a Protective Order.*** Over the next two days, I left at least one voice mail with Mr. Wilner, asking for an opportunity to discuss the protective order issues so document production could proceed. On Friday, August 10, 2007, shortly before I was scheduled to leave town, I sent an email to Mr. Tilden noting that I had left a message for Mr. Wilner "to discuss your side's refusal to stipulate to a protective order (so we can get

DECLARATION OF STEPHEN M. RUMMAGE IN OPP. TO
PLAINTIFFS' MOTION TO COMPEL (NO. C07-475 MJP) – 3
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

going on document production)" and explaining that "I am leaving at 11:30 today for a trip until Tuesday, and I'd like to get this ironed out immediately, so there's no delay." I received a return email from Mr. Thomas, which told me that lawyers at the Keller Rohrback firm would "be handling the protective order issues, so you should talk to one of them." Thus, ten days after providing a draft Protective Order, we still had not had any dialog with plaintiffs concerning the contents of the Protective Order and still had not produced documents.

11. ***Discussions to Resolve the Protective Order.*** Not long after receiving the email from Mr. Thomas on August 10, 2007, as I was walking out the door for the airport, I had a brief telephone discussion with Will Smart and Ian Birk of the Keller Rohrback firm concerning the proposed Stipulated Protective Order. Messrs. Smart and Birk reiterated plaintiffs' reluctance to enter into a Protective Order that would provide a framework for production of confidential material. They insisted that Microsoft produce documents immediately, subject to an interim agreement that they would keep the documents confidential; I responded that I did not believe we should begin production of confidential documents until we at least had a commitment from plaintiffs' counsel that they would work with us on a framework to facilitate production of sensitive business material. Despite our disagreements, by the following week Mr. Birk provided a re-draft of the Protective Order, and plaintiffs agreed in writing to keep documents confidential pending resolution of the Protective Order issue. Microsoft therefore began producing documents on August 17, 2007.

12. ***Responses to Second and Third Discovery Requests.*** Microsoft served timely objections and responses to plaintiffs' Second Discovery Requests on August 8, 2007, and to plaintiffs' Third Discovery Requests on August 12, 2007. As before, Microsoft did not seek extensions of time to respond to either.

13. ***The Rule 37 Conference.*** Mr. Casper and I met with plaintiffs (Mr. Casper by telephone, me in person) on August 22, 2007, to discuss plaintiffs' issues with Microsoft's discovery responses. Plaintiffs did not precede that meeting with a phone call or a letter

DECLARATION OF STEPHEN M. RUMMAGE IN OPP. TO
PLAINTIFFS' MOTION TO COMPEL (NO. C07-475 MJP) – 4
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 Fax: (206) 757-7700

outlining the issues they wanted to discuss. As the parties' subsequent exchange of correspondence makes clear, plaintiffs raised a variety of matters beyond the scope of Mr. Wilner's initial letter to me dated August 3, 2007, requesting the Rule 37 conference.

16. ***Time Needed for OEMs to Consent to Production.*** Before Microsoft began producing documents, it came to the lawyers' attention that the OEM agreements that plaintiffs had requested were the subject of non-disclosure agreements with the OEMs. As a result, I told Mr. Birk that Microsoft would have to delay production of these documents briefly to allow advance notice to each OEM before production, with sufficient time for the OEM to intervene and object. I also told Mr. Birk that (a) I was advised the agreements were all identical, and (b) we would be producing the form of the agreement, simply without the identification of the OEM signatories. Mr. Birk never manifested any dissatisfaction with this arrangement. Upon expiration of the notice period described in this paragraph, Microsoft on September 7, 2007, produced to plaintiffs' counsel the OEM agreements for the top18 OEMs.

17. ***Number of OEM Agreements Produced.*** I am informed and believe that Microsoft has hundreds of agreements with OEMs. In November 2002, a Final Judgment was entered in the U.S. District Court for the District of Columbia implementing Microsoft's and the U.S. Department of Justice's agreement to resolve the United States' antitrust claims asserted against Microsoft in the late 1990's. *See* Final Judgment, *United States of America v. Microsoft Corp.*, No. 98-1232 (CKK) (D.D.C. Nov. 12, 2002) (attached hereto as Exhibit D). The Final Judgment requires Microsoft to extend the same terms to all "Covered OEMs," defined as the 20 OEMs with the highest worldwide volumes: "Microsoft's provision of Windows Operating System Products to Covered OEMs shall be pursuant to uniform license agreements with uniform terms and conditions." *Id.* ¶ III.B at 2; *see* ¶VI.D at 15 (defining "Covered OEMs"). I am informed that Microsoft went beyond the Final Judgment's requirements and extended uniform terms and conditions to all OEMs—not just the Covered OEMs—so that in the years since the Final Judgment was implemented, Microsoft's OEM

DECLARATION OF STEPHEN M. RUMMAGE IN OPP. TO
PLAINTIFFS' MOTION TO COMPEL (NO. C07-475 MJP) – 5
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

1  Agreements are all the same.  In light of this uniformity, it makes no sense for Microsoft to

2  produce hundreds of copies of voluminous OEM agreements to plaintiffs here that are all the

3  same.  Accordingly, Microsoft produced 18 OEM agreements, in order to cover the top 10

4  OEMs in all years at issue.

5        18. ***OEM Market Share.***  I am informed that computer industry analysts track and

6  periodically report on OEM market shares.  I have reviewed such a report from IDC, one of

7  those analysts, which shows that the top ten OEMs accounted for 78% of PC sales in the U.S.

