Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DIANNE L. KELLEY and KENNETH HANSEN,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>Defendant. | NO. C07-0475 MJP<br><br>SUPPLEMENTAL DECLARATION OF MARK WILNER IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND TO DEEM CERTAIN REQUESTS FOR ADMISSION "ADMITTED"<br><br>CLASS ACTION |

I, Mark A. Wilner, declare as follows:

1. <u>Identity and Competency</u>. I am an attorney with the law firm of Gordon Tilden Thomas & Cordell, LLP. Together with Keller Rohrback, LLP, we represent the plaintiffs.

2. <u>Authentication of Documents</u>. Attached as exhibits are true and correct copies of the following documents:

| Exhibit Name | Tab |
|---|---|
| Excerpts of the Rule 30(b)(6) Deposition Transcript of Christine Mullaney Sundlie | A |
| Excerpts of Microsoft's OEM Marketing Bulletin, dated September 20, 2006 | B |

SUPPLEMENTAL DECLARATION OF MARK WILNER - 1
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

| Exhibit Name | Tab |
|---|---|
| Excerpts of Cooperative Market Development Agreement | C |
| Letter, dated December 27, 2001, from Microsoft to Gateway | D |
| Excerpts of the Rule 30(b)(6) Deposition Transcript of Mark Tindeall | E |
| Excerpts of Form Microsoft Desktop Operating System License Agreement for OEM Customers | F |
| Email dated September 14, 2007 from Cassandra Kinkead (counsel for Microsoft) to myself | G |

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of September, at Seattle, Washington.

*/s/ Mark A. Wilner*

Mark A. Wilner

SUPPLEMENTAL DECLARATION OF MARK WILNER - 2
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following. We have also served via the method indicated below.

| Counsel for Defendant Microsoft Corporation | Counsel for Defendant Microsoft Corporation – Admitted Pro Hac Vice |
|---|---|
| Stephen M. Rummage, WSBA #11168<br>Cassandra L. Kinkead, WSBA #22845<br>Charles S. Wright, WSBA #31940<br>Davis Wright Tremaine LLP<br>1201 Third Avenue Suite 2200<br>Seattle, Washington 98101-3045<br>steverummage@dwt.com<br>cassandrakinkead@dwt.com<br>charleswright@dwt.com<br><br>[X] Via Hand Delivery<br>[X] Via Email | Charles B. Casper<br>Montgomery, McCracken, Walker & Rhoads<br>123 South Broad Street<br>Philadelphia, PA 19109<br>ccasper@mmwr.com |

GORDON TILDEN THOMAS & CORDELL LLP

By /s/ Mark Wilner

Mark A. Wilner, WSBA #31550
Attorneys for Plaintiff
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: mwilner@gordontilden.com

SUPPLEMENTAL DECLARATION OF MARK WILNER - 3
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

