1
2
3
4
5
6
7
8
9
10                                                          Honorable Marsha J. Pechman
11
12                          UNITED STATES DISTRICT COURT
13                   WESTERN DISTRICT OF WASHINGTON AT SEATTLE
14
15   DIANNE L. KELLEY and KENNETH
16   HANSEN,                                    NO.  C07-0475 MJP
17
18                    Plaintiffs,              PLAINTIFFS' RESPONSE TO
19                                             MICROSOFT'S MOTION FOR
20           v.                                ENTRY OF PROTECTIVE ORDER
21
22   MICROSOFT CORPORATION, a Washington       CLASS ACTION
23   Corporation,
24
25                    Defendant.
26
27
28   **A.    Microsoft's Proposed Protective Order is Functionally No Different Than the**
29   **       Proposed Order the Court Rejected as Noncompliant with CR 5(g).**
30
31           We do not believe that Microsoft's proposed protective order adheres to the procedures
32
33   set forth in CR 5(g) or the Court's Order Denying Motion for Protective Order entered on
34
35   September 13, 2007 ("Order").  See Dkt. 42.  The Court's Order holds that CR 5(g) does not
36
37   permit so-called "placeholder motions" to be filed by parties, like plaintiffs, who not only have
38
39   no ability to provide the "clear statement of the facts justifying a seal and overcoming the strong
40
41   presumption in favor of public access" required by CR 5(g)(2), but who also may want to oppose
42
43   the filing of documents under seal.  See id. at 1:15-17 ("The local rules do not provide for this
44
45   type of procedure, whereby a party wishing to submit documents that another party has marked

PLAINTIFFS' RESPONSE TO MICROSOFT'S MOTION          **GORDON TILDEN THOMAS & CORDELL LLP**
FOR ENTRY OF PROTECTIVE ORDER - 1                        1001 Fourth Avenue, Suite 4000
No. C07-0475 MJP                                              Seattle, WA  98154
                                                          Phone (206) 467-6477
                                                           Fax (206) 467-6292

Dockets.Justia.com

"confidential" submits the documents "conditionally under seal" and shifts the burden to move for an order sealing the documents to the other party."). It is, and should remain, the moving party's burden to seek such an order and comply with CR 5(g) in doing so. See also Doe v. Mercer Island School Dist. No. 400, No. C06-395JLR, 2006 U.S. Dist. LEXIS 84320, at *4 (W.D. Wash. Nov. 20, 2006) ("the local rules require the movant to make a 'compelling showing'" under CR 5(g)) (emphasis added).

Although Paragraph 13 of Microsoft's proposed protective order uses different words than Paragraph 13 of the proposed order that the Court rejected, in our view, the net effect remains the same: if plaintiffs want to file a document unilaterally designated by Microsoft as "confidential," plaintiffs—the parties with no interest in sealing and no ability to meet the requirements of CR 5(g)—would have to file a "placeholder" motion to seal that would operate to "conditionally" seal the document and shift the burden to Microsoft. This procedure does not adhere to CR 5(g), and we do not see how it differs in substance from the procedure the Court rejected in its Order. Dkt. 42. That is why we declined to sign the revised proposed protective order when Microsoft presented it to us.

Similarly, Paragraph 12 of Microsoft's proposed protective order, if entered, would require "[t]he filing party" to "file 'CONFIDENTIAL' material under seal in compliance with Rule 26(c)(7) and Local Rule 5(g)." Again, this would be an impossible burden for plaintiffs to satisfy when submitting documents Microsoft has deemed "confidential." Indeed, we question whether such a motion to seal, if required to be presented by plaintiffs, would comport with Rule 11. See Fed. R. Civ. P. 11(b)(2)-(3).

