The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANNE KELLEY and KENNETH HANSEN, ) ) Plaintiffs, ) ) v. ) ) MICROSOFT CORPORATION, a Washington corporation, ) ) ) Defendant. ) ) | No. C07-475 MJP REPLY IN SUPPORT OF MICROSOFT'S MOTION FOR ENTRY OF PROTECTIVE ORDER **Note on Motion Calendar:** September 25, 2007 |

      Plaintiffs state the obvious, i.e., that the parties are willing to "do whatever the Court wants us to do on this issue." Resp. at 3:43. But Microsoft believes the Court already has told the parties what to do, having "direct[ed] the parties to revise their protective order to reflect the sealing procedure articulated in Local Civil Rule 5(g)." Order Denying Motion [Dkt. No. 42] at 1:17-19. Because the Protective Order that Microsoft submitted complies with the Court's direction, Microsoft respectfully requests that the Court enter the Order as revised to address the Court's concerns. And, of course, if Microsoft has misunderstood the Court's intentions, Microsoft will comply promptly with whatever guidance the Court provides.

      In response, plaintiffs have not suggested an alternative to Microsoft's proposal. Instead, they raised two issues that can be readily disposed of:

REPLY IN SUPPORT OF MICROSOFT'S MOTION
FOR ENTRY OF PROTECTIVE ORDER (C07-0475 MJP) — 1
SEA 2098252v2 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*First*, plaintiffs express concern that they may be required to file a motion to seal that they do not support. Resp. at 1-2. But plaintiffs themselves proposed *precisely* that procedure at the outset of discussions on the Stipulated Protective Order. On August 14, 2007, plaintiffs' counsel Ian Birk emailed a revised draft Protective Order containing the following language (with language added by plaintiffs' counsel in bold italics):

> Documents containing "CONFIDENTIAL" material shall not be filed with the Court unless it is *reasonably* necessary to do so for purposes of trial, motions (including without limitation, motions for class certification, preliminary injunction or summary judgment) or other Court matters. The *filing party* shall take all reasonable steps to file "CONFIDENTIAL" material under seal *and shall contemporaneously file a motion to seal in compliance with* FRCP 26(c)(7) and Local Rule 5(g). *In all cases, however, the party or nonparty designating the material as "CONFIDENTIAL" shall have the burden of supporting the motion to seal. The "CONFIDENTIAL" material shall remain under seal until the Court has ruled on the motion to seal.*

This language does not differ materially from Paragraph 13 in the Protective Order that Microsoft has now submitted to the Court: both proposals provide that the party filing papers designated "CONFIDENTIAL" must move to seal; both proposals contemplate that the party that has designated the "CONFIDENTIAL" documents (*not* the party that filed the motion to seal) must support that designation; and both provide that the papers must remain sealed pending disposition of the motion. The proposals differ only in that Microsoft has provided a timeline for noting the motion to seal (designed to enable adequate preparation of papers by the party seeking protection), which tracks *exactly* what plaintiffs agreed to in the Stipulated Protective Order. *Compare* Stipulated Prot. Order [Dkt. No. 35] ¶13 (providing for motion fifteen business days from submission of "CONFIDENTIAL" material) *with* Prot. Order [Dkt. No. 43] ¶ 13 (providing for noting motion to seal "fifteen judicial days" after filing).

In short, the revised Protective Order includes *only* provisions that plaintiffs either proposed or agreed to in the past, while complying with this Court's direction. Plaintiffs have no legitimate concern that filing a motion to seal in such circumstances might violate Rule 11. *See* Resp. at 2:39-41. As plaintiffs understood when they proposed this approach in August,

REPLY IN SUPPORT OF MICROSOFT'S MOTION
FOR ENTRY OF PROTECTIVE ORDER (C07-0475 MJP) — 2

SEA 2098252v2 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

such a motion would not need to say anything beyond the fact that Microsoft has designated the filed materials "CONFIDENTIAL," that the Protective Order provides for a motion to seal upon filing such materials with the Court, and that Microsoft will bear the burden of "mak[ing] the showing required under CR 5(g) in its response" – just as the Court directed. *See* Order [Dkt. No. 42] at 1:21.[1]

***Second***, plaintiffs profess "difficulty with Microsoft's concept of a protective order," hinting at a concern that the proceedings in this case might be hidden from public view and suggesting that any "blanket protective order" is suspect. *See* Resp. at 3:11-23. Leaving aside that plaintiffs agreed to a Stipulated Protective Order (so their anxiety about it should no longer be an issue), Microsoft's proposed Protective Order would not hide anything. To the contrary, under the Protective Order that Microsoft now advocates (just as under the Order to which plaintiffs agreed), a party seeking to seal a document ***must*** make the showing required by Local Rule 5(g). The Protective Order simply provides a framework for designating materials "CONFIDENTIAL" and resolving disputes that might arise as to the propriety of that designation, thereby facilitating the orderly disposition of questions concerning the production and filing of commercially sensitive documents.

