The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANNE KELLEY and KENNETH HANSEN, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>MICROSOFT CORPORATION, a Washington )<br>corporation, )<br>)<br>Defendant. )<br>) | No. C 07-475 MJP<br><br>MICROSOFT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO SEAL CONFIDENTIAL DOCUMENTS<br><br>**Note on Motion Calendar:**<br>October 5, 2007 |

On September 14, 2007, plaintiffs filed their Reply in Support of Motion to Compel Discovery and to Deem Certain Requests for Admission "Admitted" [Dkt. No. 46] ("Plaintiffs' Reply"). Along with that Reply, they submitted a Supplemental Declaration of Mark Wilner [Dkt. Nos. 47 & 48] and attached as Exhibits A-D and F a set of documents, including portions of a deposition transcript, that Microsoft had designated as "Confidential" and that plaintiffs previously had agreed would, if filed with the Court, be filed under seal.

Having been alerted to plaintiffs' intent to file those documents in support of their motion, Microsoft on that same day filed a motion to seal pursuant to LR 7(d)(2)(D) [Dkt. No. 45], noted the motion for consideration on October 5, 2007, and represented that it would file material to support that motion to seal on or before October 2, 2007. This brief, supported by

MICROSOFT'S SUPPLEMENTAL MEM. IN SUPPORT OF
MOTION TO SEAL (NO. C07-475 MJP) – 1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 Fax: (206) 757-7700

the contemporaneously-filed Declaration of Nicholas J. Psyhogeos ("Psyhogeos Decl."), makes the showing required by Local Rule 5(g).

The confidential documents at issue are:

Exhibit A: Excerpts of the Rule 30(b)(6) Deposition Transcript of Christine Mullaney Sundlie, in which plaintiffs' counsel questioned Ms. Mullaney Sundlie about (i) incentive discounts and compliance with milestones under Microsoft's Market Development Agreements with OEMs and (ii) terms of Microsoft's Designed for Microsoft Windows and Windows Vista Logo License Agreement with OEMs.

Exhibit B: Excerpts of Microsoft's OEM Marketing Bulletin, dated September 20, 2006, concerning the "Windows Vista Capable" program.

Exhibit C: Excerpts from a draft Cooperative Market Development Agreement between Microsoft and one of Microsoft's OEM partners.

Exhibit D: A letter, dated December 27, 2001, from Microsoft to another OEM partner concerning incentive discounts under a Cooperative Market Development Agreement.

Exhibit F: Excerpts from a Microsoft Desktop Operating System License Agreement for OEM Customers.

Supplemental Declaration of Mark Wilner [Dkt. Nos. 47 & 48] ("Wilner Supp. Decl."), Exhs. A-D & F (filed under seal).

In submitting these documents along with their Reply, plaintiffs did not argue that they have any bearing on the merits of the claims asserted in the lawsuit. Rather, plaintiffs submitted these documents on the pending Motion to Compel Discovery *only* because these materials contain words or phrases that resemble some of the words or phrases that Microsoft objected to as making certain of Plaintiffs' First Set of Requests for Admissions vague and ambiguous. *See* Plaintiffs' Reply [Dkt. No. 46] at 2. In these circumstances, under controlling Ninth Circuit authority, the public does not have a presumptive right of access to these documents. Thus, while the nature of the documents would make it appropriate to seal under any circumstances, a sealing order of the sort Microsoft requests is particularly appropriate here.

MICROSOFT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO SEAL CONFIDENTIAL DOCUMENTS (NO. C07-475 MJP) – 2

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

In *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), the Ninth Circuit explained that the usual presumption of public access to judicial records does not apply to a discovery document attached to a non-dispositive motion. The court said:

> We have … "carved out an exception to the presumption of access" to judicial records, *Foltz* [*v. State Farm Mutual Auto. Insurance Co.*], 331 F.3d [1122,] 1135 [(9th Cir. 2003)], for a "**sealed discovery document** [attached] to a **non-dispositive** motion," such that "the usual presumption of the public's right of access is rebutted." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (emphasis added). There are, as we explained in *Foltz*, "good reasons to distinguish between dispositive and non-dispositive motions." 331 F.3d at 1135. Specifically, the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often "'unrelated, or only tangentially related, to the underlying cause of action.'" *Id*. (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)).

