The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| DIANE L. KELLEY and KENNETH HANSEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>    Defendant. | No. C07-0475 MJP<br><br>PUTATIVE CLASS ACTION<br><br>MICROSOFT'S ANSWER TO SECOND AMENDED COMPLAINT |

Defendant Microsoft Corporation ("Microsoft") answers plaintiffs' Second Amended Complaint by correspondingly numbered paragraphs as follows:

1.1  Paragraph 1.1 is a summary to which no answer is required. To the extent an answer is required, Microsoft denies that plaintiffs are entitled to any relief under any of the theories set forth therein.

1.2  Microsoft objects that paragraph 1.2 violates Fed. R. Civ. P. 10(b) because it is not "limited as far as practicable to a statement of a single set of circumstances." Without waiving this objection, Microsoft admits that it designed, manufactures and licenses an operating system called "Windows Vista"[1]; that it began implementing the Windows Vista

---

[1] Microsoft objects to plaintiffs' misuse of the proper trade names for the products at issue in this action. In particular, each of the products at issue has the word "Windows" in its trade name, e.g., "Windows Vista," "Windows Vista Home Basic," and so on. To the extent plaintiffs' Second Amended Complaint uses improper trade names, e.g., "Vista," "Vista

ANSWER
(No. C07-0475 MJP) — 1
SEA 2092734v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Capable Program in 2006, and that the Windows Vista Capable Program included a marketing component; that Microsoft intended the Windows Vista Capable program in part to encourage consumers not to delay purchases of new PCs until the release of Windows Vista; that Microsoft authorized personal computer ("PC") manufacturers, known as original equipment manufacturers ("OEMs"), to place "Windows Vista Capable" logos on qualifying PCs sold before Microsoft released Windows Vista to the public on January 30, 2007; that the placement of a Windows Vista Capable logo on a PC constituted a contractually permissible statement by the OEM authorized to put it there that the PC met at least the minimum hardware and other requirements for one or more editions of a Windows Vista operating system to install and run; that not all features available through all editions of Windows Vista can install and run on all Windows Vista Capable PCs; that Microsoft designed, manufactures and sells Windows Vista in several different editions with different capabilities; that one of those editions is called Windows Vista Home Basic; that Windows Vista Home Basic will run the core experiences of Windows Vista, such as innovations in organizing and finding information, security, and reliability; that some features available in premium editions of Windows Vista such as the new Windows Aero user interface require advanced or additional hardware; and that under the "Express Upgrade" program, Microsoft allowed OEMs to offer future free or reduced-price upgrades to the new operating system to customers who bought PCs before the release of Windows Vista with Windows XP installed.  Except as specifically admitted, Microsoft denies the allegations in paragraph 1.2.

   2.1  Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.1.

   2.2  Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.2.

   2.3  Microsoft admits the allegations in paragraph 2.3.

---

Basic," etc., these names are incorrect. Microsoft will not attempt to correct every such error in plaintiffs' Second Amended Complaint, and it will not base any denial on plaintiffs' misuse of the trade names for the products at issue in this litigation.

ANSWER
(No. C07-0475 MJP) — 2
SEA 2092734v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

3.1     Microsoft admits that this Court has subject matter jurisdiction over this action as plaintiffs have pleaded it, but denies that a nationwide class would be appropriate in this case.

3.2     Microsoft admits that this Court has personal jurisdiction over Microsoft.

3.3.    Microsoft admits that venue is proper in this district.

4.1     Microsoft admits that it made public statements to the effect that it had invested significant amounts of time and money in developing Windows Vista and that Windows Vista is Microsoft's most advanced operating system yet developed.  Microsoft denies the characterizations implicit in plaintiffs' allegations concerning these facts.

4.2     Microsoft admits the allegations in the first sentence in paragraph 4.2. Microsoft admits that the news article referred to in the second and fifth sentences of paragraph 4.3 contains the words quoted, but denies that the quotations plaintiffs selected fairly portray the contents of that article.  Microsoft admits the third sentence of paragraph 4.2.  Microsoft admits that it intended the Windows Vista Capable program in part to inform consumers that they did not need to delay purchases of new PCs until the release of Windows Vista, but denies the allegations in the fourth sentence of paragraph 4.2 to the extent they are inconsistent with this admission.

4.3     Microsoft admits the allegations in the first sentence of paragraph 4.3. Microsoft admits that it created specifications to assist OEMs in determining which of their PCs would be capable of installing and running at least one edition of Windows Vista and that it designed and trademarked a Windows Vista Capable logo that OEMs could apply to such PCs.  Microsoft denies the remaining allegations in the second sentence of paragraph 4.3. Microsoft admits that the Windows Vista Capable logo was one part of an effort to educate consumers about the different editions of Windows Vista and the opportunity to upgrade a PC from Windows XP to Windows Vista and that the placement of a Windows Vista Capable logo on a PC constituted a contractually permissible statement by the OEM authorized to put it there that the PC met at least the minimum hardware and other requirements for one or

ANSWER
(No. C07-0475 MJP) — 3
SEA 2092734v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

more editions of a Windows Vista operating system to install and run, but Microsoft denies the remaining allegations in the third sentence of paragraph 4.3.

