Kelley v. Microsoft Corporation                                                     Doc. 57

Case 2:07-cv-00475-MJP    Document 57    Filed 10/02/2007    Page 1 of 13
Case 2:07-cv-00475-MJP    Document 52-2    Filed 09/25/2007    Page 1 of 13

The Honorable Marsha J. Pechman

FILED      ENTERED
LODGED      RECEIVED

OCT - 2 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

07-CV-00475-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIANE L. KELLEY and KENNETH HANSEN, )
                                )
            Plaintiffs,        )
                                  )
     v.                           )
                                  )
MICROSOFT CORPORATION, a Washington )
Corporation,                        )
                                  )
            Defendant.       )
                                  )

No. C07-0475 MJP

PUTATIVE CLASS ACTION

 [PROPOSED]

PROTECTIVE ORDER

THIS MATTER came before the Court on the stipulated request by Plaintiffs Kelley and Hansen and Defendant Microsoft Corporation for entry of a Protective Order Regarding Handling of CONFIDENTIAL Materials. On September 13, 2007, the Court entered an Order requiring revision of the agreed Protective Order, and Microsoft Corporation has now proposed this revised Protective Order. Having considered the parties' agreed Order, Microsoft's motion, and the other pleadings and papers filed in this matter, and to protect the confidentiality of sensitive material contained in documents produced and material disclosed in this litigation,

PROTECTIVE ORDER (CV 06-1720 MJP) - 1
SEA 2070505v11 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1    IT IS HEREBY ORDERED that the following Protective Order be entered in this

2   matter and that the parties and non-parties shall follow the procedures set forth below with

3   respect to information, documents, or things produced in this litigation:

4        1.    The disclosing party who designates any material "CONFIDENTIAL" bears the

5   burden of establishing the "CONFIDENTIAL" status of such material in any situation in

6   which the designation is at issue, and nothing in this Order shall be construed to alter such

7   burden. This Order is stipulated to and entered without prejudice to the rights of any party to

8   assert or contest the "CONFIDENTIAL" status of any material as set forth herein.

9        2.    This Order shall apply to and govern all depositions, documents, information or

10  things produced in response to requests for production of documents, answers to

11  interrogatories, responses to requests for admissions and all other discovery taken under the

12  Federal Rules of Civil Procedure, and other information which the disclosing party designates

13  as "CONFIDENTIAL" hereafter furnished, directly or indirectly, by or on behalf of any party

14  or any non-party in connection with this action. As used herein, "disclosing party" shall refer

15  to the parties to this action or to non-parties who give testimony or produce documents or

16  other material.

17       3.    The following material may be designated as "CONFIDENTIAL": any trade

18  secret or other confidential research, design, development, financial, or commercial

19  information, as such terms are used in Rule 26(c)(7) and any applicable case law interpreting

20  Rule 26(c)(7), contained in any document, discovery response or testimony.

21       4.    In designating material as "CONFIDENTIAL," a disclosing party or non-party

22  shall make such a designation only as to material which it in good faith believes is

23  confidential. A party receiving material designated as "CONFIDENTIAL" by the producing

24  party or non-party shall use that material solely for the purpose of conducting this litigation

25  but not for any other purpose whatsoever.

26

27

PROTECTIVE ORDER (CV 06-1720 MJP) - 2
SEA 2070505v11 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

5.    In the absence of written permission from the disclosing party or non-party, or an order of the Court, material designated as "CONFIDENTIAL" shall be used solely for the purposes of litigation between the parties hereto, and may be disclosed by the parties only to the following persons:

(a)    The attorneys working on this action on behalf of any party, including in-house attorneys, paralegals, and staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel;

(b)    Any expert or consultant who is expressly retained or sought to be retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial or for motions, with disclosure only to the extent reasonably necessary to perform such work;

(c)    Any person from whom testimony is taken, except that such person (i) may be shown copies of "CONFIDENTIAL" material only in preparation for and during her/his testimony if it relates to his/her testimony (relevance will be determined in good faith by counsel preparing the deponent), and (ii) may not retain any "CONFIDENTIAL" material;

(d)    The Court, jury, court personnel, court reporters, and other persons connected with the Court; and

(e)    An individual named plaintiff, with disclosure only to the extent reasonably necessary for the individual named plaintiff's participation in the case as determined in good faith by plaintiffs' counsel.

