# Exhibit N

The Honorable Douglass A. North

**FILED**
KING COUNTY WASHINGTON
APR 12 2006
SUPERIOR COURT CLERK
BY GAIL A. REIFF
DEPUTY

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

JAMES ODOM and KATHERINE MOUREAUX-MALONEY, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

MICROSOFT CORPORATION, a Washington corporation; BEST BUY, CO., INC., a Minnesota corporation; BEST BUY STORES, L.P.; and DOES 1 - 100,

Defendants.

CLASS ACTION

Case No. 04-2-10618-4 SEA

DEFENDANTS' REVISED [PROPOSED] FORM OF ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

## I.   PROCEDURAL HISTORY

This case, which was brought against Defendants Microsoft Corporation ("Microsoft") and Best Buy Co., Inc. and Best Buy Stores, L.P. (together, "Best Buy"), arises from Defendants' promotion of Microsoft's "MSN"-brand Internet access service through trial subscriptions at Best Buy stores. Plaintiffs James Odom and Katherine Moureaux-Maloney filed this lawsuit as a potential nationwide class action, challenging Defendants' practices in registering consumers for trial MSN service. Among other things, Plaintiffs allege consumers who were registered for trial subscriptions but never logged on to or used the service were nevertheless billed monthly charges unless they cancelled the subscriptions by the end of the trial period. Plaintiffs allege that Defendants' collection of money from consumers for a

DEFENDANTS' REVISED FORM OF ORDER
GRANTING PLAINTIFFS' MOTION FOR CLASS

Exhibit N
Page 120 of 133

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

1  service the consumers never used constitutes an unfair or deceptive practice and unjust
2  enrichment.

3  In their original complaint, filed in May 2004, Plaintiffs asserted claims for violations
4  of the Washington Consumer Protection Act, RCW § 19.86.010 et seq., the Washington
5  unsolicited-goods statute, RCW § 19.56.020 *et seq.*, and the federal Electronic Fund Transfer
6  Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, as well as common-law claims for fraudulent
7  concealment and unjust enrichment. In June 2004, Defendants filed motions to dismiss the
8  EFTA and fraudulent concealment claims. The motions were fully briefed and heard in
9  September 2004. The Court denied the motions to dismiss the fraudulent concealment claim
10 but dismissed the EFTA claim with leave to amend. Plaintiffs filed an amended complaint in
11 October 2004. Defendants filed motions to dismiss the EFTA claim in November 2004. The
12 Court granted the motions with prejudice.

13 On June 30, 2005, Plaintiffs filed a motion for class certification of a nationwide class
14 under Civil Rule ("CR") 23. Plaintiffs' motion papers included a 25-page brief and
15 declarations from the named Plaintiffs, their counsel, two potential class members and two
16 former Best Buy employees. Plaintiffs also submitted approximately 60 exhibits. Plaintiffs'
17 evidence included deposition testimony from Defendants' Rule 30(b)(6) designees,
18 Defendants' answers to Plaintiffs' interrogatories, a compendium of customer complaints, and
19 internal e-mail communications produced by Defendants. After Plaintiffs submitted their
20 opening class certification papers, Defendants deposed the named Plaintiffs, and the potential
21 class members and former Best Buy employees whose declarations accompanied Plaintiffs'
22 class certification motion. On September 30, 2005, Defendants filed their class certification
23 opposition papers, including two briefs totaling 43 pages; a 32-page appendix identifying
24 variations among the laws of various states and setting forth additional legal argument;
25 approximately 50 affidavits or declarations; and numerous exhibits. Included in Defendants'
26 submissions were 25 affidavits of Best Buy employees describing how they informed
27 customers of the terms of the MSN trial subscriptions and 23 declarations of current and
28 former MSN subscribers describing how and what Best Buy employees, advertisements and

DEFENDANTS' REVISED FORM OF ORDER
GRANTING PLAINTIFFS' MOTION FOR CLASS

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

Exhibit N
Page 121 of 133

in-store signs told them about the terms of the trial subscriptions. On October 31, 2005, Plaintiffs filed their reply papers, along with a motion to strike certain affidavits, declarations, and other materials submitted by Defendants. The parties have submitted a great deal of briefing and evidentiary material on the question of class certification.

On December 1, 2005, the Court held a hearing on Plaintiffs' motion for class certification and motion to strike. The Court denied the motion to strike and then heard oral argument on the class certification motion. The Court has considered the parties' written and oral submissions in their entirety and has conducted a rigorous analysis regarding the suitability of class certification in this case. The Court now finds and orders as follows.

