Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DIANNE L. KELLEY and KENNETH HANSEN,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>　　　　　Defendant. | NO. C07-0475 MJP<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND TO DEEM CERTAIN REQUESTS FOR ADMISSION "ADMITTED"<br><br><u>CLASS ACTION</u><br><br>NOTE ON MOTION CALENDER: September 14, 2007 |

# FILED WITH REDACTIONS
# PURSUANT TO DOCKET NO. 78
# AND MICROSOFT'S CONFIDENTIALITY
# DESIGNATIONS

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL DISCOVERY AND TO DEEM CERTAIN
REQUESTS FOR ADMISSION "ADMITTED"
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

## I. INTRODUCTION

Quality matters more than quantity. Microsoft's "admissions" mean little when clouded in semantic and meritless objections. Its production of over 12,000 pages of documents (nearly all of which were produced only <u>after</u> plaintiffs filed this motion) means little when relevant and critical document have been withheld.

## II. DISCUSSION

**A. Microsoft is Not Permitted to Evade Providing Clean RFA Answers by Using Semantic and Meritless Objections.**

The discovery rules do not permit Microsoft to state a baseless objection, re-phrase the RFA, and then admit or deny the re-phrased RFA under the guise that the "objectionable" portion would not allow it to answer the RFA as posed. If there is a <u>legitimate</u> objection, the responding party may assert it, the reasons therefor, and, as Rule 36(a) states, "shall specify so much of it as true and qualify or deny the remainder." The problem with Microsoft's answers, however, is that it hides behind <u>illegitimate</u> objections to avoid answering the RFAs as posed.

Rule 36 requires "frank answers." Marchand v. Mercy Med. Ctr., 22 F.3d 933, 938 (9th Cir. 1994). The Ninth Circuit counsels that "[p]arties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, <u>not evasion and word play</u>." Id., 22 F.3d at 936 (emphasis added); see also Fed. R. Civ. P 37(a)(3) ("an evasive . . . response is to be treated as a failure to . . . respond"). To this end, Rule 36 does not permit a litigant to object on "overly-technical" grounds to avoid answering "reasonably clear" RFAs. United States ex rel. Englund v. Los Angeles County, 235 F.R.D. 675, 684 (E.D. Cal. 2006). All of Microsoft's RFA answers and objections listed in Dkt. 38-2 suffer from this defect.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL DISCOVERY AND TO DEEM CERTAIN
REQUESTS FOR ADMISSION "ADMITTED" - 1
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Moreover, Microsoft argues that it does not understand terms when it has used the <u>same</u> terms in the <u>same</u> way plaintiffs intended in the RFAs. For example, Microsoft objects to the term "properly run," but its 30(b)(6) designee

REDACTED PURSUANT TO DKT. NO. 78 AND
MICROSOFT'S CONFIDENTIALITY DESIGNATION

Moreover, it is difficult to understand Microsoft's confusion over the meaning of "properly run" Vista when it

REDACTED PURSUANT TO DKT. NO. 78 AND
MICROSOFT'S CONFIDENTIALITY DESIGNATION

Other examples of Microsoft's documents and its 30(b)(6) designees using the <u>same</u> words and phrases that it asserts are "ambiguous" when used in plaintiffs' RFAs include, without limitation:

REDACTED PURSUANT TO DKT. NO. 78 AND
MICROSOFT'S CONFIDENTIALITY DESIGNATION

Further, Microsoft should not object, re-phrase, and then admit or deny the re-phrased RFA if it truly believes the facts are <u>different</u> from those stated in the originally posed RFA. Disagreeing with the facts stated in the RFA is not a ground to object; it is a ground to deny—and such denials are important discovery to plaintiffs. Two examples Microsoft uses in its opposition speak volumes. RFAs 6 and 12 ask Microsoft to admit the logos were certifications by Microsoft. In its opposition, Microsoft states the logos "were *not* 'certifications' by Microsoft" and, on <u>that</u> ground, maintains it cannot admit or deny the RFA as posed. Dkt. 40 at

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL DISCOVERY AND TO DEEM CERTAIN
REQUESTS FOR ADMISSION "ADMITTED" - 2
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

4:23-5:5 (emphasis in original). If Microsoft really believes its logos were not "certifications by Microsoft"— despite that Microsoft developed the logo concept, language, design, and entire marketing program—then the <u>only</u> proper response to the RFAs would be "deny."

