

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIANNE KELLEY and KENNETH HANSEN, )    No. C 07-475 MJP
                                   )
                    Plaintiffs,    )
        v.                         )    DECLARATION OF
                                   )    NICHOLAS J. PSYHOGEOS IN
MICROSOFT CORPORATION, a Washington )   SUPPORT OF MICROSOFT'S
corporation,                       )    MOTION TO SEAL CERTAIN
                                   )    CONFIDENTIAL DOCUMENTS
                    Defendant.     )
                                   )

I, NICHOLAS PSYHOGEOS, hereby declare as follows:

1.      I am employed by Microsoft Corporation ("Microsoft") at our headquarters in
Redmond, Washington. I have been employed by Microsoft since 1998. My current position
at Microsoft is General Manager of the Worldwide OEM Programs & Policy team. I have
held that position since April 2005. I am over 18 years of age. I have personal knowledge of
the facts set forth herein, except as to those facts where I state that my understanding is based
on information available to me as General Manager of Microsoft's Worldwide OEM
Programs & Policy team.

2.      In my position as General Manager of the Worldwide OEM Programs &
Policy team, I am responsible for managing Microsoft's programs, licensing and policies with
the companies (called "original equipment manufacturers" or "OEMs") that manufacture

DECLARATION OF NICHOLAS J. PSYHOGEOS IN SUPPORT OF
MOTION TO SEAL (C 07-475 MJP) — 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

computers that have Microsoft operating systems and other software preinstalled on them

under one or more licenses from Microsoft or an affiliate.

3.    I understand that Microsoft has submitted copies of the following confidential

agreements, communications and other materials with its Opposition to Plaintiffs' Motion for

Class Certification (hereafter "Microsoft's Brief"):

- the Declaration of Christine Mullaney Sundlie, which contains confidential information taken from (a) Microsoft's OEM Marketing Bulletin, dated September 20, 2006, concerning the "Windows Vista Capable" program, Bates stamped as MS-KELL 000000000039-58, and (b) versions of Microsoft's Designed for Microsoft Windows and Windows Vista Logo License Agreement with OEMs;

- six (6) different versions of Microsoft's Designed for Microsoft Windows and Windows Vista Logo License Agreement with OEMs [attached to the Declaration of Christine Mullaney Sundlie as Exhibits A-F]; and

- the Declaration of Robert L. Moline, which contains confidential information regarding Microsoft's sales of Windows Vista and Windows XP licenses and proprietary information regarding the current and historical size of the personal computer market in the United States.

4.    Each of these materials is, or contains information about, a commercially

sensitive business matter, and each of them is of significant competitive value to Microsoft.

As such, Microsoft considers these materials (or the information within them) confidential

and takes steps to keep these materials and information confidential.

5.    The versions of Microsoft's Designed for Microsoft Windows and Windows

Vista Logo License Agreement with OEMs ("Logo License Agreement") listed in paragraph

3 above are labeled "Confidential" on each of their pages.  The "Confidential" labels on these

documents were included or placed on or within them prior to the inception of this lawsuit,

and are separate from any "confidential" designation that may have been placed on them in

connection with this litigation.

DECLARATION OF NICHOLAS J. PSYHOGEOS IN SUPPORT OF
MOTION TO SEAL (C 07-475 MJP) — 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax (206) 757-7700

1     6.     Maintaining the confidentiality of the Logo License Agreements listed in

2   paragraph 3 above is not simply a matter of great importance to Microsoft.  The OEMs also

3   have contractual rights to confidentiality under the Logo License Agreements, and, based on

4   information available to me as General Manager of Microsoft's Worldwide OEM Programs &

5   Policy team, I understand that OEMs expect Microsoft to keep these matters confidential.

6
                    **Microsoft's Designed for Microsoft Windows and Windows Vista**
7                            **Logo License Agreement with OEMs**

8     7.     I previously signed a Declaration in Support of Microsoft's Response to

9   Plaintiffs' Motion to Seal Certain Confidential Documents dated October 24, 2007 (my "Prior

10  Declaration") [Dkt. 76].  One of the purposes of my Prior Declaration was to provide

11  evidentiary support for Microsoft's request that version 9.3 of the Logo License Agreement,

12  which counsel for Plaintiffs had submitted to the Court under seal in support of their Motion

13  for the Application of Washington Law, remain sealed and kept confidential by the Court.

