The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANNE KELLEY and KENNETH HANSEN, ) | No.  C 07-475 MJP |
| ) | |
| Plaintiffs, ) | DECLARATION OF |
| v. ) | THOMAS G. YOXALL IN |
| ) | SUPPORT OF MICROSOFT'S |
| MICROSOFT CORPORATION, a Washington ) | OPPOSITION TO PLAINTIFFS' |
| corporation, ) | MOTION FOR CLASS |
| ) | CERTIFICATION |
| Defendant. ) | |
| _____ ) | |

I, THOMAS G. YOXALL, hereby declare as follows:

1.      My name is Thomas G. Yoxall and my business address is 2200 Ross Avenue,
Suite 2200, Dallas, Texas 75201-6776.  I am an attorney with the law firm of Locke Lord
Bissell & Liddell LLP.  I am over the age of eighteen and am fully competent to testify to the
matters stated herein.  The facts contained herein are true and correct and within my personal
knowledge.

2.      I was one of the attorneys of record for defendant Microsoft Corporation
("Microsoft") in the lawsuit styled and previously pending as Mark Manning, Steve Collins
and Dana Schnitzer, on behalf of themselves and all others similarly situated vs. Microsoft
Corporation, No. 93-0357 in the 71st Judicial District, Harrison County, Texas;  Microsoft

DECLARATION OF THOMAS G. YOXALL IN SUPPORT OF
MICROSOFT'S OPPOSITION TO PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION (C 07-475 MJP) — 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Corporation, Relator, vs. The Honorable Court of Appeals for the Sixth Appellate District of Texas, Respondents, No. 96-0357 in the Supreme Court of Texas; and Microsoft Corporation, Petitioner vs. Mark Manning, Steve Collins, and Dana Schnitzer, On Behalf of Themselves and All Other Similarly Situated, Respondents, No. 95-1289 in the Supreme Court of Texas (the "Manning Lawsuit").

3.    Plaintiff Mark Manning commenced the Manning Lawsuit by filing an Original Petition on December 9, 1993.

4.    Attached hereto as Exhibit A is a true and correct copy of the First Amended Petition filed in the Manning Lawsuit.

5.    Attached hereto as Exhibit B is a true and correct copy of the June 28, 1996 Order issued by the Texas Supreme Court granting Microsoft's Motion for Leave to File Petition of Mandamus in the Manning lawsuit.

6.    Attached hereto as Exhibit C is a true and correct copy of the September 16, 1996 Amended Order Decertifying Class issued by the Honorable Bonnie Leggat of the 71st Judicial District Court of Harrison County Texas in the Manning Lawsuit.

7.    Attached hereto as Exhibit D is a true and correct copy of the October 1, 1996 Order issued by the Texas Supreme Court dismissing as moot Microsoft's Petition for Writ of Mandamus and Application for Writ of Error in the Manning Lawsuit.

8.    On October 4, 1996, the trial court in the Manning Lawsuit granted Plaintiffs' request to file any further briefs following the decertification of the class during the first week in December, 1996. Plaintiffs did not serve Microsoft's counsel with any additional briefs but instead served a motion for Extension of Time requesting an additional thirty (30) days in which to file any further briefs. Plaintiffs served no additional briefs prior to the filing of the Notice of Nonsuit.

DECLARATION OF THOMAS G. YOXALL IN SUPPORT OF
MICROSOFT'S OPPOSITION TO PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION (C 07-475 MJP) — 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

9.    Attached hereto as Exhibit E is a true and correct copy of the January 6, 1997 Notice of Nonsuit filed by Plaintiffs in the 71st Judicial District Court of Harrison County, Texas in the Manning Lawsuit.

10.    As these documents show, the trial judge decertified the class *sua sponte* on September 16, 1996, shortly after the Texas Supreme Court granted Microsoft's Motion for Leave to File Petition of Mandamus.  That motion sought the Texas Supreme Court's review of the Texas Court of Appeals' opinion affirming class certification.  After the decertification order, no further order on class certification was ever entered because Plaintiffs voluntarily filed a Notice of Nonsuit on January 6, 1997, which ended the case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November ___6___, 2007.


Thomas G. Yoxall

DECLARATION OF THOMAS G. YOXALL IN SUPPORT OF
MICROSOFT'S OPPOSITION TO PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION (C 07-475 MJP) — 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# EXHIBIT A

<u>CLASS ACTION</u>

No. 93-1198

| | | |
|---|---|---|
| MARK MANNING, STEVE COLLINS, and DANA SCHNITZER, On Behalf of Themselves and All Others Similarly Situated, | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| vs. | § § | HARRISON COUNTY, TEXAS |
| MICROSOFT CORPORATION, | § § | |
| Defendant. | § | 71st JUDICIAL DISTRICT |

<u>PLAINTIFFS' FIRST AMENDED PETITION</u>

Plaintiffs Mark Manning, Steve Collins, and Dana Schnitzer on behalf of themselves individually and as class representatives ("Plaintiffs"), complain of Microsoft Corporation ("Microsoft") as follows.

