The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANNE L. KELLEY and KENNETH HANSEN, <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington Corporation, <br><br> Defendant. | No. C07-0475 MJP <br><br> REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR APPLICATION OF WASHINGTON LAW <br> *Filed Under Seal\** <br><br> <u>CLASS ACTION</u> <br><br> NOTE ON MOTION CALENDAR: <br> December 19, 2007 <br><br> ORAL ARGUMENT REQUESTED |

\*   *Filed Under Seal Pursuant to Microsoft's Confidentiality Designations, Protective Order (Dkt. 57), and Corresponding Pending Motion to Seal*

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPLICATION OF WASHINGTON LAW
(C07-0475 MJP) Page - i

N:\CLIENTS\27673-1\PLEADINGS\MOT.APP.WA.LAW.REPLY.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Dockets.Justia.com

# TABLE OF CONTENTS

I. INTRODUCTION ..........................................................................................................................1

II. ARGUMENT ...............................................................................................................................2

    A. Applying Washington Law Is Constitutional. .....................................................................2

    B. The Most Significant Relationship Test Looks at What Is Important in the Case. .............4

        1. Microsoft Misapplies Restatement § 148. ......................................................................4

        2. Microsoft Ignores Contacts Pointing to Washington Law that Predominate Over Individual PC Purchases. ...............................................................................................6

    C. Microsoft Identifies No Real Conflict with Any Other State's Law. ...................................8

    D. State Interests Converge in Finding a Practical Solution for a Merits-Based Resolution. ...9

        1. The Law Favors Resolution on the Merits......................................................................9

        2. The Court May Fairly and Practicably Apply Washington Law. .................................11

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPLICATION OF WASHINGTON LAW
(C07-0475 MJP) Page - ii

N:\CLIENTS\27673\1\PLEADINGS\MOT.APP.WA.LAW.REPLY.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# TABLE OF AUTHORITIES

**Cases**

Allstate Ins. Co. v. Hague, 449 U.S. 302 (1981) ............................................................. 3

Avery v. State Farm Mut. Auto. Ins. Co., 835 N.E.2d 801 (Ill. 2005) ........................ 6, 9

Baffin Land Corp. v. Monticello Motor Inn, 70 Wn.2d 893, 425 P.2d 623 (1967) ..... 12

Barbara's Sales Inc. v. Intel Corp.. 857 N.E.2d 717 (Ill. App. Ct. 2006) ("Barbara's Sales I") ........................................................................................................................ 4

Barbara's Sales, Inc. v. Intel Corp., No. 103287, 2007 Ill. LEXIS 1698 (Ill. Nov. 29, 2007) ("Barbara's Sales II") ................................................................................ 4, 5, 11

Barr v. Interbay Citizens Bank, 96 Wn.2d 692, 635 P.2d 441 (1981) ......................... 10

Boyes v. Greenwich Boat Works, Inc.. 27 F. Supp. 2d 543 (D.N.J. 1998) .................. 11

Conley v. Gibson, 355 U.S. 41 (1957) ............................................................................ 9

Demitropoulos v. Bank One Milwaukee, N.A., 915 F. Supp. 1399 (N.D. Ill. 1996) ... 11

Diamond Multimedia Sys., Inc. v. Superior Court, 968 P.2d 539 (Cal. 1999) ............ 11

Duncan v. Northwest Airlines, Inc., 203 F.R.D. 601 (W.D. Wash. 2001) .................... 8

Erwin v. Cotter Health Ctrs., 167 P.3d 1112 (Wash. 2007) ....................................... 8, 9

Farmers Ins. Exch. v. Leonard, 125 S.W.3d 55 (Tex. App. 2003) ................................ 6

Haberman v. Wash. Pub. Power Supply Sys., 109 Wn.2d 107, 744 P.2d 1032 (1987) . 6

Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 719 P.2d 531 (1986) ............................................................................................................. 9

In re Great S. Life Ins. Co. Sales Practices Litig., 192 F.R.D. 212 (N.D. Tex. 2000) .. 6, 7

In re Jackson National Life Ins. Co. Premium Litig., 183 F.R.D. 217, (W.D. Mich. 1998) ............................................................................................................................... 6

Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc., No. 79977-6, 2007 Wash. LEXIS 789 (Wash. Oct. 18, 2007) .................................................................... 5

Johnson v. Spider Staging Corp., 87 Wn.2d 577, 555 P.2d 997 (1976) ............. 6, 11, 12

Kammerer v. Western Gear Corp., 96 Wn.2d 416, 635 P.2d 708 (1981) ..................... 2

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPLICATION OF WASHINGTON LAW
(C07-0475 MJP) Page - iii

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\27673\1\PLEADINGS\MOT.APP.WA.LAW.REPLY.DOC

Lyon v. Caterpillar, Inc., 194 F.R.D. 206 (E.D. Pa. 2000) .............................................................. 8

Nesbitt v. Am. Community Mut. Ins. Co., 600 N.W.2d 427 (Mich. Ct. App. 1999) .................... 11

Phillips Petroleum Co. v. Shutts, 472 U.S. 797 (1985) ......................................................... passim

Rice v. Dow Chem. Co., 124 Wn.2d 205, 875 P.2d 1213 (1994)............................................. 8, 10

Schnall v. AT&T Wireless Servs., Inc., 139 Wn. App. 280, 161 P.3d 395 (2007) .............. 4, 6, 11

**Other Authorities**

Restatement (Second) Conflict of Laws § 145 ...................................................................2, 4, 5, 7

Restatement (Second) Conflict of Laws § 146, § 147 ................................................................... 7

Restatement (Second) Conflict of Laws § 148 ..................................................................... passim

Restatement (Second) Conflict of Laws § 188 .............................................................................. 5

Restatement (Second) Conflict of Laws § 6 .................................................................................. 5

Samuel Issacharoff, Settled Expectations in a World of Unsettled Law: Choice of Law After the Class Action Fairness Act, 106 Colum. L. Rev. 1839, 1843-44 (2006)................................................................................................................................ 1, 12

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPLICATION OF WASHINGTON LAW
(C07-0475 MJP) Page - iv

N:\CLIENTS\27673\1\PLEADINGS\MOT.APP.WA.LAW.REPLY.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## I. INTRODUCTION

Plaintiffs challenge Microsoft's conduct in palming off Home Basic as a version of its new Vista operating system. Microsoft conceived of and controlled the Vista Capable program in Washington, and went to great lengths to ensure its effects would be uniform across the nation. Microsoft proposes that plaintiffs' claims be resolved in 51 jurisdictions and invokes the laws of all 51. Microsoft's hope is not to achieve, but rather to avoid, perfect justice. One commentator's solution is this:

> In light of Congress's decision to mandate statutorily the federal forum for such national market class actions, and its accompanying failure to provide substantive laws for those challenges, where should federal courts turn to determine what laws should apply in cases filed in or removed to federal court under CAFA? Part IV argues that until such time as federal law crystallizes, either by legislation or by the reassertion of a substantive common law of CAFA cases, courts will have to craft some other test, presumably by first looking to the law of the primary place of business as presumptively controlling in cases involving goods sold on an undifferentiated basis in the national market. <u>To hold a defendant accountable under a legal standard that applies clearly to a significant part of the defendant's activity, and to impose market-wide liability on that basis, violates neither due process nor any settled expectation in choice of law, regardless of the constitutional status of the latter.</u>

Samuel Issacharoff, Settled Expectations in a World of Unsettled Law: Choice of Law After the Class Action Fairness Act, 106 Colum. L. Rev. 1839, 1843-44 (2006) (emphasis added). Washington law applies more clearly than any other state's to Microsoft's conduct.

Microsoft's arguments against applying Washington law are unpersuasive:

- Microsoft's claim that applying Washington law is unconstitutional defies the plain language of <u>Phillips Petroleum Co. v. Shutts</u>, 472 U.S. 797 (1985).

- Microsoft's rigid version of the most significant relationship test defies the plain language of the Restatement.

- Microsoft identifies no real conflict with any other state's law.

---

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPLICATION OF WASHINGTON LAW
(C07-0475 MJP) Page - 1

N:\CLIENTS\27673\1\PLEADINGS\MOT.APP.WA.LAW.REPLY.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

- Microsoft offers no solution to the practical problems of a multi-state class action; it would rather that there be none.

