The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANNE KELLEY and KENNETH HANSEN, <br><br>  Plaintiffs, <br> v. <br><br> MICROSOFT CORPORATION, a Washington corporation, <br><br>  Defendant. | No. C 07-475 MJP <br><br> MICROSOFT'S RESPONSE TO MOTION TO SEAL CERTAIN CONFIDENTIAL MATERIALS PURSUANT TO CR 5(g) <br><br> *Note on Motion Calendar:* <br> January 15, 2008 |

## I. INTRODUCTION

On December 19, 2007, in accordance with the requirements of the Court's Protective Order [Dkt. No. 57], Plaintiffs filed a Motion to Seal certain confidential materials that they submitted to the Court in support of their contemporaneously-filed Replies in Support of Class Certification and for Application of Washington Law [Dkt. No. 111] ("Plaintiffs' Motion to Seal"). Specifically, Plaintiffs submitted the following materials under seal:

1. **Plaintiffs' Reply in Support of Motion for Class Certification** [Dkt. No. 112], which contains confidential information quoted, paraphrased or summarized from documents Microsoft designated as "Confidential" under the Court's Protective Order [Dkt. No. 57];

2. **Exhibit A to the Declaration of Jeffrey Thomas** [Dkt. No. 114], which consists of documents Microsoft designated as "Confidential" under the Court's Protective Order [Dkt. No. 57], including an earlier version of the

MICROSOFT'S RESPONSE TO MOTION TO SEAL
PURSUANT TO CR 5(g)
(NO. C07-475 MJP) – 1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

OEM Marketing Bulletin that this Court determined in its Protective Order dated November 7, 2007 [Dkt. No. 81], should remain under seal;

3. **Plaintiffs' Reply in Support of Motion for Application of Washington Law** [Dkt. No. 115], which contains a citation to documents Microsoft designated as "Confidential" under the Court's Protective Order [Dkt. No. 57]; and

4. **Exhibit A to the Supplemental Declaration of William C. Smart** [Dkt. No. 117], which consists of documents Microsoft designated as "Confidential" under the Court's Protective Order [Dkt. No. 57]—specifically, additional selected pages from (a) Microsoft's Desktop Operating System License Agreement for OEM Customers ("DTOS Agreement") and (b) Microsoft's Business Terms Document for OEM Customers ("BTD"), which this Court determined in its Protective Orders dated November 2, 2007 and November 7, 2007 [Dkt. Nos. 78 and 81], should remain under seal.

Under the Court's Protective Order [Dkt. No. 57 ¶ 13(a)], Microsoft, as the party that disclosed the materials at issue and designated them as "Confidential," now must make the showing required by CR 5(g) in response to Plaintiffs' Motion to Seal. Microsoft is submitting this brief, supported by the contemporaneously-filed Declaration of James M. Totton ("Totton Decl."), for the purpose of making that showing. In addition, Microsoft relies upon the previously-filed Declarations of Nicholas Psyhogeos [Dkt. Nos. 54, 76, 86] ("Psyhogeos Declarations") and upon the prior Orders of this Court, which direct that some of the same documents at issue in this Motion be kept under seal. [Dkt. Nos. 78, 81].

Microsoft requests that the first, second and fourth items listed above remain under seal. The third item—Plaintiffs' Reply in Support of Motion for Application of Washington Law [Dkt. No. 115]—need not remain under seal.

## II.     ARGUMENT

### A.     Microsoft Need Only Show That "Good Cause" Exists to Seal the Materials, and the Evidence Meets That Standard.

Microsoft has previously discussed the legal standard used in the Ninth Circuit to determine whether a court may seal confidential materials submitted by a party on a non-dispositive motion. In Microsoft's Supplemental Memorandum in Support of its Motion to Seal Confidential Documents [Dkt. No. 53], and its Response to Plaintiffs' Motion to Seal

MICROSOFT'S RESPONSE TO MOTION TO SEAL
PURSUANT TO CR 5(g)
(NO. C07-475 MJP) – 2

[Dkt. No. 75], Microsoft explained that in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), the Ninth Circuit held that the presumption of public access to judicial records does not apply to a sealed discovery document attached to a non-dispositive motion. The Court explained:

> We have … "carved out an exception to the presumption of access" to judicial records, *Foltz* [*v. State Farm Mutual Auto. Insurance Co.*], 331 F.3d [1122,] 1135 [(9th Cir. 2003)], for a "**sealed discovery document** [attached] to a **non-dispositive** motion," such that "the usual presumption of the public's right of access is rebutted." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (emphasis added). There are, as we explained in *Foltz*, "good reasons to distinguish between dispositive and non-dispositive motions." 331 F.3d at 1135. Specifically, the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often "'unrelated, or only tangentially related, to the underlying cause of action.'" *Id*. (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)).

