The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIANNE KELLEY and KENNETH HANSEN,  )  No. C 07-475 MJP
                                   )
              Plaintiffs,          )
                                   )  DECLARATION OF
        v.                         )  JAMES M. TOTTON IN SUPPORT
                                   )  OF MICROSOFT'S RESPONSE
MICROSOFT CORPORATION, a Washington )  TO PLAINTIFFS' MOTION TO
corporation,                       )  SEAL MAKING THE SHOWING
                                   )  REQUIRED BY CR 5(g)
              Defendant.           )
                                   )
_____)

I, JAMES M. TOTTON, hereby declare as follows:

        1.      I am employed by Microsoft Corporation ("Microsoft") in Redmond,

Washington.  I have been employed by Microsoft since January 2006.  My current position

at Microsoft is General Manager, OEM Product Management.  I have held that position

since January 2006.  I am over 18 years of age.  I have personal knowledge of the facts set

forth herein, except as to those facts where I state that my understanding is based on

information available to me as General Manager, OEM Product Management.

        2.      In my position as General Manager, OEM Product Management, I am

responsible for developing product and business strategies in Microsoft's OEM Division.

DECLARATION OF JAMES M. TOTTON IN SUPPORT OF
MICROSOFT'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(C 07-475 MJP) — 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1

2

3

        3.     I understand that plaintiffs have submitted copies of the following confidential materials as Exhibit A to the Declaration of Jeffrey M. Thomas in Support of Plaintiffs' Motion for Class Certification ("Thomas Declaration") [Dkt. No. 114].:

4

5

6

7

8

9

10

- Numerous internal Microsoft e-mails, dated throughout the period July 2005 to March 2007, in which various Microsoft employees express their views, make suggestions, and respond to the views of other Microsoft employees about (a) the Windows Vista operating system that Microsoft was developing for release to consumers in late January 2007, and (b) the technical requirements Microsoft was developing that would permit computer manufacturers, in the second half of 2006 and early 2007, to label a PC with the Windows XP operating system as "Windows Vista Capable"; *see* documents reproduced as pages 5-11, 31-56, 62-106, 127-40, 143-50, and 154-61 of the Thomas Declaration;

11

12

13

14

- Several e-mails (including a set of slides) that Microsoft received from certain computer hardware manufacturers and a retailer in the same period, raising questions, expressing views and/or making suggestions relating to the same topics; *see* documents reproduced as pages 12-30, 57-61, 125-26, 140-42, and 150-53 of the Thomas Declaration; and

15

16

17

- The June 16, 2006 version of the OEM Marketing Bulletin for the Windows Vista Capable Program, *see* document reproduced as pages 107-24 of the Thomas Declaration.

18

19

20

I also understand that Plaintiffs' Reply Brief in Support of Class Certification [Dkt. No. 115] refers extensively to the e-mails attached as Exhibit A to the Thomas Declaration—quoting from many of them verbatim and summarizing or paraphrasing others.

21

22

23

24

        4.     Each of these materials is, or contains information about, a commercially sensitive business matter, and each of them is of significant competitive value to Microsoft. As such, Microsoft considers these materials (and the information within them) confidential and takes steps to keep these materials and information confidential.

25

26

        5.     Several of the documents included in Exhibit A to the Thomas Declaration are labeled "Confidential" on each of their pages or at the beginning of the document. *See*

27

DECLARATION OF JAMES M. TOTTON IN SUPPORT OF
MICROSOFT'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(C 07-475 MJP) — 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   documents reproduced as pages 13-26, 73-76, 95-100, and 107-24 of the Thomas

2   Declaration. The "Confidential" labels on these documents were included or placed on or

3   within them prior to the inception of this lawsuit, and are separate from the "confidential"

4   designation that has been placed on them by counsel in connection with this litigation.

