# Exhibit F

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE   BELLEVUE   LOS ANGELES   NEW YORK   PORTLAND   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, D.C.

STEPHEN M. RUMMAGE　　　　　　　SUITE 2200　　　　　　　　　　TEL (206) 622-3150
DIRECT (206) 757-8136　　　　　　　1201 3RD AVENUE　　　　　　　FAX (206) 757-7700
DIRECT FAX (206) 757-7136　　　　　SEATTLE, WA 98101-3045　　　www.dwt.com
steverummage@dwt.com

July 8, 2008

*Via E-mail*

William C. Smart
Ian S. Birk
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Re:   *Kelley v. Microsoft Corp.* – Objections to Subpoena to PricewaterhouseCoopers

Dear Will and Ian:

I am writing to let you know you that Microsoft objects to certain of plaintiffs' requests for documents from PricewaterhouseCoopers ("PwC"), set forth in Schedule A of plaintiffs' subpoena to PwC dated June 11, 2008. For reasons explained below, Microsoft objects to (a) Request Nos. 3-5 because they are overbroad and seek information about and from other lawsuits that have no bearing on this case and that, in many instances, is protected from disclosure by confidentiality orders entered in those other cases; and (b) Request Nos. 6-15 because those requests seek documents covered by the attorney-client privilege and work product immunity.

By copy of this letter, Microsoft is instructing PwC not to produce privileged and/or work-product documents and documents protected under confidentiality orders in other litigation.

*Scope of PwC Engagement*

Through its counsel, Montgomery McCracken Walker & Rhoads, Microsoft engaged PwC to assist with trial preparation in this case, as it has engaged PwC in anticipation of, and to assist with trial preparation for, other lawsuits. (Microsoft has produced the engagement letter for this case.) In particular, Microsoft engaged PwC to develop, as the need might arise, financial and accounting facts available within certain of Microsoft's databases and elsewhere. Microsoft did not retain PwC as a testifying or a consulting expert; rather, it engaged PwC as an independent contractor to provide litigation support and act as a fact witness where necessary.

In connection with this and other matters, PwC regularly has provided Microsoft a variety of services in anticipation of litigation and in connection with trial preparation. For example, PwC

William C. Smart
Ian S. Birk
July 8, 2008
Page 2



has assisted Microsoft and its counsel in developing factual evidence, answering interrogatories, providing declarations, and providing witnesses on behalf of Microsoft designated pursuant to Rule 30(b)(6), on topics related to financial issues of interest to Microsoft's counsel as well as topics designated by plaintiffs. When issues of this sort arise in litigation, Microsoft's counsel often assigns them to PwC, and its employees then research the topics from information held by Microsoft and its employees. PwC personnel communicate directly with Microsoft employees to obtain the information "readily available to Microsoft" and then work with counsel to formulate interrogatory responses, prepare declarations and prepare for depositions. When Microsoft needs to provide a witness on these topics, usually to testify about its knowledge concerning sales, profits, or other financial information, PwC personnel often testify on Microsoft's behalf, including as designees under Rule 30(b)(6). As you know, Microsoft's litigation counsel represents PwC's employees at their depositions in these situations.

Microsoft engages PwC on a case-by-case basis, primarily to save Microsoft employees the disruption of responding to litigation-related requests. The information that PwC collects and analyzes at the request of Microsoft's litigation counsel otherwise would come from a Microsoft employee. Communications between PwC and Microsoft are subject to an express expectation of confidentiality. Although PwC's employees are paid by PwC and supervised by PwC personnel, they are embedded at Microsoft with access to Microsoft's office space, files, and databases pertinent to their work. PwC does not audit Microsoft's financial statements.

***Documents Relating to PwC's Work for Microsoft in Other Cases***

Request Nos. 3-5 in Schedule A of the subpoena seek documents concerning work PwC has done for Microsoft in connection with lawsuits "from 2003 to the present." These requests by their terms seek information that is not relevant to the claims and defenses in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, much of the factual information that was the subject of Rule 30(b)(6) testimony by PwC personnel on behalf of Microsoft in other cases is confidential and protected from disclosure.

***Privileged Documents and Work Product Sought by Plaintiffs' Subpoena***

Microsoft also objects that, due to the nature of Microsoft's engagement of PwC through its litigation counsel, many of the documents sought by plaintiffs' subpoena fall within the attorney-client privilege or the work product immunity (or both). Generally, Microsoft objects that the following categories of documents are privileged from production:

- PwC's communications with Microsoft's counsel—whether external or in-house—are privileged communications, both because PwC employees are the "functional equivalent" of Microsoft employees for purposes of these communications, *see, e.g., In re Bieter Co.*, 16 F.3d 929 (8th Cir. 1994), and because PwC frequently acts as an intermediary for Microsoft's litigation counsel in obtaining information from Microsoft. *See, e.g., United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961).

William C. Smart
Ian S. Birk
July 8, 2008
Page 3



- PwC's communications with Microsoft's counsel—whether external or in-house—are work product in that they occurred specifically in connection with this litigation and may reveal the core impressions, opinions and strategies of Microsoft's litigation counsel.

- PwC's communications with Microsoft employees (other than those communications that informed PwC of the facts on which PwC was asked to testify) are both privileged under *Kovel* and work product, the production of which would reveal the core impressions, opinions and strategies of Microsoft's litigation counsel.

- PwC's work papers and other documents that PwC did not use to inform itself of the facts on which PwC was asked to testify are work product prepared in connection with this litigation, the production of which would reveal the core impressions, opinions and strategies of Microsoft's litigation counsel.

Topics 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15, in Schedule A to plaintiffs' subpoena to PwC call, in whole or in part, for documents falling within these general categories. Microsoft objects to their production and hereby directs PwC to assert these privileges on behalf of Microsoft in addition to any other objections PwC asserts.

I stress that Microsoft is not objecting to the production of all of PwC's work papers and communications. Microsoft does not claim that communications between PwC and Microsoft employees that ultimately informed PwC of the facts on which PwC was asked to testify, or the work papers and other documents that PwC used to develop those facts (other than documents reflecting counsel's thoughts), are privileged or work product. PwC and Microsoft employees prepared those documents for the purpose of supplying information to plaintiffs in the course of discovery. Because Microsoft engaged PwC for the purpose of providing those facts to plaintiffs, Microsoft did not have an expectation of confidentiality in those documents and communications, and Microsoft does not object to their production. Indeed, Microsoft has already produced many of those documents (e.g., the documents supporting Robert Moline's declaration and the documents supporting Microsoft's supplemental responses to your Rule 30(b)(6) requests) without objection.

Please let me know if you have any questions.

Very truly yours,

Davis Wright Tremaine LLP

*[signature]*
Stephen M. Rummage

cc: Jeffrey Thomas, Esq.
Mark Wilner, Esq.
Charles Casper, Esq.
Cassandra Kinkead, Esq.