Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DIANNE L. KELLEY, KENNETH HANSEN, JIM WALTERS, MATT MORALES, RUSSELL HALL, and DON SCHRODER, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>Defendant. | Case No. C07-0475MJP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER PRECLUDING THE DEPOSITION OF STEVEN A. BALLMER |

This matter comes before the Court on Microsoft's motion for a protective order precluding the deposition of Steven A. Ballmer. (Dkt. No. 194.) The Court has considered the motion, Plaintiffs' response (Dkt. No. 202), Defendant's reply (Dkt. No. 217), and other pertinent documents in the record. For the reasons stated below, the Court DENIES Defedant's motion.

**Background**

ORDER- 1

The parties are familiar with the general facts of this case, so the Court will not repeat them in detail here. In brief, Plaintiffs' suit challenges aspects of Microsoft's marketing of its Windows Vista operating system. Defendant asserts that Steven A. Ballmer, Microsoft's Chief Executive Officer ("CEO"), was not involved in any of the operational decisions surrounding the Windows Vista Capable program. (Dkt. No. 194 at 3.) Instead, Microsoft claims Jim Allchin, then a Co-President, and Will Poole, then a Senior Vice President, had superior knowledge about the decision to change the technical requirements PCs needed to satisfy to exhibit the Vista Capable label. (Id. at 6.) Defendants thus ask the Court for a protective order precluding Mr. Ballmer's deposition. Plaintiffs oppose the protective order claiming Mr. Ballmer had direct, pertinent involvement in the Windows Vista Capable program. (Dkt. No. 202 at 2.) In particular, Plaintiffs point to a phone call between Intel's CEO, Paul Otellini and Mr. Ballmer where the executives supposedly discussed a change in the Vista Capable requirements. (Id. at 1.)

## Discussion

Pursuant to Fed. R. Civ. P. 26(c), this Court has the discretion to fashion orders to prevent improper discovery. McDowell v. Calderon, 197 F.3d 1253, 1256 (9th Cir. 1999). Discovery may be improper if it is "unreasonably cumulative or duplicative," can be obtained from a more convenient source, or if its burden cannot be justified in view of the likely benefit. Fed. R. Civ. P. 26(b)(2)(C). In general, discovery is permissible with respect to "any nonprivileged matter that is relevant to any party's claim." Fed. R. Civ. P. 26(b)(1). Courts should not bar a relevant deposition "absent extraordinary circumstances" as such a prohibition would "likely be in error." Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979). In deciding whether to allow the deposition of an "apex" executive, a court considers the extent of the

individual's personal knowledge and whether the testimony sought will be unreasonably duplicative. See Baine v. General Motors Corp., 141 F.R.D. 332, 334 (M.D. Ala. 1991); see also Six West Retail Acquisition, Inc. v. Sony Theater Mgmt. Corp., 203 F.R.D. 98, 105 (S.D.N.Y. 2001).

First, Plaintiffs have met their burden in demonstrating Mr. Ballmer may have relevant, unique personal knowledge of relevant facts. In Reif v. CNA, a court denied leave to take a deposition of the defendant's CEO where the plaintiff could not establish a nexus between any statement by the CEO and the challenged corporate action. 248 F.R.D. 448, 454 (E.D. Pa. 2008) (CEO had no knowledge specific to plaintiff's termination). Microsoft concedes Mr. Ballmer discussed the technical requirements of Vista Capable with Mr. Otellini and relayed those concerns to other members of the management. (Dkt. No. 194 at 8.) However, Defendant argues that because Mr. Poole resolved the issue regarding the technical requirements of Vista Capable before Mr. Ballmer had relayed any concerns, Mr. Ballmer's knowledge is irrelevant. (Id. at 14.) Mr. Ballmer himself seemed dubious about Mr. Poole's claim he resolved the issue. (See Dkt. No. 249-10 at 16; MS-KELL 099306.) This fact is significant because it demonstrates Mr. Ballmer may have been evaluating Microsoft's response to Intel's concerns about the Vista Capable changes. In the Court's view, this is a sufficient basis to justify the deposition. Unlike the plaintiff in Reif, Plaintiffs have demonstrated a nexus between Ballmer's personal knowledge and the challenged action. 248 F.R.D. at 454.

Second, the timing of the deposition weighs against granting the Defendant's proposed protective order. In Reif, the court denied leave to take the executive's deposition when the plaintiff failed to first depose lower level employees. 248 F.R.D. at 451. Likewise, in Baine, a deposition of an executive was inappropriate where the corporate deposition had yet to take

place. 141 F.R.D. at 335. On the other hand, the court in Six West Retail Acquisition granted a deposition in part because the plaintiff had already taken depositions of the defendant's lower level officials. 203 F.R.D. at 105. The timing of a proposed deposition implicates the Court's concern for preventing unduly burdensome or unreasonably duplicative discovery. See Fed. R. Civ. P. 26(b)(2)(C). Unlike in Reif or Baine, Plaintiffs here have completed depositions of lower level officers, including depositions of Messrs. Allchin and Poole. (See Dkt. No. 194 at 10.) Moreover, all other discovery should be complete at this point—the discovery deadline passed on November 14, 2008. (Dkt. No. 145.) Having taken other depositions and completed other discovery, the Court believes Plaintiffs can limit questioning in a manner to avoid unreasonable duplication. See Six West Retail Acquisition, Inc., 203 F.R.D. at 105 (citing Travelers Rental Co. v. Ford Motor Co., 116 F.R.D. 140, 145 (D. Mass. 1987)). The Court imposes a three hour time limit for the deposition to safeguard against undue burden or repetition.

The Court declines to issue a protective order precluding Mr. Ballmer's deposition. Plaintiffs have demonstrated Mr. Ballmer has unique personal knowledge discoverable within the scope of Fed. R. Civ. P. 26(b)(1).

**Conclusion**

The Court appreciates that there are severe demands on Mr. Ballmer's time; however, a busy schedule cannot "shield" an executive from discovery. Six West Retail Acquisition, Inc., 203 F.R.D. at 102 (citations omitted). The Court DENIES Defendant's motion for a protective order and orders as follows:

1. Plaintiffs may take Mr. Ballmer's deposition for no more than three (3) hours.

2. The deposition must take place within thirty (30) days of this order at a time and place of Mr. Ballmer's convenience.

3. Accordingly, the discovery deadline is extended thirty (30) days from the date of this order for the sole purpose of taking the deposition.

It is SO ORDERED. The Clerk is directed to send a copy of this order to all counsel of record.

DATED this 21st day of November, 2008.

                                                  s/Marsha J. Pechman_____
                                                  Honorable Marsha J. Pechman
                                                  United States District Judge