The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DIANNE KELLEY, et al., | ) | Case No. C 07-475 MJP |
| | ) | |
| Plaintiffs, | ) | ORDER ON CR 37 JOINT |
| v. | ) | SUBMISSION |
| | ) | |
| MICROSOFT CORPORATION, a Washington corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on the parties' CR 37 Joint Submission. (Dkt. No. 173.) Having reviewed the submissions of the parties and all other pertinent documents in the record, the Court GRANTS Plaintiffs' motion as presented in the joint submission.

**Background**

Plaintiffs' suit challenges Microsoft's marketing of its Windows Vista operating system. The present motion addresses the applicability of the attorney-client privilege and the work product doctrine to documents prepared by PricewaterhouseCoopers ("PwC"). Specifically, Plaintiffs seek discovery of working drafts of papers PwC prepared at counsel's request and instructions to PwC from Defendant's counsel. (Dkt. No. 173 at 25.)

PwC was retained in order to provide "litigation advisory services," including

ORDER ON CR 37 JOINT SUBMISSION – 1

"litigation consulting" and "discovery assistance." (Birk Decl., Ex. A.) The agreement, signed by a representative from Microsoft and counsel of Montgomery, McCracken, Walker & Rhoads LLP, specified that PwC was being retained on counsel's "own behalf and as counsel for your client Microsoft." (Id.) The agreement anticipated that Microsoft may use PwC to offer testimony as a Fed. R. Civ. P. 30(b)(6) witness. Per the agreement, Microsoft controlled "all management decisions" relating to the engagement, received and paid all the invoices from PwC, and owned the work product PwC produced. (Id.)

On November 19, 2007, Microsoft filed a declaration from Robert Moline, a PwC partner, in conjunction with its opposition to class certification. (Dkt. No. 89.) Mr. Moline described PwC's calculations related to PC and upgrade licenses sold as part of the Vista Capable program. (Id.) A second PwC employee, Kathryn Griffith, also testified in response to a Fed. R. Civ. P. 30(b)(6) notice. (Birk Decl., Ex. B.) When asked for documents relating to her communications with Microsoft's counsel, Ms. Griffith stated she had decided not to bring any such documents. (Id., Ex. D, 20: 5-10.) Microsoft's privilege log lists several documents not produced in relation to the 30(b)(6) deposition and other PwC matters. (Id., Ex. H.)

Plaintiff asks the Court to rule that PwC's communications with Microsoft are discoverable and beyond the ambit of the attorney-client privilege. (Dkt. No. 173 at 13.) First, Microsoft claims the attorney-client privilege applies because PwC consultants were functionally equivalent to corporate employees. Second, Defendant asserts the privilege applies because PwC acted as agents of counsel for the purpose of translating the client's data. Third, Defendant claims the work product doctrine protects the documents from production.

**Discussion**

Because Washington law provides the rule of decision in this matter, Washington state law governs claims of attorney-client privilege. Fed. R. Evid. 501. Pursuant to Fed. R. Civ. P. 26(b)(3), federal law governs claims of work product privilege. See also Lexington Ins. Co. v. Swanson, 240 F.R.D. 662, 666 (W.D. Wash. 2007).

I. Attorney-Client Privilege

In Washington, the attorney-client privilege may extend to third parties who are "indispensible to an attorney's provision of legal services to the client." State of Washington v. Aquino-Cervantes, 88 Wn.App. 699 (Wn. App. 1997)(citations omitted)(upholding the extension of privilege to language interpreters). The stated purpose of the attorney-client privilege in Washington is to encourage the client to disclose all the information that is necessary for effective representation. See State of Washington v. Maxon, 110 Wn.2d 564, 573 (Wn. 1988)(citations omitted)(declining to extend privilege to the parent-child relationship because such privilege would not encourage disclosure). As the party claiming privilege, Microsoft bears the burden of demonstrating that the attorney-client privilege applies.

