The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANNE L. KELLEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington corporation, <br><br> Defendant. | No. C07-475 MJP <br><br> MICROSOFT'S MOTION IN LIMINE TO EXCLUDE KEITH B. LEFFLER, PH.D. FROM TESTIFYING AT TRIAL <br><br> *Note on Motion Calendar:* <br> March 27, 2009 |

## I. INTRODUCTION

Plaintiffs' Pre-Trial Statement identifies Dr. Keith B. Leffler as a witness they intend to call to testify "consistent with his expert reports, declarations, and deposition testimony." But nothing in Dr. Leffler's reports, declarations, or deposition testimony has any relevance to any of the individual plaintiffs' claims. Plaintiffs engaged him only to try to show that demand for and prices of Windows Vista Capable PCs ("WVC PCs") were inflated and to calculate class-wide damages. Now that the Court has decertified Plaintiffs' class and the individual plaintiffs have abandoned their price inflation theory, Dr. Leffler's analyses are plainly irrelevant. Accordingly, Microsoft seeks to exclude Dr. Leffler from testifying at trial under Evidence Rule 401.

MICROSOFT'S MOTION IN LIMINE
TO EXCLUDE KEITH B. LEFFLER, Ph.D.
FROM TESTIFYING AT TRIAL (NO. C07-475 MJP) – 1
DWT 12586562v1 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 Fax: (206) 757-7700

## II. BACKGROUND FACTS

Plaintiffs approached Dr. Leffler shortly after the Court declined to certify their original deception-based theory of causation and limited them to developing their class-wide price inflation theory. Consistent with the Court's February 2008 Order, Plaintiffs asked Dr. Leffler to address three issues:

- "the impact of Microsoft's Vista Capable program on the demand for and prices of personal computers during the period April 2006 through January 2007,"

- "the revenue and profits earned by Microsoft from the operating system sales it made during the Vista Capable Program period," and

- "the adverse impact on consumers from the purchase of personal computers sold as Vista Capable computers that would run only the Vista Home Basic operating system and not the premium Vista operating systems."

Report of Keith Leffler, Ph.D. ("Leffler Report") ¶ 3.

On February 18, 2009, the Court decertified Plaintiffs' class. *Kelley v. Microsoft Corp.*, 2009 WL 413509 (W.D. Wash. Feb. 18, 2009). The Court found that Plaintiffs failed to establish their price inflation theory (the first issue they asked Dr. Leffler to address) because Plaintiffs, through Dr. Leffler, could not "offer the trier of fact any viable method for determining class-wide causation." *Id.* at *7. Specifically, he "did not attempt any regression analysis, much less an econometric analysis of the impact of [Windows] 'Vista Capable' on demand." *Id.* at *6. Without these fundamental analyses, he could not "identify a specific shift in the demand for Vista Capable PCs." *Id.* Thus, he could not isolate the effect of "purportedly deceptive efforts to increase demand from promotions OEMs had in the run up to the holiday season." *Id.* Nor did he provide evidence of class-wide price inflation. "Dr. Leffler's analysis fail[ed] to provide an actual analysis of price effects or isolate the impact of WVC in comparison to other variables." *Id.* at *7.

The Court further rejected Dr. Leffler's analysis of the "amount of revenue earned by Microsoft from the licensing of Windows XP on [Windows] Vista Capable but not

MICROSOFT'S MOTION IN LIMINE
TO EXCLUDE KEITH B. LEFFLER, Ph.D.
FROM TESTIFYING AT TRIAL (NO. C07-475 MJP) – 2
DWT 12586562v1 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 Fax: (206) 757-7700

[Windows] Vista Premium Ready PCs sold to Plaintiffs." *Id.* at *9. As the Court explained, his analysis was "too broad because it [did] not isolate the increased or sustained [Windows] XP license sales from those sales Defendant would have made without the [Windows] Vista Capable program. Dr. Leffler's estimations, therefore, cannot address those issues which the Court stated predominate for the purposes of class treatment." *Id.* In other words, calculating the revenue earned by Microsoft from licensing Windows XP on WVC PCs begged the question of whether—and to what extent—Microsoft earned that revenue as a result of an allegedly deceptive act.

