UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANNE L. KELLEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington corporation, <br><br> Defendant. | CASE NO. C07-475 <br><br> ORDER DENYING STAY |

This comes before the Court on Plaintiff's motion to stay proceedings (Dkt. No. 374.) Having reviewed the motion, the response (Dkt. No. 376), the reply (Dkt. No. 378), and all related filings, the Court DENIES Plaintiff's motion to stay.

**Background**

Plaintiffs challenge various aspects of the marketing of Microsoft's Windows Vista ("Vista") operating system. (Dkt. No. 139, Third Amended Compl. ¶ 1.2.) In 2006 and 2007, Microsoft placed stickers on its personal computers ("PCs") indicating they were "Windows Vista Capable" ("WVC") in preparation for the launch of its Vista operating system. Plaintiffs

allege the PCs they bought can only operate "Windows Home Basic" ("Basic"), which lacks certain core features of Vista. In addition, Plaintiffs challenge Microsoft's "Express Upgrade Guarantee Program," which allowed customers purchasing WVC computers to upgrade from Windows XP to Vista for little to no cost. (Compl. ¶ 4.5.)

The Court initially granted class certification based on a price inflation theory of causation on February 22, 2009. (Dkt. No. 128.) Specifically, Plaintiffs' theory was that Microsoft artificially inflated demand for PCs only capable of running Basic, causing Plaintiffs to pay more for those PCs than they would have without the WVC campaign. A year later, however, the Court decertified the class given that Plaintiffs failed to offer classwide proof of price inflation. (Dkt. No. 316.)

On February 26, 2009, Plaintiffs moved for certification of two narrowed classes: (1) an "Express Upgrade Guarantee" class of individuals who purchased a Vista Capable computer and participated in the Express Upgrade program but were only able to upgrade to Basic, and (2) a "Windows Device Driver Model" ("WDDM") class of individuals who purchased Vista Capabel computers lacking the capability to run the WDDM graphics driver. (Dkt. No. 319.) The Court denied both proposed classes for failure to satisfy the predominance requirement of Fed. R. Civ. P. 23(b)(3). (Dkt. No. 362.) Upon review, the Ninth Circuit affirmed in part the Court's denial of certification for the WDDM class and reversed in part with respect to the Express Upgrade Guarantee class. The Ninth Circuit remanded to allow the Court to balance any questions of law or fact common to the Express Upgrade class members. (Dkt. No. 371(1).)

**Analysis**

Plaintiffs seek to stay proceedings pending the Washington Supreme Court's decision in the on-going Schnall v. AT&T Wireless litigation. In Schnall, the Washington Supreme Court

issued an opinion in January 2010 regarding Washington's Consumer Protection Act ("CPA"). See 225 P.3d 929 (Wash. 2010). A motion for reconsideration seeking to vacate the decision was filed given that the parties had notified the court a few weeks earlier that a nationwide class settlement was reached in a parallel federal district court action. (Dkt. No. 375, Decl. Wilner, Ex. C.) The motion for reconsideration is currently pending. (Id.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In considering a stay, courts weigh several interests, including "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Id. (citing CMAX, Inc. v. Hall, 300 F.2d 265 (9th Cir. 1962))

Here, Plaintiffs argue (1) Microsoft will not be damaged by a stay since all relevant discovery has already concluded, (2) Plaintiffs will suffer hardship if proceedings continue since they predict Microsoft will rely on Schnall, and (3) case law should be settled to allow for single adjudication of the class certification issue. None of Plaintiffs arguments are persuasive.

First, damage will result from a stay given that the Washington Supreme Court's timing on the pending motion for reconsideration is unknown. Plaintiffs believe the decision is "imminent" given that the federal district court gave final approval of the settlement in November 2010. Microsoft believes the decision will be held up for years because final approval of the settlement was appealed to the Ninth Circuit in December 2010. (Dkt. No. 377, Rummage Decl., Ex. A.) Regardless of the settlement's status, however, the Washington Supreme Court

1 has already taken longer than normal in considering the motion for reconsideration. See Decl.
2 378, Birk Decl. B. The motion for reconsideration has been pending for close to a year. Since
3 evidence and witnesses' memories only deteriorate over time, a stay of a yet to be determined
4 length of time will only hinder the efficient adjudication of this case.

5       Second, the hardship Plaintiffs identifies is largely hypothetical and not any more than
6 what is expected during the ordinary course of litigation. Specifically, Plaintiffs believe
7 Microsoft will rely on Schnall to support their arguments if proceedings continue. Since the
8 Washington Supreme Court may vacate its ruling in Schnall, Plaintiffs argue it would be
9 hardship for them to brief the issue. The Court finds this is a weak argument. The Court will not
10 stay a case because there is a chance an opposition party's arguments will be undermined. In
11 addition, it is Microsoft's decision as to the extent it will rely on Schnall given the pending
12 motion for reconsideration. The Court cannot presume the arguments Microsoft will make nor
13 will it suspend litigation so that Plaintiffs can avoid arguments not yet presented to the Court.

14       Third, and most importantly, a stay pending Schnall will not simplify the issues to be
15 decided by this Court on remand. In denying certification of the Express Upgrade Class, the
16 Court relied on Indoor Billboard, 162 Wn.2d 59, 83-84 (2007), for the CPA analysis, not
17 Schnall. (Dkt. No. 362.) Although the Ninth Circuit reversed and remanded, it did not question
18 the Court's discussions of causation under the CPA. Instead, the Ninth Circuit remanded to
19 allow the Court to balance the issues common to the class with issues requiring individualized
20 proof, i.e., the CPA's causation requirement. If Schnall is vacated, the Court will again be left to
21 apply the Indoor Billboard analysis regarding causation on remand. If the motion for
22 reconsideration is denied, the parties will have stayed the litigation needlessly. Because a stay
23 would imply the Court expects Schnall to be vacated, the Court DENIES Plaintiffs motion.
24

**Conclusion**

The Court DENIES Plaintiffs' motion for a stay pending Washington Supreme Court ruling on <u>Schnall</u> reconsideration.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 10th day of January, 2011.

Marsha J. Pechman
United States District Judge