8  in 2006.  As explained above, Microsoft's production went far beyond this, since it covered

9  18 OEMs overall.  In short, the OEM agreements Microsoft produced to plaintiffs include

10  those that made the vast majority of U.S. PC sales.

11        19. ***OEM Disclosures Regarding Windows Vista Capable Program.***  From my

12  own research, I am aware that OEMs made disclosures concerning the meaning of the term

13  "Windows Vista Capable."  Indeed, in connection with my preparation of this declaration, I

14  performed an Internet search for the phrase "Not all Windows Vista features are available for

15  use on all Windows Vista Capable PCs," which yielded over 25,900 hits.  I am attaching as

16  Exhibit E results from that search and from searches performed in May and June, i.e., pages

17  from the Web sites for Hewlett-Packard, Dell, Gateway and Acer, which illustrate some of the

18  disclosures that OEMs made in connection with offering Windows Vista Capable PCs.

19        20. ***Marketing Materials Provided to Retailers.***  Microsoft's Responses to the

20  Requests for Admission attached as Exhibit B to Mr. Birk's Declaration informed plaintiffs

21  that "Microsoft did develop and make marketing materials available to retailers concerning

22  the 'Windows Vista Capable' program, although Microsoft could not require retailers to use

23  those materials."  *See, e.g.,* Responses to RFAs 23-34.  Although plaintiffs have never

24  requested those marketing materials, Microsoft is preparing to produce a set to assist plaintiffs

25  in understanding the scope of information available to PC purchasers.  In anticipation of that

26  production, I am attaching as Exhibit F a copy of a "Vista Capable Brochure" and a "Vista

DECLARATION OF STEPHEN M. RUMMAGE IN OPP. TO
PLAINTIFFS' MOTION TO COMPEL (NO. C07-475 MJP) – 6
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101
(206) 622-3150  Fax: (206) 757-7700

1 Capable Tent Card," which we will be producing shortly and which, I am advised, Microsoft

2 made available to retailers in connection with the Windows Vista Capable Program.

3     21.    *Features of Windows Vista Home Basic*.    In addition, Microsoft's Web site

4 describes the features of Windows Vista Home Basic, which plaintiffs allege their computers

5 are capable of running.  I am attaching as Exhibit G pages accessed through the Microsoft

6 Web site describing the features of Windows Vista Home Basic that make it both easier and

7 safer to use than prior operating systems.

8     22.    *Mullaney Sundlie Deposition.*  I am attaching hereto as Exhibit H a true and

9 correct copy of excerpts of the deposition of Christine Mullaney Sundlie, one of the Rule

10 30(b)(6) designees whom Microsoft produced for testimony on August 29, 2007.

11     I declare under penalty of perjury that the foregoing is true and correct.

12     EXECUTED this 10th day of September, 2007, at Seattle, Washington.

                                    */s/ Stephen M. Rummage*
                                    Stephen M. Rummage, WSBA #11168
                                    Davis Wright Tremaine LLP
                                    1201 Third Avenue, Suite 2200
                                    Seattle, WA  98101
                                    Telephone:  (206) 622-3150
                                    Fax:  (206) 757-7700
                                    E-mail: steverummage@dwt.com

DECLARATION OF STEPHEN M. RUMMAGE IN OPP. TO
PLAINTIFFS' MOTION TO COMPEL (NO. C07-475 MJP) – 7
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington  98101
(206) 622-3150  Fax: (206) 757-7700

CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2007, I electronically filed the foregoing Declaration of Stephen M. Rummage in Opposition to Plaintiffs' Motion to Compel Discovery with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jeffrey I. Tilden: | jtilden@gordontilden.com |
| Jeffrey M. Thomas: | jthomas@gordontilden.com |
| Michael Rosenberger: | mrosenberger@gordontilden.com |
| Mark A. Wilner: | mwilner@gordontilden.com |
| William C. Smart: | wsmart@kellerrohrback.com |
| Mark A. Griffin: | mgriffin@kellerrohrback.com |
| Ian S. Birk: | ibirk@kellerrohrback@dwt.com |

DATED this 10th day of September, 2007.

Davis Wright Tremaine LLP
Attorneys for Defendant
Microsoft Corporation
By */s/ Stephen M. Rummage*
   Stephen M. Rummage, WSBA #11168
   Davis Wright Tremaine LLP
   Suite 2200
   1201 Third Avenue
   Seattle, WA 98101-3045
   Telephone: (206) 757-8136
   Fax: (206) 757-7136
   E-mail: steverummage@dwt.com

DECLARATION OF STEPHEN M. RUMMAGE IN OPP. TO
PLAINTIFFS' MOTION TO COMPEL (NO. C07-475 MJP) – 8
SEA 2000284v13 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700