EXHIBIT A TO THE DECLARATION OF MARK A. WILNER IS FILED UNDER SEAL PURSUANT TO DOCKET NO. 45

EXHIBIT B TO THE DECLARATION

OF MARK A. WILNER IS FILED

UNDER SEAL PURSUANT TO

DOCKET NO. 45

EXHIBIT C TO THE DECLARATION

OF MARK A. WILNER IS FILED

UNDER SEAL PURSUANT TO

DOCKET NO. 45

EXHIBIT D TO THE DECLARATION

OF MARK A. WILNER IS FILED

UNDER SEAL PURSUANT TO

DOCKET NO. 45

Exhibit E Page 23

# EXHIBIT E

# EXHIBIT E

Exhibit E  Page 23

Page 1

```
 1                UNITED STATES DISTRICT COURT
 2           WESTERN DISTRICT OF WASHINGTON AT SEATTLE
 3       _____
 4       DIANNE L. KELLEY and KENNETH  )
         HANSEN,                       )
 5                                     )
                   Plaintiffs,         )
 6                                     )
                   vs.                 ) No. C070475 MJP
 7                                     )
         MICROSOFT CORPORATION, a      )
 8       Washington corporation,       )
                                       )
 9                 Defendant.          )
10       _____
11       VIDEOTAPED 30(b)(6) DEPOSITION UPON ORAL EXAMINATION OF
12                     MICROSOFT CORPORATION
13                         MARK TINDALL
14              (CONTAINS CONFIDENTIAL TESTIMONY
15               SUBJECT TO PROTECTIVE ORDER)
16       _____
17                          8:52 A.M.
18                      AUGUST 29, 2007
19              1001 FOURTH AVENUE, SUITE 4000
20                     SEATTLE, WASHINGTON
21
22
23
24       REPORTED BY: JULIE R. HEAD, CRR, RPR, CCR No. 3119
25
```

Yamaguchi Obien Mangio, LLC * www.yomreporting.com
520 Pike Street, Suite 1320, Seattle, Washington 98101 * (206) 622-6875 * 1 (800) 831-6973

Exhibit E  Page 24

Page 2

APPEARANCES

FOR THE PLAINTIFFS:
    WILLIAM C. SMART
    IAN S. BIRK
    Keller Rohrback LLP
    1201 Third Avenue, Suite 3200
    Seattle, Washington 98101-3052
    (206)623-1900
    wsmart@kellerrohrback.com
    ibirk@kellerrohrback.com

FOR THE PLAINTIFFS:
    JEFFREY I. TILDEN
    MARK A. WILNER
    Gordon Tilden Thomas & Cordell LLP
    1001 Fourth Avenue, Suite 4000
    Seattle, Washington 98154-1007
    (206)467-6477
    jtilden@gordontilden.com
    mwilner@gordontilden.com

Page 3

FOR THE DEFENDANT:
    CASSANDRA "CASSI" KINKEAD
    Davis Wright Tremaine LLP
    1201 Third Avenue, Suite 2200
    Seattle, Washington 98101-3045
    (206)757-8078
    cassikinkead@dwt.com

FOR THE DEFENDANT:
    CHARLES B. CASPER
    Montgomery, McCracken, Walker & Rhoads, LLP
    123 South Broad Street
    Philadelphia, Pennsylvania 19109
    (215)772-7223
    ccasper@mmwr.com

FOR THE DEFENDANT:
    LINDA K. NORMAN
    Microsoft Corporation
    One Microsoft Way
    Redmond, Washington 98052-6399
    (425)703-2780
    lnorman@microsoft.com

Page 4

ALSO PRESENT:
    TANIA GRANT, Video Specialist, Yamaguchi, Obien, Mangio, LLC

Page 5

INDEX

| EXAMINATION BY: | PAGE |
|---|---|
| MR. SMART | 7, 74 |
| MS. KINKEAD | 72 |

| | EXHIBITS FOR IDENTIFICATION | PAGE |
|---|---|---|
| 1 | Notice of Videotaped 30(b)(6) Deposition | 16 |
| 2 | Microsoft's Initial Disclosures | 24 |
| 3 | Large Black Binder of Documents Beginning with 8/17/07 Letter to Ian S. Birk from Stephen M. Rummage, Re: Kelley v. Microsoft Corp. - Western District No. C07-00475 MJP, MS-KELL 5000001 - 5000059, MS-KELL 000000000001 - 000000000276 | 27 |
| 4 | Windows Web Page Printout Entitled Choose and Edition. There's an Edition of Windows Vista That's Right for You | 65 |

2 (Pages 2 to 5)

Yamaguchi Obien Mangio, LLC * www.yomreporting.com
520 Pike Street, Suite 1320, Seattle, Washington 98101 * (206) 622-6875 * 1 (800) 831-6973