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

**B.     Microsoft's Proposed Protective Order Remains Overly-Broad and Promotes the Excessive Use of the Confidentiality Designation That Rules Such as CR 5(g) Were Designed to Limit.**

Plaintiffs previously signed Microsoft's prior stipulation for the now-rejected protective

order in an effort to be cooperative and with the hope that it would remove a barrier to the

commencement of Microsoft's document production.  To be clear, however, we have had

difficulty with Microsoft's concept of a protective order from the beginning of this litigation.  As

we told counsel for Microsoft in early August (and as we continue to maintain today):

> We do not believe agreeing to be bound to a blanket protective order comports
> with our obligations as counsel in a putative class action seeking to obtain redress
> for alleged consumer protection violations. . . .  We are open to considering a
> simpler, narrowly-tailored protective order; however, as a general operating
> principle, we view blanket protective orders with skepticism given the recent
> court decisions and the frustrations such orders create for counsel and courts in
> attempting to comply with them.

Dkt. 41-4 at 2.

We believe one of the purposes underlying CR 5(g) is to prevent giving effect to broad-

brush designations of "confidential"—an unfortunate practice that has become all too common in

modern litigation.  See also Lahrichi v. Lumera Corp., No. C04-2124C, 2007 U.S. Dist. LEXIS

37208, at *2 (W.D.Wash. May 22, 2007) ("simply because documents produced or created in

discovery were designated as 'confidential' during discovery does not justify sealing them from

public view when filed on the Court's docket").  Microsoft has placed the "CONFIDENTIAL"

designation on virtually all of the documents it has produced thus far (by our count, fewer than

one percent have been produced without such designation).

**C.     Conclusion**

We will do whatever the Court wants us to do on this issue.  We believe, however, that

plaintiffs have legitimate concerns regarding the proposed protective order presented by

PLAINTIFFS' RESPONSE TO MICROSOFT'S MOTION
FOR ENTRY OF PROTECTIVE ORDER - 3
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Microsoft. Our concerns include the following: (a) we need discovery unfettered by Microsoft's expansive view of confidentiality; (b) if the civil rules are not adequate protection for Microsoft, we need clear and reasonable procedures to follow when filing documents unilaterally marked "confidential" by Microsoft; (c) we do not want to have to make motions to seal that we cannot and do not support; (d) confidentiality designations, as a general matter, should be limited; and (e) and it should always remain the burden of Microsoft, not plaintiffs, to seek orders sealing those documents Microsoft designates as "confidential."

DATED this 19th day of September, 2007.

**GORDON TILDEN THOMAS & CORDELL** LLP

By _____

Jeffrey I. Tilden, WSBA #12219
Jeffrey M. Thomas, WSBA #21175
Michael Rosenberger, WSBA #17730
Mark A. Wilner, WSBA #31550

**KELLER ROHRBACK L.L.P.**

By _____ FOR:

William C. Smart, WSBA #8192
Ian S. Birk, WSBA #31431

Attorneys for Plaintiffs

PLAINTIFFS' RESPONSE TO MICROSOFT'S MOTION
FOR ENTRY OF PROTECTIVE ORDER - 4
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following.

Counsel for Defendant Microsoft Corporation

Stephen M. Rummage, WSBA #11168
Cassandra L. Kinkead, WSBA #22845
Charles S. Wright, WSBA #31940
Davis Wright Tremaine LLP
1201 Third Avenue Suite 2200
Seattle, Washington 98101-3045
steverummage@dwt.com
cassandrakinkead@dwt.com
charleswright@dwt.com

Counsel for Defendant Microsoft Corporation – Admitted Pro Hac Vice

Charles B. Casper
Montgomery, McCracken, Walker & Rhoads
123 South Broad Street
Philadelphia, PA 19109
ccasper@mmwr.com

**GORDON TILDEN THOMAS & CORDELL** LLP

By _____
      Mark A. Wilner, WSBA #31550
      Attorneys for Plaintiff
      1001 Fourth Avenue, Suite 4000
      Seattle, WA 98154-1007
      Telephone: (206) 467-6477
      Facsimile: (206) 467-6292
      Email: mwilner@gordontilden.com

PLAINTIFFS' RESPONSE TO MICROSOFT'S MOTION
FOR ENTRY OF PROTECTIVE ORDER - 5
No. C07-0475 MJP

**GORDON TILDEN THOMAS & CORDELL** LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292