Thus, the Protective Order will provide a ready means for disposing of plaintiffs' complaint that Microsoft has designated too many of the documents it has produced thus far as "CONFIDENTIAL." Resp. at 3:35-37. *See* Prot. Order (Dkt. 43) ¶11 (providing means of resolving disputes over "CONFIDENTIAL" designation). Plaintiffs' reservations about the scope of Microsoft's designations (which Microsoft believes are ill-founded) thus provide a reason for entering the Protective Order – not a reason to avoid the issue, as plaintiffs suggest.

---

[1] Given that the Court has rejected the idea of a "conditional" filing under seal, Microsoft sees only one other option: for the filing party to provide sufficient advance notice of a filing to allow the designating party to make a properly supported motion under Local Rule 5(g). In its initial drafts of the Stipulated Protective Order, Microsoft proposed such an alternative procedure, which would have required a party intending to use "CONFIDENTIAL" material to give "[a]t least fifteen (15) business days" notice, so as to provide the party designating the materials an opportunity to document and file a motion to seal under Local Rule 5(g)(2). Plaintiffs rejected Microsoft's proposal.

REPLY IN SUPPORT OF MICROSOFT'S MOTION
FOR ENTRY OF PROTECTIVE ORDER (C07-0475 MJP) — 3
SEA 2098252v2 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

For these reasons, Microsoft respectfully requests that the Court enter the Protective Order that it has presented, as plaintiffs have agreed to every provision in that Protective Order except for those Paragraphs that Microsoft has modified at the Court's direction.[2]

RESPECTFULLY SUBMITTED this 25th day of September, 2007.

    Davis Wright Tremaine LLP
    Attorneys for Microsoft Corporation

By */s/ Stephen M. Rummage*
    Stephen M. Rummage, WSBA #11168
    Cassandra Kinkead, WSBA #22845
    Charles S. Wright, WSBA #31940
    1201 Third Avenue, Suite 2200
    Seattle, WA 98101-3045
    Telephone: (206) 622-3150
    Fax: (206) 757-7700
    E-mail: steverummage@dwt.com
            cassandrakinkead@dwt.com
            charleswright@dwt.com

Of Counsel:

Charles B. Casper
Patrick T. Ryan
Montgomery, McCracken,
 Walker & Rhoads, LLP
123 S. Broad Street
Philadelphia, PA 19109
(215) 772-1500

---

[2] On re-reading the revised Protective Order, Microsoft believes that changes must be made in Paragraph 14 to accommodate the revised procedure established in Paragraph 13 in response to the Court's direction. Accordingly, along with this Reply, Microsoft is submitting a revised version of the Protective Order. A redline of Paragraph 14 is attached to this Reply as Exhibit A, showing the modest changes to Paragraph 14; Microsoft's counsel will email a complete Word copy of the Protective Order to the Court's chambers.

REPLY IN SUPPORT OF MICROSOFT'S MOTION
FOR ENTRY OF PROTECTIVE ORDER (C07-0475 MJP) — 4

SEA 2098252v2 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# Exhibit A

REPLY IN SUPPORT OF MICROSOFT'S MOTION
FOR ENTRY OF PROTECTIVE ORDER (C07-0475 MJP) — 5

SEA 2098252v2 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## REDLINE OF PARAGRAPH 14
### SHOWING REVISIONS DESCRIBED IN FOOTNOTE 2

14.  In the event the Court denies a ~~filing party's or non-party's~~ motion to seal documents labeled "CONFIDENTIAL," the Clerk of the Court shall leave the documents under seal for a period of three (3) three judicial days after the date of the Court's denial of the motion to seal.  ~~Within that time~~ <u>If the filing party initially designated the documents "CONFIDENTIAL," then within that three (3) day</u> period, the filing party may, at its option, file replacement documents that do not contain "CONFIDENTIAL" material, in which case the documents initially filed under seal shall be returned to the filing party and not be considered by the Court.  If the filing party does not file replacement documents within the time period prescribed by this Paragraph, the material shall be filed unsealed in the Court file.

REPLY IN SUPPORT OF MICROSOFT'S MOTION
FOR ENTRY OF PROTECTIVE ORDER (C07-0475 MJP) — 6
SEA 2098252v2 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2007, I electronically filed the foregoing Reply in Support of Microsoft's Motion for Entry of Protective Order with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jeffrey I. Tilden: | jtilden@gordontilden.com |
| Jeffrey M. Thomas: | jthomas@gordontilden.com |
| Michael Rosenberger: | mrosenberger@gordontilden.com |
| Mark A. Wilner: | mwilner@gordontilden.com |
| William C. Smart: | wsmart@kellerrohrback.com |
| Mark A. Griffin: | mgriffin@kellerrohrback.com |
| Ian S. Birk: | ibirk@kellerrohrback@dwt.com |

DATED this 25th day of September, 2007.

Davis Wright Tremaine LLP
Attorneys for Defendant
Microsoft Corporation

By */s/ Stephen M. Rummage*
    Stephen M. Rummage, WSBA #11168
    Davis Wright Tremaine LLP
    Suite 2200
    1201 Third Avenue
    Seattle, WA 98101-3045
    Telephone: (206) 757-8136
    Fax: (206) 757-7136
    E-mail: steverummage@dwt.com

REPLY IN SUPPORT OF MICROSOFT'S MOTION
FOR ENTRY OF PROTECTIVE ORDER (C07-0475 MJP) — 7

SEA 2098252v2 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700