447 F.3d at 1179 (emphasis in original). Here, plaintiffs' pending Motion to Compel Discovery is a non-dispositive motion, and ─ particularly in light of plaintiffs' narrow purpose in submitting the discovery materials to the Court ─ the documents are, at best, "only tangentially related" to the claims plaintiffs assert in this lawsuit.[1]

Balanced against this, Microsoft has a strong interest in keeping the terms of its contractual relationships with its OEM partners and the details of its marketing strategies confidential and unavailable to competitors. As explained in the accompanying Psyhogeos Declaration, each of the materials at issue is, or contains information about, a commercially sensitive business matter, and each is of significant competitive value to Microsoft. *Id*. ¶ 4.[2]

---

[1] The OEM Marketing Bulletin and the Designed for Microsoft Windows and Windows Vista Logo License Agreement do contain information pertinent to Microsoft's defenses to plaintiffs' claims, but that information is not why plaintiffs submitted these materials with its reply in support of its motion to compel.

[2] Two pages of Exhibit A to the Wilner Supplemental Declaration contain excerpts from the deposition of Christine Mullaney Sundlie that Microsoft has not designated as Confidential and that it is, therefore, not seeking to have maintained under seal. Those two pages of Exhibit A contain pages 54-61 of the deposition transcript.

MICROSOFT'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF ITS MOTION TO SEAL CONFIDENTIAL
DOCUMENTS (NO. C07-475 MJP) – 3

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

In particular, the terms of Microsoft's contracts with its OEM partners — such as (a) the Market Development Agreements discussed or included in Exhibits A, C and D to the Wilner Supplemental Declaration, (b) the Designed for Microsoft Windows and Windows Vista Logo License Agreement discussed in Exhibit A, and (c) the Desktop Operating System License Agreement for OEM Customers included in Exhibit F — are commercially sensitive matters that are not divulged to Microsoft's competitors or the public. *See* Psyhogeos Decl. ¶¶ 8, 9-11. Likewise, the marketing strategies set out in the OEM Marketing Bulletin for the "Windows Vista Capable" program were not disclosed to Microsoft's competitors or the public. *Id*. ¶ 12.

Indeed, even before being designated as "Confidential" in this lawsuit, each of the business documents (Exhs. B, C, D and F) was labeled "Confidential" in a footer on each page of the document. *See* Psyhogeos Decl. ¶ 4. This demonstrates that both Microsoft and the particular OEMs involved intended that these materials be kept confidential. Further, the OEMs themselves have contractual rights to confidentiality under their agreements with Microsoft, and they expect that Microsoft will maintain that confidentiality. *Id*. ¶ 5.

The Psyhogeos Declaration describes the substantial efforts Microsoft takes to maintain the confidentiality of commercially sensitive business documents such as the ones plaintiffs have attached to the Wilner Supplemental Declaration — including (a) maintaining these types of materials in areas not open to the public in locations protected by passwords (for online information) or locked cabinets and/or doors accessible only with company-issued keys held by those with responsibility for protecting this information, and (b) making this information available only to Microsoft personnel with a business need for the information and to the particular OEM(s) to which the information pertains. *Id*. ¶¶ 14-15. Further, Microsoft made its marketing strategies available to OEMs only under a non-disclosure agreement. *Id.* ¶ 12.