4.4    Microsoft admits that there are five editions of Windows Vista sold in the United States:  the four editions listed in the first sentence of paragraph 4.4 plus Windows Vista Enterprise.  Microsoft denies the allegations in the second and third sentences of paragraph 4.4.  Microsoft admits that it made available a wide variety of information in a wide variety of media that described the features and capabilities of Windows Vista, but denies the remaining allegations in the fourth sentence of paragraph 4.4.

4.5    Microsoft admits that it launched the Express Upgrade program in October 2006, which allowed OEMs to offer future free or reduced-price upgrades to the new operating system to customers who bought qualifying PCs with Windows XP installed before the release of Windows Vista, that the Express Upgrade program was intended to provide benefits to consumers who purchased PCs before the Windows Vista release in January 2007, and that the Express Upgrade program in some instances provided for an upgrade from Windows XP to Windows Vista Home Basic.  Microsoft denies the remaining allegations in paragraph 4.5.

4.6    Microsoft admits that Nick White was a product manager for Windows Vista, that he has maintained a blog on a Microsoft Web site, and that he sometimes discussed the Express Upgrade program on that blog.  Microsoft further admits that in an entry dated October 24, 2006, Mr. White wrote the following on that blog:  "Consider looking for 'Windows Vista Capable' PCs designated as 'Premium Ready,' as these PCs are designed to deliver the core Windows Vista experience.  PCs carrying only the 'Windows Vista Capable' logo may be eligible for the program, but the offer may vary from manufacturer to manufacturer.  Go here for more information about Windows Vista Capable and Premium Ready PCs."  Microsoft denies the allegations in the first two sentences of paragraph 4.6 to the extent they are inconsistent with the foregoing, and specifically denies that the selective

ANSWER
(No. C07-0475 MJP) — 4
SEA 2092734v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

excerpt in Paragraph 4.6 accurately portrays the contents of the entry. Microsoft denies the allegations in the third sentence of paragraph 4.6.

4.7  Microsoft admits the allegations in the first sentence of paragraph 4.7. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 4.7 and therefore denies the same. Microsoft denies the remaining allegations in paragraph 4.7.

4.8  Microsoft denies the first sentence of paragraph 4.8. Microsoft admits that the words quoted in the second sentence of paragraph 4.8 appear in the article to which that paragraph refers, but it denies that the selective quotations accurately portray the contents of the article.

4.9  Microsoft admits only that it entered into an Agreement Containing Consent Order in *In re Microsoft Corp.*, File No. 002-3331 (FTC Apr. 3, 2001), and that the words quoted appear in the agreement. Microsoft denies the remaining allegations in paragraph 4.9, and specifically denies that the Agreement Containing Consent Order governs the Windows Vista Capable program or has any bearing on plaintiffs' allegations.

5.1  Microsoft denies the allegations of paragraph 5.1 and specifically denies that this action satisfies the requirements for certification as a class action.

5.2  Microsoft admits that the Class as defined by plaintiffs in paragraph 5.1 of their Complaint is so numerous that joinder is impracticable, but denies the remaining allegations of paragraph 5.2 and specifically that this action should be certified as a class action.

5.3  Microsoft denies the allegations of paragraph 5.3 and specifically denies that this action should be certified as a class action.

5.4  Microsoft denies the allegations of paragraph 5.4 and specifically denies that this action should be certified as a class action.

5.5  Microsoft denies the allegations of paragraph 5.5 and specifically denies that this action should be certified as a class action.

ANSWER
(No. C07-0475 MJP) — 5
SEA 2092734v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

5.6    There is no paragraph 5.6.

5.7    Microsoft admits that plaintiffs have retained experienced counsel but denies the remaining allegations of paragraph 5.7 and specifically denies that this action should be certified as a class action.

5.8    Microsoft denies the allegations of paragraph 5.8 and specifically denies that this action should be certified as a class action.

5.9    Microsoft denies the allegations of paragraph 5.9 and specifically denies that this action should be certified as a class action.

6.1 – 6.9    The Court dismissed plaintiffs' Magnuson-Moss Warranty Act claim. As a result, Microsoft has no obligation to respond to paragraphs 6.1 – 6.9.

7.1 – 7.4    Plaintiffs voluntarily dismissed their breach of contract claims. As a result, Microsoft has no obligation to respond to paragraphs 7.1 – 7.4.

8.1    Microsoft incorporates the preceding paragraphs by reference.

8.2    Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 8.2 and therefore denies those allegations. Microsoft denies the allegations in the third sentence of paragraph 8.2.