6.    The persons described in paragraph 5(b), 5(c), and 5(e) shall have access to the "CONFIDENTIAL" material only after they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." The persons receiving "CONFIDENTIAL" material are enjoined from disclosing that material to any other person, except in conformance with this Order. This paragraph does not apply when a party in good faith seeks to use a "CONFIDENTIAL" document at a deposition of a deponent who has not already signed the

PROTECTIVE ORDER (CV 06-1720 MJP) - 3
SEA 2070505v11 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1 ACKNOWLEDGMENT, in which case, the party's obligation shall be to sincerely ask the

2 deponent to sign the ACKNOWLEDGMENT, but the party's right to proceed with the

3 deposition and to use "CONFIDENTIAL" material at the deposition shall not depend on the

4 deponent's willingness to do so. In the event a deponent being shown "CONFIDENTIAL"

5 material refuses to sign the ACKNOWLEDGEMENT, the deponent shall not be permitted to

6 retain, reproduce, or copy all or any part of the "CONFIDENTIAL" material.

7     7.   A list shall be maintained by counsel for the parties hereto of the names of all

8 persons (except for counsel and their support personnel) to whom any "CONFIDENTIAL"

9 material is disclosed, or to whom the information contained therein is disclosed, and such list

10 shall be available for inspection by the Court or opposing counsel upon request, and with a

11 good faith belief that this Order has been violated, except that a party or a party's counsel

12 shall not be required to identify by name a consulting expert except as otherwise provided by

13 the Federal Rules of Civil Procedure. Upon request made within sixty (60) days of the

14 termination of this lawsuit by settlement, final judgment or otherwise, including final

15 appellate action or the expiration of time to appeal or seek further review, the parties shall

16 provide opposing counsel with a copy of the aforementioned lists, except that a party or a

17 party's counsel shall not be required to identify by name a consulting expert except as

18 otherwise provided by the Federal Rules of Civil Procedure, provided, however, that upon a

19 showing by a disclosing party of a good faith basis for believing that this Order has been

20 violated, a party shall be required to disclose whether any consulting expert has been given

21 access to "CONFIDENTIAL" material of the type or category of "CONFIDENTIAL"

22 material involved in the alleged or suspected breach.

23     8.   Each individual who receives any "CONFIDENTIAL" material hereby agrees to

24 subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings

25 relating to the performance under, compliance with or violation of this Order.

26

27

PROTECTIVE ORDER (CV 06-1720 MJP) - 4
SEA 2070505v11 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

9.    The recipient of any "CONFIDENTIAL" material that is provided under this Order shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the recipient with respect to its own proprietary material. To the extent Microsoft is required or ordered to produce source code, the parties will prepare an addendum to this Order to address the production and storage of source code. "CONFIDENTIAL" material shall not be copied, reproduced, summarized, extracted or abstracted, except to the extent that such copying, reproduction, summarization, extraction or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Order and labeled in the same manner as the designated material on which they are based.

10.    Disclosing parties or non-parties shall designate "CONFIDENTIAL" material as follows:

(a)    In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on every page of any such document before production: "CONFIDENTIAL." In the event that a party or non-party inadvertently fails to stamp or otherwise designate a document or other material as "CONFIDENTIAL" at the time of its production, that party or non-party may at any time thereafter stamp or otherwise designate the document or other material as "CONFIDENTIAL." The delay in designating a document as "CONFIDENTIAL" shall not, in and of itself, be deemed to have effected a waiver of any of the protections of this Order, but such document or other material shall be treated as "CONFIDENTIAL" only beginning at the time such designation occurs.

(b)    "CONFIDENTIAL" material may be used in depositions. Designation of the portion of the deposition transcript (including exhibits) which contains "CONFIDENTIAL" material shall be made by a statement to such effect on the record in the course of the

PROTECTIVE ORDER (CV 06-1720 MJP) - 5

SEA 2070505v11 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

deposition or, upon review of such transcript, by counsel for the party or non-party to whose "CONFIDENTIAL" material the deponent has had access, which counsel shall so designate within fourteen (14) days after counsel's receipt of the transcript. During those fourteen days, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL."

(c)    Any "CONFIDENTIAL" material produced in a non-paper media (e.g., videotape, audiotape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL" and producing this material in a sealed envelope. In the event a receiving party generates any electronic copy, "hard copy," transcription, or printout from any such designated non-paper media, such party must treat each copy, transcription, or printout as designated and label it in a manner effective to ensure proper treatment.

11.    A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto at any time during the course of this litigation. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party or non-party written notice of its disagreement with the designation. The parties (and any non-party involved) shall first try to resolve such dispute in good faith on an informal basis consistent with the requirement to confer in good faith under Rules 26(c) and 37(a)(2)(A)-(B). If the dispute cannot be resolved, the party or non-party making the designation may request appropriate relief from the Court. Provided the party making the designation seeks relief from the Court within thirty (30) days of receiving a notice of disagreement, the materials in question shall retain their "CONFIDENTIAL" status until the Court rules on any such motion. The party making the designation may request a telephonic hearing with respect to the "CONFIDENTIAL" status of materials in compliance with Local Rule 7(i). Nothing in this Order shall alter the burden of the disclosing party of establishing the "CONFIDENTIAL" status of materials.