## II. CLASS CERTIFICATION FINDINGS

Plaintiffs have moved for certification of the following nationwide class:

> All people who (1) at any time from December 1, 1999 to the present, paid Microsoft for charges in connection with an MSN Internet access service account that was established in their name at a Best Buy store and (2) did not log on to the account.
>
> Excluded from the proposed class are Defendants, any entity in which any Defendant has a controlling interest, Defendants' officers, directors, and employees, Defendants' legal representatives, heirs, successors, and assigns, and any judge to whom the case is assigned and his or her immediate family.

A plaintiff seeking class certification must satisfy the requirements of CR 23(a) and one of the three alternative subsections of CR 23(b). In this action, Plaintiffs seek certification under CR 23(b)(3).

### A. CR 23(a)(I) — Numerosity

The first requirement of CR 23(a) is that the class be so numerous that joinder of all members is impracticable. CR 23(a)(l). There is no dispute that the class numbers in the thousands. Defendants do not challenge numerosity. The Court finds the numerosity requirement is met in this case.

### B. CR 23(a)(2) and CR 23(b)(3) — Existence and Predominance of Common Questions

#### 1. Predominance

CR 23(a) next requires that there be questions of law or fact common to the class.

DEFENDANTS' REVISED FORM OF ORDER
GRANTING PLAINTIFFS' MOTION FOR CLASS

Exhibit N
Page 122 of 133

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

CR 23(a)(2). Because "[t]he commonality test is qualitative rather than quantitative . . . there need be only a single issue common to all members of the class." *Smith v. Behr Process Corp.*, 113 Wn. App. 306, 320, 54 P.3d 665 (2002) (internal marks omitted). This is "a low threshold," and the test is not demanding. *Id.* As stated above, however, Plaintiffs seek certification under CR 23(b)(3), which imposes the more stringent requirement that common questions of law or fact predominate over any questions affecting only individual class members. CR 23(b)(3). Where CR 23(b)(3) certification is sought, the CR 23(a)(2) commonality requirement is subsumed under the CR 23(b)(3) predominance requirement. *Schwendeman v. USAA Cas. Ins. Co.*, 116 Wn. App. 9, 20, 65 P.3d 1 (2003).

"In deciding whether common issues predominate over individual ones, the court is engaged in a 'pragmatic inquiry into whether there is a common nucleus of operative facts to each class member's claim.'" *Behr Process*, 113 Wn. App. at 323 (internal quotation marks omitted). As the Court of Appeals recently explained:

> The predominance requirement is not a rigid test, but rather contemplates a review of many factors, the central question being whether adjudication of the common issues in the particular suit has important and desirable advantages of judicial economy compared to all other issues, or when viewed by themselves. The predominance requirement is not a demand that common issues be dispositive, or even determinative; it is not a comparison of court time needed to adjudicate common issues versus individual issues; nor is it a balancing of the number of issues suitable for either common or individual treatment. Rather, a single common issue may be the overriding one in the litigation, despite the fact that the suit also entails numerous remaining individual questions.

*Sitton v. State Farm Mut. Auto. Ins. Co.*, 116 Wn. App. 245, 254, 63 P.3d 198 (2003) (citations and internal marks omitted).

Plaintiffs' amended complaint alleges that Defendants' process for registering consumers for trial MSN subscriptions at Best Buy stores was uniformly unfair and deceptive. Best Buy typically registered consumers for trial MSN service while the consumers were buying merchandise at check-out counters. *See* First Amended Complaint ("Compl.") ¶¶ 4.4-4.5. During this process, Best Buy would send Microsoft each consumer's credit or debit card information. *Id.* At the end of the trial period, Microsoft automatically charged the consumers for the MSN service even if the consumers never logged on to or used the service. *Id.* ¶¶ 4.5,

DEFENDANTS' REVISED FORM OF ORDER
GRANTING PLAINTIFFS' MOTION FOR CLASS

Exhibit N
Page 123 of 133

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

4.6, 4.8, 5.1. Regardless of the lack of usage, Microsoft continued to charge the consumers on a monthly basis unless and until the consumers cancelled the service by contacting Microsoft directly. *Id.* ¶ 4.8.