Finally, even if Microsoft's semantic objections had merit, Microsoft could not fault plaintiffs for using words Microsoft claims it does not understand. Plaintiffs asked Microsoft to suggest alternative words it does understand so the company could provide clean answers to the RFAs at issue. Dkt. 38-6 ¶ 6; see also Marchand, 22 F.3d at 938 (if party is unable to agree with the "exact" wording of an RFA, "it should agree to an alternate wording"). This request should have alleviated Microsoft's stated concerns (putting aside our view that its objections lacked merit), and would have generated usable RFA answers for plaintiffs. For example, substituting the phrase "capable of running Microsoft Vista well"—a phrase Microsoft uses in its communications with OEMs (see supra)—should have alleviated Microsoft's ostensible confusion over the meaning of "properly run" Vista, and would have provided plaintiffs with useable RFA responses. Microsoft refused to engage in this dialogue. Dkt. 38-7 ¶ 6. But to now tell the Court that "Microsoft had no way of knowing" what a phrase like "properly run" might mean, Dkt. 40 at 6:15-17, lacks credibility.

**B.    Discovery Into Microsoft's Windows Vista Capable Marketing Program, Including Microsoft's Own Consumer Market Research Regarding Its Targeted Customers— the Putative Class in this Litigation—is Relevant to Class Certification.**

Microsoft's stated defense to class certification alone demonstrates why plaintiffs are entitled to discovery into the company's logo marketing program (RFAs 17-21, 84-91 and RFPs 2-4, 8-9).[1] Microsoft asserts "the question on class certification is what class members saw and heard." Id. at 10:5. Although plaintiffs disagree with that assertion, to fairly rebut Microsoft's

---

[1] We withdraw our motion with respect to RFPs 10-11. See Part II.D below.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND TO DEEM CERTAIN REQUESTS FOR ADMISSION "ADMITTED" - 3
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

view of what it believes is "the question" on certification (remarkable considering the Court's comments on reliance), plaintiffs should be able to assess Microsoft's own consumer market research that sheds light on that "question" at a minimum.

Moreover, Microsoft ignores <u>Dukes v. Wal-Mart</u> in arguing that "what" class members "saw and heard" is what matters, rather than "why" they saw and heard what they did. In <u>Dukes</u>, "what" 1.5 million class members saw and heard were individualized and widely differing adverse employment actions; "why" they saw and heard these things served as the basis for certifying the class—Wal-Mart's highly-centralized common practice was the same for all.

Here, notwithstanding Microsoft's effort to pass off its logo as an unimportant sticker put on PCs inconspicuously by OEMs, in truth, the logo was the focal point of a massive, centralized marketing effort undertaken by Microsoft. Market research and logo development discovery is relevant to whether the logo was color-designed, sized, and placed on PCs so that it would be <u>seen</u>, and worded so that its message would be <u>heard</u>, by as many as possible of Microsoft's targeted consumers. This is consistent with the express goals of the company's marketing program to [REDACTED PURSUANT TO DKT. NO. 78 AND MICROSOFT'S CONFIDENTIALITY DESIGNATION] Indeed, the marketing documents already produced by Microsoft (presumably because it acknowledges their relevance to class certification) [REDACTED PURSUANT TO DKT. NO. 78 AND MICROSOFT'S CONFIDENTIALITY DESIGNATION] Microsoft's customer research will provide evidence of that calculated and centralized effort to

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL DISCOVERY AND TO DEEM CERTAIN
REQUESTS FOR ADMISSION "ADMITTED" - 4
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

have the logo seen and its message heard by the class of consumers Microsoft targeted—i.e., the same class of consumers that constitutes plaintiffs' proposed class. That this discovery is relevant to certification follows from the very rules Microsoft quotes, including that "commonality" asks whether a "party has engaged in a standard course of conduct which adversely affects a group of individuals and gives rise to a claim for relief." Dkt. 40 at 9:9-11 (quoting Bjustrom v. Trust One Mortgage Corp., 199 F.R.D. 346, 348 (W.D.Wash. 2001) (emphasis added).

It also is relevant to proving Microsoft's level of intent on a classwide basis. Although evidence of intent is not required to assert a CPA claim, Dwyer v. J.I. Kislak Mortg. Corp., 103 Wn. App. 542, 547, 13 P.3d 240 (2000), intentional unfair or deceptive conduct obviously would support the claim. It also would support the claims for unjust enrichment and treble damages. The evidence lies within Microsoft's hand, would be the same for all class members, and thus also would support plaintiffs' position that this case should be treated on a classwide basis.