14  [Dkt. 76, ¶¶ 3, 12-16]; [Dkt. 62 (Exhibit C)].  It is my understanding that on November 7,

15  2007, the Court entered an Order granting Microsoft's request that version 9.3 of the Logo

16  License Agreement be kept under seal. [Dkt. 81].

17    8.     The versions of the Logo License Agreement that are referenced in and

18  attached to the Declaration of Christine Mullaney Sundlie are earlier versions of the Logo

19  License Agreement that were used by Microsoft and its OEM partners.  Those prior versions

20  of the Logo License Agreement are considered to be confidential and commercially sensitive

21  by Microsoft, are kept confidential by Microsoft, and require protection from public

22  disclosure for the same reasons that are stated in my Prior Declaration regarding version 9.3

23  of the Logo License Agreement.  [Dkt. 76, ¶¶ 3-5, 12-16, 21-22, 24, 27, 29, 31, 33]; [Dkt. 81].

24

25

26

27

DECLARATION OF NICHOLAS J. PSYHOGEOS IN SUPPORT OF
MOTION TO SEAL (C 07-475 MJP) — 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**Microsoft's Confidential Sales Information Regarding
Windows Vista and Windows XP Licenses**

9.     The Declaration of Robert L. Moline filed in support of Microsoft's Brief (the "Moline Declaration") contains very specific sales information regarding the number of Windows Vista and Windows XP licenses sold by Microsoft.  This specific and detailed sales information is of significant competitive value to Microsoft, and Microsoft takes steps to keep this information confidential.

10.     Although Microsoft is a public company that is required to make public disclosures of certain general sales information, it is not required to disclose to the public, and in fact does not disclose, specific and detailed sales information regarding particular Microsoft products and services.  If Microsoft's competitors knew the specific sales data contained in the Moline Declaration, such as how well one Microsoft product was selling when compared to another, or how well one Microsoft product was selling in a particular segment of the marketplace for a specific period of time, Microsoft's competitors could use that information to compete more effectively with Microsoft and place it at a competitive disadvantage.  In addition, the proprietary information contained within the Moline Declaration regarding the current and historical size of the personal computer market in the United States has significant competitive value to Microsoft, and Microsoft does not disclose that information to the public.  That data is important and valuable because it is used to provide an understanding of business performance within the industry, and it forms the basis for business planning and forecasting within the industry.  Microsoft's competitors do not disclose their own specific and proprietary data regarding the size of the U.S. personal computer market to Microsoft.  As a result, if Microsoft's detailed information regarding the size of the U.S. personal computer market were disclosed, Microsoft would suffer a substantial competitive disadvantage—Microsoft's competitors would know the specific data used as a basis for Microsoft's business performance, planning, and forecasting, but Microsoft would not know the data used by its competitors for those same purposes.

DECLARATION OF NICHOLAS J. PSYHOGEOS IN SUPPORT OF
MOTION TO SEAL (C 07-475 MJP) — 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**Microsoft's Efforts to Maintain the
Confidentiality of Its Commercially Sensitive Business Documents**

11.    It is Microsoft's regular practice to protect certain types of information as confidential. I am familiar with how Microsoft stores and manages access to certain records relating to our relationships with OEMs. In particular, I am personally familiar with how Microsoft stores and manages access to records relating to the various types of contracts we enter into with OEMs and, based on information available to me as General Manager of Microsoft's Worldwide OEM Programs & Policy team, I understand how Microsoft stores and manages access to records relating to specific and detailed sales information for Microsoft's products, such as the information disclosed in the Moline Declaration. Microsoft considers this information confidential, proprietary and trade secret information of significant competitive value and exerts commercially reasonable efforts to preserve the confidential, proprietary and trade secret nature of such information.

12.    We exert commercially reasonable efforts to ensure that the terms of our agreements with our OEM partners (including those terms that are required to be uniform) are not divulged outside the relationships with our OEM partners. In addition, we exert commercially reasonable efforts to ensure that information concerning the details of each particular OEM's transactions with Microsoft are not divulged to other OEMs or to the public. This information is maintained in areas not open to the public in locations protected by passwords (for online information) or locked cabinets and/or doors accessible only with company-issued keys held by those with responsibility for protecting this information. Furthermore, this information is available only to Microsoft personnel with a business need for the information and to the particular OEM to which the information pertains. Divulging this information in a public forum would create a serious and imminent threat of Microsoft's competitors misusing and gaining unfair advantage from our confidential information, and it would also harm our interests during future negotiations with OEMs.