## I. PARTIES

1.     <u>Plaintiffs</u>.  Plaintiff Mark Manning is a citizen of the State of Texas and a resident of Harrison County, Texas.  Steve Collins is a citizen of the State of Texas and a resident of Dallas County, Texas.  Dana Schnitzer is a citizen of the State of Texas and a resident of Harris County, Texas.  Plaintiffs bring this action in their individual capacities and on behalf of all others similarly situated.  Plaintiffs purchased the product at issue in this lawsuit, MS-DOS 6.0.

**PLAINTIFFS' FIRST AMENDED PETITION - PAGE 1**

2.    <u>Microsoft</u>.  Microsoft is a Delaware corporation with its principal place of business in the State of Washington and is duly authorized to, and does, conduct business in the State of Texas.  Microsoft has appeared and answered in this lawsuit.

## II.  JURISDICTION AND VENUE

3.    <u>Jurisdiction and Venue</u>.  Jurisdiction is proper because the aggregate damages suffered by Plaintiffs and the class members they seek to represent exceed the minimum jurisdictional limits of this Court.  The individual damages of Plaintiffs and the individual damages of each class member they seek to represent are less than two hundred dollars.  Venue is proper in Harrison County pursuant to §§15.001, 15.033, or 15.037 of the Texas Civil Practice and Remedies Code.

## III.  STATEMENT OF FACTS

4.    <u>Nature of Suit</u>.  This is a suit for breach of warranty and other claims.  Microsoft is far and away the world's leading manufacturer of computer software for personal computers.  In March 1993, Microsoft began selling a new software program called MS-DOS 6.0 ("DOS 6.0").  To date, Microsoft has sold more than 11 million copies of DOS 6.0.  Among other features, this software included a "disk compression" feature that enabled users to increase their ability to store data.  DOS 6.0, however, had "bugs" — defects in the software program that, in certain circumstances, caused the loss of users' computer data.  To rectify these serious defects, Microsoft introduced in November 1993 a new software program, MS-DOS 6.2 ("DOS 6.2").  Notwithstanding Microsoft's express and implied warranties to the purchasers of DOS 6.0 that the defective software would be repaired or

**PLAINTIFFS' FIRST AMENDED PETITION - PAGE 2**

replaced at no additional cost, Microsoft has not provided the DOS 6.2 upgrade free of charge, but rather has marketed DOS 6.2 at the suggested retail list price of $9.95.

5.     Introduction of DOS 6.0. DOS is the operating system software. Microsoft introduced DOS 6.0 in March 1993. DOS 6.0 was an enhanced version of its then-existing software known as MS-DOS 5.0. A key feature of DOS 6.0 was its "Doublespace data compression" feature. The ability of a computer to store data is constrained by the computer hardware. To increase data storage capability typically required a user to purchase hundreds or even thousands of dollars of additional hardware. Although other software companies previously offered data compression features, the Doublespace data compression feature was designed to allow purchasers to use the basic operating system itself to increase their data storage capability instead of buying more expensive hardware.

6.     Sales of DOS 6.0. According to published statements by Microsoft officials, Microsoft has sold more than 11 million copies of DOS 6.0. These sales have produced, at a minimum, hundreds of millions of dollars of revenue for Microsoft. DOS 6.0 is sold in two primary ways. First, purchasers can buy the software directly from a computer store. The purchasers then install the software into their computers. Second, purchasers can buy DOS 6.0 pre-installed on new personal computers from computer manufacturers such as Compaq and from resellers.

7.     Defects in DOS 6.0. Immediately upon its introduction in March 1993, serious defects in DOS 6.0 such as data loss began to surface. DOS 6.0's Doublespace data compression feature caused the loss of data contained in some users' computer files. Indeed, the widespread problems with DoubleSpace and data loss led some Microsoft employees to

**PLAINTIFFS' FIRST AMENDED PETITION - PAGE 3**

begin referring internally to DoubleSpace as "TroubleSpace." DOS 6.0's serious defects

were known and reported in the computer industry shortly after DOS 6.0's introduction. The

defects in DOS 6.0 include defects in its design and architecture, which defects are present in

every copy of DOS 6.0 acquired by the proposed class. Microsoft misrepresented to users

that DoubleSpace was safe and easy to use. Microsoft failed to warn users that Doublespace

could lead to data loss and failed to warn users to back up their data before installing

DoubleSpace.

8. __Microsoft's Software Warranty and Customer Remedy.__ Microsoft warranted

that DOS 6.0 "will perform substantially in accordance with the accompanying Product

Manual(s) for a period of 90 days from the date of receipt * * *." The warranty also

provided that "Microsoft's entire liability and your exclusive remedy shall be, at Microsoft's

option, either (a) return of the price paid or (b) repair or replacement of the SOFTWARE *

* * that does not meet Microsoft's Limited Warranty and which is returned to Microsoft with

a copy of your receipt."