## II. ARGUMENT

### A. Applying Washington Law Is Constitutional.

There is no dispute that the <u>Shutts</u> test for whether applying a state's law to a multi-state class is constitutional is whether the state has "<u>a significant contact</u> or significant aggregation of contacts, <u>creating state interests</u>, such that choice of its law is neither arbitrary nor fundamentally unfair." 472 U.S. at 818 (emphasis added). Microsoft admits that it "designed and approved the Windows Vista Capable program in Washington." Dkt. #100 at 10:25. The "place where the conduct causing the injury occurred," by definition, is a significant contact. Rest. § 145(2)(b). It also constitutes a legitimate specific state interest. <u>Kammerer v. Western Gear Corp.</u>, 96 Wn.2d 416, 423, 635 P.2d 708 (1981) ("Where the most significant relationships were in California and <u>where the conduct and acts as to the fraud and misrepresentation were accomplished in California</u> that state has a specific interest to be furthered.") (emphasis added). Thus, even under the strictest reading of <u>Shutts</u>, Microsoft's Washington-based conduct permits applying Washington law to plaintiffs' claims without offending the Constitution.

This is true for each proposed class member. Microsoft attempts to distinguish cases applying the law of the state of the defendant's headquarters and injury-causing conduct by arguing that such cases have involved "transactions" that occurred "directly" between the defendant and class members. But despite Microsoft's manner of selling its operating systems ("OSs") – contracting with OEMs so that they may contract with consumers to license the OS – Microsoft's conduct "directly" affected the proposed class. In plaintiff Ken Hansen's case, as in all others, Microsoft dictated the terms under which the OEM (Toshiba, for Mr. Hansen) could license the XP edition purchased. Supp. Smart Decl., Ex. A at MS-KELL 5003007, 5003038.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPLICATION OF WASHINGTON LAW
(C07-0475 MJP) Page - 2

N:\CLIENTS\27673\1\PLEADINGS\MOT.APP.WA.LAW.REPLY.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

That is why, despite Microsoft's contention that Mr. Hansen's PC purchase was an Illinois transaction – a contention based on the fact that he was an Illinois resident, purchasing from a Japan OEM, through a Texas retailer, on a Washington website – Mr. Hansen's license to use the OS is governed by Microsoft's choice of Washington law set forth in the agreement he and every class member received. So too, Microsoft dictated what Toshiba would be permitted to call "Vista Capable," knowing that Toshiba and every major OEM and retailer would market PCs accordingly. The OEMs and retailers simply went with what they were told. Microsoft alone is responsible for the millions of "Vista Capable" PCs that are incapable of running Vista.

Further, Microsoft acknowledges that Shutts derived the significant contacts rule from Allstate Ins. Co. v. Hague, 449 U.S. 302 (1981). In Hague, a Wisconsin resident was killed in a car accident with another Wisconsin resident in Wisconsin. 449 U.S. at 305. The decedent had commuted to work in Minnesota for the 15 years preceding his death, although he was not commuting at the time of the accident. Id. at 305, 314. After the accident, the decedent's widow moved to Minnesota and filed suit against the decedent's insurer seeking to apply Minnesota law, under which the limits of three underinsured motorist policies the decedent held on three different vehicles could be "stacked" (more coverage) even though Wisconsin law prohibited stacking (less coverage). Id. at 305-06. The Minnesota Supreme Court applied Minnesota law to the Wisconsin accident, not based on any contacts, but rather its view that permitting stacking was the better rule of law. Id. at 306-07. A majority of the United States Supreme Court held that Minnesota's applying its own law was constitutional. Id. at 320, 331-32.

Washington's contacts with plaintiffs' claims – which, after all, are against Microsoft because of its conduct here, not the OEMs because of their conduct elsewhere – are significantly more robust than Minnesota's after-acquired contact with the claim in Hague, or Kansas' utter

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPLICATION OF WASHINGTON LAW
(C07-0475 MJP) Page - 3

N:\CLIENTS\27673\1\PLEADINGS\MOT.APP.WA.LAW.REPLY.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

lack of contact with "some 97% of the plaintiffs" in Shutts, 472 U.S. at 814-15, which were nevertheless sufficient to render constitutional Minnesota's and Kansas' applying their own laws.