447 F.2d at 1179 (emphasis in original). Plaintiffs have not contested that *Kamakana*'s standard applies to discovery documents filed in connection with their Motion for Class Certification. [*See* Dkt. No. 77]. Thus, Plaintiffs have conceded that, under Ninth Circuit authority, Microsoft need show only that "good cause" exists to seal the confidential business materials that Plaintiffs have filed with their Replies.[1]

The Court has entered three orders directing that confidential business information from Microsoft filed on non-dispositive motions—including materials filed with Plaintiffs' Motion for Class Certification and Microsoft's Opposition to Plaintiffs' Motion for Class Certification—be kept under seal. [Dkt. Nos. 78, 81, 118]. Now, Plaintiffs have submitted some of the same documents with their reply briefs as well as some additional documents that

---

[1] Microsoft incorporates by reference and relies upon the arguments contained in its previously filed (a) Response to Plaintiffs' Motion to Seal documents filed with Plaintiffs' Motion for Class Certification [Dkt. No. 75] and (b) Motion to Seal Certain Documents filed with its Opposition to Plaintiffs' Motion for Class Certification [Dkt. No. 85] as though set forth at length herein. *See* Dkt. No. 75 at 3-6; Dkt No. 85 at 2-5.

MICROSOFT'S RESPONSE TO MOTION TO SEAL
PURSUANT TO CR 5(g)
(NO. C07-475 MJP) – 3

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

Microsoft designated as "Confidential."

The accompanying Totton Declaration and the previously-filed Psyhogeos Declarations [Dkt. Nos. 54, 76, 86] present facts sufficient to satisfy both the "good cause" standard that applies to the sealing of discovery materials attached to non-dispositive motions and the "sufficiently compelling reasons" standard that applies to the sealing of materials attached to dispositive motions. Microsoft has a strong interest in keeping confidential and unavailable to its competitors (a) the terms of its contractual relationships with its OEM partners; (b) the details of its marketing strategies; (c) its communications with its business partners concerning the development of Windows Vista and the Windows Vista Capable program; and (d) its internal discussions concerning the evolution of the Windows Vista Capable program, which include confidential exchanges as to marketing strategy, business partner relationships, and product development. As explained in the Totton Declaration, each of the materials at issue in this Motion contains information about a commercially sensitive business matter, and each has significant competitive value to Microsoft. Totton Decl. ¶ 4.

The Supreme Court and the Ninth Circuit both have acknowledged that, even in the context of dispositive proceedings, courts may deny public access to judicial documents where such records constitute "sources of business information that might harm a litigant's competitive standing." *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (denying access to copies of tapes played at trial and noting that courts have refused public access to their files where granting such access might "become a vehicle for improper purposes," including causing a litigant competitive harm); *Kamakana,* 447 F.3d at 1179 ("'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to…release trade secrets.") (citing *Nixon,* 435 U.S. at 598); *Foltz,* 331 F.3d at 1135 (quoting *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995)) (when deciding whether to seal confidential materials submitted with summary

MICROSOFT'S RESPONSE TO MOTION TO SEAL
PURSUANT TO CR 5(g)
(NO. C07-475 MJP) – 4

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

judgment motions under the "sufficiently compelling reasons" standard, a court should consider "whether disclosure of the material could result in …infringement upon trade secrets"). The Totton Declaration and the previously-filed Psyhogeos Declarations establish that the documents here fall into that category.

### B. Microsoft's Confidential Business Materials Should Be Sealed Because Disclosure Would Harm Microsoft's Competitive Standing.