5

6   **Internal Microsoft E-Mails Concerning the Windows Vista Operating System
    and the Technical Requirements for a "Windows Vista Capable" PC**

7       6.      Most of the materials included in Exhibit A to the Thomas Declaration are

8   copies of internal e-mails between Microsoft employees during the period from July 2005 to

9   March 2007. These e-mails show that there was considerable discussion, and sometimes

10  disagreement, among Microsoft employees about various matters relating to (a) the

11  development of the different editions of the Windows Vista operating system before that

12  product was released to consumers on January 30, 2007, and (b) the technical requirements

13  that Microsoft was developing that would permit computer manufacturers ("OEMs"), in the

14  second half of 2006 and early 2007, to label a PC with the Windows XP operating system as

15  "Windows Vista Capable." *See, e.g.,* documents reproduced as pages 7-11, 33-49, 91-94,

16  101-06, 127-32, 137-40, 146-50, and 155-57 of the Thomas Declaration.

17      7.      These internal discussions among Microsoft employees are a significant and

18  important part of the product development process. The e-mails plaintiffs selected to include

19  in Exhibit A to the Thomas Declaration show portions of the lengthy process by which

20  products and marketing programs are developed. Ideas, opinions and concerns are offered,

21  exchanged, evaluated, revised, adopted, discarded or tabled for further consideration. There

22  is frequently debate among employees about these ideas, opinions and concerns before the

23  product is completed or the marketing program started. Microsoft considers these internal

24  discussions confidential and does not reveal them to the public or to its competitors. It takes

25  steps to keep these discussions confidential, as set forth in greater detail in paragraphs 14-16

26  below.

27

DECLARATION OF JAMES M. TOTTON IN SUPPORT OF
MICROSOFT'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(C 07-475 MJP) — 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**E-Mails and Slides Microsoft Received**
**From Computer Hardware Manufacturers and a Retailer**
**Concerning Windows Vista and the Windows Vista Capable Program**

8.      Plaintiffs also included in Exhibit A to the Thomas Declaration copies of some e-mail communications between Microsoft and certain computer hardware manufacturers and one retailer. *See* documents reproduced as pages 12-30, 57-61, 125-26, 140-42, and 150-53 of the Thomas Declaration.  Microsoft has business relationships with each of these companies.  In these communications, representatives of the companies raised questions, expressed their companies' views and/or made suggestions relating to the development of (a) the Windows Vista operating system and (b) the requirements for a Windows Vista Capable PC.

9.      Unless the subject of the communication is intended to be part of a public discussion (which these were not), Microsoft considers that its business communications with OEMs, retailers and others in the computer industry are confidential.  It takes steps to keep these communications confidential, as set forth in greater detail in paragraphs 14-16 below.

10.      Maintaining the confidentiality of the communications Microsoft has with its OEM partners and others concerning product development and contract issues is not simply a matter of great importance only to Microsoft.  The OEMs also have contractual rights to confidentiality under their agreements with Microsoft, and, based on information available to me as General Manager, OEM Product Management, I understand that OEMs expect Microsoft to keep these matters confidential.

**The OEM Marketing Bulletin**

11.      The OEM Marketing Bulletin for the Windows Vista Capable program is a document that Microsoft created to explain, in detail, to its OEM partners the marketing strategy behind its Windows Vista Capable program and the specific steps and guidelines Microsoft had developed to implement that program.  This document was made available

DECLARATION OF JAMES M. TOTTON IN SUPPORT OF
MICROSOFT'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(C 07-475 MJP) — 4

1   only to the OEM partners who were eligible to participate in the Windows Vista Capable

2   program, and was provided to those OEMs under a non-disclosure agreement. A footer on

3   each page of the document states: "Microsoft – OEM Confidential – Subject to NDA."

4   Microsoft does not disclose this and other documents detailing its marketing strategies to its

5   software competitors or to the public. It takes steps to keep these materials confidential, as

6   set forth in greater detail in paragraphs 14-16 below.

7   12.   The OEM Marketing Bulletin for the Windows Vista Capable program was

8   revised a number of times, and re-issued to OEMs eligible to participate in the Windows

9   Vista Capable program, before and during the period in which the program was in effect.

10  The version of the OEM Marketing Bulletin for the Windows Vista Capable program that

11  plaintiffs included in Exhibit A to the Thomas Declaration is the version that was dated June

12  16, 2006. *See* document reproduced as pages 107-24 of the Thomas Declaration.