First, Microsoft claims that PwC employees acted as the functional equivalent of Microsoft employees and should be afforded an identical attorney-client privilege. (Dkt. No. 173 at 18-20.) In support of its assertion, Microsoft cites In re Bieter Co., where the Eighth Circuit extended privilege to communications between an independent contractor for a real estate partnership and the partnership's counsel. 16 F.3d. 929, 938 (8th Cir. 1994). The contractor in Bieter had interacted on a daily basis with the partnership's principals and was involved in the transaction that gave rise to the suit. Id. As such, the court determined there was "no principled basis" to deny the contractor the same privilege afforded to an employee

because "his involvement in the subject matter makes him precisely the sort of person with whom a lawyer would wish to confer confidentiality" to encourage complete disclosure. Id. at 938 (further observing that the contractor's communications were made for the purpose of seeking legal advice). Microsoft asserts that, because PwC employees supplied accounting and financial information that Microsoft employees would have otherwise provided, PwC personnel fall within the Bieter exception. (Dkt. No. 173 at 19.)

Second, Defendant argues that the disputed communications should be privileged because PwC served as an agent of counsel. (Dkt. No. 173 at 20-22.) In United States v. Kovel, the Second Circuit extended privilege to an accountant employed by an attorney. 296 F.2d 918, 923-23 (2d Cir. 1961)(Friendly, J.). The Kovel court held that the accountant's presence was "highly useful" for effective communication between the attorney and the client. Id. at 922. Washington courts have cited Kovel favorably in extending privilege to communications between a language interpreter and counsel. See Aquino-Cervantes, 88 Wn.App. at 707. PwC personnel, Microsoft asserts, were hired solely to serve as intermediary between client and counsel and served no other business purpose. (Dkt. No. 173 at 21.)

The Court agrees with Plaintiff that it would be problematic to allow counsel to hire a fact witness and then instruct that witness under the cloak of privilege. Indeed, it would concern the Court to allow counsel to retain, as Plaintiffs describe, a "surrogate 'client.'" (Dkt. No. 173 at 25.) Once a third party witness, hired after the start of litigation, is offered as deponent on the client's behalf, it becomes difficult for that third party to maintain that its primary function to provide legal advice to the client.

The Court does not take issue with the rationale in either Bieter or Kovel, but Defendant does not point to any instance where both rationales would apply. The argument

ORDER ON CR37 JOINT SUBMISSION – 4

that both doctrines apply undermines the applicability of either in this case. For instance, if PwC is a <u>Kovel</u>-like agent of counsel, there would be no need to incentivize disclosure as provided in the <u>Bieter</u> rationale for extending privilege to functional equivalents. Likewise, if PwC consultants are functionally equivalent to Microsoft employees, how can they serve as "interpreters" between counsel and client as contemplated by <u>Kovel</u> and <u>Aquino-Cervantes</u>?

The Court finds that Defendants have not demonstrated that the attorney-client privilege applies.

II. Work Product Doctrine

The privilege provided by the work product doctrine exists to guard the "mental processes of the attorney." <u>United States v. Nobles</u>, 422 U.S. 225, 238-39 (1975)(declining to extend work product protections of an attorney's communications with an investigator where the investigator was called as a witness). Plaintiffs' analogy to instructions given to an expert witness is persuasive. Though Microsoft maintains PwC has only been provided as a fact witness, the fact that PwC has been hired to interpret data that a lay person would not be able to analyze makes PwC closely resemble an expert. The Court finds that communications between counsel and PwC are not protected by the work product doctrine.

**Conclusion**

The Court finds that neither the attorney-client privilege nor the work product doctrine applies to the communications at issue in this motion. NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' Motion set forth in the CR 37 Joint Submission Re: Assertion of Privilege as to PricewaterhouseCoopers is GRANTED.

2. The Court finds that the disputed communications between PwC and counsel

are discoverable and are not protected by attorney-client privilege.  The Court holds Plaintiffs to their representations and limits their inquiry to communications between PwC employees and Microsoft's counsel, including working drafts of papers prepared at counsel's request. (See Dkt. No. 173 at 25.)

3. Discovery is re-opened for 15 days from the date of this order for this limited purpose.

Dated this 23rd day of January, 2009.

Marsha J. Pechman
United States District Judge