On March 2, 2009, Plaintiffs served their Pre-Trial Statement. Despite the Court's rejection of Dr. Leffler's testimony in his expert reports, declarations, and deposition, they intend to call him to testify "consistent with his expert reports, declarations, and deposition testimony." The Court should exclude Dr. Leffler from testifying at trial on the ground that his analyses have no relevance to any of the individual plaintiffs' claims.

### III. ARGUMENT

**A. Dr. Leffler's Analyses Are Irrelevant to Any of the Individual Plaintiffs' Claims.**

Under Fed. R. Evid. 402, "[e]vidence which is not relevant is not admissible." Evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 410. Although a lenient standard, Fed. R. Evid. 402 precludes evidence on matters that bear no logical relationship to the claims at issue.

Here, the Court should exclude Dr. Leffler from testifying at trial because none of his opinions has any bearing on any issue remaining in this case. Plaintiffs asked Dr. Leffler to address three issues, all of which relate to price inflation or measures of class-wide damages. Leffler Report ¶ 3.

The first issue concerned Plaintiffs' efforts to develop their price inflation theory— that is, "the impact of Microsoft's [Windows] Vista Capable program on the demand for and

MICROSOFT'S MOTION IN LIMINE
TO EXCLUDE KEITH B. LEFFLER, Ph.D.
FROM TESTIFYING AT TRIAL (NO. C07-475 MJP) – 3
DWT 12586562v1 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150  Fax: (206) 757-7700

prices of personal computers during the period April 2006 through January 2007." *Id.* But their Pre-Trial Statement discloses that the individual plaintiffs abandoned their price inflation theory, which, after all, was a class-wide theory. Rather, the individual plaintiffs now seek to recover the "the amount of damages necessary to make [their] computers truly Windows Vista." Pre-Trial Statement at 6. Accordingly, Dr. Leffler's deficient analysis of the "impact of Microsoft's [Windows] Vista Capable program on the demand for and prices of" WVC PCs is irrelevant to any of the individual plaintiffs' claims. If it were offered to prove any alleged price inflation, Microsoft would move to exclude it under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and its progeny in light of the Court's findings in its February 2009 Order. *See, e.g., Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

The second issue Dr. Leffler addressed—"the revenue and profits earned by Microsoft from the operating system sales it made during the [Windows] Vista Capable Program period"—has no relevance to the individual plaintiffs' claims. The purpose of this estimate was to measure the total amount by which Microsoft was "unjustly enriched" by sales to the now-decertified class as a whole. *Kelley*, 2009 WL 413509, at *9. But as the Court recognized in its February 2009 Order, Dr. Leffler's estimate was meaningless because it did not isolate the increased or sustained Windows XP license sales, if any, from those sales Microsoft would have made without the WVC program. *Id.* In other words, Dr. Leffler's estimate of Microsoft's total revenue from licensing Windows XP on WVC PCs begged the question of whether—and to what extent—Microsoft earned that revenue as a result of an allegedly deceptive act. *Id.* Dr. Leffler's estimate has no separate meaning or relevance with respect to any of the claims remaining in this case.

MICROSOFT'S MOTION IN LIMINE
TO EXCLUDE KEITH B. LEFFLER, Ph.D.
FROM TESTIFYING AT TRIAL (NO. C07-475 MJP) – 4
DWT 12586562v1 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 Fax: (206) 757-7700

The third issue Plaintiffs asked Dr. Leffler to address—"the adverse impact on consumers from the purchase of personal computers sold as [Windows] Vista Capable computers that would run only the [Windows] Vista Home Basic operating system and not the premium [Windows] Vista operating systems"—is also irrelevant now that the Court decertified Plaintiffs' class. To address this issue, Plaintiffs asked Dr. Leffler to estimate the number of non-Premium Ready WVC PCs purchased during the WVC program, Leffler Report ¶ 22, and then estimate the total cost of modifying those PCs so that they could "properly run Windows Vista." Leffler Report ¶ 25.