Exhibit E Page 25

Page 62

1  optimized and ready for set inappropriate expectations
2  and caused confusion among customers communicated to
3  retailers?
4      A. I don't know.
5      Q. Okay. Did you look for any documents that
6  communicated that fact to retailers?
7      A. No, I did not.
8      Q. Do you know of anybody who did?
9      A. No, I don't.
10     Q. Do you know why terms such as Ready for
11 Windows Vista would cause customer confusion where
12 Windows Vista Capable would not cause such confusion?
13     A. No, I don't.
14     Q. Do you know what the documents are that
15 reflect the research that determined that Ready for
16 Windows would cause confusion whereas Windows Vista
17 Capable would not cause confusion?
18     A. Once again, no, I have no knowledge of any
19 research.
20     Q. And you didn't look for such documents and
21 don't know where they might -- those documents might be,
22 if they do exist?
23     A. That's correct.
24     Q. Okay.
25        Could we take a little short break? I think

Page 63

1  we've been going for an hour or so.
2      MS. NORMAN: Sure.
3      THE VIDEOGRAPHER: We are now going off the
4  record in the continuing deposition of Mark Tindall.
5  The time is now 10:16 a.m.
6      (Recess taken.)
7      THE VIDEOGRAPHER: We are now back on the
8  record in the continuing deposition of Mark Tindall.
9  The time is now 10:26 a.m.
10     Q. (BY MR. SMART:) Mr. Tindall, are there
11 documents that require retailers to report their sales
12 of products that contain Microsoft software?
13     MS. KINKEAD: Objection: Lack of foundation.
14     A. So, your question, if I understand it, is
15 do -- do we have documents that show a requirement to
16 report what kind of products for Microsoft -- I'm not a
17 hundred-percent clear.
18     Q. (BY MR. SMART:) Well, let's take -- Let's
19 take the sales of computers that were designated Windows
20 Vista Capable. I was presuming that there were
21 documents reflecting financial information whereby the
22 retailers would report how many and for what price they
23 sold to Microsoft.
24     A. I'm not aware of any documents to that nature.
25     Q. Did you look for any?

Page 64

1      A. No.
2      Q. Okay. Who would know that information?
3      A. I don't know.
4      Q. Wasn't part of the Windows Vista Capable
5  program the establishment of a rebate or discount
6  program for various sellers of computers that contained
7  Microsoft product?
8      MS. KINKEAD: Objection: Lack of foundation.
9      A. That was not an area that I was responsible
10 for managing.
11     Q. (BY MR. SMART:) Sure. But you knew -- You
12 knew that there was such a program, right?
13     A. I was aware of the Express to Vista Upgrade
14 program.
15     Q. Okay. And wasn't there some sort of
16 requirement that the retailers would report back how
17 many they would sell?
18     A. I don't know.
19     MS. KINKEAD: Same objection.
20        Go ahead.
21     A. I don't know.
22     Q. (BY MR. SMART:) Did you look for any such
23 documents that reflected the number of sales or the
24 amount of the sales of any products under the Windows
25 Vista Capable program, whether it was the original sales

Page 65

1  of computers or the Express Upgrades?
2      A. No.
3      Q. Did anybody at Microsoft, prior to your
4  deposition here today?
5      A. Not that I'm aware of.
6      Q. Would it be fair to say, then, that with
7  regard to the existence of such information or what
8  information there is, you just don't have any idea?
9      A. Yes.
10     Q. Okay. Thank you.
11        This will be Exhibit No. 4.
12        (Plaintiffs' Exhibit 4 was marked for
13        identification.)
14     Q. (BY MR. SMART:) Showing you Exhibit No. 4 to
15 your deposition, sir. Are you familiar with this
16 document?
17     A. So, I'm assuming you got this from a Windows
18 Vista website; is that right?
19     Q. Or somebody.
20     A. Okay. This information looks familiar to me,
21 yes.
22     Q. Okay. It's simply a document off the website
23 that identifies what the features are for Windows Vista,
24 right?
25     A. Um-hum.