MICROSOFT'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF ITS MOTION TO SEAL CONFIDENTIAL
DOCUMENTS (NO. C07-475 MJP) – 4

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

The public disclosure of the terms of any of Microsoft's agreements with OEMs or the details of Microsoft's marketing strategies would put Microsoft at a competitive disadvantage vis-à-vis its software competitors. Psyhogeos Decl. ¶¶ 16-17. If Microsoft's competitors knew the terms to which Microsoft was willing to agree with OEM partners, those competitors could use that information in their own negotiations with OEMs. *Id.* ¶ 16. If competitors knew the details of marketing strategies that Microsoft had developed for use by its OEM partners, those competitors could use that information in their own marketing programs or could structure their own marketing programs to undercut the effectiveness of the strategies Microsoft had developed. *Id.* ¶ 17. Public disclosure of these materials would thus put Microsoft at a significant competitive disadvantage in the marketplace. *Id.* ¶¶ 16-17.

Balancing plaintiffs' limited purpose in submitting these materials to the Court on a non-dispositive motion against the commercially sensitive nature of the materials and the competitive harm that could result if they become part of the public record demonstrates that Microsoft has made the showing required under CR 5(g). *See Kamakana*, 447 F.3d at 1179-80 (articulating "good cause" standard for sealing discovery documents attached to non-dispositive motions). As a result, the materials should remain under seal.

For these reasons, and for those set out in Microsoft's Motion to Seal Confidential Documents, Microsoft requests that the Court enter an order under Local Civil Rule 5(g) directing that Exhibits A (except pages 54-61 of the deposition transcript), B, C, D and F to the Supplemental Declaration of Mark Wilner [Dkt. Nos. 47 & 48] remain filed under seal. Consistent with its proposed order, Microsoft proposes that a redacted copy of plaintiffs'

MICROSOFT'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF ITS MOTION TO SEAL CONFIDENTIAL
DOCUMENTS (NO. C07-475 MJP) – 5

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

reply brief (which will delete only a few sentences of no significance to this case) should be filed for public record.

DATED this 1st day of October, 2007.

        Davis Wright Tremaine LLP
        Attorneys for Microsoft Corporation

By */s/ Stephen M. Rummage*
   Stephen M. Rummage, WSBA #11168
   Cassandra Kinkead, WSBA #22845
   Charles S. Wright, WSBA #31940
   2600 Century Square
   1501 Fourth Avenue
   Seattle, WA 98101-1688
   Telephone: (206) 622-3150
   Fax: (206) 628-7699
   E-mail: steverummage@dwt.com
             cassandrakinkead@dwt.com
             charleswright@dwt.com

Of Counsel:

Charles B. Casper
Patrick T. Ryan
Montgomery, McCracken,
 Walker & Rhoads, LLP
123 S. Broad Street
Philadelphia, PA 19109
(215) 772-1500

MICROSOFT'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF ITS MOTION TO SEAL CONFIDENTIAL
DOCUMENTS (NO. C07-475 MJP) – 6

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

### CERTIFICATE OF SERVICE

I hereby certify that on Monday, October 1, 2007, I electronically filed (1) the foregoing Microsoft's Supplemental Memorandum in Support of its Motion to Seal Confidential Documents, and (2) the Declaration of Nicholas J. Psyhogeos in Support of Microsoft's Motion to Seal Confidential Documents, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Jeffrey I. Tilden: | jtilden@gmtlaw.com |
| Jeffrey M. Thomas: | jthomas@gmtlaw.com |
| Michael Rosenberger: | mrosenberger@gmtlaw.com |
| Mark A. Wilner: | mwilner@gmtlaw.com |
| William C. Smart: | wsmart@kellerrohrback@dwt.com |
| Mark A. Griffin: | mgriffin@kellerrohrback@dwt.com |
| Ian S. Birk: | ibirk@kellerrohrback@dwt.com |

DATED this 1st day of October, 2007.

Davis Wright Tremaine LLP
Attorneys for Defendant

By */s/ Stephen M. Rummage*
   Stephen M. Rummage, WSBA #11168
   Davis Wright Tremaine LLP
   2600 Century Square
   1501 Fourth Avenue
   Seattle, WA 98101-1688
   Telephone: (206) 628-7513
   Fax: (206) 628-7699
   E-mail: steverummage@dwt.com

MICROSOFT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO SEAL CONFIDENTIAL DOCUMENTS (NO. C07-475 MJP) – 7

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700