8.3    Microsoft denies the allegations in paragraph 8.3.

8.4    Microsoft denies the allegations in paragraph 8.4.

8.5    Microsoft denies the allegations in paragraph 8.5.

8.6    Microsoft denies the allegations in paragraph 8.6.

8.7    Microsoft denies the allegations in paragraph 8.7.

9.1    Microsoft incorporates the preceding paragraphs by reference.

9.2    Microsoft denies the allegations in paragraph 9.2.

As further and affirmative defenses, Microsoft alleges as follows:

1.    *Standing.*  Plaintiffs lack standing to assert claims based on actions they did not take and/or programs, such as the Express Upgrade program, in which they did not participate.

ANSWER
(No. C07-0475 MJP) — 6
SEA 2092734v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

2. **_Reasonable Business Practices._**  The actions of which plaintiffs complain were motivated by legitimate business concerns, and were reasonable in relation to the development and preservation of Microsoft's business interests.

3. **_Voluntary Payment_**.  Plaintiffs' claims rest on their voluntary payment for products that they purchased after a full opportunity to investigate the facts pertinent to their purchase, which were readily available to them.  Accordingly, their claims are barred, in whole or in part, by the voluntary payment doctrine.

4. **_Knowledge_**.  On information and belief, plaintiffs investigated their purchases before entering into the transactions at issue.  Accordingly, regardless of their allegations as to what Microsoft did not disclose (which Microsoft denies as set forth above), plaintiffs purchased with full knowledge of the relevant facts and therefore have no right to recovery.

5. **_Fault of Third Parties_**.  To the extent that plaintiffs lacked knowledge or information sufficient to make an informed decision concerning the purchase of computer hardware, as alleged in the Complaint, the responsibility for supplying that information lies with the manufacturer or retailer of the computer hardware and not with Microsoft.

6. **_Relief Barred by Agreements._**  The relief requested in the Complaint is barred, in whole or in part, by the terms of the applicable agreements between Microsoft and plaintiffs and/or others alleged to be members of the putative class.

7. **_Different State Laws._**  In addition to the other reasons that no class can be certified in this case, the claims alleged in the Complaint cannot be maintained as a class action because the laws of the 50 states and the District of Columbia apply to those claims, the laws vary by state, and no nationwide class can be established to apply the law of any single state to such claims.

8. **_Due Process._**  Awarding plaintiffs and/or others alleged to be members of the putative class the relief sought in the Complaint would violate Microsoft's and many of the proposed class members' rights to due process of law under the United States Constitution

ANSWER
(No. C07-0475 MJP) — 7
SEA 2092734v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

and the Constitutions of the 50 states and the District of Columbia. *See, e.g., Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

      9.    ***Mitigation of Damages.***  The claims of plaintiffs and/or other alleged to be members of the putative class fail because plaintiffs and/or others claimed to be members of the putative class failed to take reasonable steps to mitigate their alleged damages, if any, and their recovery must be barred or diminished accordingly.

Based on the foregoing Microsoft requests that the Court enter a judgment against plaintiffs including the following:

    1.    Denial of class certification.

    2.    Dismissal of all of plaintiffs' claims with prejudice.

    3.    Denial of any and all relief requested by plaintiffs.

    4.    Statutory costs incurred in defending this suit.

    5.    All further relief to which Microsoft may be entitled at law or in equity.

ANSWER dated this 2nd day of October, 2007.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant Microsoft Corporation

By */s/ Stephen M. Rummage*
    Stephen M. Rummage, WSBA #11168
    Cassandra Kinkead, WSBA #22845
    Charles S. Wright, WSBA #31940

*Of counsel:*

Charles B. Casper
Patrick T. Ryan
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
(215) 772-1500

ANSWER
(No. C07-0475 MJP) — 8
SEA 2092734v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, October 2, 2007, I electronically filed the foregoing Microsoft's Answer to Second Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Jeffrey I. Tilden: | jtilden@gmtlaw.com |
| Jeffrey M. Thomas: | jthomas@gmtlaw.com |
| Michael Rosenberger: | mrosenberger@gmtlaw.com |
| Mark A. Wilner: | mwilner@gmtlaw.com |
| William C. Smart: | wsmart@kellerrohrback@dwt.com |
| Mark A. Griffin: | mgriffin@kellerrohrback@dwt.com |
| Ian S. Birk: | ibirk@kellerrohrback@dwt.com |

DATED this 2nd day of October, 2007.

Davis Wright Tremaine LLP
Attorneys for Defendant

By */s/ Stephen M. Rummage*
Stephen M. Rummage, WSBA #11168
Davis Wright Tremaine LLP
2600 Century Square
1501 Fourth Avenue
Seattle, WA 98101-1688
Telephone: (206) 628-7513
Fax: (206) 628-7699
E-mail: steverummage@dwt.com

ANSWER
(No. C07-0475 MJP) — 9
SEA 2092734v3 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700