PROTECTIVE ORDER (CV 06-1720 MJP) - 6
SEA 2070505v11 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

12. Documents containing "CONFIDENTIAL" material shall not be filed with the Court unless it is reasonably necessary to do so for purposes of trial, motions (including without limitation, motions for class certification, preliminary injunction or summary judgment) or other Court matters. The filing party shall take all reasonable steps to file "CONFIDENTIAL" material under seal in compliance with Rule 26(c)(7) and Local Rule 5(g).

13. If a party wishes to use "CONFIDENTIAL" material to support or oppose a motion or at trial, the following procedures shall apply:

(a) The party submitting the material shall submit to the Court a motion to seal pursuant to CR 5(g)(2) contemporaneous with the filing of the "CONFIDENTIAL" material and shall adhere to all requirements in CR 5(g)(3) for filing such material under seal.

(b) If the disclosing party or non-party is not the party filing the motion to seal, then the disclosing party or non-party shall make the showing required by CR 5(g) in its response to the motion.

(c) Any motion to seal filed under any subsection of this Paragraph 13 shall be noted for consideration not less than fifteen (15) judicial days after filing. The Clerk of the Court shall maintain the "CONFIDENTIAL" materials under seal until the Court rules on the motion to seal, subject to the provisions of the following Paragraph.

14. In the event the Court denies a motion to seal documents labeled "CONFIDENTIAL," the Clerk of the Court shall leave the documents under seal for a period of three (3) three judicial days after the date of the Court's denial of the motion to seal. If the filing party initially designated the documents "CONFIDENTIAL," then within that three (3) day period, the filing party may, at its option, file replacement documents that do not contain "CONFIDENTIAL" material, in which case the documents initially filed under seal shall be returned to the filing party and not be considered by the Court. If the filing party does not file

PROTECTIVE ORDER (CV 06-1720 MJP) - 7

SEA 2070505v11 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1  replacement documents within the time period prescribed by this Paragraph, the material shall

2  be filed unsealed in the Court file.

3      15.   In the event that any "CONFIDENTIAL" material is used in any Court

4  proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL" status

5  through such use, and the parties shall take all steps reasonably required to protect its

6  confidentiality during such use.

7      16.   If "CONFIDENTIAL" material is disclosed to any person other than in the

8  manner authorized by this Order, the person or party responsible for the disclosure must

9  seasonably bring all pertinent facts relating to such disclosure to the attention of counsel for

10  the designating party or non-party and, without prejudice to any other rights and remedies of

11  the parties or non-parties, make every effort to prevent further disclosure by it or by the

12  person who was the recipient of such material.

13      17.   Nothing in this Order shall preclude any parties or non-parties to the lawsuit or

14  their attorneys (a) from showing a document designated as "CONFIDENTIAL" to an

15  individual who either prepared the document or is identified on the face of the document as an

16  addressee or copy addressee, or (b) from disclosing or using, in any manner or for any

17  purpose, any material or documents from the party's or non-party's own files which the party

18  or non-party itself has designated as "CONFIDENTIAL."

19      18.   In the event any receiving party having possession, custody or control of any

20  "CONFIDENTIAL" material receives a subpoena, request for production of documents, or

21  other process or order to produce such material in another, unrelated legal proceeding, from a

22  non-party to this action, such receiving party shall (1) give notice of the subpoena, request for

23  production of documents, or other process or order to counsel for the disclosing party or non-

24  party that designated the material as "CONFIDENTIAL", (2) furnish counsel for that

25  disclosing party or non-party with a copy of said subpoena, request for production of

26  documents, or other process or order, and (3) cooperate with respect to all reasonable and

27

PROTECTIVE ORDER (CV 06-1720 MJP) - 8

SEA 2070505v11 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1   legitimate procedures sought to be pursued by the disclosing party or non-party whose

2   interests may be affected. The disclosing party or non-party asserting the

3   "CONFIDENTIAL" treatment shall have the burden of defending against such subpoena,

4   process or order. The party receiving the subpoena, request for production of documents, or

5   other process or order shall be entitled to comply with it except to the extent the disclosing

6   party or non-party asserting the "CONFIDENTIAL" treatment is successful in obtaining an

7   order modifying or quashing the subpoena, request for production of documents, or other

8   process or order.

9         19.   The inadvertent production in the course of discovery in this action of any

10   document or material (whether designated as "CONFIDENTIAL" or not) shall not be deemed

11   to waive whatever attorney-client privilege, work product protection or other privilege or

12   immunity that would otherwise attach to the document or material produced or to other

13   documents or material, as long as the disclosing party or non-party, promptly after discovery,

14   notifies the other party or parties of the claim of privilege or other protection or immunity.