Plaintiffs contend that many members of the proposed class were registered for trial subscriptions without their knowledge or consent or were given false or incomplete information by Best Buy operatives. Compl. ¶¶ 4.4-4.6. Plaintiffs contend the evidence shows that (a) many members of the proposed class were unaware of the need to terminate the subscriptions to avoid being billed at the expiration of the free trial period and (b) Microsoft and Best Buy made it difficult for subscribers to cancel their subscriptions or obtain refunds of charges paid. *See* Declaration of Daniel C. Girard in Support of Plaintiffs' Motion for Class Certification, Ex. B; Declaration of Beth E. Terrell in Support of Plaintiffs' Motion for Class Certification and Exhibits thereto; Compl. ¶ 4.8. Defendants do not appear to dispute the assertion that class members who never logged on to the service were nevertheless billed by Microsoft until they terminated their subscriptions.

In opposition to class certification, Defendants contend that Plaintiffs' claims necessarily raise individual issues of law and fact and that such issues predominate over common issues. Defendants also contend adjudication of Plaintiffs' claims will require the fact finder to determine what each class member heard, read, saw, said, and understood about the MSN trial subscriptions before, during, and after a visit to a Best Buy store. Defendants contend the evidence shows that (a) Best Buy had procedures in place that required its employees to explain the terms of the MSN trial subscriptions to customers and to give subscribers standardized written materials (Terms and Conditions sheets and printed copies of the MSN Subscription Agreements) describing the terms of the subscriptions, including that normal monthly fees would be automatically charged to their credit or debit cards each month after the end of the free-trial period unless they called to cancel their accounts before then; (b) many Best Buy employees explained the terms to customers and gave them the written materials; (c) Best Buy included the terms of the trial subscriptions on in-store signs and in newspaper advertisements that many customers saw; (d) many customers acknowledged (in

DEFENDANTS' REVISED FORM OF ORDER
GRANTING PLAINTIFFS' MOTION FOR CLASS

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

1  written declarations) that Best Buy employees adequately explained the terms to them; (e)
2  Microsoft and Best Buy sent letters or post cards welcoming many subscribers as MSN
3  members after they signed up, and sent letters and made phone calls to many subscribers
4  informing them that their free trial periods were about to expire and that they should call to
5  cancel if they did not wish to be billed; and (f) many subscribers had no trouble calling to
6  cancel their subscriptions. Defendants thus contend that the questions of whether they
7  engaged in deceptive or unfair conduct, whether their conduct caused any class member the
8  harm alleged and, if so, the amount of recoverable damages cannot be determined on a
9  classwide basis and will require a separate mini-trial for each proposed class member.

10  The Court finds that Plaintiffs' allegations implicate allegedly unfair or deceptive
11  conduct that encompasses Defendants' decision to structure their MSN trial promotion in such
12  a way as to require individuals who never logged on to or otherwise used the service to call to
13  terminate the trial subscriptions or be charged by Microsoft. The Court of Appeals has
14  recognized that "any complex class action is likely to present a challenge," but "the trial court
15  has a variety of tools available to deal with [any] . . . challenges" that may arise. *Sitton*, 116
16  Wn. App. at 256, 259-60. The Court also has the power under CR 23(c)(4) to order that the
17  case proceed as a class action with respect to particular issues only. CR 23(c)(4); *see also*
18  *Sitton*, 116 Wn. App. at 255 ("When appropriate, . . . a suit may be maintained as a class
19  action with respect to particular issues; as the case progresses, the trial court has discretion to
20  narrow the issues to be resolved as part of the class action.") (citing CR 23(c)(4); footnote
21  omitted).

22  Here, the issue has to be defined in such a way as to avoid all of these mini-trials. The
23  way to do that is to concede that customers were informed by ~~employees in the store, by~~ D&N
24  "Welcome Kits" and Terms and Conditions sheets, and by other disclosures ~~as Defendants~~
25  ~~contend (signs, newspaper advertisements, postcards, letters, telephone calls, etc.) that they~~ D,A,N. that they
26  were signing up for MSN, and that these things were going to happen (e.g., normal monthly
27  fees would be automatically charged to their credit or debit cards each month after the end of
28  the free trial period unless they called the telephone number given to them to cancel their

DEFENDANTS' REVISED FORM OF ORDER
GRANTING PLAINTIFFS' MOTION FOR CLASS

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

Exhibit N
Page 125 of 133

1  accounts before then), and then ask the jury to decide whether it is an unfair practice to sign
2  people up for MSN subscriptions in this fashion – i.e., in such a way that the burden is then
3  placed upon them to call up and cancel it in order to avoid paying an MSN subscription fee.
4  (The other disclosures and details of the concessions will be resolved by agreement of the
5  parties or, failing that, by order.)
6  ~~This may be a harder case for Plaintiffs to win because they do not have as much~~   D.A.N.
7  ~~deception as if they were able to argue that subscribers did not have any idea what was going~~
8  ~~on here, but it is the only way that we can have an issue that can be tried on a classwide basis,~~
9  ~~and not have it subject to a thousand mini-trials.~~
10  For the reasons discussed above, the Court finds that the proposed class satisfies the
11  commonality requirement of CR 23 (a)(2) and the predominance requirement of CR 23(b)(3).