C.  **Plaintiffs Withdraw Their Motion to Compel on RFP 6 in Light of Microsoft's Stipulation to Numerosity.**

We agree with Microsoft that the identities of the putative class members are not relevant or needed for class certification. The discovery sought by RFP 6 primarily would shed light on the class certification element of numerosity. Microsoft has stipulated to this element and, thus, we withdraw this portion of our motion at this time. See also Supp. Wilner Decl., Ex. G.

D.  **Plaintiffs Withdraw Their Motion to Compel on RFPs 7 and 10-13 In Light of Microsoft's Post-Motion Production and Representations to the Court and Counsel.**

After we filed our motion, Microsoft produced agreements with what it says are its "top 18" OEMs. Microsoft has represented that the remaining OEM agreements are "identical," Dkt. 40 at 13:4, and that it will not use any variation between OEM agreements as a defense to class

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL DISCOVERY AND TO DEEM CERTAIN
REQUESTS FOR ADMISSION "ADMITTED" - 5
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

certification. Microsoft also has agreed to stipulate to numerosity, if we withdraw our motion to compel responses to RFPs 7 and 10-13. Supp. Wilner Decl., Ex. G. Accordingly, plaintiffs withdraw this portion of their motion to compel.

E. **Plaintiffs' Two Requests That Seek Limited Discovery on Consumer Class Action Litigation Against Microsoft Are Relevant and Should Be Responded to.**

Interrogatory 5 and RFP 20 are narrow. They seek only the identity of other consumer class actions against Microsoft and copies of the orders on class certification. Nothing else.[2] Microsoft characterizes the requests as a "fishing expedition," Dkt. 40 at 13:19, but it no longer maintains it is unable to provide the discovery or that it would be unduly burdensome to do so. Rather, it opposes production because it believes the discovery is irrelevant to class certification.

As noted in the motion, Microsoft issued virtually identical discovery requests to plaintiffs. In its opposition, Microsoft argues its requests to plaintiffs are relevant to class certification. Dkt. 40 at 14 n.5. But so are plaintiffs'. For example, if Microsoft has argued that Washington law applies to another consumer class action, surely that sort of "admission" would be useful for this Court when evaluating the upcoming certification motion. The same would be true if other courts have rejected the same arguments Microsoft attempts to make to this Court.

### III. CONCLUSION AND REVISED PROPOSED ORDER

Plaintiffs' motion should be granted. A revised proposed order that no longer includes compelling Microsoft to respond to RFPs 6-7 and 10-13 is submitted herewith.

///

///

///

---

[2] Moreover, given the information typically available on such orders, a proper response to RFP 20 also would suffice as a proper answer to Interrogatory 5 pursuant to Rule 33(d).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL DISCOVERY AND TO DEEM CERTAIN
REQUESTS FOR ADMISSION "ADMITTED" - 6
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 14th day of September, 2007.

        GORDON TILDEN THOMAS & CORDELL LLP

By _____
Jeffrey I. Tilden, WSBA #12219
Jeffrey M. Thomas, WSBA #21175
Michael Rosenberger, WSBA #17730
Mark A. Wilner, WSBA #31550

KELLER ROHRBACK L.L.P.

By _____ for:
William C. Smart, WSBA #8192
Ian S. Birk, WSBA #31431

Attorneys for Plaintiff

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL DISCOVERY AND TO DEEM CERTAIN
REQUESTS FOR ADMISSION "ADMITTED" – 7
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following. We have also served via the method indicated below.

<u>Counsel for Defendant Microsoft Corporation</u>

Stephen M. Rummage, WSBA #11168
Cassandra L. Kinkead, WSBA #22845
Charles S. Wright, WSBA #31940
Davis Wright Tremaine LLP
1201 Third Avenue Suite 2200
Seattle, Washington 98101-3045
steverummage@dwt.com
cassandrakinkead@dwt.com
charleswright@dwt.com

[X] Via Hand Delivery
[X] Via Email

<u>Counsel for Defendant Microsoft Corporation – Admitted Pro Hac Vice</u>

Charles B. Casper
Montgomery, McCracken, Walker & Rhoads
123 South Broad Street
Philadelphia, PA 19109
ccasper@mmwr.com

GORDON TILDEN THOMAS & CORDELL LLP

By /s/ Mark A. Wilner
Mark A. Wilner, WSBA #31550
Attorneys for Plaintiff
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: mwilner@gordontilden.com

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND TO DEEM CERTAIN REQUESTS FOR ADMISSION "ADMITTED" - 8
No. C07-0475 MJP

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292