DECLARATION OF NICHOLAS J. PSYHOGEOS IN SUPPORT OF
MOTION TO SEAL (C 07-475 MJP) — 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

13. In addition, we exert commercially reasonable steps to keep Microsoft's specific and detailed sales data confidential. We do not want our competitors to have access to that data because we do not want our competitors to use it to Microsoft's disadvantage. Based on information available to me as General Manager of Microsoft's Worldwide OEM Programs & Policy team, I understand that this information is likewise kept confidential and is available only to Microsoft personnel with a business need for the information. Divulging this information in a public forum would create a serious and imminent threat of Microsoft's competitors misusing and gaining unfair advantage from our confidential information.

**Disclosure of Microsoft's Confidential Business Agreements and Information Would Cause Significant Harm to Microsoft's Competitive Interests**

14. The public disclosure of the terms of any of Microsoft's agreements with OEMs would put Microsoft at a competitive disadvantage vis-à-vis its software competitors. If those competitors knew the terms to which we were willing to agree with an OEM partner, Microsoft's competitors could use that information in their own negotiations with OEMs. For example, a competitor knowing the terms to which Microsoft was willing to agree with an OEM partner could provide more favorable terms to that OEM or to other of our current or potential OEM partners. In that case, Microsoft could see its business with one or more OEMs decline, and it could be forced to renegotiate its agreements with one or more OEMs on less favorable terms—all to Microsoft's competitive disadvantage in the marketplace.

15. Although the Windows Vista Capable marketing program authorized by sections of the Logo License Agreement is now complete, that document and its prior versions retain their commercial sensitivity. The Logo License Agreement contains the details of Microsoft's business and marketing methods and strategies with respect to OEMs. The public disclosure of those terms, even after the conclusion of the Windows Vista Capable marketing program, would put Microsoft at a competitive disadvantage vis-à-vis its competitors. If Microsoft's competitors knew the details of marketing strategies that

DECLARATION OF NICHOLAS J. PSYHOGEOS IN SUPPORT OF
MOTION TO SEAL (C 07-475 MJP) — 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    Microsoft had developed for use by its OEM partners, those competitors could use that

2    information in the development of their strategies to compete with Microsoft.

3        16.    Similarly, the fact that individual versions of the Logo License Agreement

4    were in effect for specific periods of time does not mean that those documents no longer

5    contain commercially sensitive information for Microsoft and the OEMs.  The Logo License

6    Agreement is an agreement that Microsoft uses over the long term of its desktop operating

7    system business, one of Microsoft's largest sources of revenue.  Because of the importance of

8    the desktop operating system business to Microsoft, Microsoft considers the Logo License

9    Agreement to be highly confidential.  It has been used continuously and evolved through

10    several versions over many years.  Although the terms of the agreement change to some

11    degree when it is revised, the basic framework it provides for Microsoft's business dealings

12    with its OEM partners usually remains very similar from one year to the next.  Thus,

13    Microsoft's competitors would still be able to use the information contained in the versions of

14    the Logo License Agreement at issue here to Microsoft's competitive disadvantage in the

15    marketplace were they disclosed.  Disclosing them would cause Microsoft serious harm, as I

16    described above and in my Prior Declaration.

17        17.    Accordingly, Microsoft and its OEM partners have continued to treat all

18    versions of the Logo License Agreement as confidential business information, and Microsoft

19    continues to make commercially reasonable efforts to ensure that the terms of those

20    documents (including those terms that are uniform) are not divulged outside of Microsoft's

21    relationships with its OEM partners.  Those efforts have not ceased simply because

22    Microsoft's Windows Vista Capable marketing program has ended.

23        I declare under penalty of perjury that the foregoing is true and correct.

24        EXECUTED this 19th day of November, 2007, at Redmond, Washington.

25

26

27                                   Nicholas J. Psyhogeos

DECLARATION OF NICHOLAS J. PSYHOGEOS IN SUPPORT OF
MOTION TO SEAL (C 07-475 MJP) --- 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700