9. __Introduction of DOS 6.2.__ In November 1993, Microsoft introduced a new

DOS software program, DOS 6.2. This program purportedly rectified the defects in DOS

6.0 that had caused catastrophic data loss. DOS 6.2 contains several important safety

features relating to DoubleSpace that were not included with DOS 6.0. For example, DOS

6.2, unlike DOS 6.0, contains a new program called SCANDISK that automatically scans for

bad areas on the disk drive before attempting to write data to them. If users choose to

bypass SCANDISK before installing DoubleSpace, DOS 6.2 warns them that they may suffer

data loss. DOS 6.2, unlike DOS 6.0, specifically cautions users to back up data before

**PLAINTIFFS' FIRST AMENDED PETITION - PAGE 4**

installing disk compression, and DOS 6.2 also contains other cautions and warnings not found in DOS 6.0. DOS 6.2, unlike DOS 6.0, contains a "DoubleGuard" technology that runs periodic "memory checks" of DoubleSpace and, if DoubleGuard detects a problem with DoubleSpace, it halts the system to avoid further problems. DOS 6.2 changed the behavior of its disk cache program, SMARTDrive, and reconfigured it to write data safely to disk.

10.    Cost of DOS 6.2.  DOS 6.2 could either be purchased from a computer store at Microsoft's suggested retail list price of $9.95 or downloaded from several computerized information services such as Compuserve or Microsoft's electronic support bulletin board. Those users who downloaded DOS 6.2 from Compuserve or Microsoft's bulletin board, however, would have to pay the long distance telephone costs or other on-line costs associated with this upgrade. If the users of DOS 6.0 did nothing, they risked the destruction of their computer data due to the defects contained in DOS 6.0

11.    Microsoft's Breach of its Express Warranty.  Pursuant to Microsoft's written warranty, the purchasers of DOS 6.0 were entitled either to be refunded their purchase price or to have their DOS 6.0 repaired or replaced free of charge. Microsoft breached its express warranty by failing to refund the purchase price of DOS 6.0 and by failing to repair or replace DOS 6.0 without cost to the purchasers. To cure the defects contained in DOS 6.0, purchasers were required either to purchase DOS 6.2, which was being marketed by Microsoft at the suggested retail list price of $9.95 or, if they had access to Compuserve or Microsoft's electronic bulletin board, to incur long-distance or other on-line charges by downloading DOS 6.2 through the bulletin boards.

**PLAINTIFFS' FIRST AMENDED PETITION - PAGE 5**

12.    <u>Microsoft's Attempted Limitation of Warranties</u>.  On page 300 of Microsoft's DOS 6.0 User's Guide (the "User's Guide") -- the very last page of the User's Guide -- Microsoft purports to disclaim all other software warranties other than the 90-day written warranty mentioned above.  Page 300 of the User's Guide reads:

> NO OTHER WARRANTIES - MICROSOFT DISCLAIMS ALL OTHER WARRANTIES, EITHER EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, WITH RESPECT TO THE SOFTWARE * * *.  THIS LIMITED WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS.

13.    <u>The Limitation of Warranties is Unenforceable</u>.  Page 300 of the User's Guide provides that "[t]his Agreement is governed by the laws of the State of Washington, U.S.A." Under the laws of the State of Washington, Microsoft's attempts to limit the  implied warranties of merchantability and fitness for a particular purpose are void and unenforceable.

14.    <u>Microsoft's Breach of Implied Warranties</u>.  By selling and marketing the DOS 6.0 programs containing the defects described above, Microsoft breached the implied warranties arising under applicable law, including the implied warranties of merchantability and fitness for a particular purpose.  To cure the defects contained in DOS 6.0, purchasers were required either to purchase DOS 6.2, which was being marketed by Microsoft at the suggested retail list price of $9.95 or, if they had access to Compuserve or Microsoft's electronic bulletin board, to incur long-distance or other on-line charges by downloading DOS 6.2 through the bulletin boards.

**PLAINTIFFS' FIRST AMENDED PETITION - PAGE 6**

## IV.  CLASS ACTION ALLEGATIONS

15.    Plaintiffs bring this action on behalf of themselves and all others similarly situated.  The class that Plaintiffs seek to represent is composed of all persons and entities in the United States who have purchased, licensed, or otherwise acquired DOS 6.0.  Not included within this class definition are the claims of those persons who have sought or who may seek consequential losses resulting from the destruction of data caused by the use of DOS 6.0.

16.    The class is composed of millions of persons and entities, the joinder of whom is impracticable, and the disposition of their claims in a class action will provide substantial benefits both to the parties and the court system.

17.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact predominate over questions which may affect individual class members, including the following: (1) whether DOS 6.0 contained defects; (2) whether Microsoft breached its express warranty in marketing DOS 6.0; (3) whether Microsoft's purported exclusion of implied warranties is enforceable under applicable law; (4) if the purported exclusions are not enforceable, whether Microsoft breached implied warranties in marketing DOS 6.0; (5) whether Microsoft violated the Magnuson-Moss Act; (6) whether Microsoft's actions constitute unfair or deceptive trade practices; (7) whether Microsoft has been unjustly enriched by having received hundreds of millions of dollars for a product -- DOS 6.0 -- that was inherently defective and had the potential for causing, and in certain cases did cause, the destruction of computer data; and

**PLAINTIFFS' FIRST AMENDED PETITION - PAGE 7**

(8) whether the class has suffered damages and, if so, the extent of such damages to which each member of the class is entitled.