**B.  The Most Significant Relationship Test Looks at What Is Important in the Case.**

**1.  Microsoft Misapplies Restatement § 148.**

Microsoft urges the Court to consider only the six contacts listed in Restatement § 148(2) on common law fraud, see Dkt. #100 at 9:13-16, and faults the plaintiffs for "going well beyond the six factors identified by the Restatement," id. at 12:26-27. To confine the analysis to these contacts, however, would ignore the direction of § 148 not to do so. When § 148 is applicable:

> the forum will consider such of the following contacts, among others, as may be present in the particular case.

Restatement § 148(2) (emphasis added). Thus, Schnall v. AT&T Wireless Servs., Inc., 139 Wn. App. 280, 293, 161 P.3d 395 (2007) – one of the three cases applying the CPA to nationwide classes cited in our motion, the others being Pickett I and Odom – neither confined its analysis to § 148, nor concluded based on that section that the class members' home states' laws would apply. Rather, Schnall, for example, looked to Restatement § 145 and to where the defendant's conduct originated, where the decisions regarding that conduct were made, and the domicile of the defendant, 139 Wn. App. at 294 – all contacts pointing to Washington law in this case.

A different result was reached in Barbara's Sales, Inc. v. Intel Corp., No. 103287, 2007 Ill. LEXIS 1698 (Ill. Nov. 29, 2007) ("Barbara's Sales II"), which relied on § 148 exclusively in applying the law of the state of purchase and refusing certification to proposed nationwide class claims brought in Illinois against California-based Intel (reversing Barbara's Sales Inc. v. Intel Corp., 857 N.E.2d 717 (Ill. App. Ct. 2006) ("Barbara's Sales I"), cited in our original motion). The Illinois Supreme Court rejected the view that reliance-based § 148 should not control consumer protection cases based on fraud, holding that the causation requirement for claims

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPLICATION OF WASHINGTON LAW
(C07-0475 MJP) Page - 4

N:\CLIENTS\27673\PLEADINGS\MOT.APP.WA.LAW.REPLY.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

brought under the Illinois consumer fraud act "is directly analogous to the broad use of 'reliance' in the Restatement." Barbara's Sales II, 2007 Ill. LEXIS 1698, at *37.

The court's holding was contrary to the view of three noted conflicts professors who appeared as amici curiae to address the conflicts issues. Supp. Smart Decl., Ex. B at 5. The amici – Professors Peter Hay, Eugene F. Scoles, and Russel J. Weintraub – agreed with plaintiffs' caution against uncritical application of § 148 in consumer fraud cases:

> For torts, the RESTATEMENT (SECOND), adopts a number of presumptions for different torts or tort issues (e.g., §§ 146 et seq., 156-160, 162, 164-166, 172). Intel's submissions and some of Barbara's Sales' responses address whether this case is to be evaluated under general tort provision (§ 145) or under the more specific section (§ 148), dealing with misrepresentation, of the RESTATEMENT (SECOND). In its Appellate Court brief, Barbara's Sales correctly urged that "§ 148(2) not . . . be applied uncritically as though it were written for statutory consumer protection cases instead of the common law fraud cases for which it was intended to apply." Plaintiffs' 4/26/2005 Choice of Law Brief at 18-19. The RESTATEMENT (SECOND) itself draws no sharp distinction. Its Comment (c) to § 148(2) acknowledges that the place of the false representation is an important factor, while Comment (f) to § 145 states that the place of conduct should be accorded greatest weight in cases of false advertising. The obvious reason the RESTATEMENT (SECOND) draws no sharp distinction here – or, for that matter, with respect to other particular torts – is the overarching importance it assigns to the general principles of its § 6 which are to be taken into account in determining the applicable law in *all* cases pertaining to tort (as well as to contact: see § 188). In all cases, the fall-back is the principal rule of § 145 (application of the law of the "most significant relationship" to the parties and the "particular issue"), as evaluated/determined by reference to the general "principles" of § 6.

Id. at 19-20 (most emphasis added). This correctly states the law. Here, the more important contacts underlying plaintiffs' claims are with Washington.