#### 1. Excerpts from the DTOS and BTD

Exhibit A to the Supplemental Declaration of William C. Smart [Dkt. No. 117] consists of pages from (a) Microsoft's Desktop Operating System License Agreement for OEM Customers ("DTOS Agreement") and (b) Microsoft's Business Terms Document for OEM Customers ("BTD"). These are fundamental licensing documents used in Microsoft's desktop operating system business with OEMs, one of the largest sources of Microsoft's revenue. *See* Declaration of Nicholas J. Psyhogeos [Dkt. No. 76] ("Psyhogeos 10/24/07 Decl.") ¶¶ 6-10, 26, 31. Indeed, Microsoft uses the business term document not only in licensing desktop operating systems (Windows on individual PCs), but in licensing all of its most important software— including Microsoft Office and server operating system software (operating system software on computers that serve many PCs)—to OEMs. *Id*. ¶ 26. These documents reveal the terms and strategies under which Microsoft licenses Windows, Office, and the Windows logo to OEMs, and Microsoft considers them to be highly confidential. *Id*. ¶ 31.

As noted above, this Court has already determined that these licensing documents should remain under seal. *See* Dkt. Nos. 78 and 81.

#### 2. The OEM Marketing Bulletin

Exhibit A to the Thomas Declaration [Dkt. No. 114] includes a copy of the version of the OEM Marketing Bulletin dated June 16, 2006. *See* Thomas Decl. at 107-24.

Microsoft created the OEM Marketing Bulletin for the Windows Vista Capable program to explain in detail to its OEM partners the marketing strategy behind its Windows

MICROSOFT'S RESPONSE TO MOTION TO SEAL
PURSUANT TO CR 5(g)
(NO. C07-475 MJP) – 5

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

Vista Capable program and the specific steps and guidelines Microsoft had developed to implement that program. *See* Totton Decl. ¶ 11; *see also* Psyhogeos 10/24/07 Decl. [Dkt. No. 76] ¶ 18-19; Declaration of Nicolas J. Psyhogeos [Dkt. No. 54] ("Psyhogeos 10/1/07 Decl.") ¶ 12. It was revised a number of times, and re-issued to OEMs eligible to participate in the Windows Vista Capable program, before and during the period in which the program was in effect. *See* Totton Decl. ¶ 12. Microsoft made the document available only to OEM partners who were eligible to participate in the Windows Vista Capable program, and it did so under a non-disclosure agreement. A footer on each page of the document states: "Microsoft – OEM Confidential – Subject to NDA." *Id.* ¶ 11; Psyhogeos 10/24/07 Decl. ¶ 18; Psyhogeos 10/1/07 Decl. ¶ 12.

This Court already has ruled that a later version of the same OEM Marketing Bulletin (dated September 20, 2006) should be kept sealed. *See* Dkt. No. 81, ¶¶ 3, 4 (sealing Dkt. Nos. 64, 67). The earlier version of the same document therefore should likewise remain sealed.

### 3. Communications with Business Partners Discussing the Development of the Windows Vista Operating System and the Technical Requirements for a "Windows Vista Capable" PC

Exhibit A to the Thomas Declaration [Dkt. No. 114] includes several e-mails (including a set of slides) that Microsoft received from computer hardware manufacturers and a retailer during the development of the Windows Vista Capable program, raising questions, expressing views and/or making suggestions relating to (a) the Windows Vista operating system that Microsoft was developing for release to consumers in late January 2007, and (b) the technical requirements Microsoft was developing that would permit computer manufacturers, in the second half of 2006 and early 2007, to label a PC with the Windows XP operating system as "Windows Vista Capable." *See* Thomas Decl. at 12-30, 57-61, 125-26, 140-42, and 150-53.

Microsoft considers that its business communications with OEMs, retailers and others in the computer industry concerning product development and marketing programs are

MICROSOFT'S RESPONSE TO MOTION TO SEAL PURSUANT TO CR 5(g) (NO. C07-475 MJP) – 6

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

confidential, and it takes steps to keep these communications confidential. *See* Totton Decl. ¶¶ 9, 14-15; *see also* Psyhogeos 10/1/07 Decl. [Dkt. No. 54] ¶¶ 5, 13. Indeed, OEMs have contractual rights to confidentiality under their agreements with Microsoft, and they expect Microsoft to keep communications concerning product development and contract issues confidential. Totton Decl. ¶ 10; *see also* Psyhogeos 10/1/07 Decl. [Dkt. No. 54] ¶ 5. The reason is simple: Microsoft and it business partners need to have the freedom to communicate their concerns, reservations and ideas without the worry that competitors may be peering over their shoulders, hoping to take advantage of whatever competitively-useful tidbit may be found within those communications. For that very reason, the OEM labeled one of these documents "Confidential" and "Proprietary Confidential" before delivering it to Microsoft. *See* Thomas Decl. at 12-25.