13  13.   I understand that on November 2, 2007, the Court entered a Protective Order

14  [Dkt. No. 78] granting Microsoft's request that the excerpts of a later version of the same

15  OEM Marketing Bulletin (dated September 20, 2006) that plaintiffs had submitted with a

16  reply brief on a motion to compel be maintained under seal. I also understand that on

17  November 7, 2007, the Court entered an additional Protective Order [Dkt. No. 81] granting

18  Microsoft's request that the entire OEM Marketing Bulletin (dated September 20, 2006),

19  which plaintiffs had submitted as Exhibit C to the Declaration of William C. Smart [Dkt. No.

20  62], be maintained under seal.

21
22
          **Microsoft's Efforts to Maintain the**
          **Confidentiality of Its Commercially Sensitive Business Documents**

23  14.   It is Microsoft's regular practice to protect certain types of information as

24  confidential. Based on information available to me as General Manager, OEM Product

25  Management, I am familiar with how Microsoft stores and manages access to (a) the

26  business e-mail communications its employees have with each other and with representatives

27

DECLARATION OF JAMES M. TOTTON IN SUPPORT OF
MICROSOFT'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(C 07-475 MJP) — 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  of companies with which Microsoft has a business relationship and (b) records relating to the

2  marketing programs and strategies we develop for our OEM partners to consider and use.

3  Microsoft considers these materials to be confidential and proprietary and exerts

4  commercially reasonable efforts to preserve the confidential and proprietary nature of these

5  materials.

6      15.    We exert commercially reasonable efforts to ensure that the business e-mail

7  communications Microsoft's employees have with each other are not disclosed outside the

8  company and that the business communications Microsoft's employees have with

9  representatives of other companies with which Microsoft has a business relationship are not

10  divulged outside that business relationship.  These e-mails are maintained on Microsoft

11  computers protected by passwords and are available only to Microsoft personnel with a

12  business need for the information and to the particular company to which the information

13  pertains. Microsoft does not reveal these internal communications to its competitors, and it

14  would discipline employees who shared this internal dialogue with competitors.  Divulging

15  this information in a public forum would create a serious and imminent threat of Microsoft's

16  competitors misusing and gaining unfair advantage from our confidential information.

17      16.    In addition, we exert commercially reasonable steps to keep the details of

18  specific marketing strategies that Microsoft develops for its OEM partners to consider and

19  use in promoting the PCs they manufacture and sell that contain Microsoft software

20  confidential and available only to our OEM partners.  We do not want our software

21  competitors to have access to these marketing strategies because we have made a significant

22  investment of time and resources in developing the strategies and we do not want our

23  competitors to take advantage of our efforts.  This information is likewise kept confidential

24  and is available only to Microsoft personnel with a business need for the information and to

25  the particular OEMs who are eligible to participate in the marketing program to which the

26  information pertains.  Divulging this information in a public forum would create a serious

27

DECLARATION OF JAMES M. TOTTON IN SUPPORT OF
MICROSOFT'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(C 07-475 MJP) — 6

1  and imminent threat of Microsoft's competitors misusing and gaining unfair advantage from

2  our confidential information.

### Disclosure of Microsoft's Confidential Business
### Materials Would Cause Significant Harm to
### Microsoft's Competitive Interests

5          17.     The public disclosure of either (a) the internal e-mail discussions among

6  Microsoft employees concerning the development of the Windows Vista operating system

7  and the requirements for a "Windows Vista Capable" PC or (b) the comments, suggestions

8  and concerns Microsoft's business partners communicated to Microsoft on those same topics

9  would put Microsoft at a competitive disadvantage vis-à-vis its software competitors.  Those

10  communications reveal some of the process by which Microsoft developed the operating

11  system it is currently marketing to consumers and others (*i.e.*, Windows Vista) and one of

12  the marketing programs it created in advance of the release of that product.  If our

13  competitors knew the details of the process by which Microsoft develops its products and/or

14  marketing programs, they could use that information to their advantage, and Microsoft's

15  disadvantage, in developing and marketing their own products—all to Microsoft's

16  competitive disadvantage in the marketplace.