This analysis has no relevance to the individual plaintiffs' claims because although they seek to recover "the amount of damages necessary to make plaintiff's computers truly Windows Vista Capable," Pre-Trial Statement at 6, it was their designated expert witness Ronald Alepin—not Dr. Leffler—who estimated the expected per-PC cost of modifying WVC PCs so that they could run Windows Vista Home Premium. Leffler Report ¶ 24 ("I rely on the Expert Report of Ronald Alepin for the estimates of the expected per PC cost of such modifications."). In other words, Dr. Leffler simply multiplied Mr. Alepin's per-PC cost of modifying WVC PCs by his own estimate of the number of class members. Once the Court decertified Plaintiffs' class, Dr. Leffler's estimate became irrelevant.[1]

---

[1] Many of the proposed exhibits Plaintiffs identify in their Pre-Trial Statement also relate exclusively to class-wide issues and thus have no bearing on any issue relating to the individual plaintiffs' claims. For example, proposed Exhibits 97 to 99 are lists of PCs that OEMs identified as Windows Vista Capable. These documents were relevant in determining which PCs bore the Windows Vista Capable sticker (and, thus, for determining potential class members). Now that the Court decertified Plaintiffs' class, the individual plaintiffs have no reason to identify every model PC that bore the Windows Vista Capable sticker. Similarly, Plaintiffs identify in their Pre-Trial Statement "Microsoft price list (MS-KELL 45660-72)" as a proposed exhibit. This price list shows the OEM royalties paid to Microsoft, by operating system edition, from August 1, 2006 to July 31, 2007. Again, this document relates exclusively to class-wide damages and thus has no bearing on any issue relating to the individual plaintiffs' claims. Rather than ask that the Court rule on every proposed exhibit that relates exclusively to class-wide issues, however, Microsoft respectfully requests that if the Court grants this Motion, it advise the parties that documents that relate exclusively to class-wide issues are no longer relevant and should not be identified in the Pre-Trial Order as
(continued...)

MICROSOFT'S MOTION IN LIMINE
TO EXCLUDE KEITH B. LEFFLER, Ph.D.
FROM TESTIFYING AT TRIAL (NO. C07-475 MJP) – 5
DWT 12586562v1 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 Fax: (206) 757-7700

## IV. CONCLUSION

For the foregoing reasons, Microsoft asks the Court to exclude Dr. Leffler from testifying at trial. He has nothing relevant to say.

DATED this 16th day of March, 2009.

          Davis Wright Tremaine LLP
          Attorneys for Microsoft Corporation

          By /s/ Cassandra L. Kinkead
              Stephen M. Rummage, WSBA #11168
              Cassandra Kinkead, WSBA #22845
              Charles S. Wright, WSBA #31940
              1201 Third Avenue, Suite 2200
              Seattle, WA 98101-3045
              Telephone: (206) 622-3150
              Fax: (206) 757-7700
              E-mail: cassandrakinkead@dwt.com

---

(…continued)
proposed exhibits.

MICROSOFT'S MOTION IN LIMINE
TO EXCLUDE KEITH B. LEFFLER, Ph.D.
FROM TESTIFYING AT TRIAL (NO. C07-475 MJP) – 6
DWT 12586562v1 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 Fax: (206) 757-7700

Of Counsel:

Charles B. Casper
Patrick T. Ryan
John G. Papianou
Montgomery, McCracken,
 Walker & Rhoads, LLP
123 S. Broad Street
Philadelphia, PA 19109
(215) 772-1500

MICROSOFT'S MOTION IN LIMINE
TO EXCLUDE KEITH B. LEFFLER, Ph.D.
FROM TESTIFYING AT TRIAL (NO. C07-475 MJP) – 7

DWT 12586562v1 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 Fax: (206) 757-7700

# CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jeffrey I. Tilden: | jtilden@gordontilden.com |
| Jeffrey M. Thomas: | jthomas@gordontilden.com |
| Michael Rosenberger: | mrosenberger@gordontilden.com |
| Mark A. Wilner: | mwilner@gordontilden.com |
| William C. Smart: | wsmart@kellerrohrback.com |
| Mark A. Griffin: | mgriffin@kellerrohrback.com |
| Ian S. Birk: | ibirk@kellerrohrback.com |

DATED this 16th day of March, 2009.

Davis Wright Tremaine LLP
Attorneys for Defendant
By /s/ Cassandra L. Kinkead
Stephen M. Rummage, WSBA #11168
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: cassandrakinkead@dwt.com

MICROSOFT'S MOTION IN LIMINE
TO EXCLUDE KEITH B. LEFFLER, Ph.D.
FROM TESTIFYING AT TRIAL (NO. C07-475 MJP) – 8
DWT 12586562v1 0025936-000689

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 Fax: (206) 757-7700