17 (Pages 62 to 65)

Yamaguchi Obien Mangio, LLC * www.yomreporting.com
520 Pike Street, Suite 1320, Seattle, Washington 98101 * (206) 622-6875 * 1 (800) 831-6973

Exhibit E Page 26

Page 66

1   Q.  Is that a yes?
2   A.  Yes, yeah, that looks correct.
3   Q.  Okay. And there are 17 possible features; is
4   that right?
5   A.  Well, I can count them.
6       Yes, it looks like we put 17 on this
7   particular chart.
8   Q.  Okay. And Basic gives customer three of those
9   features, right?
10  A.  That looks to be accurate.
11  Q.  Okay. Was there any document, to your
12  knowledge, that required retailers to tell customers
13  that if a customer bought -- bought Windows Vista Basic,
14  it was only going to get three of the potential 17
15  different features?
16      MS. KINKEAD: I'm sorry, could you read that
17  back, please?
18      (Record read as follows:
19      Q. "Was there any document, to your
20      knowledge, that required retailers to
21      tell customers that if a customer bought
22      Windows Vista Basic, it was only going
23      to get three of the potential 17
24      different features?")
25  A.  To my knowledge, we shared things similar to

Page 67

1   this grid with retailers.
2   Q.  (BY MR. SMART:) Appreciate that information,
3   sir. It wasn't quite what I asked.
4       My question was: Is there any document, that
5   you know of, generated by Microsoft that required
6   retailers to tell customers that if they bought --
7   bought Windows Vista Basic, they would get only three of
8   the 17 potential Vista features?
9   A.  With regard to requiring retailers to -- to
10  tell a customer, I know of no document that requires
11  that.
12  Q.  Do you know of any advertisements that
13  advertise Windows Vista that told customers that if they
14  bought Windows Vista Basic, they would only get three of
15  the 17 features?
16      MS. KINKEAD: Objection: Lack of foundation.
17  A.  I don't know of any advertising, no.
18  Q.  (BY MR. SMART:) Prior to your deposition here
19  today, sir, did you look for any documents in the form
20  of advertisements to determine whether or not any of
21  those advertisements alerted customers to the fact that,
22  if they bought Windows Vista Basic, they would only get
23  three of 17 features?
24  A.  No.
25  Q.  Do you know of anybody who did?

Page 68

1   A.  No, I do not.
2   Q.  What is the difference between Windows Vista
3   Capable and Optimized for Windows Vista, to your
4   understanding?
5   A.  I don't know.
6   Q.  Do you know of any documents that exist that
7   explain the difference between those two concepts?
8   A.  No, I don't.
9   Q.  Did you ask anybody in the OEM group or the
10  Windows business group or any of the ad agencies whether
11  any such documents existed?
12  A.  No.
13  Q.  What is the difference between Ready for
14  Windows Vista and Windows Vista Capable?
15  A.  I don't specifically know the difference
16  between those two terms.
17  Q.  Did you look for any documents that explain
18  the difference?
19  A.  No.
20  Q.  Did you ask anybody at the other groups --
21  such as the Windows business group, the OEM group, or
22  McCann-Erickson -- for any such documents?
23  A.  No.
24  Q.  Was there any effort on -- to your knowledge,
25  to explain the differences of those concepts to

Page 69

**REDACTED PER MICROSOFT'S REQUEST**

18 (Pages 66 to 69)

Yamaguchi Obien Mangio, LLC * www.yomreporting.com
520 Pike Street, Suite 1320, Seattle, Washington 98101 * (206) 622-6875 * 1 (800) 831-6973