15   Upon such notice, the other party or parties shall promptly destroy all copies of the documents

16   or material referred to in such party's or parties' possession, custody, or control, and notify

17   the disclosing party or non-party that it has done so, and shall notify the disclosing party or

18   non-party of any other persons to whom the document has been provided and take reasonable

19   steps to retrieve it from such persons consistent with Rule 26(b)(5)(B). Such destruction and

20   notice shall not constitute an acknowledgment that the claimed document or material is in fact

21   privileged or entitled to protection or immunity.

22         20.   Within sixty (60) days of the termination of litigation between the parties,

23   including final appellate action or the expiration of time to appeal or seek further review, all

24   "CONFIDENTIAL" material and all copies thereof shall be returned to the disclosing party or

25   non-party or shall be destroyed. If destroyed, counsel shall certify the destruction and provide

26   a copy of the certification to the producing party or non-party. Counsel for each party shall be

27

PROTECTIVE ORDER (CV 06-1720 MJP) - 9
SEA 2070505v11 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1   entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work

2   product.

3       21.    Except as specifically provided herein, the terms, conditions, and limitations of

4   this Order shall survive the termination of this action.

5       22.    This Order is without prejudice to the right of any party or non-party to seek

6   relief from the Court from any of the provisions contained herein.

7       23.    This Order shall not be construed as waiving any right to assert a claim of

8   privilege, relevance, overbreadth, burdensomeness or other grounds for not producing

9   material called for, and access to all material (whether designated as "CONFIDENTIAL" or

10  not) shall be only as provided by the discovery rules and other applicable law.

11      DATED this 14th day of September, 2007.

12                                  Davis Wright Tremaine LLP
                                    Attorneys for Defendant
13                                  Microsoft Corporation

14                                  By /s/ Stephen M. Rummage
                                       Stephen M. Rummage, WSBA #11168
15                                     Cassandra Kinkead, WSBA # 22845
                                       Suite 2200, 1201 Third Avenue
16                                     Seattle, WA 98101-3045
                                       Telephone: (206) 622-3150
17                                     Fax: (206) 757-7700
                                       E-mail: steverummage@dwt.com
18
                                       Of Counsel:
19
                                       Charles B. Casper
20                                     Montgomery, McCracken, Walker &
                                       Rhoads, LLP
21                                     123 South Broad St.
                                       Philadelphia, PA 19109-1029
22                                     Telephone: (215) 772-7223
                                       E-mail: ccasper@mmwr.com
23

24

25

26

27

PROTECTIVE ORDER (CV 06-1720 MJP) - 10

SEA 2070505v11 0025936-000689

1

**ORDER**

IT IS SO ORDERED.

2

3    Dated this _2_ day of _Oct._ , 2007.

4

5    The Honorable Marsha J. Pechman
United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PROTECTIVE ORDER (CV 06-1720 MJP) - 11

SEA 2070505v11 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the PROTECTIVE

ORDER, which was entered by the Court on _____ in *Kelley*

*et al. v. Microsoft Corp.*, U.S. District Court, Western District of Washington at Seattle, Case

No. C07-0475 MJP; that he/she is one of the persons contemplated in paragraph 5 thereof as

authorized to receive disclosure of material designated "CONFIDENTIAL" by one of the

parties or by non-parties; and that he/she has read and fully understands and agrees to abide

by the obligations and conditions of the Protective Order.

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated: _____

PROTECTIVE ORDER (CV 06-1720 MJP) - 12

SEA 2070505v11 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington  98101-1688
(206) 622-3150 · Fax: (206) 628-7699

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2007, I electronically filed the foregoing

[Proposed] Protective Order with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the following:

| | |
|---|---|
| Jeffrey I. Tilden: | jtilden@gordontilden.com |
| Jeffrey M. Thomas: | jthomas@gordontilden.com |
| Michael Rosenberger: | mrosenberger@gordontilden.com |
| Mark A. Wilner: | mwilner@gordontilden.com |
| William C. Smart: | wsmart@kellerrohrback.com |
| Mark A. Griffin: | mgriffin@kellerrohrback.com |
| Ian S. Birk: | ibirk@kellerrohrback@dwt.com |

DATED this 25th day of September, 2007.

Davis Wright Tremaine LLP
**Attorneys for Defendant**
Microsoft Corporation

By */s/ Stephen M. Rummage*
Stephen M. Rummage, WSBA #11168
Davis Wright Tremaine LLP
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
Telephone: (206) 757-8136
Fax: (206) 757-7136
E-mail: steverummage@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699