   2.  **Applicability of Washington law**

13  The ability to apply Washington's substantive law to the claims of all class members
14  here further supports a finding of predominance.
15  Unless there is a material conflict between Washington law and the law of another state
16  connected to the controversy, Washington law presumptively applies. *See Burnside v.*
17  *Simpson Paper Co.*, 123 Wn.2d 93, 100-102 & n.3, 864 P.2d 937 (1994) (Washington is
18  "presumptive local law" absent "conflict of purpose," and burden of demonstrating conflict is
19  on proponent of foreign law); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 816,
20  105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985) (holding "there can be no injury in applying [forum]
21  law if it is not in conflict with that of any other jurisdiction"). For the sake of analysis, the
22  Court will assume such a conflict exists. Thus, the Court must engage in a choice-of-law
23  determination. *See Zenaida-Garcia v. Recovery Sys. Tech., Inc.*, 128 Wn. App. 256, 259 n.5,
24  115 P.3d 1017 (2005).
25  For cases sounding in tort, Washington has adopted the "most significant relationship"
26  rule. *Id.*, 128 Wn. App. at 259-60. "Under this approach, the rights and liabilities of the
27  parties are determined by the local law of the state which . . . has the most significant
28  relationship to the occurrence and the parties." *Id.* at 260. To determine the state with the

DEFENDANTS' REVISED FORM OF ORDER
GRANTING PLAINTIFFS' MOTION FOR CLASS
Exhibit N
Page 126 of 133

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

most significant contacts, Washington courts follow Section 145 of the Restatement (Second) Conflict of Laws. *See Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d 107, 159, 744 P.2d 1032 (1987). Section 145 directs the Court to look at the following factors: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. *Zenaida-Garcia*, 128 Wn. App. at 260 (citing Restatement § 145(2)).

This case centers on Microsoft's promotion of its MSN Internet access service through trial subscriptions at Best Buy stores. Defendants do not dispute that Microsoft is a Washington corporation headquartered in King County; that Microsoft set up and maintained the accounts at issue in Washington; that relevant records were generated and are held by Microsoft in Washington; and that Microsoft charged class members and collected the monthly fees from Washington. Although Best Buy is headquartered in Minnesota, Best Buy was registering class members for MSN trial subscriptions. Furthermore, Washington has "strong policy interests" in deterring misconduct by its corporate citizens, such as Microsoft. *Zenaida-Garcia*, 128 Wn. App. at 266; *see also Haberman*, 109 Wn.2d at 136 (recognizing strong interest in applying Washington law to conduct emanating from Washington even when conduct causes injury in other states).

Therefore, the Court finds that Washington has the most significant contacts with this case, and that Washington law may be applied to the claims of all class members.

C. CR 23(a)(3) — Typicality

The third prerequisite for class certification under CR 23(a) is a finding that "the claims and defenses of the representative parties are typical of the claims or defenses of the class." CR 23(a)(3). This test is also not demanding and tends to merge with the commonality requirement. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n.13, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982). Typicality is satisfied if the named plaintiffs' claims "arise from the same event or practice or course of conduct that gives rise to the claims of the other class members, and . . . are based on the same legal theory." *Behr Process*, 113 Wn. App. at

DEFENDANTS' REVISED FORM OF ORDER
OTION FOR CLASS
Exhibit N
Page 127 of 133

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

320. Here, the claims of the named Plaintiffs and the class members arise out of the same conduct. They were all registered for a trial MSN subscription in a Best Buy store and bore the burden of canceling the subscription by the end of the trial period to avoid MSN charges. Moreover, all Plaintiffs and class members were charged for a service they did not use. Plaintiffs' claims are therefore typical of those of the class because all claims arise from the same course of conduct and are based on the same legal theories.