18.    As purchasers of DOS 6.0, Plaintiffs are asserting claims that are typical of the claims of the entire class, and Plaintiffs will fairly and adequately represent and protect the interests of the class in that they have no interests antagonistic to those of the class. Plaintiffs have retained counsel who is competent and experienced in the prosecution of this type of litigation.

19.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since individual joinder of all members of the class is impracticable.  As the damages suffered by each member of the class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to prosecute their claims.  The cost to the court system of adjudicating such individualized litigation would be substantial.  The conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member.

20.    Plaintiffs and the members of the class have all suffered damages as a result of Microsoft's wrongful conduct.  Absent a class action, Microsoft will likely retain hundreds of millions of dollars received as a result of its wrongdoing.  Because of the size of the individual class members' claims, few, if any, class members could afford to seek individual legal redress.

**PLAINTIFFS' FIRST AMENDED PETITION - PAGE 8**

## V. CAUSES OF ACTION

### COUNT ONE: BREACH OF EXPRESS WARRANTY

21.    Breach of Express Warranty.  All the DOS 6.0 programs sold directly or indirectly by Microsoft contained a defect that had the potential for causing, and in certain cases did cause, the destruction of computer data.  Thus, Microsoft has breached its express warranty that DOS 6.0 will perform substantially in accordance with the accompanying Product Manuals for a period of 90 days from the date of receipt.  Moreover, contrary to its express warranty, Microsoft did not return the purchase price of DOS 6.0 to those who had purchased DOS 6.0 nor did Microsoft repair or replace DOS 6.0 free of charge to those who had purchased DOS 6.0.  As a result of Microsoft's breaches of its express warranty, Plaintiffs and the members of the class have suffered substantial damages.

### COUNT TWO:  BREACH OF IMPLIED WARRANTIES

22.    Breach of Implied Warranties.  All the DOS 6.0 programs sold by Microsoft or others contained a defect that had the potential for causing, and in certain cases did cause, the destruction of computer data.  Thus, Microsoft has breached implied warranties of merchantability and fitness for a particular purpose.  Although Microsoft has purported to exclude such implied warranties, such exclusion is null and void under applicable law.  As a result of Microsoft's breaches of implied warranties, Plaintiffs and the members of the class have suffered substantial damages.

**PLAINTIFFS' FIRST AMENDED PETITION - PAGE 9**

## COUNT THREE: VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

23.    <u>Violation of the Magnuson-Moss Warranty Act</u>. All the DOS 6.0 programs sold by Microsoft or others contained a defect that had the potential for causing, and in certain cases did cause, the destruction of computer data. Thus, Microsoft has breached its express warranties and implied warranties of merchantability and fitness for a particular purpose. DOS 6.0 is used in conjunction with computers that are normally used for personal, family, or household purposes and, therefore, constitute consumer products under the Magnuson-Moss Warranty Act (the "Magnuson-Moss Act"), 15 U.S.C. §2301(1). Microsoft's attempt to disclaim the implied warranties of merchantability and fitness for a particular purpose violate §108(a) of the Magnuson-Moss Act (15 U.S.C. §2308(a)) and, therefore, is unenforceable under the Magnuson-Moss Act (15 U.S.C. §2308(c)). Moreover, Microsoft's attempt to limit its implied warranties is not conspicuously designated and, therefore, violates §103(a) of the Magnuson-Moss Act (15 U.S.C. §2308(a)). As a result of Microsoft's breaches of its implied warranties, Plaintiffs and the members of the class have suffered substantial damages.

## COUNT FOUR: UNFAIR AND DECEPTIVE TRADE PRACTICES

24.    <u>Unfair and Deceptive Trade Practices</u>. Microsoft's actions constitute unfair and deceptive trade practices including, but not necessarily limited to, violations of the Washington Consumer Protection Act. Microsoft's acts and practices set forth above include misrepresentations that (a) DOS 6.0 had characteristics, benefits, or uses that it did not have, and (b) DOS 6.0 was of a particular standard, quality, or grade when, in fact, when it was of a different and inferior standard, quality, or grade. Microsoft's actions occurred in the

**PLAINTIFFS' FIRST AMENDED PETITION - PAGE 10**

conduct of its trade and commerce as the world's leading manufacturer of computer software. Microsoft is headquartered in the State of Washington, employs thousands of people in the State of Washington, and has sold tens of thousands of copies of DOS 6.0 and DOS 6.2 to Washington residents and millions of copies throughout the United States. Microsoft's actions have affected the public interest of consumers throughout the Untied States, including consumers residing within the State of Washington. As a result of Microsoft's unfair and deceptive trade practices, Plaintiffs and the members of the class have suffered substantial damages. In addition, Plaintiffs and the members of the class seek to recover three times their actual damages.

## COUNT FIVE: UNJUST ENRICHMENT AND MONEY HAD AND RECEIVED

25.   Unjust Enrichment.  Microsoft has been unjustly enriched by having received hundreds of millions of dollars for a product -- DOS 6.0 -- that was inherently defective and had the potential for causing, and in certain cases did cause, the destruction of computer data.  In equity and good conscience, this money in whole or in part belongs to the Plaintiff class, who, directly or indirectly, paid it to Miscrosoft for a defective product.  Plaintiffs and the members of the class therefore seek to recover all or part of the profits that Microsoft made from sales of DOS 6.0, which profits were illicitly obtained through the sale of an inherently defective product -- DOS 6.0.