Microsoft's exclusive reliance on § 148 is especially doubtful now that the Washington Supreme Court has held clearly that reliance is not a required element of a CPA claim. Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc., No. 79977-6, 2007 Wash. LEXIS 789, at *31-33 (Wash. Oct. 18, 2007). Microsoft's analysis relies on "counting contacts" from § 148,

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPLICATION OF WASHINGTON LAW
(C07-0475 MJP) Page - 5

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\27673\1\PLEADINGS\MOT.APP.WA.LAW.REPLY.DOC

which Washington rejects, instead of determining what contacts are important in this case. See, e.g., Johnson v. Spider Staging Corp., 87 Wn.2d 577, 581, 555 P.2d 997 (1976).

### 2. Microsoft Ignores Contacts Pointing to Washington Law that Predominate Over Individual PC Purchases.

Because Microsoft looks at the § 148(2) contacts alone and not "among others" as the Restatement directs, Microsoft ignores contacts on which other courts, most notably Schnall, Pickett I, and Odom, have applied one state's law to multi-state class claims. A choice of law clause, such as the Washington choice of law clause Microsoft dictated to every proposed class member, is a contact even when the clause does not control, see Haberman v. Wash. Pub. Power Supply Sys., 109 Wn.2d 107, 159, 744 P.2d 1032 (1987). The place where form documents were drafted is a relevant contact. Avery v. State Farm Mut. Auto. Ins. Co., 835 N.E.2d 801, 854 (Ill. 2005); Farmers Ins. Exch. v. Leonard, 125 S.W.3d 55, 64 (Tex. App. 2003). Microsoft prepared uniform marketing materials, in Washington, to promote the Vista Capable program. Tindall Decl. (Dkt. #93) at 2:23-3:6. Microsoft went so far to ensure uniform marketing across the nation as to train 12,403 retail salespersons on the Vista Capable program. Id. at 4:13.

The importance of the uniformity of Microsoft's marketing strategy is emphasized by two insurance cases. In In re Great S. Life Ins. Co. Sales Practices Litig., 192 F.R.D. 212, 214 (N.D. Tex. 2000), cited in our motion, plaintiffs alleged (and Great Southern admitted) that the company's uniform marketing materials, which were prepared in Texas, were "often based on inflated and not realistic performance models." The court applied Texas law. 192 F.R.D. at 218-19. By contrast, in In re Jackson National Life Ins. Co. Premium Litig., 183 F.R.D. 217, 221 (W.D. Mich. 1998), "Jackson National did not generally communicate directly with prospective consumers or policyholders. Communications were made primarily by independent insurance brokers; brokers who were not subject to and did not follow uniform policies regarding

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPLICATION OF WASHINGTON LAW
(C07-0475 MJP) Page - 6

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\27673\1\PLEADINGS\MOT.APP.WA.LAW.REPLY.DOC

distribution of policy illustrations" (emphasis added). As a result, the court applied the proposed class members' home states' laws. Id., at 222. The control Microsoft exercised over the Vista Capable marketing supports applying Washington law under Great Southern.

The place of the injury-causing conduct, Restatement § 145(2)(b), is decidedly Washington. This is the significance of Microsoft's initial disclosures, which list six groups of Microsoft witnesses, all located in Washington. This is not to show that Washington is a convenient forum, but that all important decisions governing the Vista Capable program took place here. Microsoft argues, however, that "the place where the defendant made the representations," Rest. § 148(2)(c), was not Washington, but the states in which the OEMs decided to use the Vista Capable logo. Thus, Microsoft argues, comment *h* to § 148 applies, and the place of the wrong is of diminished importance because the representations were made in "two or more states." Dkt. #100 at 10:22. This is irrelevant to plaintiffs' claim that they paid for Vista capability and did not get it. In any event, Microsoft – the "defendant" – created the Vista Capable program and "messaging" in Washington. Comment *h* confirms that "the place where the defendant made the representation" aligns with the place of the injury-causing conduct:

> h. *The place where the defendant made the false representations.* This contact is as important as, and occupies a position wholly analogous to, the place of conduct that results in injury to persons or to tangible things (see §§ 146-147). The making of the representations provides a more important contact when the representations are made only in one state than when they are made in two or more. When a major part of the representations is made in one state and a lesser part in another, the first state has a more important contact with the occurrence than does the latter.