As explained in the Totton Declaration, the public disclosure of the comments, suggestions and concerns that Microsoft's business partners communicated to Microsoft would put Microsoft at a competitive disadvantage vis-à-vis its software competitors. *Id*. ¶ 17. If Microsoft's competitors knew the details of the process by which Microsoft develops its products and/or marketing programs, they could use that information to their advantage, and Microsoft's disadvantage, in developing and marketing their own products. *Id*.

### 4. Internal E-mails Discussing the Development of the Windows Vista Operating System and the Technical Requirements for a "Windows Vista Capable" PC

Finally, the Thomas Declaration attaches several internal Microsoft e-mails, dated throughout the period from July 2005 to March 2007 (as Windows Vista and the Windows Vista Capable program were in development), in which various Microsoft employees express their views, make suggestions, and respond to the views of other Microsoft employees about (a) the development of the different editions of the Windows Vista operating system before that product was released to consumers on January 30, 2007, and (b) the technical requirements that Microsoft was developing that would permit OEMs, in the second half of

MICROSOFT'S RESPONSE TO MOTION TO SEAL
PURSUANT TO CR 5(g)
(NO. C07-475 MJP) – 7

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

2006 and early 2007, to label a PC with the Windows XP operating system as "Windows Vista Capable." *See* Thomas Decl. at 5-11, 31-56, 62-106, 127-40, 143-50, and 154-61. These e-mails show that there was considerable discussion, and sometimes disagreement, among Microsoft employees about various matters relating to these topics. *See, e.g., id*. at 7-11, 33-49, 91-94, 101-06, 127-32, 137-40, 146-50, and 155-57.

Given the current posture of this case and the manner in which these documents have been presented, good cause exists to maintain these documents under seal. Internal (and sometimes spirited) discussions among Microsoft employees form an important part of the inherently confidential product development process. *See* Totton Decl. ¶ 6. These discussions, both face to face and in writing, frequently involve debate among employees about technical issues, the consumer experience, and Microsoft's preferred market position, all of which get sorted out by the time Microsoft completes product development or starts a marketing program. *Id*. ¶¶ 6-7. Microsoft properly considers these internal discussions, which are integral to its development process, highly confidential. It does not reveal them to the public or to its competitors; it takes steps to preserve their confidentiality; and it would discipline employees who shared this internal dialogue with competitors. *Id*. ¶ 7, 14-15.

In this instance, the plaintiffs have presented the Court with only a small selection from tens of thousands of e-mails exchanged during a development process that spanned more than eighteen months—and they have done so in a reply brief, depriving Microsoft of the opportunity to clarify the misconceptions that one might derive from reading any one of these e-mails out of context. For example, on the first page of their Reply in Support of Motion for Class Certification, plaintiffs quote an e-mail dated March 1, 2006, months before the Windows Vista Capable program began, and almost a year before the release of Windows Vista. *See* Thomas Decl. at 140. Perhaps through inadvertence, plaintiffs leave the Court with the impression that this e-mail—which discusses whether a PC with a particular type of chipset and graphics component would qualify as "Windows Vista Capable"—refers to the

MICROSOFT'S RESPONSE TO MOTION TO SEAL
PURSUANT TO CR 5(g)
(NO. C07-475 MJP) – 8

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150   Fax: (206) 757-7700

specifications of the Windows Vista Capable program as they actually existed when Ms. Kelley and Mr. Hansen purchased their PCs.  But that impression is simply false:  a PC with the components described in the March 1, 2006 e-mail would *not* have qualified for the Windows Vista Capable logo.[2]  *See* OEM Marketing Bulletin (June 16, 2006) at 4, 17 (Thomas Decl. at 110, 123) (listing graphics requirements for "Windows Vista Capable" PCs).  In other words, this confidential e-mail addresses a possible approach to the Windows Vista Capable program that the public never saw—because the program requirements were still being developed and ultimately were different than what was being discussed in the e-mail.  To allow that e-mail to become public on this non-dispositive motion would reveal fragments of a technically complex and fluid debate in a context that would be unfair to Microsoft, its business partners, and the members of the public who might thereby be misled.