17          18.     Moreover, a company benefits competitively in the marketplace when its

18  employees express differing views about product development and marketing to their

19  colleagues and managers and the process results in various options and strategies being

20  discussed, analyzed, considered and developed.  There is a risk that the public disclosure of

21  this type of internal debate and discussion process might cause employees to be more

22  circumspect and less forthright in the expression of their views (or in their reaction to the

23  views of others).  To the extent that public disclosure of the internal communications among

24  Microsoft employees would have a chilling effect on this commercially beneficial process, it

25  would put Microsoft at a competitive disadvantage vis-à-vis its competitors whose

26

27

DECLARATION OF JAMES M. TOTTON IN SUPPORT OF
MICROSOFT'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(C 07-475 MJP) — 7

1    employees' internal product and marketing-related communications are not displayed in the

2    public record.

3        19.    In addition, the public disclosure of the details of marketing strategies that

4    Microsoft has developed for use by its OEM partners—such as the marketing strategies set

5    out in the OEM Marketing Bulletin for the Windows Vista Capable program—would also

6    put Microsoft at a competitive disadvantage vis-à-vis its software competitors.  If those

7    software competitors knew the details of marketing strategies that Microsoft had developed

8    for use by its OEM partners, Microsoft's competitors could use that information in their own

9    marketing programs or could structure their own marketing programs to undercut the

10    effectiveness of the strategies Microsoft had developed—all to Microsoft's competitive

11    disadvantage in the marketplace.

12        20.    Although the Windows Vista Capable marketing program discussed in the

13    business e-mails and described in the OEM Marketing Bulletin is now complete, those

14    documents retain their commercial sensitivity.  The documents contain many of the details

15    of Microsoft's marketing methods and strategies with respect to OEMs and reveal some of

16    the process by which Microsoft employees reasoned through the development of the

17    methods and strategies considered and used in this program.  The public disclosure of those

18    materials, even after the conclusion of the Windows Vista Capable program, would put

19    Microsoft at a competitive disadvantage vis-à-vis its competitors.   If Microsoft's

20    competitors knew the details of marketing strategies that Microsoft had developed for use by

21    its OEM partners, those competitors could use that information in the development of their

22    strategies to compete with Microsoft.

23        21.    The OEM Marketing Bulletin reveals a marketing strategy that Microsoft

24    used in the release of its last two desktop operating systems—Windows XP and Windows

25    Vista—and Microsoft may well use the OEM Marketing Bulletin again to provide a

26    framework for a similar marketing program in the future.  As a result, Microsoft would still

27

DECLARATION OF JAMES M. TOTTON IN SUPPORT OF
MICROSOFT'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(C 07-475 MJP) — 8

1    suffer a competitive disadvantage in the marketplace if one of its competitors obtained

2    access to a copy of any version of the OEM Marketing Bulletin, regardless of the fact that

3    the Windows Vista Capable marketing program is now complete.

4        I declare under penalty of perjury that the foregoing is true and correct.

5        EXECUTED this 9th day of January, 2008, at Redmond, Washington.

6

7    

8    James M. Totton

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF JAMES M. TOTTON IN SUPPORT OF
MICROSOFT'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(C 07-475 MJP) — 9

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2008, I electronically filed the foregoing

*Declaration of James M. Totton in Support of Microsoft's Response to Plaintiffs' Motion to*

*Seal Making the Showing Required by CR 5(g)* with the Clerk of the Court using the CM/ECF

system which will send notification of such filing to the following:

Jeffrey I. Tilden:          jtilden@gordontilden.com
Jeffrey M. Thomas:          jthomas@gordontilden.com
Michael Rosenberger:        mrosenberger@gordontilden.com
Mark A. Wilner:             mwilner@gordontilden.com
William C. Smart:           wsmart@kellerrohrback.com
Mark A. Griffin:            mgriffin@kellerrohrback.com
Ian S. Birk:                ibirk@kellerrohrback.com

DATED this 10th day of January, 2008.

Davis Wright Tremaine LLP
*Attorneys for Microsoft Corporation*


By /s/ Stephen M. Rummage
    Stephen M. Rummage, WSBA #11168
    Davis Wright Tremaine LLP
    Suite 2200
    1201 Third Avenue
    Seattle, WA 98101-3045
    Telephone: (206) 757-8136
    Fax: (206) 757-7136
    E-mail: steverummage@dwt.com

DECLARATION OF JAMES M. TOTTON IN SUPPORT OF
MICROSOFT'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(C 07-475 MJP) — 10
DWT 2216922v1 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700