Exhibit E Page 27

Page 78

1  Q. Do you know of any documents, real -- strike
2  that.
3      Have you looked for any documents, prior to
4  your deposition here today, that relate to
5  advertisements created by any retailers for Windows
6  Vista capability?
7  A. No.
8  Q. Do you know of anybody at Microsoft who has?
9  A. No.
10 Q. And I think I earlier asked you this: You
11 haven't looked for any advertisements created by
12 Microsoft for Windows Vista capability, right?
13 A. No, I have not.
14 Q. I don't have any further questions.
15     MS. KINKEAD: Nothing further.
16     MR. SMART: Thank you, Mr. Tindall.
17     MS. KINKEAD: Thank you.
18     THE VIDEOGRAPHER: Here ends the deposition of
19 Mark Tindall. This is the end of tape one. The time is
20 now 10:56 a.m.
21     (Deposition concluded at 10:56 a.m.)
22     (Signature reserved.)
23
24
25

Page 79

1  CORRECTION & SIGNATURE PAGE
2  RE: DIANNE L. KELLEY, ET AL. v MICROSOFT CORPORATION
3     WESTERN DISTRICT AT SEATTLE; NO. C07-0475 MJP
4  MARK TINDALL; TAKEN AUGUST 29, 2007
5     Reported by: JULIE R. HEAD, CCR No. 3119
6     I, MARK TINDALL, have read the within
7  transcript taken AUGUST 29, 2007, and the same is true
8  and accurate except for any changes and/or corrections,
9  if any, as follows:
10 PAGE/LINE        CORRECTION          REASON
11 _____
12 _____
13 _____
14 _____
15 _____
16 _____
17 _____
18 _____
19 _____
20 _____
21 _____
22     Signed at _____, Washington,
23 on this date: _____
24
25         _____
                MARK TINDALL

Page 80

1  REPORTER'S CERTIFICATE
2
3     I, JULIE R. HEAD, the undersigned Certified Court
4  Reporter and Notary Public, do hereby certify:
5     That the sworn testimony and/or proceedings, a
6  transcript of which is attached, was given before me at
7  the time and place stated therein; that any and/or all
8  witness(es) were by me duly sworn to testify to the
9  truth; that the sworn testimony and/or proceedings were
10 by me stenographically recorded and transcribed under
11 my supervision, to the best of my ability; that the
12 foregoing transcript contains a full, true, and
13 accurate record of all the sworn testimony and/or
14 proceedings given and occurring at the time and place
15 stated in the transcript; that I am in no way related
16 to any party to the matter, nor to any counsel, nor do
17 I have any financial interest in the event of the case.
18     WITNESS MY HAND AND SEAL THIS 31st day of August,
19 2007.
20
21
22 JULIE R. HEAD, CRR, RPR
   Certified Court Reporter
23 CCR No. 3119
   Notary Public in and for the
24 State of Washington, residing in
   Snohomish County. Commission
25 Expires 8-09-11.

21 (Pages 78 to 80)

Yamaguchi Obien Mangio, LLC * www.yomreporting.com
520 Pike Street, Suite 1320, Seattle, Washington 98101 * (206) 622-6875 * 1 (800) 831-6973

Exhibit E Page 28

# EXHIBIT F TO THE DECLARATION OF MARK A. WILNER IS FILED UNDER SEAL PURSUANT TO DOCKET NO. 45

# EXHIBIT G

## Mark Wilner

**From:** Kinkead, Cassandra [cassikinkead@DWT.com]
**Sent:** Friday, September 14, 2007 12:54 PM
**To:** Mark Wilner
**Cc:** Kinkead, Cassandra; Rummage, Steve; ccasper@mmwr.com
**Subject:** Kelley

Mark,

As we discussed, in exchange for your withdrawal of the portion of your motion to compel that seeks production of all OEM agreements, we are willing to stipulate to numerosity of the class as defined in your current complaint.

Please let me know if you have any questions or if I have misstated our understanding.

Thank you,
Cassi

Cassandra Kinkead | Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200 | Seattle, WA 98101
Tel: (206) 757-8078 | Fax: (206) 757-7078 | Mobile: (206) 612-7749
Email: cassikinkead@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

Disclaimer: This message may contain confidential communications protected by the attorney client privilege. If you received this message in error, please delete it and notify the sender.

Exhibit G Page 33

9/14/2007