D.     CR 23(a)(4) — Adequate Protection of the Interests of the Class

The fourth prerequisite for class certification under CR 23(a) is a finding that the proposed class representatives will "fairly and adequately protect the interests of the class." CR 23(a)(4). In determining whether this element is met, courts look at two factors: (1) whether the representative plaintiffs and their counsel will prosecute the action vigorously on behalf of the class; and (2) whether the representative plaintiffs have antagonistic or conflicting interests with the unnamed class members. *Lerwill v. Inflight Motion Pictures Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). The named Plaintiffs have demonstrated an intention to prosecute this action vigorously, such as by responding to written discovery requests and giving depositions. There has been no showing that Plaintiffs have interests that are antagonistic to or conflict with those of absent class members. Furthermore, Plaintiffs' counsel have competently and diligently prosecuted this action on behalf of the class to date, and are experienced in class action litigation. Defendants do not challenge counsel's adequacy. The adequacy requirement is satisfied here.

E.     CR 23(b)(3) — Superiority

In addition to the predominance of common questions, CR 23(b)(3) requires a finding that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. CR 23(b)(3). Matters pertinent to this determination include (1) the interest of members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by members of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the

DEFENDANTS' REVISED FORM OF ORDER
GRANTING PLAINTIFFS' MOTION FOR CLASS

Exhibit N
Page 128 of 133

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

management of a class action. *Id.* "This is a highly discretionary determination that involves consideration of all the pros and cons of a class action as opposed to individual lawsuits." *Miller v. Farmer Bros. Co.*, 115 Wn. App. 815, 828, 64 P.3d 49 (2003).

There is no evidence of any significant interest by class members in individually controlling the prosecution of separate actions, or of any pending individual litigation already commenced by class members. Concentrating the litigation of the claims in this forum is desirable, as it would enable all class members' claims to be adjudicated in a single proceeding, promoting judicial economy. The Court foresees no unusual difficulties in the management of this case as a class action.

"[A] primary function of the class suit is to provide a procedure for vindicating claims which, taken individually, are too small to justify individual legal action but which are of significant size and importance if taken as a group." *Behr Process*, 113 Wn. App. at 318-19 (quoting *Brown v. Brown*, 6 Wn. App. 249, 253, 492 P.2d 581 (1971)). In a case such as this, a class action is far superior to a multiplicity of individual litigation concerning a common course of conduct. Moreover, because the individual claims are small and the litigation expenses daunting, classwide resolution is probably the only alternative available to class members for redressing their claims.

"[O]ne of the elements that goes into the balance to determine the superiority of a class action in a particular case" is "manageability." *Sitton*, 116 Wn. App. at 257 (citation omitted). As the Court of Appeals recently noted, "any complex class action is likely to present a challenge," but "the trial court has a variety of tools available to deal with [any] challenges" that may arise. *Id.* at 259-60; *see also Miller*, 115 Wn. App. at 826 (noting that "courts have a number of methods for dealing with individual issues in class litigation"). If this action presents any management difficulties, they will not be insurmountable.

### III.   NOTICE TO THE CLASS

Because the class is being certified under CR 23(b)(3), the Court must direct that the class members be given the best notice practicable under the circumstances, including notice of the right to be excluded from the class, CR 23(c)(2). There is no requirement that all class

DEFENDANTS' REVISED FORM OF ORDER
_____ MOTION FOR CLASS
Exhibit N
Page 129 of 133

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

members receive actual notice by mail or other means; rather, individual notice must be provided only "to those class members who are identified through reasonable efforts." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974).

Here, the class members are readily identifiable through Defendants' records. Accordingly, the Court orders that the class members be notified of the pendency of this action, the right to be excluded from the class and other pertinent matters through individual mailed notice.

No later than thirty (30) days after the date of this Order, Defendants shall, at their own expense, obtain and provide Plaintiffs with the names and addresses of all people identifiable through reasonable effort from Defendants' records as falling within the class definition. Defendants shall provide this information in computer readable format as may be reasonably requested by Plaintiffs for conversion or incorporation into a mailing list.

No later than ten (10) days after the date of this Order, Plaintiffs shall provide Defendants with a proposed form of notice. The notice should describe this action, the claims asserted and the class members' rights (including the right to opt out) in clear, neutral terms. The parties shall then have twenty (20) days to submit an agreed proposed form of notice to the Court for approval or, failing agreement, submit separate proposed forms of notice. Within ten (10) days of the Court's approval of the notice form, Plaintiffs shall cause the notice to be sent by U.S. mail to all potential class members.

The Court finds that mailing the described form of notice (once approved) in accordance with this Order will constitute the best notice practicable under CR 23(c)(2) and comport with all requirements of due process. All persons who fall within the class definition and do not exclude themselves from the class in accordance with the requirements set forth in the notice shall be bound by all further orders and judgments governing the class, whether favorable or unfavorable.