## VI.  MISCELLANEOUS

26.   Damages.  Those class members who purchased DOS 6.0 and DOS 6.2 (a) seek to be reimbursed by Microsoft for the price they paid in purchasing DOS 6.2 or (b)

**PLAINTIFFS' FIRST AMENDED PETITION - PAGE 11**

seek to be reimbursed by Microsoft for the price they paid in purchasing DOS 6.0. Those class members who have purchased DOS 6.0 but not DOS 6.2 (a) seek money damages from Microsoft in an amount equal to the cost of purchasing DOS 6.2 or (b) seek to be reimbursed by Microsoft for the price they paid in purchasing DOS 6.0.

27. <u>Attorneys' Fees</u>. Plaintiffs have retained the undersigned attorneys to initiate and prosecute this lawsuit and are entitled to recover their reasonable attorneys' fees in prosecuting this action at trial and on appeal.

28. <u>Conditions Precedent</u>. All conditions precedent to the institution of this lawsuit have been performed, have occurred, or have been waived.

29. <u>No Waiver or Election</u>. By instituting this lawsuit, Plaintiffs do not intend to waive any rights or make any election of remedies; rather, Plaintiffs intend to reserve, and hereby do reserve, all rights to which they are entitled, including the right to make an election of remedies at the appropriate time.

**WHEREFORE,** Plaintiffs, on behalf of themselves and the members of the class defined herein, respectfully pray that upon final trial Plaintiffs obtain judgment as follows:

1. This Court enter an order certifying that the action may be maintained as a class action and certifying the Plaintiff class and any appropriate subclass and appointing Plaintiffs and their counsel to represent the class;

2. Plaintiffs recover their actual damages in an amount to be proven at trial, which amount is less than two hundred dollars for each named Plaintiff and for each class member;

3. Plaintiffs recover three times their actual damages as a result of Plaintiff's knowing unfair and unfair deceptive trade practices;

4. Plaintiffs recover their reasonable attorneys' fees incurred at trial and, if necessary, on appeal;

**PLAINTIFFS' FIRST AMENDED PETITION - PAGE 12**

5.    Plaintiffs recover their costs of court;

6.    Plaintiffs recover pre-judgment and post-judgment interest at the highest respective rates allowed by law; and

7.    Plaintiffs be awarded all other relief, either general or special, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

JONES, JONES & CURRY, INC.

By:    _____

Sam Baxter
Texas Bar No. 01938000

201 W. Houston Street
P.O. Drawer 1249
Marshall, Texas 75670
Telephone: (903) 938-4395
Facsimile: (903) 938-3360

McKOOL SMITH, P.C.

By:    _____

Charles W. Cunningham
Texas Bar No. 05233100
Gary J. Cruciani
Texas Bar No. 05177300
James A. Cox
Texas Bar No. 04946560

300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

ATTORNEYS FOR PLAINTIFFS

**PLAINTIFFS' FIRST AMENDED PETITION - PAGE 13**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was hand delivered to Timothy Mountz at Locke Purnell Rain Harrell, 2200 Ross Avenue, Suite 2200, Dallas, Texas 75201-6776 on November 4, 1994.


Gary Cruciani

**PLAINTIFFS' FIRST AMENDED PETITION - PAGE 14**

# EXHIBIT B



# THE SUPREME COURT OF TEXAS

Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

June 28, 1996

Mr. Morris Harrell
Locke Purnell Rain Harrell
2200 Ross Avenue, Suite 2200
Dallas, TX  75201-6776

Mr. Jerry K. Clements
Locke Purnell Rain Harrell
2200 Ross Avenue, Suite 2200
Dallas, TX  75201

Mr. Thomas E. Kelly, Jr.
Preston Gates & Ellis
5000 Columbia Center
701 Fifth Avenue
Seattle, WA  98104-7078

Mr. Charles B. Casper
Montgomery McCracken Walker & Rhoads
Three Parkway-20th Floor
Philadelphia, PA  19102

Mr. Franklin Jones
Po Box 1249
Marshall, Tx  75671-1249

Mr. Denis F. Sheils
Kohn Swift & Graf
1101 Market Street, Suite 2400
Philadelphia, PA  19107-1700

Mr. Sam Baxter
McKool Smith
505 East Travis
Marshall, TX  75620

Ms. Rosemary T. Snider
McKool Smith
300 Crescent Court, Suite 1500
Dallas, TX  75201

Ms. Harriet E. Miers
Locke Purnell Rain & Harrell
2200 Ross Avenue, Suite 2200
Dallas, TX  75201-6776

Mr. Thomas G. Yoxall
Locke Purnell Rain Harrell
2200 Ross Avenue, Suite 2200
Dallas, TX  75201-6776

Mr. Max Sandlin, Jr.
Sandlin & Buckner
1600 South Washington
Marshall, TX  75670

Mr. Peter Breslauer
Montgomery McCracken Walker & Rhoads
Three Parkway-20th Floor
Philadelphia, PA  19102

Mr. Joseph C. Kohn
Kohn Swift & Graf
1101 Market Street, Suite 2400
Philadelphia, PA  19107-2924