Rest. § 148, cmt. *h* (emphasis added). Thus, because Microsoft developed the "major part" of the representation in Washington, this state would have the "more important" contact.

Microsoft's effort to make its method of selling Windows through OEMs and retailers a meaningful consideration elevates form over substance. We believe Lyon v. Caterpillar, Inc.,

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPLICATION OF WASHINGTON LAW
(C07-0475 MJP) Page - 7

N:\CLIENTS\27673\1\PLEADINGS\MOT.APP.WA.LAW.REPLY.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

194 F.R.D. 206, 211-18 (E.D. Pa. 2000), on which Microsoft relies, made the same mistake. If Home Basic is not Vista, the inevitable result is that millions of consumers who paid for Vista capability do not have it. Nonetheless, Microsoft argues that the important issue in this case is the reason why individual proposed class members bought their PCs. In other words, reliance. Thus, Microsoft looks only to § 148 and concludes that an individual proposed class member's PC purchase constitutes four distinct contacts with the state of purchase: the place of reliance, the place where the representations were received, the place where the PCs were located, and the place of the class member's performance. Parsing each proposed class member's PC purchase into four distinct contacts, which we believe is really just one, merely is an effort to overshadow the fact that each of these purchases resulted in the same deficiency between Home Basic and Vista, and the same injury, for each proposed class member.

C.  **Microsoft Identifies No Real Conflict with Any Other State's Law.**

Microsoft admits that it must show "an actual conflict between the laws or interests of Washington and the laws or interests of another state," Rice v. Dow Chem. Co., 124 Wn.2d 205, 210, 875 P.2d 1213 (1994), and admits that this requires proof that "a particular issue [would be] different under the law of the [various] states," Erwin v. Cotter Health Ctrs., 167 P.3d 1112, 1120 (Wash. 2007). See Dkt. #100 at 21:18-19. Otherwise, Washington law will apply. Rice, 124 Wn.2d at 210. It would be only after the Court concluded that the proposed class members' home states' laws should apply that plaintiffs would have to demonstrate manageability. Microsoft's authorities do not hold otherwise. See e.g. Duncan v. Northwest Airlines, Inc., 203 F.R.D. 601, 604 n. 1, 613-14 (W.D. Wash. 2001) (analyzing plaintiffs' effort to show manageability after having determined that multiple states' laws would apply).

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPLICATION OF WASHINGTON LAW
(C07-0475 MJP) Page - 8

N:\CLIENTS\27673\1\PLEADINGS\MOT.APP.WA.LAW.REPLY.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Microsoft has failed to show any differences in state law that would lead to "different" outcomes on a particular issue. Erwin, 167 P.3d at 1120. On plaintiffs' CPA claim, Microsoft says there is a conflict because Illinois requires proof of intent to induce reliance, Avery, 835 N.E.2d at 850, and because Washington requires a public interest showing, Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 790, 719 P.2d 531 (1986). These differences in law will not lead to different outcomes that would require a Washington court to apply another state's law to plaintiffs' claims against Microsoft. Microsoft's conduct meets the public interest test of Hangman Ridge, and Microsoft already has admitted its intention to induce reliance (even if proof of such intent were required). See Supp. Smart Decl., Ex. C at 24-25. With regard to unjust enrichment, Microsoft gives only string cites to cases whose facts are similar neither to this case nor to one another, and which give no reason to think any state's law would treat this case differently from the manner in which Washington law would.

**D.  State Interests Converge in Finding a Practical Solution for a Merits-Based Resolution.**

**1.  The Law Favors Resolution on the Merits.**

The states share an interest in seeing plaintiffs' claims litigated in some forum as opposed to none. This is not an "unprincipled" basis for concluding that Washington law should apply. It gives effect to the principle that the law favors resolving cases on the merits. Conley v. Gibson, 355 U.S. 41, 48 (1957) ("the purpose of pleading is to facilitate a proper decision on the merits"). Although Microsoft presents itself as championing state sovereignty, we suspect the impetus behind opposing our motion is to promote a choice of law regime in which procedural hurdles prevent nationwide class actions from proceeding under state law. Shutts holds that a state may not consider the suitability of a class in determining the constitutionally permissible selection of states whose laws may apply. 472 U.S. at 821, but there is no prohibition against considering the