Further, as explained in the Totton Declaration, the public disclosure of the internal e-mail discussions among Microsoft employees concerning the development of the Windows Vista operating system and the requirements for a "Windows Vista Capable" PC would put Microsoft at a competitive disadvantage vis-à-vis its software competitors.  *Id*. ¶ 17.  If Microsoft's competitors knew the details of that discussion, and the reasoning behind it, they could use that information to their advantage, and Microsoft's disadvantage, in developing and marketing their own products.  *Id*.  Public disclosure of this type of internal debate and discussion process might cause employees on future programs to be less forthright in the expression of their views (or their reaction to the views of others).  *Id*. ¶ 18.  To the extent that public disclosure would have a chilling effect on this process, it would put Microsoft at a competitive disadvantage—and undermine the benefits the public derives from a frank exchange of internal views prior to the release of any broadly disseminated product.  *Id*.

---

[2] To avoid placing this brief under seal, Microsoft has only generally alluded to the contents of the March 1, 2006 e-mail.  Microsoft would be pleased to supplement this description to provide additional technical details, if necessary, through a non-public filing or private communication with Plaintiffs' counsel.

MICROSOFT'S RESPONSE TO MOTION TO SEAL
PURSUANT TO CR 5(g)
(NO. C07-475 MJP) – 9

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

Should this case proceed to a trial on the merits, when these issues would be explored at length, with both parties having an opportunity to present evidence, cross-examine and argue, these documents might be treated differently. But for now, in connection with a class certification motion that focuses on the program that Microsoft actually *did* present to the public, internal discussions as to what else *might* have been done should remain under seal.

### III.    CONCLUSION

Given the commercially sensitive nature of the materials at issue and the competitive harm that could result if those materials become public, Microsoft has made the showing required under CR 5(g). As set forth in its proposed order, Microsoft proposes that an appropriately redacted copy of Plaintiffs' Reply in Support of Motion for Class Certification be filed for the public record.

RESPECTFULLY SUBMITTED this 10th day of January, 2008.

Davis Wright Tremaine LLP
Attorneys for Microsoft Corporation

By */s/ Stephen M. Rummage*
Stephen M. Rummage, WSBA #11168
Cassandra Kinkead, WSBA #22845
Charles S. Wright, WSBA #31940
1201 Third Avenue, Suite 2200
Seattle, WA 98101-1688
Telephone: (206) 622-3150
Fax: (206) 628-7699
E-mail: steverummage@dwt.com

Of Counsel:

Charles B. Casper
Patrick T. Ryan
Montgomery, McCracken,
 Walker & Rhoads, LLP
123 S. Broad Street
Philadelphia, PA 19109
(215) 772-1500

MICROSOFT'S RESPONSE TO MOTION TO SEAL
PURSUANT TO CR 5(g)
(NO. C07-475 MJP) – 10

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

## CERTIFICATE OF SERVICE

I hereby certify that on Thursday, January 10, 2008, I electronically filed the foregoing Microsoft's Response to the Motion to Seal Certain Confidential Materials with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jeffrey I. Tilden: | jtilden@gmtlaw.com |
| Jeffrey M. Thomas: | jthomas@gmtlaw.com |
| Michael Rosenberger: | mrosenberger@gmtlaw.com |
| Mark A. Wilner: | mwilner@gmtlaw.com |
| William C. Smart: | wsmart@kellerrohrback@dwt.com |
| Mark A. Griffin: | mgriffin@kellerrohrback@dwt.com |
| Ian S. Birk: | ibirk@kellerrohrback@dwt.com |

DATED this 10th day of January, 2008.

Davis Wright Tremaine LLP
Attorneys for Defendant

By */s/ Stephen M. Rummage*
    Stephen M. Rummage, WSBA #11168
    Davis Wright Tremaine LLP
    2600 Century Square
    1501 Fourth Avenue
    Seattle, WA 98101-1688
    Telephone: (206) 628-7513
    Fax: (206) 628-7699
    E-mail: steverummage@dwt.com

MICROSOFT'S RESPONSE TO MOTION TO SEAL
PURSUANT TO CR 5(g)
(NO. C07-475 MJP) – 11

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700