## IV. CONCLUSION

Under the rigorous analysis required by Washington's appellate courts, this Court finds that the numerosity, commonality, typicality, and adequacy-of-representation requirements of

DEFENDANTS' REVISED FORM OF ORDER
)TION FOR CLASS
Exhibit N
Page 130 of 133

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

CR 23(a) are satisfied, and that in accordance with CR 23(b)(3), common issues of fact and law predominate and a class action is the best available method for the fair and efficient adjudication of this controversy. Therefore, the Court grants Plaintiffs' motion for class certification and orders as follows:

1. The following class is certified for purposes of litigation and trial: All people in the United States who (1) at any time from December 1, 1999 to the present, paid Microsoft for charges in connection with a free-trial MSN Internet access service account that was established in their name at a Best Buy store but did not receive a full refund, and (2) did not log on to the account.

2. Excluded from the class are Defendants, any entity in which any Defendant has a controlling interest, Defendants' officers, directors, and employee, Defendants' legal representatives, heirs, successors, and assigns, any judge to whom the case is assigned and his or her immediate family, and any person who timely and validly excludes himself or herself from the class.

3. Plaintiffs James Odom and Katherine Moureaux-Maloney are appointed as representatives for the class.

4. Daniel C. Girard, Sheri L. Kelly, and the law firm of Girard Gibbs & De Bartolomeo LLP; Beth E. Terrell, Toby J. Marshall, and the law firm of Tousley Brain Stephens PLLC; and Anthony K. Lee, attorney at law, are appointed as counsel for the class.

5. No later than thirty (30) days after the date of this Order, Defendants shall, at their own expense, obtain and provide Plaintiffs with the names and addresses of all people identifiable through reasonable effort from Defendants' records as falling within the class definition.

6. No later than ten (10) days after the date of this Order, Plaintiffs shall provide Defendants with a proposed form of notice for approval. The notice should describe this action, the claims asserted and the class members' rights (including the right to opt out) in clear, neutral terms. The parties shall then have twenty (20) days to submit an agreed proposed form of notice to the Court for approval or, failing agreement, submit separate

DEFENDANTS' REVISED FORM OF ORDER
MOTION FOR CLASS
Exhibit N
Page 131 of 133

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

1 | proposed forms of notice.

2 | 7. Within ten (10) days of the Court's approval of the notice form, Plaintiffs shall cause the notice to be sent by U.S. mail to all potential class members in the manner set forth above. All persons who fall within the class definition and do not exclude themselves from the class in accordance with the requirements set forth in the notice shall be bound by all further orders and judgments governing the class, whether favorable or unfavorable.

8. Any and all arguments that have been raised by Defendants in opposition to class certification but not expressly addressed in this Order are hereby rejected.

9. The Court notes that it retains broad authority under CR 23(c)(4) and CR 23(d) to manage this class action, including tailoring the issues to be determined on a class basis and certifying any subclasses as appropriate.

Dated this _10th_ day of _April_, 2006.

_____
DOUGLASS NORTH, J.

Presented by:

HELLER EHRMAN LLP

By: _____
Mark S. Parris, WSBA No. 13870
Kenneth E. Payson, WSBA No. 26369

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

Charles B. Casper (admitted *pro hac vice*)
Patrick T. Ryan (admitted *pro hac vice*)
Peter Breslauer (admitted *pro hac vice*)

Attorneys for Defendant Microsoft Corporation

DEFENDANTS' REVISED FORM OF ORDER
GRANTING PLAINTIFFS' MOTION FOR CLASS

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
Telephone (206) 447-0900

Exhibit N
Page 132 of 133

1 | GORDON MURRAY TILDEN LLP
2 |
3 | By: _____
4 |     James R. Murray, WSBA No. 25263
5 | ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
6 |
7 |   Timothy M. Block (admitted *pro hac vice*)
    Benjamin M. Weiss (admitted *pro hac vice*)
8 | Attorneys for Defendants Best Buy, Co., Inc. and Best Buy Stores, L.P.

SE 2143277 v1

DEFENDANTS' REVISED FORM OF ORDER
GRANTING PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 14

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104-7098
447-0900

PAGE 3/3 * RCVD AT 2/10/06 3:10:50 PM [Pacific Standard Time] * SVR:SECS01/1 * DNIS:8982 * CSID:206 467 6292 * DURATION (mm-ss):00-58

Exhibit N
Page 133 of 133