Mr. J. Garrett Kendrick
Mogin & Kendrick
401 W. "A" Street, Suite 2200
San Diego, CA  92101-7909

Mr. Gary J. Cruciani
McKool Smith
300 Crescent Court, Suite 1500
Dallas, TX  75201

RE:    Case Number 96-0357

Style:    MICROSOFT CORPORATION v. THE HONORABLE SIXTH COURT OF APPEALS
and THE HONORABLE BONNIE LEGGAT, JUDGE
*Original Mandamus Proceeding*

Dear Counsel:

Today, the Supreme Court of Texas (Justice Hecht not sitting) granted the Motion for Leave
to file Petition for Writ of Mandamus in the above styled cause. This cause has been set for submission
and oral argument on Thursday, 3 October, 1996. Counsel should arrange to be present in the
courtroom by 8:30 a.m. for check-in with the Marshals. Oral arguments begin at 9:00 a.m. If desired,
counsel may call the Clerk's Office for the order of setting on Friday, 27 September. Each side has
been allotted 25 minutes for oral argument.

Please indicate on the enclosed form which attorney/s will present oral argument, (*See* TEX.
R. APP. P. 172), and return the form to the Clerk's Office at your earliest convenience, and if at all
possible, no later than Wednesday, 18 September, 1996. Oral argument will be held at our location
in the SUPREME COURT BUILDING at 201 W. 14th Street (corner of 14th & Colorado). The
Courtroom is located on the First Floor. The Clerk's Office is also located on the First Floor, Room
No. 104.

Relator is assessed an additional $75.00 filing fee for granting the motion for leave. Please note
that the additional filing fee is due and payable prior to the submission of this cause in oral argument
before this Court. Please make your check payable to John T. Adams, Clerk, and remit to the Clerk's
Office of the Supreme Court of Texas at the above address.

Sincerely,

John T. Adams, Clerk

by *[signature]*
Courtland Crocker
Deputy

Encl.    Cost Bill (this letter)
Submission Form

cc:    Ms. Tibby Thomas, Clerk
Hon. Bonnie Leggat

# IN THE SUPREME COURT OF TEXAS

## Oral Argument Submission Form

Date: <u>28 June, 1996</u>

CAUSE NO. <u>96-0357</u>

Style   **MICROSOFT CORPORATION v. THE HONORABLE SIXTH COURT OF APPEALS
and THE HONORABLE BONNIE LEGGAT, JUDGE**
*Original Mandamus Proceeding*

Notice of granting *Motion for Leave to file Petition for Writ of Mandamus* by the Supreme Court of Texas, as numbered and styled above, is herewith acknowledged and of the submission date for oral argument on:

<u>3 October, 1996</u>

Relators/s
Respondent/s will be represented by:
(circle one, please)

_____

of the firm    _____

Address    _____

_____

_____

Signed    _____

Counsel for    _____

## THE FOLLOWING MOTIONS FOR LEAVE TO FILE PETITIONS FOR WRIT OF MANDAMUS ARE GRANTED:

96-0357    MICROSOFT CORPORATION v. THE HONORABLE SIXTH COURT OF APPEALS and THE HONORABLE BONNIE LEGGAT, JUDGE

(Justice Hecht not sitting)

96-0362    DELOITTE & TOUCHE LLP and RONALD BEGNAUD v. THE FOURTEENTH COURT OF APPEALS

(Justice Owen not sitting)


## ORDERS ON APPLICATIONS FOR WRIT OF ERROR


## THE FOLLOWING APPLICATIONS FOR WRIT OF ERROR ARE DENIED:

95-0531    LYKES BROTHERS STEAMSHIP COMPANY, LITTON SYSTEMS, INC. f/k/a INGALLS SHIPBUILDING CORPORATION, and INGALLS SHIPBUILDING, INC. v. JOHN ARCENEAUX, ROSE ARCENEAUX, and TEXAS EMPLOYERS INSURANCE ASSOCIATION; from Jefferson County; 9th district (09-93-00089-CV, 898 SW2D 313, 12-08-94)

95-0565    DON JANICEK and OL'DON, INC. v. KIKK INC. and VIACOM INTERNATIONAL INC., ET AL.; from Harris County; 14th district (C14-94-00228-CV, RULE 90, 04-13-95)

95-1001    ORLANDO RODRIQUEZ, LYDIA RODRIQUEZ, DAVID A. ORTEGA, and RITA ORTEGA v. TEXAS FARMERS INSURANCE COMPANY; from Lubbock County; 7th district (07-94-00356-CV, 903 SW2D 499, 07-31-95)

95-1162    BARBARA S. YOUNGS v. MAGGIE S. CHOICE, guardian of MAY T. YOUNGS, incapacitated; from Harris County; 1st district (01-95-00760-CV, RULE 90, 08-24-95)
        motion to disqualify the Hon. Tom Phillips and all members of the Supreme Court and for certification to the Governor for commission of persons overruled