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPLICATION OF WASHINGTON LAW
(C07-0475 MJP) Page - 9

N:\CLIENTS\27673\1\PLEADINGS\MOT.APP.WA.LAW.REPLY.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

suitability of a class in determining which of the constitutionally permissible state's laws has the most significant relationship to the plaintiffs' claims. The law's preference for a decision on the merits is without bias as to which side should win. It means simply that the case should be decided on its facts, rather than on the lack of a forum empowered to hear claims that, as a practical matter, must proceed as class claims or not at all.

Microsoft cites two cases in which it says the Washington Supreme Court applied choice of law rules in a "principled" way that left plaintiffs with no recovery. Dkt. #100 at 17:10. What Microsoft ignores is that in each case, plaintiffs' claims failed <u>on the merits</u>. In <u>Rice v. Dow Chem. Co.</u>, 124 Wn.2d 205, 207, 875 P.2d 1213 (1994), plaintiff sued over personal injuries he alleged resulted from chemical exposure, which, with a minor and insignificant exception, occurred in Oregon while plaintiff was an Oregon resident. The court applied Oregon law, with the result that Oregon's statute of repose barred plaintiff's claims, just as an Oregon court would have held on the merits had the case been brought in that state. <u>Id.</u> at 216-17. Significantly, the court took care to observe that neither Washington nor Oregon law was favored by: "[d]efendant's main headquarters, state of incorporation, place where the product was designed or tested, place where appropriate warnings for the label were determined or place where the product was labeled" – a series of contacts pointing to Washington law in this case. <u>Id.</u> at 214.

In <u>Barr v. Interbay Citizens Bank</u>, 96 Wn.2d 692, 694-95, 635 P.2d 441 (1981), a Florida bank repossessed a car its customer had given as collateral even though the customer lacked title. The bank retained a Nevada firm, which located the car in Washington and removed the car to Nevada. The court refused the plaintiff's request for punitive damages under Florida law, in part because Florida had no interest in penalizing the "immediate conduct causing the injury" by the Nevada agent. <u>Id.</u> at 699. Again, the court applied the law selected by choice of law principles

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPLICATION OF WASHINGTON LAW
(C07-0475 MJP) Page - 10

N:\CLIENTS\27673\1\PLEADINGS\MOT.APP.WA.LAW.REPLY.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and resolved plaintiff's claim on its merits. Here, the interest of seeing a resolution of plaintiffs' claims on their merits – whether in plaintiffs' favor or not – calls for applying Washington law.

### 2. The Court May Fairly and Practicably Apply Washington Law.

Washington and each class member's home state have legitimate interests in this case. We have not argued otherwise, despite Microsoft's effort to recast our argument. See e.g. Dkt. #100 at 15:24-25. Washington's interest is at its strongest in the circumstances here, where plaintiffs seek to hold a Washington domiciliary accountable in its own state. Cf. Johnson, 87 Wn.2d at 583; Barbara's Sales II, 2007 Ill. LEXIS 1698 at *27-28 (California's interest in regulating California domiciliary not impaired by application of Illinois law in part because another proposed nationwide class action was pending in California).

The Washington CPA applies to acts and practices in this state having effects elsewhere, and in favor of non-residents, including nationwide classes in Schnall, Pickett I, and Odom. RCW 19.86.090 permits "[a]ny" person to sue for damages resulting from prohibited acts, without regard to residency. Other courts have come to the same conclusion. See e.g. Diamond Multimedia Sys., Inc. v. Superior Court, 968 P.2d 539, 549-50 (Cal. 1999) ("any" person, including out-of-state residents, entitled to recover under California securities laws because "extending those remedies to any person affected by the proscribed forms of manipulative conduct has a far greater deterrent impact than limiting a defendant's exposure to civil liability for in-state transactions"); Nesbitt v. Am. Community Mut. Ins. Co., 600 N.W.2d 427, 433 (Mich. Ct. App. 1999) (applying Michigan statute in favor of Ohio resident); Boyes v. Greenwich Boat Works, Inc., 27 F. Supp. 2d 543, 547 (D.N.J. 1998) (applying New Jersey statute in favor of Pennsylvania resident); Demitropoulos v. Bank One Milwaukee, N.A., 915 F. Supp. 1399, 1414-15 (N.D. Ill. 1996) (applying Wisconsin statute in favor of Illinois resident).