Page 6
June 28, 1996

# EXHIBIT C

CAUSE NO. 93-1198

| | | |
|---|---|---|
| MARK MANNING, STEVE COLLINS, | § | IN THE DISTRICT COURT |
| AND DANA SCHNITZER, ON BEHALF | § | |
| OF THEMSELVES AND ALL OTHERS | § | |
| SIMILARLY SITUATED | § | |
| | § | |
| VS. | § | HARRISON COUNTY, TEXAS |
| | § | |
| MICROSOFT CORPORATION | § | 71ST JUDICIAL DISTRICT |

## AMENDED
## ORDER DECERTIFYING CLASS

Having examined all briefs relating to Microsoft's Petition for Writ of Mandamus and taking notice of recent decisions involving class actions that may be applicable to issues in this case, the Court hereby **DECERTIFIES** the class previously certified by the Court on May 31, 1995 in the above entitled and numbered cause, vacates the Class Certification Order and the Findings of Fact and Conclusions of Law and sets a status conference for October 4, 1996 at 1:30 p.m. to discuss these issues and the Court's desire for further briefing.

Signed and entered on this the 16th day of September, 1996.

BONNIE LEGGAT, PRESIDING JUDGE

A TRUE COPY
of the Original hereof I certify
Sherry Griffis
District Court Clerk
Harrison County Texas

By _____
Deputy Clerk

731

# EXHIBIT D



# THE SUPREME COURT OF TEXAS

Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

October 1, 1996

Mr. Morris Harrell
Locke Purnell Rain Harrell
2200 Ross Avenue, Suite 2200
Dallas, TX  75201-6776

Ms. Harriet E. Miers
Locke Purnell Rain Harrell
2200 Ross Avenue, Suite 2200
Dallas, TX  75201-6776

Mr. Timothy W. Mountz
Locke Purnell Rain Harrell
2200 Ross Avenue, Suite 200
Dallas, TX  75201-6776

Ms. Jerry K. Clements
Locke Purnell Rain Harrell
2200 Ross Avenue, Suite 2200
Dallas, TX  75201-6776

Mr. Thomas G. Yoxall
Locke Purnell Rain Harrell
2200 Ross Avenue, Suite 2200
Dallas, TX  75201-6776

Mr. Max Sandlin, Jr.
Sandlin & Buckner
1600 South Washington
Marshall, TX  75670

Mr. Thomas E. Kelly, Jr.
Preston Gates & Ellis
5000 Columbia Center
701 Fifth Avenue
Seattle, WA  98104-7078

Mr. Charles B. Casper
Montgomery McCracken Walker & Rhoads
123 South Broad Street
Philadelphia, PA  19109

Mr. Peter Breslauer
Montgomery McCracken Walker & Rhoads
123 South Broad Street
Philadelphia, PA  19109

Mr. Sam Baxter
McKool Smith
505 East Travis
Marshall, TX  75620

Mr. Gary J. Cruciani
McKool Smith
300 Crescent Court, Suite 1500
Dallas, TX  75201

Ms. Rosemary T. Snider
McKool Smith
300 Crescent Court, Suite 1500
Dallas, TX  75201

Mr. Joseph C. Kohn
Kohn Swift & Graf
1101 Market Street, Suite 2400
Philadelphia, PA  19107-2924

Mr. Denis F. Sheils
Kohn Swift & Graf
1101 Market Street, Suite 2400
Philadelphia, PA  19107-1700



# THE SUPREME COURT OF TEXAS
Post Office Box 12248
Austin, Texas 78711                                                      (512) 463-1312

RE:     Case Number 96-0357
Style:  MICROSOFT CORPORATION
        v.
        THE HONORABLE SIXTH COURT OF APPEALS and THE HONORABLE BONNIE
        LEGGAT, JUDGE
        *Original mandamus proceeding*

Dear Counsel:

    Today, the Supreme Court of Texas granted the motion to dismiss petition for writ of mandamus as moot in the above referenced cause. All other relief requested by either party is denied; oral argument previously scheduled for October 3, 1996, is cancelled.

    Enclosed is a copy of the order issued today by this Court.

                                        Sincerely,


                                        John T. Adams, Clerk

                                        by *Elizabeth A. Saunders*
                                        Elizabeth A. Saunders
                                        Chief Deputy Clerk

Enclosure

cc:     Ms. Tibby Thomas, Clerk
        Hon. Bonnie Leggat



# THE SUPREME COURT OF TEXAS

Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

October 1, 1996

Mr. Morris Harrell
Locke Purnell Rain Harrell
2200 Ross Avenue, Suite 2200
Dallas, TX  75201-6776

Ms. Jerry K. Clements
Locke Purnell Rain Harrell
2200 Ross Avenue, Suite 2200
Dallas, TX  75201-6776

Mr. Thomas E. Kelly, Jr.
Preston Gates & Ellis
5000 Columbia Center
701 Fifth Avenue
Seattle, WA  98104-7078

Mr. Charles B. Casper
Montgomery McCracken Walker & Rhoads
123 South Broad Street
Philadelphia, PA  19109

Mr. Franklin Jones
Po Box 1249
Marshall, Tx  75671-1249

Mr. Denis F. Sheils
Kohn Swift & Graf
1101 Market Street, Suite 2400
Philadelphia, PA  19107-1700