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPLICATION OF WASHINGTON LAW
(C07-0475 MJP) Page - 11

N:\CLIENTS\27673\1\PLEADINGS\MOT.APP.WA.LAW.REPLY.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

The Court may apply Washington law to a Washington-based defendant without trespassing upon the rights of other states. Microsoft argues that it is "patronizing" to seek application of Washington law because it would, in Microsoft's view, substitute the judgment of the Washington legislature for that of other state legislatures for actions within those states' borders. Dkt. #100 at 18:1. Specifically, Microsoft says it is "patronizing" to do what the Washington Supreme Court did in Johnson, when it applied Washington law permitting uncapped recovery for wrongful death for the death of a Kansas resident in Kansas. But Johnson, as well as the cases cited immediately above applying state statutes to domestic businesses in favor of nonresidents, prove the opposite of Microsoft's contention. It is not "patronizing" to extend to out-of-state residents alike any relief Washington would afford to its own residents against one of its largest corporate citizens. Indeed, Microsoft has not succeeded in identifying any state whose interests or whose citizens' interests would be harmed by applying Washington law in their favor here. Moreover, concerns such as this are precisely why class members may opt out. See Shutts, 472 U.S. at 812; Supp. Smart Decl., Ex. B at 13.

The label "patronizing" may apply more fittingly to Microsoft's effort, while invoking the states' interests, to thwart the remedial reach of state law, which, notwithstanding shades of difference, remains the general law of commerce in the United States. Microsoft does not prefer to adjust its conduct to different standards. Rather, it simply prefers not to answer to everyone who bought a so-called Vista Capable PC if it might have to answer to only some of them. But the purpose of a choice of law rule having the flexibility to accommodate "our modern multistate commercialism," Baffin Land Corp. v. Monticello Motor Inn, 70 Wn.2d 893, 899, 425 P.2d 623 (1967), is precisely to allow for choosing a law that "ensures accountability without compromising the substantive rights of any party," Issacharoff, 106 Colum. L. Rev. at 1869.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPLICATION OF WASHINGTON LAW
(C07-0475 MJP) Page - 12

N:\CLIENTS\27673\1\PLEADINGS\MOT.APP.WA.LAW.REPLY.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

DATED this 19th day of December, 2007.

KELLER ROHRBACK L.L.P.

By _____
William C. Smart, WSBA #8192
Ian S. Birk, WSBA #31431
Attorneys for Plaintiffs

GORDON TILDEN THOMAS & CORDELL L.L.P.

By _____
Jeffrey I. Tilden, WSBA #12219
Jeffrey M. Thomas, WSBA #21175
Mark A. Wilner, WSBA #31550
Attorneys for Plaintiffs

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPLICATION OF WASHINGTON LAW
(C07-0475 MJP) Page - 13

N:\CLIENTS\27673\1\PLEADINGS\MOT.APP.WA.LAW.REPLY.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following.

| Counsel for Defendant Microsoft Corporation | Counsel for Defendant Microsoft Corporation – Admitted Pro Hac Vice |
|---|---|
| Stephen M. Rummage, WSBA #11168<br>Cassandra L. Kinkead, WSBA #22845<br>Charles S. Wright, WSBA #31940<br>Davis Wright Tremaine LLP<br>1201 Third Avenue Suite 2200<br>Seattle, Washington 98101-3045<br>steverummage@dwt.com<br>cassandrakinkead@dwt.com<br>charleswright@dwt.com | Charles B. Casper<br>Montgomery, McCracken, Walker & Rhoads<br>123 South Broad Street<br>Philadelphia, PA 19109<br>ccasper@mmwr.com |

GORDON TILDEN THOMAS & CORDELL LLP

By _____
Mark A. Wilner, WSBA #31550
Attorneys for Plaintiff
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: mwilner@gordontilden.com