Mr. Sam Baxter
McKool Smith
505 East Travis
Marshall, TX  75620

Ms. Rosemary T. Snider
McKool Smith
300 Crescent Court, Suite 1500
Dallas, TX  75201

Ms. Harriet E. Miers
Locke Purnell Rain Harrell
2200 Ross Avenue, Suite 2200
Dallas, TX  75201-6776

Mr. Thomas G. Yoxall
Locke Purnell Rain Harrell
2200 Ross Avenue, Suite 2200
Dallas, TX  75201-6776

Mr. Max Sandlin, Jr.
Sandlin & Buckner
1600 South Washington
Marshall, TX  75670

Mr. Peter Breslauer
Montgomery McCracken Walker & Rhoads
123 South Broad Street
Philadelphia, PA  19109

Mr. Joseph C. Kohn
Kohn Swift & Graf
1101 Market Street, Suite 2400
Philadelphia, PA  19107-2924

Mr. Charles W. Cunningham
McKool Smith
300 Crescent Court, Suite 1500
Dallas, TX  75201

Mr. Gary J. Cruciani
McKool Smith
300 Crescent Court, Suite 1500
Dallas, TX  75201

Mr. J. Garrett Kendrick
Mogin & Kendrick
401 W. "A" Street, Suite 2200
San Diego, CA  92101-7909



# THE SUPREME COURT OF TEXAS

Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

Mr. Charles W. Cunningham
McKool Smith
300 Crescent Court, Suite 1500
Dallas, TX   75201

Mr. Franklin Jones, Jr.
Jones & Jones
201 West Houston Street
P. O. Drawer 1249
Marshall, TX   75670

RE:      Case Number 95-1289
Style:   MICROSOFT CORPORATION
        v.
        MARK MANNING, STEVE COLLINS, and DANA SCHNITZER, on behalf of themselves
        and all others similarly situated

Dear Counsel:

      Today, the Supreme Court of Texas granted the motion to dismiss application for writ of errror in the above referenced case.  The motion to dismiss application for writ of error for want of jurisdiction is dismissed as moot.

      Enclosed is a copy of the order issued today by this Court.

                    Sincerely,

                    John T. Adams, Clerk

                    by
                    Elizabeth A. Saunders
                    Chief Deputy Clerk

Enclosure



# THE SUPREME COURT OF TEXAS

Orders Pronounced October 1, 1996

### ORDERS ON CAUSES

#### THE FOLLOWING CAUSE IS DISMISSED:

96-0357    MICROSOFT CORPORATION v. THE HONORABLE SIXTH COURT
OF APPEALS and THE HONORABLE BONNIE LEGGAT, JUDGE

> Oral argument scheduled for October 3, 1996, is
> cancelled;  motion to dismiss petition for writ of
> mandamus as moot is granted.  All other relief
> requested by either party is denied.

(Justice Hecht not sitting)

### ORDERS ON APPLICATIONS FOR WRIT OF ERROR

#### THE FOLLOWING APPLICATION FOR WRIT OF ERROR IS DISMISSED:

95-1289    MICROSOFT CORPORATION v. MARK MANNING, STEVE COLLINS,
and DANA SCHNITZER, on behalf of themselves and all others similarly
situated; from Harrison County; 6th district (06-95-00058-CV, 914 SW2D 602,
11-13-95)
> motion to dismiss for want of jurisdiction dismissed as moot
> motion to dismiss application for writ of error as moot is granted

(Justice Hecht not sitting)

# EXHIBIT E

NO. 93-1198
<u>CLASS ACTION</u>

| | | |
|---|---|---|
| MARK MANNING, STEVE COLLINS, and DANA SCHNITZER, On Behalf of Themselves and All Others Similarly Situated | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | HARRISON COUNTY, TEXAS |
| vs. | § § § | |
| MICROSOFT CORPORATION | § § | |
| Defendant. | § | 71st JUDICIAL DISTRICT |

<u>NOTICE OF NONSUIT</u>

Mark Manning, Steve Collins and Dana Schnitzer, Plaintiffs, hereby give notice to this

Court and to Defendant Microsoft Corporation that Plaintiffs, and each of them, are taking a

nonsuit of the entire case against Defendant Microsoft Corporation, effective immediately on the

filing of this Notice on this 6th day of January, 1997.

Respectfully submitted,

McKOOL SMITH, P.C.

By: _Sam Baxter_
　　Sam Baxter
　　Texas Bar No. 01938000
　　Charles W. Cunningham
　　Texas Bar No. 05233100
　　Gary J. Cruciani
　　Texas Bar No. 05177300

P.O. Box O
Marshall, Texas 75670
Telephone: (903)927-2111
Telecopy: (903)927-2622

JONES & JONES, INC.

Franklin Jones, Jr.
Texas Bar No. 00000055

P.O. Drawer 1249
Marshall, Texas 75671
Telephone: (903)938-4395
Telecopy: (903) 938-3360

KOHN, SWIFT & GRAF, P.C.

Joseph C. Kohn
Denis F. Sheils

1101 Market Street, Suite 2400
Philadelphia, PA 19107-2924
Telephone: (215) 238-1700
Telecopy: (215)238-1968

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered by

certified mail, return receipt requested, to all counsel of record on the 6th day of January, 1997.

_Sam Baxter_